IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SYNOPSYS, INC., a Delaware corporation, | ) ) ) |
| Plaintiff, | ) ) ) C.A. No. ) |
| MAGMA DESIGN AUTOMATION, a Delaware corporation, | ) **JURY TRIAL DEMANDED** ) ) ) |
| Defendant. | ) |

### SYNOPSYS, INC.'S COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff SYNOPSYS, INC. ("SYNOPSYS") hereby alleges against Defendant MAGMA DESIGN AUTOMATION ("MAGMA" or "the Defendant") as follows:

### JURISDICTION

1. This is an action for patent infringement arising under the patent laws of the United States. This Court has jurisdiction over this action under 28 U.S.C. § 1338(a).

### PARTIES

2. SYNOPSYS is a corporation duly organized and existing under the laws of the State of Delaware.

3. SYNOPSYS is informed and believes, and thereon alleges, that MAGMA is a corporation duly organized and existing under the laws of the State of Delaware.

### VENUE

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) & (c) and 28 U.S.C. § 1400(b).

## FACTUAL BACKGROUND

5.      On February 20, 2001, United States Patent No. 6,192,508 ("the '508 Patent"), entitled "Method for Logic Optimization for Improving Timing and Congestion During Placement in Integrated Circuit Design," was issued to Monterey Design Systems. SYNOPSYS was assigned all ownership rights to the '508 Patent through purchase of this patent and other assets from Monterey. A true and correct copy of the '508 Patent is attached to this complaint as Exhibit A and is incorporated by reference herein.

6.      On August 13, 2002, United States Patent No. 6,434,733 ("the '733 Patent"), entitled "System and Method for High-Level Test Planning for Layout," was issued to SYNOPSYS. A true and correct copy of the '733 Patent is attached to this complaint as Exhibit B and is incorporated by reference herein.

7.      On July 20, 2004, United States Patent No. 6,766,501 ("the '501 Patent"), entitled "System and Method for High-Level Test Planning for Layout," was issued to SYNOPSYS. A true and correct copy of the '501 Patent is attached to this complaint as Exhibit C and is incorporated by reference herein.

8.      Since the issuance of the '508 Patent, '733 Patent, and '501 Patent (collectively referred to hereinafter as the "SYNOPSYS PATENTS"), MAGMA has engaged in a wide range of infringing activities. MAGMA has been involved in making, using, selling, distributing, advertising, and marketing products, including but not limited to its Cobra and Blast Fusion products, that infringe the SYNOPSYS PATENTS.

## FIRST CAUSE OF ACTION
## (INFRINGEMENT OF THE '508 PATENT)

9. MAGMA has been and still is infringing the '508 Patent in violation of the federal patent laws by making, using, selling, distributing, advertising, and marketing products which infringe the '508 Patent, including but not limited to its Cobra and Blast Fusion products. MAGMA will continue to so infringe unless enjoined by this Court.

10. MAGMA has actively induced infringement of, or contributed to the infringement of, the '508 Patent under the federal patent laws by, among other things, making infringing products such as the Cobra and Blast Fusion products, and then selling, distributing, advertising and marketing those infringing products to others, and will continue to do so unless enjoined by this Court.

11. On information and belief, MAGMA's infringement of the '508 Patent in violation of the federal patent laws has been willful and deliberate, and has caused substantial injury to SYNOPSYS.

12. MAGMA's infringement in violation of the federal patent laws will continue to injure SYNOPSYS unless enjoined by this Court.

## SECOND CAUSE OF ACTION
## (INFRINGEMENT OF THE '733 PATENT)

13. MAGMA has been and still is infringing the '733 Patent in violation of the federal patent laws by making, using, selling, distributing, advertising, and marketing products which infringe the '733 Patent, including but not limited to its Cobra and Blast Fusion products. MAGMA will continue to so infringe unless enjoined by this Court.

14. MAGMA has actively induced infringement of, or contributed to the infringement of, the '733 Patent under the federal patent laws by, among other things, making infringing products such as the Cobra and Blast Fusion products, and then selling, distributing, advertising

and marketing those infringing products to others, and will continue to do so unless enjoined by this Court.

15. On information and belief, MAGMA's infringement of the '733 Patent in violation of the federal patent laws has been willful and deliberate, and has caused substantial injury to SYNOPSYS.

16. MAGMA's infringement in violation of the federal patent laws will continue to injure SYNOPSYS unless enjoined by this Court.

### THIRD CAUSE OF ACTION
### (INFRINGEMENT OF THE '501 PATENT)

17. MAGMA has been and still is infringing the '501 Patent in violation of the federal patent laws by making, using, selling, distributing, advertising, and marketing products which infringe the '501 Patent, including but not limited to its Cobra and Blast Fusion products. MAGMA will continue to so infringe unless enjoined by this Court.

18. MAGMA has actively induced infringement of, or contributed to the infringement of, the '501 Patent under the federal patent laws by, among other things, making infringing products such as the Cobra and Blast Fusion products, and then selling, distributing, advertising and marketing those infringing products to others, and will continue to do so unless enjoined by this Court.

19. On information and belief, MAGMA's infringement of the '501 Patent in violation of the federal patent laws has been willful and deliberate, and has caused substantial injury to SYNOPSYS.

20. MAGMA's infringement in violation of the federal patent laws will continue to injure SYNOPSYS unless enjoined by this Court.

WHEREFORE, SYNOPSYS prays for judgment against MAGMA, and requests that this Court impose the following remedies under the federal patent laws:

    A.    Preliminarily and permanently enjoin the Defendant from continued infringement of the SYNOPSYS PATENTS, pursuant to 35 U.S.C. § 283;

    B.    Award SYNOPSYS damages as a result of the Defendant's infringement of the SYNOPSYS PATENTS, with interest, pursuant to 35 U.S.C. § 284;

    D.    Treble the damages resulting from the Defendant's willful and deliberate infringement, pursuant to 35 U.S.C. § 284;

    E.    Award SYNOPSYS its costs, expenses and reasonable attorneys' fees incurred in bringing and prosecuting this action, pursuant to 35 U.S.C. § 285;

    F.    Impose a constructive trust for the benefit of SYNOPSYS over any profits, revenues, or other benefits obtained by the Defendant as a result of its infringement of the SYNOPSYS PATENTS; and

    G.    Award SYNOPSYS such further relief that the Court may deem just and proper arising from the Defendant's infringement of the SYNOPSYS PATENTS under the federal patent laws.

**DEMAND FOR JURY TRIAL**

SYNOPSYS hereby demands trial by jury of all issues so triable.

        MORRIS NICHOLS ARSHT & TUNNELL

        */s/Karen Jacobs Louden*
        Jack B. Blumenfeld (#1014)
        jblumenfeld@mnat.com
        Karen Jacobs Louden (#2881)
        klouden@mnat.com
        1201 North Market Street
        P.O. Box 1347
        Wilmington, DE 19899-1347
        (302) 658-9200
        Attorneys for plaintiff Synopsys, Inc.

OF COUNSEL:

Chris Scott Graham
Michael N. Edelman
DECHERT LLP
1117 California Avenue
Palo Alto, CA 94304
(650) 813-4800

September 26, 2005
484605