IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SYNOPSYS, INC., a Delaware corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 05-701 (GMS) |
| MAGMA DESIGN AUTOMATION, INC., a Delaware corporation, | ) ) ) | |
| Defendant. | ) | |

**PLAINTIFF SYNOPSYS, INC.'S OPENING BRIEF IN
SUPPORT OF ITS MOTION TO DISMISS COUNTERCLAIMS 1-6**

MORRIS, NICHOLS, ARSHT & TUNNELL
Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
Attorneys for Plaintiff Synopsys, Inc.

OF COUNSEL:
Michael Edelman
Valerie M. Wagner
DECHERT LLP
1117 California Ave.
Palo Alto, CA 94304
(650) 813-4848

George G. Gordon
DECHERT LLP
Cira Centre
2929 Arch St. 19104-2808
Philadelphia, PA
(215) 261-2382

Rebecca P. Dick
DECHERT LLP
1775 Eye St., N.W.
Washington, DC 20006-2401
(202) 261-3432

November 22, 2005

## TABLE OF CONTENTS

Page

TABLE OF CITATIONS ............................................................................................ ii

INTRODUCTION ..................................................................................................... 1

NATURE AND STAGE OF THE PROCEEDING ................................................... 2

SUMMARY OF ARGUMENT ................................................................................. 3

STATEMENT OF FACTS ........................................................................................ 4

ARGUMENT ............................................................................................................ 6

I.    THE ANTITRUST COUNTERCLAIMS MUST BE DISMISSED
      BECAUSE THEY DO NOT ALLEGE ANY FACTUAL BASIS
      FOR ESSENTIAL ELEMENTS OF THE CLAIMS .................................... 6

      A.    A Claim Must Set Forth the Facts On Which It Rests ..................... 6

      B.    Antitrust Injury Is An Essential Element Of An Antitrust
            Claim ................................................................................................ 8

      C.    Magma Fails To Allege Antitrust Injury ......................................... 9

      D.    The Deficiencies in Magma's Antitrust Claims Are Not
            Merely Technical Defects ................................................................ 11

II.   MAGMA'S LANHAM ACT CLAIM SIMILARLY FAILS
      BECAUSE IT DOES NOT ALLEGE FALSE STATEMENTS OR
      HARM WITH THE REQUIRED SPECIFICITY ......................................... 12

III.  ABSENT MAGMA'S SHERMAN AND LANHAM ACT
      CLAIMS, THIS COURT LACKS SUBJECT-MATTER
      JURISDICTION OVER MAGMA'S STATE LAW CLAIMS ...................... 14

CONCLUSION ......................................................................................................... 16

ii.

TABLE OF CITATIONS

Page(s)

Cases

*2660 Woodley Road Joint Venture v. ITT Sheraton Corp.,*
    369 F.3d 732 (3d Cir. 2004)                                    8

*Asahi Glass Co., Ltd. v. Pentech Pharms., Inc.,*
    289 F. Supp. 2d 986 (N.D. Ill. 2003)                          12

*Ballenger v. Applied Digital Solutions, Inc.,*
    189 F. Supp. 2d 196 (D. Del. 2002)                            16

*Brocksopp Eng'g, Inc. v. Bach-Simpson Ltd.,*
    36 F.R.D. 485 (E.D. Wis. 1991)                                 3

*Brotech Corp. v. White Eagle Int'l Techs. Group, Inc.,*
    2004 WL 1427136 (E.D. Pa. 2004)                               11

*Brown Shoe Co. v. United States,*
    370 U.S. 294 (1962)                                            8

*Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.,*
    429 U.S. 477 (1977)                                            8

*Car Carriers, Inc. v. Ford Motor Co.,*
    745 F.2d 1101 (7th Cir. 1984)                                  7

*Circuit City Stores, Inc. v. Citgo Petroleum Corp.,*
    1994 WL 483463 (E.D. Pa. 1994)                                 3

*City of Pittsburgh v. West Penn Power Comp.,*
    147 F.3d 256 (3rd Cir. 1998)                                   9

*Daniel v. American Board of Emergency Medicine,*
    2005 WL 2470530 (2d Cir. 2005)                                 9

*De Asencio v. Tyson Foods, Inc.*
    342 F.3d 301 (3d Cir. 2003)                                   16

*Dial a Car, Inc. v. Transp., Inc.,*
    82 F.3d 484 (D.C. Cir. 1996)                                9, 10

*DM Research v. College of American Pathologists,*
    170 F.3d 53 (1st Cir. 1999)                                   10

*Eichorn v. AT&T Corp.*,
    248 F.3d 131 (3d Cir. 2001)      8

*Enzo Life Sciences, Inc. v. Enzo Biochem, Inc.*,
    295 F.2d 424 (D. Del. 2003)      12

*Godlewski v. Affiliated Computer Serv., Inc.*,
    219 F.R.D. 571 (E.D. Va. 2002)      3

*Hedges v. Musco*,
    204 F.3d 109 (3d Cir. 2000)      16

*In re K-Dur Antitrust Litig.*,
    338 F. Supp, 517 (D.N.J. 2004)      9

*In re NAHC, Inc. Securities Litig.*
    2001 WL 1241007 (E.D. Pa. 2001), *aff'd,* 306 F.3d 1314
    (3d Cir. 2002)      5

*In re Rockefeller Center Properties, Inc. Securities Litig.*,
    84 F.3d 280 (3d Cir. 1999)      5

*In re Tower Air, Inc.*,
    416 F.3d 229 (3d Cir. 2005)      13

*In re Warfarin Sodium Antitrust Litig.*,
    14 F.3d 395 (3d Cir. 2000)      9

*Kost v. Kozakiewicz*,
    1 F.3d 176 (3d. Cir. 1993)      7

*Lyon v. Whisman*,
    45 F.3d 758 (3d Cir. 1995)      14

*Malpiede v. Townson*,
    780 A.2d 1075 (Del. Sup. Ct. 2000)      15

*Max Daetwyler Corp. v. Input Graphics, Inc.*,
    608 F. Supp. 1549 (E.D. Pa. 1985)      12

*Midwest Gas Services, Inc. v. Indiana Gas Co.*,
    317 F.3d 703 (7th Cir. 2003)      8

*Morse v. Lower Merion School District*,
    32 F.3d 902 (3rd Cir. 1997)      10, 13

*Podiatrist Ass'n., Inc. v. La Cruz Azul De Puerto Rico, Inc.*,
    32 F.3d 6 (1st Cir. 2003)      12

iv.

*Satellite Financial Planning Corp. v. First Nat'l Bank of
    Wilmington*,
        633 F. Supp. 386 (D. Del. 1986)                                    7, 9

*Spanish Broad. Sys. of Fla., Inc. v. Clear Channel
    Communications, Inc*.,
        376 F.3d 1065 (11th Cir. 2004)                                        7

*Syncsort Inc. v. Innovative Routines Int'l, Inc.*,
        2005 WL 1076043 (D.N.J. 2005)                                         7

*Total Care Physicians, P.A. v. O'Hara*,
        798 A.2d 1043 (Del. Super. Ct. 2001)                                 15

*Township of South Fayette v. Allegheny County Housing Author.,*
        27 F. Supp. 2d 582 (W.D. Pa. 1998)                                   10

*United Mine Workers v. Gibbs*,
        383 U.S. 715 (1966)                                                  14

*Volunteer Fireman's Ins. Servs., Inc. v. McNeil & Co.,*
        221 F.R.D. 388 (W.D.N.Y. 2004)                                       13


Statutes And Other Authorities

15 U.S.C. § 2                                                              1, 3

28 U.S.C. § 1367                                                        14, 15

5B *Charles Alan Wright & Arthur R. Miller, Federal Practice and
    Procedure: Civil 3d* § 1346 (2004)                                        3

6 Del. C. § 2531                                                            14

Fed. R. Civ. P. 9(b)                                                     2, 12

Fed. R. Civ. P. 12(b)                                                       14

Fed. R. Civ. P. 12(b)(1)                                               2, 15, 16

Fed. R. Civ. P. 12(b)(6)                                            2, 3, 10, 16

Fed. R. Civ. P. Rule 56                                                      5

## INTRODUCTION

Magma's antitrust counterclaims fail to satisfy even liberal federal pleading standards. It is black letter law that, to state an antitrust claim, Magma must allege not just any type of injury, but what is referred to as "antitrust injury" – an injury that flows from harm to competition. Antitrust injury has two components: (1) the claimant's injury flows from harm that the antitrust laws are intended to prohibit – that is, the injury must flow from some harm to competition in the marketplace, and (2) the antitrust injury was caused by the adversary's anticompetitive conduct. Magma's allegations fail on both points. Magma alleges neither a sufficient factual basis for any injury to competition, nor causation between the injury to competition and Synopsys' alleged anticompetitive conduct. Magma's monopolization and attempted monopolization counterclaims, Counts 1 and 2, thus fail to state a claim under § 2 of the Sherman Act, 15 U.S.C. § 2.

These omissions are more than technical pleading defects. Magma did not allege antitrust injury because it cannot. Its SEC filings – of which the Court may take judicial notice – make clear that Magma has suffered no antitrust injury. To the contrary, Magma's SEC filings establish that it continues to enjoy record success. In fact, Magma's SEC filings make *no* mention of the Synopsys litigation having any impact on Magma's ability to maintain and even grow its customer base, let alone an impact so severe that it amounts to an antitrust violation.

Magma's claim that Synopsys has violated the Lanham Act's prohibition on false statements and material omissions in sales promotion fails as well. Magma fails to identify with particularity any allegedly offending statement by Synopsys, thus failing

to plead fraud with the specificity required by Fed. R. Civ. P. 9(b).  Moreover, Magma fails to allege a factual basis for its claim of injury.  Again, Magma's SEC filings establish that the reason for this omission is that Magma has not suffered any injury. Consequently, Count 3 of Magma's counterclaims fails to state a claim under the Lanham Act.

As to Magma's competition-related state law counterclaims, Counts 4-6, this Court has only supplemental jurisdiction, flowing from its jurisdiction over Magma's federal competition-based counterclaims.  If the federal competition claims are dismissed, the state competition-related claims must fall as well, because this Court will lack subject-matter jurisdiction to hear them.

For these reasons and those set forth more fully below, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), Synopsys moves to dismiss Counts 1-6 of Magma's counterclaims.

## NATURE AND STAGE OF THE PROCEEDING

In this patent infringement case, the plaintiff Synopsys, Inc. ("Synopsys") alleges that defendant Magma Design Automation ("Magma") knowingly and willfully infringed and continues to infringe three of its patents.  Magma filed an answer, including counterclaims based on the Sherman Act, Lanham Act, and state unfair competition law. On October 25, 2005, Magma filed an amended answer, including an additional counterclaim for patent infringement.  Synopsys does not move to dismiss the new infringement counterclaim.[1]

---

[1]    The filing of a motion to dismiss suspends the time to respond to the entire complaint, including claims that are not subject to the motion. *See Brocksopp*

(continued . . .)

<u>SUMMARY OF ARGUMENT</u>

1. Under Rule 12(b)(6), a claim should be dismissed if it fails to assert factual allegations that, if true, would support each essential element of the cause of action.

2. Antitrust injury is an essential element of Magma's monopolization and attempted monopolization claims, going to its standing to assert those claims. Magma must allege not only injury to itself, but injury to competition. It must also allege that anticompetitive conduct by Synopsys was the direct cause of the marketplace injury.

3. Magma fails adequately to allege antitrust injury. Its counterclaims do not contain factual allegations that, if true, would adequately support a finding of harm to competition. Therefore, neither Count 1 nor 2 of its counterclaims states a cause of action under § 2 of the Sherman Act.

4. Magma's omissions are not technical defects. Magma failed to allege injury to competition because it cannot. Magma's SEC filings make it clear that Synopsys' alleged conduct has had no effect on competition.

---

(. . . continued)
*Eng'g, Inc. v. Bach-Simpson Ltd.*, 136 F.R.D. 485, 486-87 (E.D. Wis. 1991) ("By my reading of the rule's language, a partial 12(b) motion enlarges the time to file an answer."); *See Godlewski v. Affiliated Computer Serv., Inc.*, 219 F.R.D. 571, 572 (E.D. Va. 2002) ("A majority of courts . . . hold that the filing of a motion that only addresses part of a complaint suspends the time to respond to the entire complaint, not just to the claims that are the subject of the motion."); *Circuit City Stores, Inc. v. Citgo Petroleum Corp.*, 1994 WL 483463 at *4 (E.D. Pa. 1994); 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure: Civil 3d* § 1346 (2004) (weight of authority holds that "the filing of a motion that only addresses *part of a complaint* suspends the time to respond to the *entire complaint*, not just to the claims that are the subject of the motion.") (emphasis added).

5. Similarly, Magma omits required factual allegations identifying where, when, by whom, and to whom Synopsys' allegedly false statements were made. Magma also fails to allege except in the most conclusory terms how it was harmed under the Lanham Act. Count 3 of its counterclaims thus fails to state a claim on which relief may be granted.

6. This Court has only supplemental jurisdiction over Magma's state law claims, Counts 4-6 of Magma's Amended Counterclaims. This supplemental jurisdiction flows from its jurisdiction over Magma's federal claims under the Sherman and Lanham Acts. Since the latter claims are legally insufficient and should be dismissed, this Court is left without supplemental jurisdiction over Counts 4-6, and they should be dismissed as well.

STATEMENT OF FACTS

Synopsys alleges that Magma continues to make, use, sell, distribute, advertise, market, and create source code for products that it knows infringe three Synopsys patents relating to software used in the design and testing of integrated circuits. (D.I. 1). Magma's amended counterclaims allege that Synopsys procured two of the three patents in suit ('733 and '503) fraudulently, and that its prosecution of infringement actions against Magma based on those two patents is sham. (D.I. 7 at ¶ 114). It also alleges that Synopsys has disparaged it in the marketplace and infringed one of its patents. (*Id.* at ¶¶ 145-160). In two conclusory sentences, Magma alleges that Synopsys' conduct has caused harm to competition. (*Id.* at ¶ 117).

Magma's conclusory, two-sentence allegation of harm to competition is supported by no other factual allegations in the amended counterclaim. Therefore, its

factual allegations, even if true, would be insufficient to support a finding of harm to competition.

Indeed, Magma's SEC filings establish that Synopsys' conduct has had no effect on Magma's ability to compete or on competition generally in the marketplace. In its most recent SEC filing,[2] for the third quarter of 2005, Magma stated that:

> We achieved record quarterly revenue of $39.9 million during the second quarter of fiscal 2006, up 3% from the prior quarter and up 8% from the same quarter in fiscal 2005.

> We continued to penetrate our market, and during the second quarter of fiscal 2006 we passed the 220-customer threshold.

Form 10-Q, Magma Design Automation, Inc. at 23 (For the quarterly period ended October 2, 2005), *available at* http://www.sec.gov/Archives/edgar/data/1065034/ 000119312505224360/d10q.htm. (Ex. A).

In its immediately preceding SEC filing, for the second quarter of this year, Magma said "[w]e continued to penetrate our market," after noting that:

> We achieved record quarterly revenue . . . , up 9% from the prior quarter and up 8% from the same quarter in fiscal 2005.

Form 10-Q, Magma Design Automation, Inc. at 20 (For the quarterly period ended July 3, 2005), *available at* http://www.sec.gov/Archives/edgar/data/1065034/0001193 12505165624/d10q.htm. (Ex. B).

---

[2]    The Court may take judicial notice of reports required to be filed and actually filed with the Securities and Exchange Commission. *In re Rockefeller Center Properties, Inc. Securities Litig.*, 184 F.3d 280, 293 (3d Cir. 1999). Moreover, the Court's taking judicial notice of these formal party statements does not convert this Rule 12(b)(6) motion to dismiss into a motion for summary judgment under Rule 56. *In re NAHC, Inc. Securities Litig.*, 2001 WL 1241007 at *6 (E.D. Pa. 2001), *aff'd*, 306 F.3d 1314 (3d Cir. 2002).

Moreover, and perhaps even more importantly, in both recent 10-Q filings Magma catalogued the risks and potential problems facing the company, as required in such filings.  Neither 10-Q mentioned anything about Magma's losing sales or customers because of the litigation with Synopsys.  While Magma did mention the risk of delay or non-renewal of orders, it did not link these possibilities to the litigation in any way, but presented them as ordinary business risks.  (Oct. 2 10-Q, Ex. A, at 38-39).  The only risks Magma associated with the litigation were the prospect of legal costs, which, as explained below, do not without more constitute antitrust harm, and the consequences of losing.  (*Id*. at 39-40).  In short, Magma's own statements establish that it has not suffered any antitrust injury.

<u>ARGUMENT</u>

I.     THE ANTITRUST COUNTERCLAIMS MUST BE DISMISSED BECAUSE THEY DO NOT ALLEGE ANY FACTUAL BASIS FOR ESSENTIAL ELEMENTS OF THE CLAIMS

     A.     A Claim Must Set Forth the Facts On Which It Rests

Magma's antitrust counterclaims should be dismissed under Rule 12(b)(6) for failure to state a claim on which relief under the Sherman Act may be granted. Although the Court must accept Magma's factual allegations as true on this motion to dismiss, it need not accept Magma's sweeping – if brief – conclusions of law, which are unsupported by adequate factual allegations.  Conclusory allegations that a party has violated the antitrust laws and thereby harmed the claimant "will not survive a motion to dismiss if not supported by facts constituting a legitimate claim for relief."  *Satellite*

*Financial Planning Corp. v. First Nat'l Bank of Wilmington*, 633 F. Supp. 386, 394 (D. Del. 1986) (citations omitted).

In order to state a valid claim, a pleading must allege the factual basis for each element of the offense asserted. *Id.* ("[a] party claiming an antitrust violation must allege sufficient facts to state each element of an antitrust offense"); *accord*, *Spanish Broad. Sys. of Fla., Inc. v. Clear Channel Communications, Inc.*, 376 F.3d 1065, 1077 (11th Cir. 2004) ("even in our liberal pleading regime, antitrust plaintiffs must allege facts in support of each element of an antitrust violation").  Moreover, the Court should not re-write or expand Magma's pleading.  In evaluating a motion to dismiss, a court cannot "assume plaintiffs can prove facts not alleged or that defendants have violated the antitrust laws in ways not alleged." *Id.* at 1077; *Syncsort Inc. v. Innovative Routines Int'l, Inc.*, 2005 WL 1076043 at *1 (D.N.J. 2005) ("the claimant must set forth sufficient information to outline the elements of his claims or to permit inferences to be drawn that these elements exist").  Only if the factual basis for each element is actually alleged in the pleading does the party opponent have fair notice of the claim asserted against it prior to the initiation of discovery.

Courts have routinely held that unsupported, conclusory allegations, even if cast as factual allegations, do not satisfy the claimant's obligation to provide the factual basis for its claim.  Legal buzzwords or conclusions cannot substitute for allegations of fact. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d. Cir. 1993) ("we are not required to accept legal conclusions either alleged or inferred from the pleaded facts") (citations omitted); *Car Carriers, Inc. v. Ford Motor Co.*,  745 F.2d 1101 (7th Cir. 1984) ("invocation of antitrust terms of art does not confer immunity from a motion to dismiss; to the contrary,

these conclusory statements must be accompanied by supporting factual allegations. The plaintiffs' statements provide no more than a legal conclusion.").

> **B.     Antitrust Injury Is An Essential Element Of An Antitrust Claim**

A valid antitrust claim must allege antitrust injury. Without such an allegation, a claimant lacks standing. Antitrust injury has two components: (1) the claimant's injury flows from harm that the antitrust laws are intended to prohibit – that is, the injury must flow from some harm to competition in the marketplace, and (2) the antitrust injury was caused by the adversary's anticompetitive conduct. *Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.,* 429 U.S. 477, 489 (1977) ("[p]laintiffs must prove antitrust injury, which is to say injury of the type the antitrust laws were intended to prevent and that flows from that which makes defendants' acts unlawful").

It is well settled that antitrust law is intended to protect the vigor of the competitive process, not individual competitors. *Brown Shoe Co. v. United States,* 370 U.S. 294, 320 (1962) ("[t]aken as a whole, the legislative history illuminates congressional concern with the protection of competition, not competitors"); *2660 Woodley Road Joint Venture v. ITT Sheraton Corp.,* 369 F.3d 732, 742 (3d Cir. 2004) ("the Sherman Act, which 'protects *competition*, not *competitors*,' . . . " (*quoting Monahan's Marine, Inc. v. Boston Whaler, Inc.,* 866 F.2d 525, 528 (1st Cir.1989)) (emphasis in original)); *Midwest Gas Servs, Inc. v. Indiana Gas Co*., 317 F.3d 703, 711 (7th Cir. 2003) (same); *Eichorn v. AT&T Corp*., 248 F.3d 131, 140 (3d Cir. 2001) ("we have consistently held an individual plaintiff personally aggrieved by . . . anticompetitive [conduct] has not suffered [antitrust] injury unless the activity has a wider impact on the

competitive market"); *In re Warfarin Sodium Antitrust Litig.*, 214 F.3d 395, 399 (3d Cir. 2000); *In re K-Dur Antitrust Litig.*, 338 F. Supp, 517, 530 (D.N.J. 2004). The antitrust laws protect public, not private, interests. *Dial a Car, Inc. v. Transp., Inc.*, 82 F.3d 484, 487-88 (D.C. Cir. 1996); *Satellite Financial*, 633 F. Supp. at 394 (the antitrust laws "are not meant to redress personal wrongs that do not impact on competition or adversely affect consumers"). Consequently, to make out an antitrust claim, an antitrust claimant must allege facts that, if proved, would establish harm to competition and consumers, not just harm to itself. *Daniel v. American Board of Emergency Medicine*, 2005 WL 2470530 at *22 (2d Cir. 2005).

The claimant must also allege facts establishing that the asserted antitrust injury was a "direct effect" of its opponent's anticompetitive behavior. *City of Pittsburgh v. West Penn Power Comp.,* 147 F.3d 256, 265 (3rd Cir. 1998)) ("determining whether antitrust injury is present necessarily involves examining whether there is a causal connection between the violation alleged and the injury"). There must be a clear causal nexus between the alleged anticompetitive actions of the adversary and the alleged injury.

C.    Magma Fails To Allege Antitrust Injury

Magma's antitrust claims are spare and conclusory in the extreme. Magma devotes only three paragraphs to Synopsys' alleged anticompetitive conduct (D.I. 7 at ¶¶ 114-116), and only two sentences to injury to competition:

> 117. The effect of Synopsys' anticompetitive conduct has been to harm the competitive process and thereby consumers in the relevant markets. If Synopsys's anticompetitive behavior is not enjoined, consumers will be forced to pay higher prices than they would in freely competitive markets.

10.

Courts routinely reject such generic, conclusory allegations of marketplace injury as legally insufficient. *DM Research v. College of Am. Pathologists,* 170 F.3d 53, 55 (1st Cir. 1999)) ("the price of entry, even to discovery, is for the plaintiff to allege a <u>factual</u> predicate concrete enough to warrant further proceedings, which may be costly and burdensome" (emphasis in original)); *Morse v. Lower Merion School District*, 132 F.3d 902, 906 (3rd Cir. 1997) ("a court need not credit a complaint's . . . 'legal conclusions' when deciding a motion to dismiss" (citations omitted)); *Township of South Fayette v. Allegheny County Housing Author.,* 27 F. Supp. 2d 582, 593 (W.D. Pa. 1998) ("In ruling on a 12(b)(6) motion courts consistently have rejected 'legal conclusions,' 'unsupported conclusions,' 'unwarranted inferences,' 'unwarranted deductions,' 'footless conclusions of law,' or 'sweeping legal conclusions cast in the form of factual allegations.'" (citations omitted)).

Indeed, courts have specifically held that a bald assertion that prices might rise, the closest Paragraph 117 comes to alleging specific injury, is insufficient as a matter of law to support an antitrust claim. In *Dial A Car*, 82 F.3d at 487, for example, the plaintiff alleged that defendants planned to exclude its lower-price service from the market, then raise prices "without fear of competition." The court dismissed the claim, finding insufficient supporting factual allegations. Here, Magma does not assert whose prices will rise or why, nor does it allege why competitive pressures in the marketplace would not immediately force those prices back to competitive levels. Like the *Dial A Car* plaintiff, Magma "not only fails to allege any facts supporting its claim that [its adversary] eventually plan[s] to wield monopoly power, it also offers nothing to indicate that monopolization of the relevant market is even possible." *Id.*

Moreover, Magma does not hint at how any anticompetitive conduct by Synopsys has made it more likely that prices will rise. The brief paragraphs preceding Paragraph 117 primarily assert that Synopsys has made disparaging remarks about Magma to customers. If so, this would be expected to force Magma to sell at lower, not higher, prices. Magma's conclusory allegation of antitrust harm is untethered to any assertion about conduct by Synopsys that could have caused such harm.

Magma asserts one other harm – the need for it to incur legal fees in defending against what it says is sham litigation initiated by Synopsys – but does not even allege that this has caused marketplace injury:

> Magma has also been injured in its business or property . . . [including] the costs incurred in defense of Synopsys' . . . action for patent infringement.

D.I. 7 at ¶ 118.

Absent an allegation of competitive harm, this asserted injury is not cognizable under the antitrust laws. Only if the payment of legal fees in sham litigation materially harmed Magma's ability to compete and reduced competition overall would Magma suffer antitrust injury for which it could recover under the Sherman Act. *See Brotech Corp. v. White Eagle Int'l Techs. Group, Inc.*, 2004 WL 1427136 (E.D. Pa. 2004) (under Third Circuit law, costs incurred in defending against sham, anticompetitive litigation are not recoverable under the antitrust laws unless they had an adverse effect on competition in the marketplace).

D.    The Deficiencies in Magma's Antitrust Claims Are
      Not Merely Technical Defects

Magma has failed to allege antitrust injury because it has not suffered any. As its SEC filings demonstrate, not only are its revenues continuing to rise, it continues

to compete effectively in the market, to the benefit of consumers. Its SEC filings describe its competitive successes and, just as tellingly, do not hint that any actions by Synopsys are causing it competitive harm.

Magma's incomplete antitrust claims reflect not carelessness in drafting, but lack of supporting facts. Magma should not be permitted to rake Synopsys over the "hot coals of antitrust litigation" when it is unable to allege that Synopsys has caused competitive harm. *See Asahi Glass Co., Ltd. v. Pentech Pharms., Inc.*, 289 F. Supp. 2d 986, 992 (N.D. Ill. 2003) (Posner, J., sitting by designation).

## II. MAGMA'S LANHAM ACT CLAIM SIMILARLY FAILS BECAUSE IT DOES NOT ALLEGE FALSE STATEMENTS OR HARM WITH THE REQUIRED SPECIFICITY

Magma's Lanham Act claim fails to meet Federal Rule of Civil Procedure 9(b)'s requirement that allegations of fraud be pleaded with specificity. *Max Daetwyler Corp. v. Input Graphics, Inc.*, 608 F. Supp. 1549, 1556 (E.D. Pa. 1985) ("the policies which underlie Rule 9's requirement that the nature of an alleged misrepresentation be pleaded with specificity are equally applicable to the type of misrepresentation claims presented in plaintiffs' Lanham Act claim"). This means, at a minimum, that the allegations must include identifying details about the statements. *Podiatrist Ass'n., Inc. v. La Cruz Azul De Puerto Rico, Inc.*, 32 F.3d 6, 20 (1st Cir. 2003).[3] Magma does not

---

[3] *Enzo Life Sciences, Inc. v. Enzo Biochem, Inc.* provides an illustration of the degree of specificity contemplated for Lanham Act claims. In that case, the court held that allegations referring to specifically identified press releases were sufficient to state a claim. 295 F.2d 424 (D. Del. 2003).

allege where or when Synopsys made the statements it challenges.  Nor does Magma allege who at Synopsys may have made the statements or to whom they may have been made.  This conclusory pleading does not satisfy the particularity requirement of Rule 9(b).  *See Volunteer Fireman's Ins. Servs., Inc. v. McNeil & Co.,* 221 F.R.D. 388, 393-94 (W.D.N.Y. 2004) (what is essentially a claim for fraud must identify "when, where, or by whom the statements were made").

Moreover, Magma's sole allegation of injury from Synopsys' asserted Lanham Act violations, D.I. 7 at ¶ 148, is insufficient to state a claim.  Magma vaguely claims that it has been harmed by false statements that Synopsys allegedly made to customers and the general public, but Magma does not suggest any connection between the unspecified statements and the unspecified harm.  The Third Circuit has held that a court "need not accept 'bald assertions' or 'legal conclusions' contained in the complaint."  *Morse*, 132 F.3d at 909.  Rather, a plaintiff must plead the factual grounds for its claim.  "Even at the pleading stage, a [party] deserves fair notice of the general factual background for the [claimant's] claims."  *In re Tower Air, Inc.*, 416 F.3d 229, 238 (3d Cir. 2005).

Magma's defect is not a failure to allege detail, but a failure to allege any facts beyond a generic legal conclusion.  Again, Magma's SEC filings indicate why Magma did not adequately allege a factual basis for its claim of injury – it has not suffered any.  Magma's Lanham Act claim should be dismissed.

III.     ABSENT MAGMA'S SHERMAN AND LANHAM ACT
CLAIMS, THIS COURT LACKS SUBJECT-MATTER
JURISDICTION OVER MAGMA'S STATE LAW
CLAIMS

Absent Magma's Sherman and Lanham Act claims, there are no grounds for the Court to exercise supplemental jurisdiction over Magma's state law counterclaims, Counts 4-6. The only surviving federal counterclaim is Count 7, which alleges patent infringement. That count shares no factual nucleus with the competition-related state claims in Counts 4-6, and thus the latter three counts should be dismissed.

This Court has jurisdiction over Magma's state law claims only if they form part of the same "case or controversy" as the federal claims over which it has original jurisdiction.[4] 28 U.S.C. § 1367. The Third Circuit has held that this statute codifies the standards for supplemental jurisdiction set forth in *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966), including the requirement that the federal and state claims be derived from a "common nucleus of operative facts." *Lyon v. Whisman*, 45 F.3d 758, 760 (3d Cir. 1995).

Count 4 of Magma's counterclaims alleges violation of the Delaware Deceptive Trade Practices Act, 6 *Del. C.* §§ 2531 *et seq.*, which prohibits false trade statements of the type prohibited by the Lanham Act. Count 6 of Magma's Counterclaims alleges common law tortious interference with business relations. Under Delaware law, to make out a claim of tortious interference a claimant must prove a reasonable probability of a business opportunity, intentional interference with that opportunity, proximate causation, and damages. *Malpiede v. Townson*, 780 A.2d 1075,

---

[4]     Magma's Amended Answer and Counterclaims, which must be accepted as true for purposes of this Rule 12(b) motion, alleges that the parties are not diverse.

1099 (Del. Supr. 2000). Both Counts 4 and 6 are based on the same alleged false and disparaging statements that Magma asserts violate the Lanham Act. *See* Paragraphs 115 and 116.

Once the Lanham Act claim is dismissed, there is no longer any federal hook on which to hang federal jurisdiction over Magma's state deceptive practices or common law tortious interference claims. There also is no factual basis for the damages claim as explained in Section II above. In short, without the Lanham Act claim, there is no "common nucleus of operative fact" connecting Counts 4 and 6 with any surviving federal allegation, and they must be dismissed under Rule 12(b)(1).

Similarly, Count 5 of Magma's counterclaims alleges common law unfair competition, the elements of which are similar to a claim of tortious interference: a reasonable expectation of entering into a business relationship, wrongful interference with that relationship, and a resulting failure of the relationship and damages to the claimant. *Total Care Physicians, P.A. v. O'Hara*, 798 A.2d 1043, 1057 (Del. Super. 2001), *quoting Rypac Packaging Mach. Inc. v. Coakley*, 2000 WL 567895, C.A. No. 16069 (Del. Ch. May 1, 2000). Magma's Count 5 rests on the same allegations as those found in Magma's Sherman and Lanham Act claims and – for the same reason as Counts 4 and 6 – should be dismissed absent those federal claims.

Finally, none of the state counts is part of the same case or controversy as Magma's Count 7, which is based on a claim that certain of Synopsys' products infringe one of Magma's patents. (*See* D.I. 7 at ¶¶ 127-133). State claims that are only "tangentially related" to federal claims over which the federal court has jurisdiction do not satisfy the statutory requirements of 28 U.S.C. § 1367 for the exercise of

supplemental jurisdiction. *De Asencio v. Tyson Foods, Inc.,* 342 F.3d 301, 308 (3d Cir. 2003), *quoting Krell v. Prudential Ins. Co.,* 148 F.3d 283, 303 (3d Cir. 1998).[5]

<u>CONCLUSION</u>

Magma's Sherman and Lanham Act claims contain fatal deficiencies and fail to state a claim on which relief may be granted. Without those federal claims, there is no basis for this Court to exercise supplemental jurisdiction over Magma's state law claims, which share no common facts with Magma's one surviving federal claim, for patent infringement. Specifically, Counts 1-3 of Magma's counterclaims should be dismissed for failure to state a claim under Rule 12(b)(6), and Counts 4-6 of its counterclaims should be dismissed under Rule 12(b)(1) for lack of subject-matter jurisdiction.

---

[5] Even if this Court could retain jurisdiction over state claims that are only tangentially related to surviving federal claims, here there are no circumstances implicating judicial economy, convenience, or fairness that would weigh in favor of the Court's exercising this jurisdiction. *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) ("the district court must decline to decide pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so"); *Ballenger v. Applied Digital Solutions, Inc.,* 189 F. Supp. 2d 196, 201 (D. Del. 2002). Dismissal of those claims at this time leaves Magma free to pursue them in an appropriate, equally convenient state forum and, at this early point in the proceedings, does not entail a waste of significant judicial resources.

17.

MORRIS, NICHOLS, ARSHT & TUNNELL

*/s/  Karen Jacobs Louden*
Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
klouden@mnat.com
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
  Attorneys for plaintiff Synopsys, Inc.

OF COUNSEL:

Michael Edelman
Valerie M. Wagner
DECHERT LLP
1117 California Ave.
Palo Alto, CA  94304-
(650) 813-4848

George G. Gordon
DECHERT LLP
Cira Centre
2929 Arch St. 19104-2808
Philadelphia, PA
(215) 261-2382

Rebecca P. Dick
DECHERT LLP
1775 Eye St., N.W.
Washington, DC  20006-2401
(202) 261-3432

November 22, 2005

494216

<u>CERTIFICATE OF SERVICE</u>

I, the undersigned, hereby certify that on November 22, 2005 I electronically filed the foregoing with the Clerk of the Court using CM/ECF which will send notification of such filing <wade@rlf.com.>

I further certify that on November 22, 2005 I served copies of the foregoing to the following counsel in the manner indicated:

<u>By Hand</u>

William J. Wade
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE  19899


/s/  *Karen Jacobs Louden*
Karen Jacobs Louden
klouden@mnat.com