Westlaw.

Not Reported in F.Supp. | Page 1

Not Reported in F.Supp., 1994 WL 483463 (E.D.Pa.)
**(Cite as: Not Reported in F.Supp.)**

H
Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court,E.D. Pennsylvania.
CIRCUIT CITY STORES, INC.,
v.
CITGO PETROLEUM CORP., Jules Kutner, Gertrude Kutner, Kutner Buick, Inc., Third-Party Defendant.
**No. CIV. A. 92-CV-7394.**

Sept. 7, 1994.

*MEMORANDUM*

KELLY.

MEMORANDUM%

*1 Presently before the Court are two motions: (1) Third-Party Defendant Mobil Oil Corporation's ("Mobil") Motion to Dismiss the Third-Party Complaint for Lack of Subject Matter Jurisdiction Pursuant to Federal Rule of Civil Procedure 12(b)(1) ; and (2) Third-Party Defendant Mobil's Motion to Sever and Stay the Third-Party Complaint. This action stems from a suit by Plaintiff Circuit City Stores, Inc. ("Circuit City") seeking injunctive relief and damages for contamination to property formerly operated, in part, as a gasoline service station. This Court has jurisdiction under 28 U.S.C. § 1331.

FACTUAL BACKGROUND

Circuit City owns property located at 2420-40 Cottman Avenue and 7201-7246 Bustleton Avenue, Philadelphia, Pennsylvania ("the Site"). In December 1992, Circuit City filed suit against Citgo Petroleum Corporation, Jules and Gertrude Kutner, CanadianOxy Offshore Production Company, CITGO Petroleum Company, Westminster Investing Company and Bruce A. Goodman. Circuit City asserted a claim under the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6972(a)(1)(B), against the Defendants to remediate contamination at the Site that may present an imminent and substantial endangerment to human health or the environment. Circuit City provided pre-suit notice to the Defendants, the Administrator of the Environmental Protection Agency ("EPA"), and the Pennsylvania Department of Environmental Resources ("DER"), as required by RCRA. In December 1993, Circuit City filed an Amended Complaint naming Kutner Buick, Inc. ("Kutner Buick") as a defendant, alleging that Kutner Buick owned and/or operated various underground storage tanks at the Site.

Kutner Buick served a third-party complaint on Mobil on January 15, 1994 which alleges that soil and groundwater contamination at the Mobil gasoline service station immediately adjacent to the northern boundary of the Site ("Mobil Station") is migrating to the Site and causing soil and groundwater contamination. Kutner Buick seeks contribution and indemnification from Mobil for any costs Kutner Buick will incur as a result of Circuit City's action against it. The third-party complaint alleges that Mobil is in violation of RCRA, the Pennsylvania Clean Streams Law, 35 P.S. § 691.401, and the Pennsylvania Storage Tank and Spill Prevention Act, 35 P.S. § 6021.1302(a).

The relevant portions of the third-party complaint are found in ¶¶ 10-12, which read as follows:
10. The actions of third-party defendant for which third-party plaintiff requests contribution and indemnification, also have violated and continue to violate the Resource Conservation and Recovery Act, 42 U.S.C. § 6972(a) and 28 U.S.C. § 1331; the Pennsylvania Clean Streams Law, 35 P.S. § 691.401; and the Pennsylvania Storage Tank and Spill Prevention act, 35 P.S. § 6021.1302(a), in that each of the actions plaintiff has herein averred to have been committed or undertaken by third-party

defendant, are prohibited and in violation of federal and state statutes and are the actions of third-party defendant.

*2 11. As the entity which caused and is responsible for the pollution and contamination of the property, to the extent occurred, third-party defendant Mobil Oil Corporation is fully liable therefore to third-party plaintiffs and to plaintiff Circuit City, Inc., on account of said plaintiff's claims.

12. Third-party defendant Mobil Oil Corporation as the responsible party is liable to third-party plaintiff for all or not less than a substantial portion of the claims made by plaintiff Circuit City Stores, Inc., against third-party plaintiff, as alleged in plaintiff's Second Amended Complaint.

In its Motion to Dismiss, Mobil argues that the third-party complaint should be dismissed because this court lacks subject matter jurisdiction over the RCRA claim. Specifically, Mobil asserts that: (1) Kutner Buick failed to comply with the notice provisions under RCRA; (2) there is no evidence nor allegation of imminent and substantial endangerment; and (3) RCRA does not provide a damage remedy. FN1

Kutner Buick asserts that it is not proceeding against Mobil under RCRA. Rather, Kutner Buick claims that, "as the entity which caused and is responsible for the pollution and contamination of the property ... third-party defendant Mobil Oil Corporation is fully liable therefore to third-party plaintiffs and to plaintiff Circuit City, Inc., on account of said plaintiff's claims." Second Am. Compl., ¶ 11.

### REQUIREMENTS FOR THIRD-PARTY COMPLAINTS

Third-party complaints may be served by a defendant/third-party plaintiff upon "a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff." Fed.R.Civ.P. 14. Third-party claims fall within "ancillary" or "supplemental" jurisdiction.

*Toberman v. Copas,* 800 F.Supp. 1239, 1241 (M.D. Pa.1992); Charles A. Wright, Arthur Miller & Mary Kane, 6 Federal Practice and Procedure, (" Wright & Miller") § 1441 (1990). These claims are ancillary if the claims arise out of the same transaction or occurrence. *United States v. United Pacific Ins. Co.,* 472 F.2d 792, 794 (9th Cir.), *cert. denied,* 411 U.S. 982 (1973). No independent jurisdictional grounds are needed to support a thirdparty claim. *Schwab v. Erie Lackawanna R.R. Co.,* 438 F.2d 62, 65 (3d Cir.1971).

### CITIZEN SUITS UNDER RCRA

The RCRA citizen suit provision authorizes a private party to bring suit against any person who has contributed to or is contributing to the past or present handling, storage, treatment, transportation or disposal of any hazardous or solid waste that may present an imminent and substantial endangerment to health or the environment. 42 U.S.C. § 6972(a)(1)(B). In order to bring a citizen suit, a plaintiff is required first to serve notice of its intent to file suit to the Administrator of the EPA, to the State solid waste management agency, and to the alleged violators. 42 U.S.C. § 6972(b)(2)(A). For actions alleging imminent and substantial endangerment, notice must be given at least 90 days prior to commencing suit; for suits alleging a violation of a permit, order or regulation issued under RCRA, notice must be given at least 60 days prior to commencing suit. 42 U.S.C. §§ 6972(b)(2)(A), 6972(b)(1)(A). Failure to give notice deprives the district court of jurisdiction to hear a citizen suit claim under RCRA. *McGregor v. Industr. Excess Landfill,* 856 F.2d 39, 43 (6th Cir.1988).

*3 The United States Supreme Court has recently determined that compliance with the notice provisions of RCRA is a mandatory precondition to filing suit, which a district court may not disregard at its discretion. *Hallstrom v. Tillamook,* 493 U.S. 20, 31 (1989). The Court concluded that the language of RCRA is clear and unambiguous in requiring that citizen suits may not be commenced until 60 days after the citizen has notified EPA, the State and the alleged violator. *Id.* at 26. The

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.     Page 3

Not Reported in F.Supp., 1994 WL 483463 (E.D.Pa.)
**(Cite as: Not Reported in F.Supp.)**

Court stated that this pre-suit notice requirement allows the government to take responsibility for enforcing environmental regulations and allows the alleged violator an opportunity to bring itself into compliance with the Act, thereby avoiding a citizen suit. *Id.* at 29. *See also* S.Rep. No. 92-414, 92d Cong., 1st Sess. 81 (1972), *reprinted in* 1972 U.S.C.A.N. 3668, 3745. The Court also held that staying the action after suit had been filed to allow the complainant an opportunity to provide notice would not honor the statutory language. *Hallstrom,* 493 U.S. at 26-27.

It is uncontested that Kutner Buick did not provide the required notice to EPA, DER or Mobil prior to filing the third-party complaint on January 25, 1994. The only notice provided was a letter, dated March 8, 1994, from Kutner Buick to Mobil. This letter is inadequate to comply with the statute's notice requirement. *See Hallstrom,* 493 U.S. at 26-27. The notice requirement is mandatory. Mobil was not a defendant to the original suit and received no notice from either Circuit City or Kutner Buick of a pending RCRA action. The fact that this is a third-party action does not change that requirement. Therefore, Kutner Buick's RCRA claim against Mobil must be dismissed.

Kutner Buick claims, however, that the third-party complaint is not a RCRA action. "[T]here is a question as to whether third-party plaintiff has asserted a RCRA claim against third-party defendant, compared to simply an action for contribution and indemnity, comparable to the cross-claims asserted by each of the defendants herein against the other defendants herein, wherein no RCRA 'notice' was given." Pl.'s Resp. to Third-Party Compl. at 4. Kutner Buick contends that its claims against Mobil "are on the basis of contribution, indemnity and causation." *Id.*

A third-party complaint is a "claim of secondary liability such that, if the third-party plaintiff is found liable, the third-party defendant will be liable to him/her under a theory of indemnification, contribution, or any kind of derivative liability recognized by the relevant substantive law." *Toberman,* 800 F.Supp. at 1242 (quoting Jack Friedenthal, Mary Kane and Arthur Miller, Civil Procedure, § 6.9). Impleader is available only if there is an underlying substantive basis for the third-party plaintiff's claim. 3 Jeremy C. Moore et al., Moore's Federal Practice ("Moore's Federal Practice") ¶ 14.03 [1] (2d ed.1990). Kutner Buick alleges that the actions of third-party defendant Mobil "have violated and continue to violate the Resource Conservation and Recovery Act." Third-Party Compl., ¶ 10. The Court interprets this language to mean that Kutner Buick's claims for contribution and indemnification from Mobil are partially based on Mobil's alleged violation of RCRA. To the extent that Kutner Buick's claim for contribution and indemnity from Mobil is based on a violation of RCRA, the claim must be dismissed.

### DEFAULT JUDGMENT

*4 In its response to Mobil's Motion to Dismiss, Kutner Buick asserts that a default judgment should be entered against Mobil because Mobil did not file an answer to those claims which it did not challenge in its Motion to Dismiss. Mobil responds that service of a 12(b) motion, whether or not that motion addresses all the claims in a complaint, enlarges the normal twenty (20) day time for answering the remaining portions of a complaint.

Kutner Buick did not file a motion requesting a default judgment. Therefore, the issue of default is not properly before this Court. Because Mobil addressed the issue in its Reply Memorandum, I will briefly discuss it.

Rule 12(b) of the Federal Rules of Civil Procedure provides that a motion to dismiss based on any defense listed in Rule 12(b)(1)-(6) "shall be made before pleading if a further pleading is permitted." Rule 12(a)(4) provides:
(4) Unless a different time is fixed by court order, the service of a motion permitted under this rule alters these periods of time as follows:
(A) if the court denies the motion or postpones its disposition until the trial on the merits, the responsive pleading shall be served within 10 days after notice of the court's action.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp. Page 4
Not Reported in F.Supp., 1994 WL 483463 (E.D.Pa.)
**(Cite as: Not Reported in F.Supp.)**

Fed.R.Civ.P. 12(a)(4).

Only a few courts have directly addressed this issue. In *Gerlach v. Michigan Bell Tel. Co.,* 448 F.Supp. 1168 (E.D.Mich.1978), the court reasoned that separate counts are independent bases for a lawsuit, and therefore, the parties should be responsible to proceed with litigation on the counts not challenged by a motion under Fed.R.Civ.P. 12(b). *Id.* at 1174. However, the court found that, because plaintiffs had not been prejudiced by the failure to answer, a default judgment was not warranted. Defendant was given 10 days to file an answer. *Id.* The court in *Brocksopp Eng'g, Inc. v. Bach-Simpson, Ltd.,* 136 F.R.D. 485 (E.D. Wis.1991), took the opposite position. That court reasoned that, under the language of Fed.R.Civ.P. 12(a), a partial 12(b) motion enlarges the time to file an answer. *Id.* at 486. The court also noted that the *Gerlach* approach had significant disadvantages in that it would require duplicative sets of pleadings in the event of denial of the 12(b) motion, and it would cause confusion over the proper scope of discovery during the motion's pendency. *Id.* at 486-87; *see also* 5A Wright & Miller, § 1346 (discussing disadvantages of *Gerlach* court's reasoning).

I agree with the *Brocksopp* court's reasoning. A partial 12(b) motion enlarges the time to file an answer. Mobil has ten (10) days from the date of this Memorandum to answer any remaining claims. Accordingly, even if there were a Motion for Default Judgment properly before this Court, there would be no basis for entering a default judgment against Mobil.

MOTION TO SEVER AND STAY

Also before the Court is Mobil's Motion to Sever or Stay the Third-Party Complaint pursuant to Rule 42(b) of the Federal Rules of Civil Procedure. Mobil argues that: (1) it will be prejudiced by insufficient time for discovery if there is no severance; (2) a severance would be efficient because, if Kutner Buick is successful in its counterclaims, the issue of Mobil's contribution will be moot; and (3) jury confusion will result from combining the case involving contract and fraud issues between Kutner Buick and Circuit City with the case against Mobil involving environmental issues.

*5 Rule 42(b) of the Federal Rules of Civil Procedure provides:
(b) Separate Trials. The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues....

Fed.R.Civ.P. 42(b). The decision to sever a claim is addressed to the discretion of the trial court. *Banks v. Travelers Ins. Co.,* 60 F.R.D. 158, 163 (E.D.Pa.1973). Separate trials are generally denied if the matters to be tried separately are related or involve the same evidence. 5 Moore's Federal Practice, ¶ 42.03[1]; *Wilemijn Houdstermaatshapj BV v. Apollo Computer, Inc.,* 707 F.Supp. 1429, 1433 (D. Del.1989). A court may sever claims or issues if such a severance would be in furtherance of convenience, would avoid prejudice or would be conducive to expedition and economy. *Max Daetwyler Corp. v. Input Graphics, Inc.,* 608 F.Supp. 1549, 1556 (E.D.Pa.1985).

I find that severance is not warranted under these facts. The issue confronting the Court, and all parties to this litigation, involves resolution of the problem of where the contamination at the Site originated and who is required to assume responsibility for paying for remediation of the Site. The potential prejudice to Mobil of having insufficient time for discovery if severance is not granted may be cured by extending the discovery period. There would be prejudice to Kutner Buick. If the third-party complaint is severed, Kutner Buick will be required to incur the expense of preparing for two trials involving similar facts and evidence. The interests of judicial economy are served by including all parties with potential liability for remediating the Site in one action. Finally, the combination of contract, fraud and environmental issues is not so complex that a jury would be overly confused. Accordingly, I will

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp. Page 5

Not Reported in F.Supp., 1994 WL 483463 (E.D.Pa.)
**(Cite as: Not Reported in F.Supp.)**

deny Mobil's Motion to Sever or Stay.

An appropriate Order follows.

AND NOW, this 7th day of September, 1994, in consideration of the following motions: (1) Third-Party Defendant Mobil Oil Corporation's ("Mobil") Motion to Dismiss the Third-Party Complaint, Plaintiff Kutner Buick, Inc.'s ("Kutner Buick") Response, and Mobil's Reply; and (2) Third-Party Defendant Mobil Oil's Motion to Sever or Stay, and Kutner Buick's Response, and for the reasons set forth in the foregoing memorandum, it is hereby ORDERED as follows:

1. Third-Party Defendant Mobil's Motion to Dismiss Plaintiff Kutner Buick's claims under the Resource Conservation and Recovery Act ("RCRA") is GRANTED:

2. The claims against Third-Party Defendant Mobil pursuant to RCRA are DISMISSED.

3. Third-Party Defendant Mobil's Motion to Sever or Stay is DENIED.

> FN1. Kutner Buick concedes that RCRA is not a damage statute.

E.D.Pa. 1994
Circuit City Stores, Inc. v. Citgo Petroleum Corp. v. Mobil Oil Corp.
Not Reported in F.Supp., 1994 WL 483463 (E.D.Pa.)

Briefs and Other Related Documents (Back to top)

• 2:92cv07394 (Docket) (Dec. 24, 1992)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.