IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SYNOPSYS, INC., a Delaware Corporation, <br><br>　　　　　Plaintiff and <br>　　　　　Counter-Defendant, <br><br>　　v. <br><br>MAGMA DESIGN AUTOMATION, INC., a Delaware Corporation <br><br>　　　　　Defendant and <br>　　　　　Counterclaimant. <br><br> AND RELATED COUNTERCLAIMS. | Case No. 05-701-GMS |

**JOINT STATUS REPORT**
*Submitted*: **December 12, 2005**

In accordance with the Notice of Scheduling Conference, dated December 7, 2005 (D.I. 15), counsel for Synopsys, Inc. ("Synopsys") and counsel for Magma Design Automation, Inc. ("Magma") submit this Joint Status Report in preparation for the Status and Scheduling Conference before the Court on December 19, 2005 at 10:00 a.m. Attached is a chart summarizing the parties' proposed dates (Exhibit A) which is submitted subject to the Court's approval and modifications.

　　　　1.　　**Jurisdiction and Service**. With the exception of Synopsys's pending motion to dismiss Magma's state law counterclaims, the parties agree that the Court has subject matter jurisdiction over this action, and that the Court has personal jurisdiction over both Synopsys and Magma. Both Synopsys and Magma believe that all necessary parties have been served. However, both Synopsys and Magma reserve their rights to join additional parties within the time limit proposed in Exhibit A of this Joint Status Report.

2. **Substance of the Action**. This is an action for patent infringement and antitrust violations arising from the assertion of allegedly invalid patents. Synopsys alleges that Magma infringes the following three patents: U.S. Patent No. 6,434,733 (the '733 Patent), U.S. Patent No. 6,766,501 (the '501 Patent), and U.S. Patent No. 6,192,508 (the '508 Patent)(collectively, the "Synopsys Patents"). Magma denies infringement, and alleges that the three Synopsys patents are invalid, unenforceable, and not infringed by Magma. Magma also alleges that Synopsys obtained two of the three asserted patents, the '733 Patent and the '501 Patent (the "Scan Chain Patents"), through inequitable conduct. Magma counterclaims that Synopsys's assertion of the Scan Chain Patents, and other anticompetitive conduct, violates the Sherman Act, the Lanham Act, and state unfair competition law. Magma also counterclaims that Synopsys is infringing its U.S. Patent No. 6,505,328 (the "Magma Patent"). Synopsys denies infringement of the Magma Patent and will allege (upon the filing of its Answer to Counterclaims) that the Magma Patent is invalid, unenforceable and not infringed by Synopsys.

3. **Identification of Issues**. The issues to be resolved in this litigation include: whether Magma infringes the Synopsys Patents; whether the Synopsys Patents are valid and/or enforceable; whether Synopsys's conduct in procuring the Scan Chain Patents was inequitable; whether Synopsys's assertion of the Scan Chain Patents, and other allegedly anticompetitive conduct, violates the Sherman Act, the Lanham Act, and state unfair competition law; whether Synopsys infringes the Magma Patent; and whether the Magma Patent is valid and/or enforceable.

4. **Narrowing of Issues**. Both parties may request leave to bring summary judgment motions as to infringement and validity once sufficient discovery has been taken. With respect to the Scan Chain Patents asserted by Synopsys, Magma has contended that prior art exists which renders the patents invalid, and has based its antitrust claims largely on the assertion by Synopsys of these two patents. Synopsys has reviewed the prior art identified by Magma, and believes it is clear that Magma's validity and antitrust arguments are baseless because they rest upon a fundamental misunderstanding of the patented inventions. Nevertheless, since this prior

art was not before the PTO during patent prosecution, Synopsys is in the process of placing these two patents into re-exam so that the PTO has the opportunity to consider the prior art and confirm Synopsys' belief that the patented inventions are novel. Should the PTO accept the Request for Re-examination, Synopsys will immediately request this Court stay that portion of this action as well as the counterclaims alleged by Magma that are based on the assertion of the Scan Chain Patents by Synopsys (i.e., the Magma counterclaims based on alleged violations of the Sherman Act, the Lanham Act and state unfair competition law). Separately, Synopsys also will be filing a motion seeking an order from the Court to bifurcate the claims involving the '508 Patent and the Magma Patent from the claims involving the Scan Chain Patents and the Magma counterclaims based on alleged violations of the Sherman Act, the Lanham Act and state unfair competition law. Because Synopsys has not yet explained the "fundamental misunderstanding" that it asserts regarding the Scan Chain Patents, Magma cannot comment on these intended motions, other than to say that it expects to oppose them if and when they are made.

5.   **Relief**. Synopsys seeks an injunction enjoining alleged infringement by Magma of the Synopsys Patents, and monetary damages arising from such infringement. Magma seeks an injunction enjoining alleged infringement by Synopsys of the Magma Patent and enjoining anti-competitive conduct by Synopsys. Magma also seeks damages arising from Synopsys's infringement and Synopsys's anticompetitive conduct. Neither party is presently able to calculate its claim for damages.

6.   **Amendment of Pleadings**. Both parties may add additional allegedly-infringed patents to the case as discovery proceeds.

7.   **Joinder of Parties**. The parties are not aware of any additional parties that should be joined in this action at this time. The parties propose that the Court establish a deadline for filing a motion to join additional parties, as set forth in Exhibit A.

8.   **Discovery**. The parties propose the schedule provided in Exhibit A with respect to timing of discovery and other matters. Synopsys and Magma propose that at this time

the parties adhere to the limitations set forth in the Federal Rules of Civil Procedure, except as set forth below:

- The parties agree that each party may propound, in total, no more than 25 interrogatories (including discrete subparts) to any other individual party.

- The parties agree that each party may propound as many document requests and requests for admissions as needed.

- The parties agree that the limitation of depositions in Fed. R. Civ. P. 30(a)(2)(A) should be modified as follows: each side shall be allowed to take 25 depositions from any other individual party, including 30(b)(6) depositions but not including expert depositions. Each deposition shall be limited to seven hours of actual examination, and no deposition shall exceed seven hours of examination in a single day.

If Synopsys's request for re-examination of the Scan Chain Patents is granted, Synopsys intends to ask the Court to stay discovery on the Scan Chain Patents and all Magma counterclaims (other than based on the Magma Patent) including those based on the assertion by Synopsys of the Scan Chain Patents. Consistent with the motion to stay or bifurcate referenced in paragraph 4, Synopsys believes that all discovery not related to the '508 Patent and the Magma Patent should be stayed and that all patent issues related to the '508 Patent and the Magma Patent be litigated first as resolution of those issues should automatically resolve (or substantially limit/reduce) the remaining issues and counterclaims. Magma expects to oppose any motion to bifurcate discovery because the antitrust discovery will overlap with patent discovery, and the antitrust claims deserve immediate and serious attention. Therefore, Magma believes that bifurcation would be unfair and prejudicial, would be difficult to enforce, and would ultimately lead to increased time and resources to resolve this matter.

9. **Estimated Trial Length.** The parties estimate 10 days for this action to be tried. At the present time, the parties do not have any issues that they believe should be bifurcated for trial other than those addressed in paragraph 4.

10. **Jury Trial.** Both Synopsys and Magma have demanded a jury trial.

11.  **Settlement.** Synopsys and Magma remain engaged in mediation before Judge Ambler (Ret.) with JAMS. If those mediation efforts fail, at an appropriate time, the parties may request that this matter may be referred to a United States Magistrate or an agreed-upon mediator for the purpose of exploring the possibility of a settlement.

12.  **Other Matters.** Synopsys's motion to dismiss Magma's claims based on the Sherman Act, the Lanham Act, and state unfair competition law is pending before the Court.

13.  **Confirmation of Rule 26(f) Teleconference.** Counsel for Synopsys and Magma have conferred regarding each of the twelve topics listed above.

/s/   Karen Jacobs Louden
Jack B. Blumenfeld (#1014)
jblumenfeld@mnat.com
Karen Jacobs Louden (#2881)
klouden@mnat.com
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
Attorneys for Plaintiff
Snyopsys, Inc.

OF COUNSEL:
Michael Edelman
Valerie M. Wagner
Dechert LLP
1117 California Avenue
Palo Alto, CA  94304

George G. Gordon
Dechert LLP
Cira Centre, 2929 Arch Street
Philadelphia, PA  19104-2808

Rebecca P. Dick
Dechert LLP
1775 Eye Street, N.W.
Washington, DC  20006-2401

William J. Wade (#747)
wade@rlf.com
Steven J. Fineman (#4025)
fineman@rlf.com
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE  19899
(302) 651-7700

Attorneys for Defendant
Magma Design Automation, Inc.

OF COUNSEL:
James Pooley
L. Scott Oliver
Marc D. Peters
Anupam Sharma
Milbank Tweed Hadley & McCloy LLP
Five Palo Alto Square, 7th Floor
3000 El Camino Real
Palo Alto, CA  94306-2109

# EXHIBIT A

RLF1-2956392-1

| Event | Magma's Proposal | Synopsys' Proposal |
|---|---|---|
| **Fact Discovery** | | |
| Exchange of Initial Disclosures | December 15, 2005 | December 15, 2005 |
| Motion to Amend Pleadings | March 24, 2006 | March 24, 2006 |
| Motion to Join Additional Parties | January 6, 2006 | January 6, 2006 |
| Notice of Reliance on Advice of Counsel as a Defense to Willful Infringement, Production of Opinions of Counsel, and Production of all Related Materials | August 31, 2006 | August 31, 2006 |
| Completion of Fact Discovery | September 29, 2006 | September 29, 2006 |
| **Markman Proceedings** | | |
| Submission of Joint Claim Construction Chart | August 11, 2006 | October 13, 2006 |
| Markman Opening Briefs | August 25, 2006 | November 3, 2006 |
| Markman Reply Briefs | September 15, 2006 | November 17, 2006 |
| Markman Hearing | September 22, 2006 (or at Court's discretion) | December 1, 2006 (or at Court's discretion) |
| **Expert Discovery** | | |
| Opening Expert Reports (burden of proof) | October 13, 2006 | January 19, 2006 |
| Rebuttal Expert Reports | November 10, 2006 | February 16, 2007 |
| Completion of Expert Discovery | December 8, 2006 | March 23, 2007 |
| **Dispositive Motions** | | |
| Letter Briefs Seeking Permission | Opening: January 5, 2007<br>Response: January 12, 2007<br>Reply: January 19, 2007 | Opening: March 16, 2007<br>Response: March 23, 2007 |
| Submission of Joint Agenda Identifying Daubert Issues | January 12, 2007 | March 23, 2007 |
| Hearing Concerning Permission to File Summary Judgment Motions | January 22, 2007 | April 2, 2007 |

| Hearing to Discuss Daubert Issues | January 22, 2007 | April 2, 2007 |
|---|---|---|
| Summary Judgment Briefing | Opening: February 2, 2007<br>Response: February 16, 2007<br>Reply: February 23, 2007 | Opening: April 6, 2007<br>Response: April 27, 2007<br>Reply: May 11, 2007 |
| Summary Judgment Hearing | March 5, 2007 | At Court's discretion |
| **Trial Phase** | | |
| Motions in Limine | Opening: February 23, 2007<br>Response: March 9, 2007<br>Reply: March 16, 2007 | Opening: May 11, 2007<br>Response: May 25, 2007<br>Reply: June 1, 2007 |
| Submission of Joint Proposed Pretrial Order | March 19, 2007 | June 4, 2007 |
| Pretrial Conference | March 26, 2007 | June 11, 2007 |
| Trial | April 2, 2007 | June 18, 2007 |