IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SYNOPSYS, INC., a Delaware corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 05-701 (GMS) |
| MAGMA DESIGN AUTOMATION, INC., a Delaware corporation, | ) ) ) ) | |
| Defendant. | ) | |

**PLAINTIFF SYNOPSYS, INC.'S REPLY BRIEF IN
<u>SUPPORT OF ITS MOTION TO DISMISS COUNTERCLAIMS 1-6</u>**

|  |  |
|---|---|
|  | MORRIS, NICHOLS, ARSHT & TUNNELL |
|  | Jack B. Blumenfeld (#1014) |
|  | Karen Jacobs Louden (#2881) |
|  | 1201 N. Market Street |
| OF COUNSEL: | P.O. Box 1347 |
| Michael Edelman | Wilmington, DE  19899-1347 |
| Valerie M. Wagner | (302) 658-9200 |
| DECHERT LLP | Attorneys for Plaintiff Synopsys, Inc. |
| 1117 California Ave. | |
| Palo Alto, CA  94304 | |
| (650) 813-4848 | |

George G. Gordon
DECHERT LLP
Cira Centre
2929 Arch St. 19104-2808
Philadelphia, PA
(215) 261-2382

Rebecca P. Dick
DECHERT LLP
1775 Eye St., N.W.
Washington, DC  20006-2401
(202) 261-3432

December 14, 2005

i.

## TABLE OF CONTENTS

|  | Page |
|---|---|
| TABLE OF CITATIONS | ii |
| INTRODUCTION | 1 |
| I. MAGMA'S ANTITRUST CLAIMS SHOULD BE DISMISSED FOR FAILURE TO ALLEGE HARM TO COMPETITION IN THE MARKETPLACE | 3 |
|     A. Magma Is Not Exempt From The Need To Plead Harm To Competition And Antitrust Injury | 3 |
|     B. Fraud on the Patent Office is Not a *Per Se* Antitrust Violation: Anticompetitive Effects Must Be Alleged | 4 |
|     C. Magma's Claim That It Has Alleged Exclusion From the Market, And Thus Alleged Anticompetitive Effects, Is Doubly Wrong | 4 |
|     D. Magma's Conclusory Allegations About Price Increases And Entry Barriers Are Legally Insufficient, And Magma Does Not Allege Any Effects on Innovation | 8 |
| II. MAGMA'S LANHAM ACT CLAIM SIMILARLY FAILS BECAUSE ITS ALLEGATIONS OF FRAUD AND MATERIALITY LACK THE REQUISITE SPECIFICITY | 10 |
| III. MAGMA'S COUNTERCLAIMS 1-6 SHOULD BE DISMISSED WITHOUT LEAVE TO AMEND | 12 |
| CONCLUSION | 14 |

## TABLE OF CITATIONS

Page(s)

Cases

*Advo, Inc. v. Philadelphia Newspapers, Inc.*,
    51 F.3d 1191 (3d Cir. 1995) ............................................................................ 6

*Andrx Pharms., Inc. v. Elan Corp. PLC*,
    421 F.3d 1227 (11th Cir. 2005) ........................................................................ 5

*Ballenger v. Applied Digital Solutions Inc.*, 189 F. Supp. 2d 196 (D. Del.
    2002) ................................................................................................................ 12

*Brotech Corp. v. White Eagle Int'l Techs. Group, Inc.*,
    2004 WL 1427136 (E.D. Pa. 2004) ................................................................ 3, 7

*C.R. Bard, Inc. v. M3 Sys., Inc.*,
    157 F.3d 1340 (Fed. Cir. 1998) ....................................................................... 4

*Commonwealth of Pennsylvania v. PepsiCo, Inc.*,
    836 F.2d 173 (3d Cir. 1988) ............................................................................. 3

*Dial A Car, Inc. v. Transp., Inc.*,
    82 F.3d 484 (D.C. Cir. 1996) ........................................................................... 9

*Eichorn v. AT&T Corp.*,
    248 F.3d 131 (3d Cir. 2001) ............................................................................. 4

*Gill v. Delaware Park, LLC*,
    294 F. Supp. 2d 638 (D. Del. 2003) ................................................................ 7

*H.H. Fluorescent Parts, Inc. v. DM Technology & Energy, Inc.*,
    2005 U.S. Dist. LEXIS 26699 (E.D. Pa. 2005) ............................................. 5, 11

*In re Burlington Coat Factory Sec. Litig.*,
    114 F.3d 1410 (3d Cir. 1997) ........................................................................... 5

*In re NAHC, Inc. Securities Litig.*,
    2001 WL 1241007 (E.D. Pa. 2001), *aff'd*, 306 F.3d 1314 (3d Cir.
    2002) ................................................................................................................ 6

*In re Rockefeller Center Properties, Inc. Securities Litig.*,
    184 F.3d 280 (3d Cir. 1999) ............................................................................. 6

<tr>
<td>
</td>
</tr>

iii.

*Johnson & Johnson-Merck Consumer Pharms. Co. v. Rhone-Poulenc Rorer Pharms., Inc.*,
    19 F.3d 125 (3d Cir. 1994) ........................................................................ 11, 12

*Kost v. Kozakiewicz*,
    1 F.3d 176 (3d Cir. 1993) ........................................................................ 8

*Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*,
    507 U.S. 163 (1993) ................................................................................ 11

*Les Shockley Racing, Inc. v. Nat'l Hot Rod Ass'n*,
    884 F.2d 504 (9th Cir. 1989) .................................................................. 3

*Lum v. Bank of America*,
    361 F.3d 217 (3d Cir. 2004) .................................................................. 3, 10, 12, 13

*Max Daetwyler Corp. v. Input Graphics, Inc.*,
    608 F. Supp. 1549 (E.D. Pa. 1985) ........................................................ 10

*Morse v. Lower Merion School District*,
    132 F. 3d 902 (3d Cir. 1997) .................................................................. 8

*Nobelpharma AB v. Implant Innovations, Inc.*,
    141 F.3d 1059 (Fed. Cir. 1998) .............................................................. 4

*Oltz v. St. Peter's Cmty. Hosp.*,
    861 F.2d 1440 (9th Cir. 1988) ................................................................ 7

*Rombach v. Chang*,
    355 F.3d 164 (2d Cir. 2004) .................................................................. 10

*Syncsort Inc., v. Innovative Routines Internat'l, Inc.*,
    2005 WL 1076043 (D.N.J. 2005) .......................................................... 7

*Township of South Fayette v. Allegheny County Housing Author.*,
    27 F. Supp. 2d 582 (W.D. Pa. 1993) ...................................................... 8

*United States v. Dentsply*,
    399 F.3d 181 (3d Cir. 2005) .................................................................. 8

*Villano v. CBS, Inc.*,
    176 F.R.D. 130 (S.D.N.Y. 1997) ............................................................ 11

*Volunteer Fireman's Inc. Servs., Inc. v. McNeil & Co.*,
    221 F.R.D. 388 (W.D.N.Y. 2004) .......................................................... 10, 11

iv.

*Walker Process Equip., Inc. v. Food Mach. & Chem. Corp.*,
    382 U.S. 172 (1965) ............................................................................................ 1, 4, 6

<u>Statutes</u>

Fed. R. Civ. P. 9 (b) .......................................................................................................... 2, 10, 11

Fed. R. Civ. P. 12(b)(1) ............................................................................................................... 2

Fed. R. Civ. P. 12(b)(6) ............................................................................................................... 2

15 U.S.C. §2 ................................................................................................................................. 4

INTRODUCTION

In its opening brief, Synopsys pointed out that Magma's amended counterclaims contained exactly two conclusory sentences purporting to allege antitrust injury and harm to competition, necessary elements of an antitrust claim.  In response, Magma first tries to suggest that the law does not require it to allege antitrust injury or harm to competition, and then tries to hide behind allegations it has not actually made and cannot make.  Magma is wrong on both the law and the facts.

In support of its antitrust claim, for example, Magma first tries to suggest that it need not plead antitrust injury or harm to competition, because fraud on the Patent Office is "*per se*" anticompetitive.  (D.I. 16 at 5-6, 10).  The Supreme Court, however, has expressly rejected this argument:

> We have concluded that the enforcement of a patent procured by fraud on the Patent Office may be violative of § 2 of the Sherman Act provided ***the other elements necessary to a § 2 case are present***. . . . the area of *per se* illegality is carefully limited [and w]e are reluctant to extend it . . .

*Walker Process Equip., Inc. v. Food Mach. & Chem. Corp.*, 382 U.S. 172, 178 (1965) (emphasis added).  Allegations of fraud on the Patent Office do not relieve a plaintiff of its obligation to plead and prove harm to competition and antitrust injury.

Magma then argues it has sufficiently pled harm to competition by alleging that Synopsys' conduct is excluding Magma from the alleged relevant markets.  Although Magma makes these purported allegations the linchpin of its anticompetitive effects theory, ***there are no allegations of exclusion in Magma's pleading.***  Nowhere does Magma allege that it is being excluded from any market.  Given the representations Magma has made in its SEC filings that its

2.

business is doing better than ever, it cannot make such an allegation. That fact alone is fatal to its antitrust claims.

In addition, the antitrust case law could not be more clear: exclusion of a single competitor does not necessarily harm competition. Magma's counterclaims lack the factual allegations necessary to support an argument that a single firm's exclusion would create the requisite anticompetitive effects. To the contrary, Magma's allegations suggest that other competitors, stronger than Magma, would remain in the alleged relevant markets even if Magma were excluded. D.I. 7 at ¶¶ 111, 112.

Magma's remaining arguments fail for similar reasons. In short, they rely on allegations that are simply not in the amended counterclaims (such as that Synopsys' conduct is "stifling product innovation"). Magma has not – and cannot – plead harm to competition or antitrust injury, and its monopolization and attempted monopolization counterclaims, Counts I and II, should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

Magma's Lanham Act claim is also fatally defective. Magma does not deny that it fails to comply with Fed. R. Civ. P. 9(b), which applies in the Third Circuit to all claims sounding in fraud, regardless of the substantive cause of action alleged. Magma's Lanham Act counterclaim also fails to satisfy even the reduced pleading standard that Magma recognizes. Therefore, Magma's Lanham Act counterclaim, Count III, should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

Magma does not disagree that should its federal claims fall, its pendant state claims fail as well. Therefore, absent Magma's antitrust and Lanham Act claims, its competition-related state law counterclaims, Counts IV-VI, should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction.

3.

I. MAGMA'S ANTITRUST CLAIMS SHOULD BE DISMISSED FOR FAILURE TO ALLEGE HARM TO COMPETITION IN THE MARKETPLACE

A. Magma Is Not Exempt From The Need To Plead Harm To Competition And Antitrust Injury

Magma tries to suggest that antitrust pleadings are subject to few, if any, standards. But although "antitrust complaints are not subject to especially stringent [standards] . . . neither are they exempt from the federal rules." *Lum v. Bank of America*, 361 F.3d 217, 228 (3d Cir. 2004) (*quoting Commonwealth of Pennsylvania v. PepsiCo, Inc*., 836 F.2d 173, 179 (3d Cir. 1988) and *Sims v. Mack Truck Corp*., 488 F. Supp. 592, 608 (E.D. Pa. 1980)). As the Third Circuit has recognized, "[w]hen the requisite elements are lacking, the costs of modern federal antitrust litigation and the increasing caseload of the federal courts counsel against sending the parties into discovery when there is no reasonable likelihood that the plaintiffs can construct a claim from the events related in the complaint." *Commonwealth of Pennsylvania,* 836 F.2d at 182 (*quoting Car Carriers, Inc. v. Ford Motor Co*., 734 F.2d 1101 (9th Cir. 1984)).

A core antitrust pleading requirement is that the claimant must allege facts that, if proved, would support a finding that the adversary's conduct has had anticompetitive effects not only on the claimant, but also on the marketplace as a whole. These effects constitute antitrust injury of the type necessary to establish that the claimant has standing to bring an antitrust claim. "The Third Circuit requires that an allegation of antitrust injury reflect the challenged activity's anticompetitive effect on the competitive market." *Brotech Corp. v. White Eagle Int'l Techs. Group, Inc*., 2004 WL 1427136 at *7 (E.D. Pa. 2004) (internal quotations omitted) (D.I. 10, Ex. C); *see also Les Shockley Racing, Inc. v. Nat'l Hot Rod Ass'n*, 884 F.2d 504, 508 (9th Cir. 1989) (antitrust claimants must "plead and prove a reduction of competition in the market in general

4.

and not mere injury to their own positions as competitors"), *quoted with approval* in *Eichorn v. AT&T Corp.*, 248 F.3d 131, 140 (3d Cir. 2001).

Magma has failed to allege any specific facts in support of antitrust injury, so its antitrust claims must be dismissed.

B. Fraud on the Patent Office is Not a *Per Se* Antitrust Violation: Anticompetitive Effects Must Be Alleged

In a transparent attempt to dodge these pleading requirements, Magma contends that a knowing assertion by Synopsys of patent rights obtained by alleged fraud on the PTO would be *per se* illegal – that is, Magma is relieved of the obligation of pleading and proving harm to competition because harm is presumed. D.I. 16 at 5-6, 10. The law is directly to the contrary. *Walker Process Equip.,* 382 U.S. at 178; *see also C.R. Bard, Inc. v. M3 Sys., Inc.,* 157 F.3d 1340, 1368 (Fed. Cir. 1998); *Nobelpharma AB v. Implant Innovations, Inc.*, 141 F.3d 1059, 1068 (Fed. Cir. 1998) ("[i]f the elements for a finding of fraud within the meaning of *Walker Process, **as well as the other criteria for antitrust liability***, are met, such liability can be imposed . . .") (emphasis added).

The Federal Circuit has explained why *per se* antitrust liability is unwarranted in cases such as this one: assertion of an invalid patent may not have any anticompetitive effects. *C.R. Bard*, 157 F.3d at 1368. In that event, the challenged conduct may violate other laws, but it does not violate the anti-monopolization provisions of § 2 of the Sherman Act, 15 U.S.C. § 2. *Id.*

C. Magma's Claim That It Has Alleged Exclusion From the Market, And Thus Alleged Anticompetitive Effects, Is Doubly Wrong

Magma next contends that it has sufficiently alleged antitrust injury and harm to competition – relying primarily on supposed allegations that it is being excluded from the

5.

market. D.I. 16 at 6 (Magma "alleges that Synopsys' conduct excludes Magma from the . . . relevant markets . . . ."). These allegations, however, are imaginary. In fact, there are no such allegations in Magma's amended counterclaims.

In support of its argument that Synopsys' conduct will exclude Magma from the market and "reduce competition," Magma points to four paragraphs in its counterclaims. D.I. 16 at 6. One deals with barriers to entry and says nothing about the possible exclusion of current market participants. D.I. 7 at ¶ 113. The next refers in conclusory fashion to unspecified harm to the competitive process and an unexplained possibility of higher prices. *Id*. at ¶ 117. The next alleges that Synopsys has engaged in unidentified but "unreasonably exclusionary conduct." *Id*. at ¶ 136. Lastly, Magma points to a paragraph that alleges an attempt to monopolize "through the acts and practices described above." *Id*. at  ¶ 140. None of these paragraphs alleges that Magma is being excluded from the marketplace. Further, such "bald assertions" of anticompetitive harm are insufficient to survive a motion to dismiss. *H.H. Fluorescent Parts, Inc. v. DM Technology & Energy, Inc*., 2005 U.S. Dist. LEXIS 26699 at *6 (E.D. Pa. 2005); *see also In re Burlington Coat Factory Sec. Litig*., 114 F.3d 1410, 1426 (3d Cir. 1997).

Nor does Magma clarify what Synopsys has done that is purportedly excluding Magma from the market. Magma says that Synopsys is using the "exclusionary power" of its patents, D.I. 16 at 6, but those patents are not currently having any exclusionary effects on Magma (according to Magma's SEC filings, discussed below) and will only have such an effect if Synopsys prevails in litigation. In that event, Synopsys will have enforced valid and infringed patents, conduct that is immune from the antitrust laws under the *Noerr-Pennington* doctrine. *See, e.g., Andrx Pharms., Inc. v. Elan Corp. PLC,* 421 F.3d 1227, 1234 (11th Cir. 2005). The suggestion that Synopsys' assertion of invalid patents is having an exclusionary effect is, in this

6.

context, another form of the argument that fraud on the Patent Office is a *per se* antitrust offense, a proposition that as explained above is incorrect as a matter of law. *Walker Process*, 382 U.S. at 174.

Magma's SEC filings[1] indicate why Magma has not alleged exclusion – far from being excluded from the marketplace, it is enjoying increased success. For the third quarter of 2005, Magma cites revenue increases of 3% over the prior quarter and 8% over the same quarter in 2004. D.I. 10, Ex. A at 23. For the second quarter of 2005, Magma cites revenue increases of 9% over the prior quarter and 8% over the same quarter in 2004. *Id.* at Ex. B at 20.[2]

Moreover, even had Magma alleged that it is being excluded from the relevant markets, this allegation without more would be insufficient. Harm to Magma, without more, would not constitute harm to the marketplace as a whole, especially where Magma alleges that there are other competitors larger than itself. D.I. 7 at ¶¶ 111, 112. These competitors are apparently unaffected by Synopsys' actions, and given their continuing presence, there is no reason to think that competition would be adversely affected even by Magma's exclusion. Magma's counterclaims fail to assert the additional allegations that would develop a claim of one firm's exclusion into an allegation of antitrust injury.

---

[1]  This Court may take judicial notice of SEC filings that are required to be filed and actually are filed with the Securities and Exchange Commission. *In re Rockefeller Center Properties, Inc. Securities Litig.*, 184 F.3d 280, 293 (3d Cir. 1999). Moreover, the Court's taking such notice would not convert this motion to dismiss into one for summary judgment. *In re NAHC, Inc. Securities Litig.*, 2001 WL 1241007 at *6 (E.D. Pa. 2001), *aff'd*, 306 F.3d 1314 (3d Cir. 2002).

[2]  Magma's efforts to dismiss the admissions in its SEC statements on the grounds that it could have done even better if not for the challenged conduct misses the point – Magma's admissions are directly contrary to its argument (not reflected in its actual allegations) that it is being excluded from the marketplace. Making less money than one could is not by itself an antitrust violation. *See, e.g., Advo, Inc. v. Philadelphia Newspapers, Inc.*, 51 F.3d 1191 (3d Cir. 1995).

7.

None of the cases Magma cites suggests otherwise. *Gill v. Delaware Park, LLC,* states that "the Third Circuit has held that the anti-trust injury requirement is sufficiently pled where plaintiff alleges that he was excluded from participation in a particular market, ***and the result was a decrease in competition in that market***." 294 F. Supp. 2d 638, 644 (D. Del. 2003) (emphasis added). *Brotech* quotes the Third Circuit in stating, "[a]n antitrust plaintiff must prove that challenged conduct affected the prices, quantity or quality of goods or services, ***not just his own welfare***." 2004 WL 1427136 at *4 (emphasis added) (*quoting Mathews v. Lancaster Gen. Hosp.,* 87 F.3d 624, 641 (3d Cir. 1996)).

Magma also states that in *Syncsort,* the "possible elimination of just one competitor from that market could be 'antitrust injury in [sic] form of reduced competition' and was sufficient to deny a Rule 12(b)(6) motion to dismiss." D.I. 16 at 8, *citing Syncsort Inc., v. Innovative Routines Internat'l, Inc.*, 2005 WL 1076043, at *10 (D.N.J. 2005). That case, however, concerned actions by an alleged monopolist that threatened to "lessen or eliminate . . . its primary (and only seriously viable) competitor." *Id.* In contrast, Magma alleges that other firms, not Magma, are Synopsys' leading competitors. D.I. 7 at ¶¶ 111, 112 (in alleged Logic Synthesis Market, Cadence Design Systems, Inc. had a 7% share in October 2004; in alleged SCAN Market, Mentor Graphic Corp. had a 7% share in October 2004, and SynTest Technologies held the remaining 2%).[3]

---

[3] Magma's cite to a Ninth Circuit case that is nearly two decades old is unavailing. *Oltz v. St. Peter's Cmty. Hosp.*, 861 F.2d 1440 (9th Cir. 1988). In that case, the physician anesthesiologists in a community pressured the local hospital to terminate its contract with the only nurse anesthetist. The court found that the hospital and the physician "anesthesiologists faced no appreciable competition in serving the surgical and anesthesiological needs of the . . . area" and that "the price of anesthesia services and the incomes of the M.D. anesthesiologists rose dramatically" after the nurse was terminated. *Id.* at 1448. The doctors' concerted action in that case establishes that they were not the four independent competitors suggested by Magma. D.I. 16 at 8.

8.

In short, Magma contends that it has adequately alleged antitrust injury because it has alleged that it is being excluded from the market. But it has not alleged exclusion, nor can it. And even had it done so, exclusion of one firm alone, without more, does not constitute a sufficient allegation of antitrust injury.

> D.  Magma's Conclusory Allegations About Price Increases And Entry Barriers Are Legally Insufficient, And Magma Does Not Allege Any Effects on Innovation

Continuing to try to establish that it has alleged anticompetitive effects, Magma also points to generic allegations that entry barriers have been raised, D.I. 7 at ¶ 113, and that prices will rise, *id.* at ¶ 117. These wholly conclusory allegations, unsupported by factual allegations, do not save its claims from dismissal.[4] *Morse v. Lower Merion School District,* 132 F. 3d 902, 906 (3d Cir. 1997) ("a court need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss"); *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) ("we are not required to accept legal conclusions either alleged or inferred from the pleaded facts") (internal citations omitted); *Township of South Fayette v. Allegheny County Housing Author.*, 27 F. Supp. 2d 582, 593 (W.D. Pa. 1993) ("In ruling on a 12(b)(6) motion courts consistently have rejected . . . 'unsupported conclusions,' 'footless conclusions of law,' or 'sweeping legal conclusions cast in the form of factual allegations.'") (internal citations omitted).

For example, an unsupported and unexplained claim that "prices will rise" is insufficient as a matter of law to allege antitrust injury. *Dial A Car, Inc. v. Transp., Inc.*, 82 F.3d

---

[4]   In a footnote in its brief, Magma also points to its ¶ 116, which alleges that Synopsys has attempted to enter into exclusive dealing arrangements. These arrangements are governed by the rule of reason, and Magma fails to make any of the allegations necessary to a claim that such an agreement, even if actually reached, would be anticompetitive. *See United States v. Dentsply*, 399 F.3d 181 (3d Cir. 2005). This allegation was a throwaway, and Magma does not seriously defend it.

484, 487 (D.C. Cir. 1996) (conclusory allegation that defendants planned to exclude a lower-price competitor, then raise prices was insufficient, where there was "no basis for believing that all other competitors . . . will be driven out of business").[5]

In addition, Magma argues that it has alleged sufficient injury to competition by alleging that Synopsys has stifled innovation. D.I. 16 at 9. But there is no such allegation in Magma's counterclaims. A closer reading of Magma's brief makes it clear that Magma is trying to read into the counterclaims a consultant's report that discusses innovation. The report is referenced in connection with an unrelated point in two paragraphs of the counterclaims, but Magma is unable to point to anything in the counterclaims themselves about innovation. Nor does Magma cite any legal authority for its implicit proposition that if a report is cited for one fact, everything else in the entire report is automatically incorporated by reference into the pleading. Of course, there is no such authority.[6]

---

[5] Magma attempts to distinguish *Dial A Car* by asserting that a number of other required factual allegations were missing from the complaint in that case. D.I. 16 at 9 n.4. While nothing in the Court of Appeals' decision provides a basis for Magma's assertions, even if true they would be irrelevant, because the decision did not rest on those issues. For example, Magma says that the *Dial A Car* plaintiff failed to allege that the defendants' conduct was anticompetitive. In fact, the plaintiff alleged that the defendants had engaged in predatory conduct akin to predatory pricing. 82 F.3d at 486-87. More importantly, the court's dismissal was based not on the plaintiff's pleading with respect to anticompetitive conduct, but on its conclusion that the allegation of antitrust injury was insufficient despite a conclusory claim about adverse effects on prices.

[6] Magma also argues that assertion of invalid patents harms the public. Here the issue is not, however, whether Magma has alleged any injury to the public, but whether it has alleged *antitrust* injury. Magma's argument is another echo of its claim that fraud on the Patent Office is *per se* illegal.

> II. **MAGMA'S LANHAM ACT CLAIM SIMILARLY FAILS BECAUSE ITS ALLEGATIONS OF FRAUD AND MATERIALITY LACK THE REQUISITE SPECIFICITY**

In the Third Circuit, allegations that sound in fraud must provide the specificity required by Fed. R. Civ. P. 9(b) regardless of the substantive cause of action alleged. For example, a Sherman Act claim alleging fraud must comply with Rule 9(b), even though most Sherman Act claims – those that do not sound in fraud – need not satisfy Rule 9(b). *Lum v. Bank of America*, 361 F.3d at 228-29. Similarly, when a Lanham Act claim (or counterclaim) sounds in fraud, it must comply with Rule 9(b). *See Max Daetwyler Corp. v. Input Graphics, Inc.*, 608 F. Supp. 1549, 1556 (E.D. Pa. 1985) ("the policies which underlie Rule 9's requirement that the nature of an alleged misrepresentation be pleaded with specificity are equally applicable to the type of misrepresentation claims presented in plaintiffs' Lanham Act claim. . . In litigation in which one party is charged with making false statements, it is important that the party charged be provided with sufficiently detailed allegations regarding the nature of the alleged falsehoods to allow him to make a proper defense.").

Magma concedes that courts have applied Rule 9 to Lanham Act cases involving allegations of fraud. Its brief states that "[a] handful of courts have applied Rule 9 to Lanham Act allegations, but only ***because they found that the plaintiff was essentially alleging fraud in the market***." D.I. 16 at 13. In support, Magma cites *Rombach v. Chang*, 355 F.3d 164, 171 (2d Cir. 2004) and *Volunteer Fireman's Inc. Servs., Inc. v. McNeil & Co.*, 221 F.R.D. 388, 393094 (W.D.N.Y. 2004).

Magma's Lanham claim sounds in fraud: it is based on misrepresentations that Synopsys allegedly made to customers and in promotional materials about patent rights it allegedly secured through fraud. Those statements, if made, would be part of and in furtherance

11.

of the same alleged fraudulent scheme as the Patent Office proceedings that Magma has alleged were fraudulent.

Because Magma denies that its claim arises from alleged fraud, none of the decisions it cites questions the principle that the requirements of Rule 9(b) apply to Lanham Act claims sounding in fraud. For example, the first case Magma mentions is a civil rights decision, six pages in length, which does not touch on any aspect of the Lanham Act. *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,* 507 U.S. 163, 168 (1993). *Johnson & Johnson-Merck Consumer Pharms. Co. v. Rhone-Poulenc Rorer Pharms., Inc.,* arose from the defendant's claim that its product was the "strongest antacid there is." There was no suggestion of fraud. 19 F.3d 125 (3d Cir. 1994). *H.H. Fluorescent Parts* involved misrepresentations about the nature and characteristics of a product, not fraud, and the court concluded that the requirements of Rule 9(b) were met in any event. 2005 U.S. Dist. LEXIS 26699 at *2-*14. Notably one case cited by Magma, *Villano v. CBS, Inc*., 176 F.R.D. 130 (S.D.N.Y. 1997), carefully distinguished between the facts in the case before the court and claims of fraud. The standard that the *Villano* court formulated – distinguishing between false advertising aimed equally at all competitors and a specific intent to harm a particular victim – further underscores that Magma's Lanham Act counterclaim in this case sounds in fraud.

Magma does not deny that its Lanham Act claim fails to comply with Rule 9(b). Nor could it. Rule 9(b), which by its terms requires that "all averments of fraud or mistake . . . be stated with particularity," has been interpreted to require the claimant to specify "when, where, or by whom the statements were made." *See Volunteer Fireman's Ins. Servs.*, 221 F.R.D. at 393-94. Magma's counterclaims are silent on each of these points. Consequently, Magma's Lanham Act counterclaims should be dismissed for failure to comply with Rule 9(b).

In addition, Magma's own brief demonstrates that its Lanham Act counterclaim fails to satisfy even the reduced pleading standard it advances. Consistent with the Third Circuit's most recent analysis of the Lanham Act claims, Magma concedes that such a claim – whether asserting fraud or not – must allege among other things that that "the deception was material in that it was likely to influence purchasing decisions." D.I. 16 at 11, *citing Johnson & Johnson*, 19 F.3d 129. Magma makes no such allegation. Magma claims that it has included the point "by clear implication," but it does not identify any paragraphs from which the implication can be drawn. Magma's Lanham Act counterclaim should be dismissed on this separate and independent ground as well.

### III. MAGMA'S COUNTERCLAIMS 1-6 SHOULD BE DISMISSED WITHOUT LEAVE TO AMEND

If the Court dismisses Magma's Counts 1-6 of Magma's counterclaims, it should do so with prejudice.[7] In the Third Circuit, a court need not grant leave to amend where it appears that even with an additional opportunity, the claimant would be unable to make legally sufficient allegations. *Lum*, 361 F.3d at 229-32 (leave to amend denied where it would be "futile").

Magma's own SEC filings establish that its success in the marketplace continues, and thus that even had Synopsys done what Magma alleges, Magma would have no basis for alleging antitrust injury. As described above, in its third quarter 10-Q report to the SEC, Magma reported increases in revenue of 3% over the prior quarter, and increases of 8% over the third

---

[7] Magma does not dispute that if its federal antitrust and Lanham Act claims are dismissed, its related state law claims should be dismissed for lack of subject-matter jurisdiction. D.I. 16 at 14. *See Ballenger v. Applied Digital Solutions Inc.*, 189 F. Supp. 2d 196 (D. Del. 2002).

quarter of 2004.  D.I. 10, Ex. A at 23; Ex. B at 20.  In the face of this growth, Magma cannot claim that Synopsys has harmed competition.

Further, Magma's second quarter 10-Q report establishes that there is no danger that Synopsys is creating or preserving monopoly power.  Magma, one of Synopsys' several significant competitors, is enjoying steady growth and continuing to "penetrate [its] . . . market."  *Id*.

Granting Magma an opportunity to re-draft its Lanham Act counterclaim would also be futile.  In both recent 10-Q filings Magma was required to describe the risks and problems confronting the company.  In neither filing did it suggest that any statements by Synopsys regarding the parties' patent positions had hindered or were likely to hinder Magma's sales efforts.  D.I. 10, Ex. A at 23; Ex. B. at 20.  The reason Magma did not allege a tendency to deceive and materiality in support of its Lanham Act claims is that it had no basis for doing so.  An opportunity to re-plead would not solve this difficulty, and therefore, under *Lum*, the Court should grant dismissal with prejudice.

14.

## CONCLUSION

Magma's federal antitrust and Lanham counterclaims are inherently flawed and should be dismissed with prejudice pursuant to Rule 12(b)(6). At that point, there will be no adequate basis for this Court to exercise subject-matter jurisdiction over Magma's state counterclaims, and they should also be dismissed with prejudice pursuant to Rule 12(b)(1).

MORRIS, NICHOLS, ARSHT & TUNNELL

*/s/ Karen Jacobs Louden*
Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
klouden@mnat.com
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
  Attorneys for plaintiff Synopsys, Inc.

OF COUNSEL:
Michael Edelman
Valerie M. Wagner
DECHERT LLP
1117 California Ave.
Palo Alto, CA 94304-
(650) 813-4848

George G. Gordon
DECHERT LLP
Cira Centre
2929 Arch St. 19104-2808
Philadelphia, PA
(215) 261-2382

Rebecca P. Dick
DECHERT LLP
1775 Eye St., N.W.
Washington, DC 20006-2401
(202) 261-3432

December 14, 2005

497674

CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on December 14, 2005 I electronically filed the foregoing with the Clerk of the Court using CM/ECF which will send notification of such filing <wade@rlf.com.>

I further certify that on December 14, 2005 I served copies of the foregoing to the following counsel in the manner indicated:

By Hand

William J. Wade
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

/s/ *Karen Jacobs Louden*
Karen Jacobs Louden
klouden@mnat.com