LEXSEE 2005 US DIST LEXIS 26699

**H.H. FLUORESCENT PARTS, INC., Plaintiff, v. DM TECHNOLOGY & ENERGY, INC., Defendant.**

**CIVIL ACTION No. 04–CV–1997**

**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

*2005 U.S. Dist. LEXIS 26699*

**November 3, 2005, Decided**

**LexisNexis(R) Headnotes**

*Civil Procedure > Pleading & Practice > Defenses, Objections & Demurrers > Failure to State a Cause of Action*
*Torts > Procedure > Commencement*
[HN1] Under Pennsylvania law, the "gist of the action" test prohibits claimants from recasting a breach of contract claim into one sounding in tort.

*Civil Procedure > Pleading & Practice > Defenses, Objections & Demurrers > Failure to State a Cause of Action*
[HN2] When considering motions to dismiss for failure to state a claim upon which relief can be granted pursuant to *Fed. R. Civ. P. 12(b)(6)*, courts must accept as true the allegations in the complaint and its attachments, as well as reasonable inferences. Courts must construe these allegations and inferences in the light most favorable to the non–moving party. Furthermore, the court may not consider any extrinsic evidence with the exception of documentation integral to or explicitly relied upon in the complaint. The court should not give credit to bald assertions or legal conclusions improperly alleged in the complaint. Motions to dismiss may be granted only where it is certain that no relief can be granted under any set of facts which could be proved. The ultimate inquiry of a Rule 12(b)(6) motion to dismiss is not whether the non–moving party will succeed on the merits of the claim, but whether that party should be allowed to offer evidence at trial in support of that claim.

*Civil Procedure > State & Federal Interrelationships > Choice of Law*
[HN3] In diversity cases, a district court is to apply the law of the state in which it sits.

*Civil Procedure > State & Federal Interrelationships > Choice of Law*

[HN4] Pennsylvania applies a "government interest" and "significant relationship" analysis when determining conflict of laws issues. The court must analyze the extent to which one state rather than another has demonstrated, by reason of its policies and their connection and relevance to the matter in dispute, a priority of interest in the application of its rule of law.

*Civil Procedure > State & Federal Interrelationships > Choice of Law*
*Contracts Law > Contract Conditions & Provisions > Conditional Duties Generally*
[HN5] The absence of a choice of law provision in the contract at issue in a case suggests that the defendant does not have any particular interest in litigating its claims strictly in one state.

*Civil Procedure > State & Federal Interrelationships > Choice of Law*
*Civil Procedure > Pleading & Practice > Defenses, Objections & Demurrers > Failure to State a Cause of Action*
*Torts > Procedure > Commencement*
[HN6] Pennsylvania's "gist of the action" test is directly targeted at weeding out claims attempting to recast breach of contract claims into one sounding in tort. The implementation of Pennsylvania's policy suggests, for choice of law purposes, that Pennsylvania has a great interest in protecting its citizens from improperly pleaded claims.

*Civil Procedure > State & Federal Interrelationships > Choice of Law*
[HN7] For choice of law purposes, Pennsylvania establishes itself as being relevant to a matter in dispute by way of its connection to an action and the conduct of the parties.

*Civil Procedure > Pleading & Practice > Defenses, Objections & Demurrers > Failure to State a Cause of*

2005 U.S. Dist. LEXIS 26699, *

*Action*
*Torts > Procedure > Commencement*
[HN8] The basic function of the "gist of the action" test is to prevent a party from recasting an established claim for breach of contract into one sounding in tort. In order to make the determination of whether a claim is one sounding in contract or tort, a court must decide whether the duties breached originated from contractual duties or those imposed by social policy thus sounding in tort. A tort claim is maintainable only if the contract is "collateral" to conduct that is primarily tortious.

*Civil Procedure > Pleading & Practice > Defenses, Objections & Demurrers > Failure to State a Cause of Action*
*Torts > Business & Employment Torts > Deceit & Fraud*
[HN9] The "gist of the action test" compels the dismissal of a claim where the duties owed to the defendant and breached by the plaintiff derive directly from the parties' agreement. The United States District Court for the Eastern District of Pennsylvania has held that the duties owed to a plaintiff were inextricably intertwined with the terms of a consulting agreement where the plaintiff's claim for fraud sprang from allegations that the defendant got more and the plaintiff got less than bargained for.

*Contracts Law > Breach*
*Contracts Law > Contract Interpretation > Good Faith & Fair Dealing*
[HN10] The implicit duties of good faith and fair dealing in contracts require parties to be honest in their dealings and transactions; failure to be honest is a breach of those duties.

*Antitrust & Trade Law > Consumer Protection*
*Civil Procedure > Pleading & Practice > Pleadings > Heightened Pleading Requirements*
*Trademark Law > Federal Unfair Competition Law > Lanham Act > General Overview*
[HN11] *Fed. R. Civ. P. 9(b)* provides that all averments of fraud or mistake shall be stated with particularity. All other conditions of the mind may be averred generally. The United States Supreme Court has held in Leatherman that Rule 9(b) is applicable only in those "specific instances" of fraud and/or mistake. However, the courts today remain in disagreement over what this ruling actually means. The United States District Court for the Eastern District of Pennsylvania has held, prior to Leatherman, that where a Lanham Act claim is not purely a "fraud" claim, it does not need to satisfy the requirement of Rule 9. Other federal courts have found that Lanham Act claims do not equate to claims for fraud and, as such, are not subject to the heightened pleading requirements of Rule 9.

*Antitrust & Trade Law > Consumer Protection > False Advertising*
*Trademark Law > Federal Unfair Competition Law > False Advertising > General Overview*
[HN12] Claims raised under *15 U.S.C.S. § 1125*(a)(1)(B) (the Lanham Act) are primarily concerned with the false advertising of products by commercial entities.

*Civil Procedure > Pleading & Practice > Filing of Complaint*
[HN13] *Fed. R. Civ. P. 8(a)* requires only a short and plain statement of the claim showing that the pleader is entitled to relief, sufficient enough to put the opposing party on notice of the claims against them.

COUNSEL: [*1] For H.H. FLUORESCENT PARTS, INC., Plaintiff: LISANNE L. MIKULA, HALPERN & LEVY, P.C., BALA CYNWYD, PA; MARK S. HALPERN, HALPERN AND LEVY, P.C., BALA CYNWYD, PA.

For DM TECHNOLOGY & ENERGY, INC., Defendant: JEFFREY S. SALTZ, LAW OFFICE OF JEFFREY S. SALTZ P.C., PHILADELPHIA, PA.

JUDGES: J. CURTIS JOYNER, J.

OPINIONBY: J. CURTIS JOYNER

OPINION:

### MEMORANDUM AND ORDER

**JOYNER, J.**

Plaintiff/Counterclaim Defendant, H.H. Fluorescent Parts, Inc. has filed a motion to dismiss Counts II, IV, and V of Defendant/Counterclaim Plaintiff, DM Technology & Energy, Inc.'s Amended Counterclaim. For the reasons set forth below, the motion shall be **GRANTED IN PART** and **DENIED IN PART**.

**Factual Background**

According to the allegations set forth in the original complaint, Plaintiff and Defendant are lighting component manufacturers and distributors, and also direct competitors in the lighting component market. (Compl., P 10).

In its amended answer to Plaintiff's complaint, Defendant claims the parties entered into a written License Agreement stating that Defendant was to manufacture fluorescent lighting components for Plaintiff, bearing Plaintiff's name.(Amn. Ans., PP 4,5). [*2] These lighting components were to be sold by Defendant to the

2005 U.S. Dist. LEXIS 26699, *2

Plaintiff and Plaintiff would in turn resell them to its customers. Id. at P 5. Defendant was also to stock an agreed amount of the components in its California warehouse to suit the anticipated needs of the Plaintiff. Id.

Furthermore, Plaintiff alleges in its complaint that the Defendant manufactures and sells its products (in particular, the T-5 miniature bipin lampholders with metal fasteners) worldwide, purporting the products to be approved under the safety and usage standards of Underwriters Laboratories (UL) and CSA International (CSA). (Compl., P 8). Plaintiff alleges that these are material misrepresentations of the nature, characteristics and qualities of the defendant's products and, as such, constitute breaches of the Licensing Agreement. Id. at P 18. Plaintiff claims to have been damaged by these material misrepresentations, as well as other alleged material breaches of the agreement and the competitive advantage which the Defendant enjoys. Id. at P 19. By letter dated May 5, 2004, Plaintiff informed the Defendant that due to Defendant's numerous breaches of the Licensing Agreement, Plaintiff [*3] was terminating the Agreement. Id. at P 37. Defendant denies these averments and maintains that it has been harmed by Plaintiff's actions significantly.

In response to Plaintiff's allegations, the Defendant alleges in Count II of its counterclaim that Plaintiff fraudulently induced the Defendant into shipping products Defendant was withholding due to non-payment by the Plaintiff. (Amn. Ans., PP 21-28). Defendant claims that Plaintiff was the first to breach the Agreement. Id. Defendant further claims that Plaintiff is also responsible for misrepresenting the products that it sells and is in violation of the Lanham Act and is guilty of unfair competition. (Amn. Ans., PP 36, 45).

In the instant Motion to Dismiss, Plaintiff asserts that Count II of Defendant's Amended Counterclaim purports to state a fraud claim against the Plaintiff that must be dismissed with prejudice. Plaintiff asserts that the Defendant's claim fails because it violates the "gist of the action" test. [HN1] Under Pennsylvania law, the "gist of the action" test prohibits claimants from recasting a breach of contract claim into one sounding in tort. Plaintiff alleges that the Defendant is attempting to recast its [*4] breach of contract counterclaim into a fraud claim in Count II. (Pl.'s Mot. Dism. August 15, 2005).

Next, Plaintiff asserts that Counts IV and V of the Amended Counterclaim must be dismissed. The Plaintiff asserts that the Defendant has failed to state causes of action upon which relief can be granted because Defendant has not stated either claim with the specificity required by *Rule 9(b) of the Federal Rules of Civil Procedure* regarding claims for fraud. (Pl.'s Mot. Dism. August 15,

2005).

In response, the Defendant asserts that Count II of its Counterclaim is not foreclosed by the Pennsylvania "gist of the action" test. Defendant asserts that the claim is properly governed by California law which does not follow the "gist of the action" test purposefully to avoid limiting avenues of relief sought by its citizens. Defendant states that the claim is governed by Pennsylvania's conflict-of-laws principles which uses a combination of "government interest" and "significant relationship" approaches. Defendant asserts that California has the greater interest in protecting its citizens because it allows claims to proceed that might otherwise fail the [*5] "gist of the action" test. The Defendant also claims that the actions and injuries giving rise to the Counterclaim occurred in California. Furthermore, the Defendant maintains that even if Pennsylvania law should govern, its fraud claim does not fail the "gist of the action" test. Defendant states that the contract claim is merely collateral to the fraud claim and not the same claim.

With regards to Counts IV and V, Defendant asserts that claims for violation of the Lanham Act and unfair competition are not subject to the specificity requirement of *Rule 9(b) of the Federal Rules of Civil Procedure.* Defendant asserts that the Rule only requires such specificity in pleading averments of "pure" fraud or mistake. Defendant maintains that neither claim has been brought as a pure fraud or mistake claim and are therefore not subject to *Rule 9(b).*

### Legal Standard for 12(b)(6) Motion to Dismiss

[HN2] When considering motions to dismiss for failure to state a claim upon which relief can be granted pursuant to *Fed. R. Civ. P 12(b)(6)*, courts must "accept as true the allegations in the complaint and its attachments, as well as reasonable inferences, [*6] " *U.S. Express Lines, LTD. v. Higgins, 281 F.3d 383, 388 (3d Cir. 2002).* Courts must construe these allegations and inferences in the light most favorable to the non-moving party. Id. Furthermore, the court may not consider any extrinsic evidence with the exception of documentation "...integral to or explicitly relied upon in the complaint." Id. See also *In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).* The court should not give credit to bald assertions or legal conclusions improperly alleged in the complaint. Id. Motions to dismiss may be granted only where "it is certain that no relief can be granted under any set of facts which could be proved." *Klein v. General Nutrition Cos., 186 F.3d 338, 342 (3d Cir. 1999).* See *Official Comm. of Unsecured Creditors v. R.F. Lafferty & Co., 267 F.3d 340, 346 (3d Cir. 2001).* The ultimate inquiry of a 12(b)(6) motion to dismiss is not whether the non-moving party will succeed on the merits

2005 U.S. Dist. LEXIS 26699, *6

of the claim, but whether that party should be allowed to offer evidence at trial in support of that claim. *In re Rockefeller Ctr. Props. Sec. Litig., 311 F.3d 198 (3d. Cir. 2002).* See *Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974),* [*7] overruled on other grounds.

### Discussion

### A. Fraud Counterclaim

In order to determine whether Count II of the Defendant's counterclaim should be dismissed, it must first be determined which law is applicable to the set of facts in this case. As has been the established rule [HN3] in diversity cases, a district court is to apply the law of the state in which it sits. *Breskman v. BCB, Inc., 708 F. Supp. 655 (3d Cir. 1988).* See *Klaxon Co. v. Stentor Electric Manufacturing Co., 313 U.S. 487, 496, 61 S. Ct. 1020, 85 L. Ed. 1477 (1941).* Accordingly, we must follow Pennsylvania law.

[HN4] Pennsylvania applies a "government interest" and "significant relationship" analysis when determining conflict of laws issues. *Griffith v. United Airlines, 416 Pa. 1, 203 A.2d 796 (Pa. 1964).* See also *Walker by Walker v. Pearl S. Buck Found., 1996 U.S. Dist. LEXIS 17927 (E.D. Pa. 1996).* The court must analyze the:

> extent to which one state rather than another has demonstrated, by reason of its policies and their connection and relevance to the matter in dispute, a priority of interest in the application of its rule of law.

*McSwain v. McSwain, 420 Pa. 86, 215 A.2d 677, 682 (Pa. 1966).* [*8] In doing so, this court has determined that Pennsylvania law, not California law, has the greater governmental interests and sufficient significant relationship to the facts of the case, and should govern this claim. [HN5] The absence of a choice of law provision in the Licensing Agreement at issue here suggests that the Defendant did not have any particular interest in litigating its claims strictly in California.

Moreover, Pennsylvania, as opposed to California, has implemented policy specifically addressing the matter in dispute. [HN6] Pennsylvania's "gist of the action" test is directly targeted at weeding out claims attempting to recast breach of contract claims into one sounding in tort. The Defendant asserts that California does not have similar policy differentiating between contract and tort claim to allow its citizens greater opportunity to redress harm. The implementation of Pennsylvania's policy suggests that Pennsylvania has a great interest in protecting its citizens from improperly pled claims. Furthermore, [HN7] Pennsylvania has established itself as being relevant to the matter in dispute by way of its connection to the present action and the conduct of the parties. Pennsylvania was [*9] the forum of choice when this action began. At that time the Defendant did not object to litigating in this forum. The Defendant has established Pennsylvania as a contact by reaching out to this district and establishing a business relationship with its residents. While the Defendant manufactures its products in California, the end results are shipped to and received in Pennsylvania. The parties conduct much of their transactions over the phone and through written communication. Also, the Plaintiff asserts that its only place of business operations is in the Eastern District of Pennsylvania.

[HN8] The basic function of the "gist of the action" test is to prevent a party from recasting an established claim for breach of contract into one sounding in tort. *Bash v. Bell Tel. Co., 411 Pa. Super. 347, 601 A.2d 825 (Pa. Super. Ct. 1992).* See Caudill Seed & Warehouse Co. v. Prophet 21, *Inc., 123 F. Supp. 2d 826 (E.D. Pa. 2000).* In order to make the determination of whether a claim is one sounding in contract or tort a court must decide whether the duties breached originated from contractual duties or those imposed by social policy thus sounding in tort. *Phico Ins. Co. v. Presbyterian Medical Servs. Corp., 444 Pa. Super. 221, 663 A.2d 753 (Pa. Super. Ct. 1995).* [*10] See *Bohler–Uddeholm Am., Inc. v. Ellwood Group, 247 F.3d 79, 103-4. (3d Cir. 2001); Werner Kammann Maschinenfabrik, GmbH v. Max Levy Autograph, Inc., 2002 U.S. Dist. LEXIS 1460 (E.D. Pa. 2002).* "A tort claim is maintainable only if the contract is 'collateral' to conduct that is primarily tortious." *Caudill Seed & Warehouse Co., 123 F. Supp. 2d 826, 833 (E.D. Pa. 2000).*

The court therefore finds that [HN9] the "gist of the action test" compels the dismissal of Count II of the Defendant's counterclaim. The duties owed to the Defendant and breached by the Plaintiff derive directly from the Licensing Agreement. In one of the most recent cases before this court, *Bealer v. Mut. Fire, Marine & Inland Ins. Co., 2005 U.S. Dist. LEXIS 15755 (E.D. Pa. 2005),* the duties owed to the Plaintiff were duties involving payment in exchange for professional services, as they are in the instant case. The court found those duties to be "inextricably intertwined with the terms of the consulting agreement," because the Plaintiff's claim for fraud sprang from allegations that the Defendant got more and the Plaintiff got less than bargained for. [*11] Id. at 13. Here, we find that the Defendant's claim of fraud springs from the allegations that the plaintiff got more out of the relationship than did the Defendant (i.e., the Defendant's breach of contract counterclaim). The Defendant did not receive payment for the products it was obligated under

2005 U.S. Dist. LEXIS 26699, *11

the Licensing Agreement to produce and deliver for the Plaintiff. Essentially the Defendant claims that it upheld its end of the bargain and that by failing to pay and lying about that failure, Plaintiff breached its duties under the Licensing Agreement.

In Bealer, the court found contractual duties to include the implicit duties of good faith and fair dealing. Id. [HN10] The implicit duties of good faith and fair dealing in contracts require parties to be honest in their dealings and transactions; failure to be honest is a breach of those duties. By allegedly lying to the Defendant about its failure to pay for the products it was to receive, the Plaintiff stood in breach of the implicit duties of good faith and fair dealing. Accordingly, this court finds that the Defendant's counterclaim for fraud is barred by the "gist of the action" test because the contract fails to be collateral [*12] to the fraud claim. Plaintiff's motion to dismiss Count II is **GRANTED**.

### B.  Violation  of  Lanham  Act  and  Unfair Competition Claims

Generally, [HN11] *Federal Rule of Civil Procedure 9(b)* provides that all averments of fraud or mistake shall be stated with particularity. All other conditions of the mind may be averred generally. The Supreme Court has held that *Rule 9(b)* is applicable only in those "specific instances" of fraud and/or mistake. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993)*. However, the courts today remain in disagreement over what this ruling actually means. At least one court in this district has held, prior to Leatherman, that where a Lanham Act claim is not purely a "fraud" claim, it does not need to satisfy the requirement of *Rule 9. Max Daetwyler Corp. v. Input Graphics, Inc., 608 F. Supp. 1549, 1556 (E.D. Pa. 1985)*. Other Federal Courts have found that Lanham Act claims do not equate to claims for fraud and as such are not subject to the heightened pleading requirements of *Rule 9*. See *John P. Villano Inc. v. CBS, Inc., 176 F.R.D. 130, 131 (S.D.N.Y. 1997)*; [*13]

*Gillette Co. v. Philips Oral Healthcare, Inc., 2001 U.S. Dist. LEXIS 18624 (S.D.N.Y. 2001)*.

[HN12] Claims raised under *15 U.S.C. § 1225(a)(1)(B)*(Lanham Act) are primarily concerned with the false advertising of products by commercial entities and that is what Counts IV and V of the Defendant's counterclaim allege here. The Defendant asserts that its claims under the Lanham Act and for unfair competition are not subject to the particularity of *Rule 9* because they have not been brought purely for fraud.

Given the unsettled state of the law as to whether *Rule 9(b)* was intended to incorporate claims brought under the Lanham Act, we decline to dismiss the Defendant's claims on this basis. Rather, we find that the Defendant having given the approximate date of the violation, the name and description of the products in question, as well as the identity of who violated and by what means the Lanham act was allegedly violated has satisfied the notice requirements of *rule 8(a) of the Fed. R. Civ. P.* [HN13] *Rule 8(a)* requires only a short and plain statement of the claim showing that the pleader is entitled to relief, sufficient [*14] enough to put the opposing party on notice of the claims against them. Accordingly, the plaintiff's motion to dismiss Counts IV and V of the Defendant's counterclaim is **DENIED**.

An order follows.

### ORDER

AND NOW, this 3rd day of November ,2005, upon consideration of Plaintiff H.H. Fluorescent Parts, Inc.'s Motion to Dismiss Counts II, IV and V of Defendant's Counterclaim, and Defendant's response thereto (Document No. 38), it is hereby ORDERED that the Motion is GRANTED IN PART and DENIED IN PART and Count II of Defendant's Counterclaim is DISMISSED.

BY THE COURT:

J. CURTIS JOYNER, J.