Westlaw.

Slip Copy
Slip Copy, 2005 WL 2216317 (D.Minn.)
(Cite as: Slip Copy)

Page 1

Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court,D. Minnesota.
3M INNOVATIVE PROPERTIES COMPANY and Dyneon LLC, Plaintiffs/Counterclaim Defendants,
v.
DUPONT DOW ELASTOMERS LLC, Defendant/Counterclaim Plaintiff.
No. 03-3364 MJD/AJB.

Sept. 8, 2005.

John C. Adkisson and Juanita R. Brooks, Fish & Richardson, and R.J. Zayed, Carlson, Caspers, Vandenburgh & Lindquist, for Plaintiffs.
Richard M. Dahl, Madigan, Dahl, & Harlan, P.A., and Thomas B. Kenworthy, Morgan, Lewis & Bockius, for Defendant.

MEMORANDUM OF LAW & ORDER

DAVIS, J.

I. INTRODUCTION

*1 This matter is before the Court on Plaintiffs' Motion to Stay Litigation Pending Completion of the Reexamination of the '919 Patent. [Docket No. 258] The Court heard oral argument on August 25, 2005. For the reasons that follow, the Court grants Plaintiffs' Motion to Stay.

II. FACTUAL BACKGROUND

The '919 patent, relating to a polymer processing additive, was issued to Plaintiff Dyneon LLC on August 21, 2001. Plaintiff 3M Innovative Properties Company is the exclusive licensee of the '919 patent. Dyneon and 3M (collectively "Dyneon") filed this action on June 6, 2003, alleging infringement of the '919 patent. Defendant DuPont Performance Elastomers ("DuPont"), formerly known as DuPont Dow Elastomers, denied the infringement allegations and asserted defenses and counterclaims.

Discovery has been completed in this case. The Court has decided two summary judgment motions and has construed relevant claim terms. [Docket Nos. 159, 228].

In November 2004, after the Court issued its first summary judgment order, DuPont filed a request for reexamination of the '919 patent. On January 13, 2005, the United States Patent and Trademark Office ("PTO") granted DuPont's request. [Docket No. 214] On January 31, 2005, the Court ordered the parties to address "the question of whether the Court should stay this case while the reexamination proceedings are pending." [Docket No. 220] Both parties opposed granting a stay. [Docket Nos. 221, 223]

On July 28, 2005, the Court set this case for trial beginning on January 4, 2006. [Docket No. 242] On August 5, Dyneon filed the current Motion to Stay Litigation Pending Completion of the Reexamination of the '919 Patent. [Docket No. 258]

III. DISCUSSION

A. Standard

"Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." Ethicon, Inc. v. Quigg, 849 F.2d 1422, 1426-27 (Fed.Cir.1988) (citations omitted). The decision of whether to grant a stay pending reexamination of a patent is within the district court's discretion. Viskase Corp. v. Am. Nat'l Can Co., 261 F.3d 1316, 1328 (Fed.Cir.2001). When considering a motion to stay pending reexamination, courts consider the following factors:
(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party;
(2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set.

Xerox Corp. v. 3Com Corp., 69 F.Supp.2d 404, 406 (W.D.N.Y.1999).

B. Whether a Stay Would Create Prejudice

DuPont claims that it will be prejudiced by a delay because Dyneon continues to post a message on its website stating that DuPont's products have been

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

accused of infringement. DuPont asserts that it loses business each month that the litigation continues because customers avoid purchasing products accused of infringement. DuPont has offered no evidence that Dyneon has informed customers of anything beyond the existence of the lawsuit and the short statement on its website. In any event, should DuPont ultimately prevail on its pertinent claims, its damages will be compensable at trial after reexamination.

*2 DuPont also claims that it will have to redo much of its trial preparation work from the last six months if the case does go to trial after a stay. It asserts that evidence related to its stayed antitrust claims will be lost if this stay lasts for several years. Although some trial preparation may have to be repeated, DuPont offers no evidence to support its claim that hundreds of thousands of dollars of trial preparation work will be lost if this case goes to trial after reexamination is complete.

In this case, unlike in the cases cited by DuPont, the party opposing the stay is the very party that requested reexamination by the PTO at a late stage in the litigation. DuPont itself contributed to the delay in this case. Any prejudice to DuPont is partly of its own making. The Court concludes that this factor weighs in favor of granting the stay.

C. Whether a Stay Will Simplify the Litigation

Staying this litigation during the pendency of the PTO reexamination proceedings will provide the Court and parties with multiple advantages. For example:
1. All prior art presented to the Court will have been first considered by the PTO, with its particular expertise.
2. Many discovery problems relating to prior art can be alleviated by the PTO examination.
3. In those cases resulting in effective invalidity of the patent, the suit will likely be dismissed.
4. The outcome of the reexamination may encourage a settlement without the further use of the Court.
5. The record of reexamination would likely be entered at trial, thereby reducing the complexity and length of the litigation.
6. Issues, defenses, and evidence will be more easily limited in pretrial conferences after a reexamination.
7. The cost will likely be reduced both for the parties and the Court.

_Middleton, Inc. v. Minn. Mining & Mfg. Co._, No. 4:03-CV-40493, 2004 WL 1968669, at *3 (S.D.Iowa Aug. 24, 2004) (unpublished) (citation omitted). Granting a stay will promote judicial economy by "maximiz[ing] the likelihood that neither the Court nor the parties expend their assets addressing invalid claims." _Softview Computer Prods. Corp. v. Haworth, Inc._, 56 U.S.P.Q.2d 1633, 1636 (S.D.N.Y.2000).

Additionally, the results of the reexamination will narrow and clarify trial issues. Evidence of the result of the completed reexamination proceedings could be highly relevant to DuPont's inequitable conduct allegations at trial. See, e.g., _Molins PLC v. Textron, Inc._, 48 F.3d 1172, 1179 (Fed.Cir.1995) (noting that the _result_ of a PTO reexamination would be of "strong probative value in determining whether the undisclosed information was material"). On the other hand, admission of evidence of an incomplete reexamination would have low probative value, would distract from the core issues of the case, and would be highly prejudicial. See, e.g., _Acoustical Design, Inc. v. Control Elecs, Co., Inc._, 932 F.2d 939, 942 (Fed.Cir.1991) (noting that "initial rejection by the Patent and Trademark Office of original claims that later were confirmed on reexamination hardly justifies a good faith belief in the invalidity of the claims"); _Amphenol T & M Antennas Inc. v. Centurion Int'l Inc._, 69 U.S.P.Q.2d 1798, 1800 (N.D. Ill.2002) (noting that "telling the jury that the patent has been called into question by the Patent Office may significantly influence the jury's application of the presumption of validity"). The Court concludes that this factor weighs heavily in favor of granting a stay.

D. Whether Discovery Is Complete and a Trial Date Has Been Set

*3 This case is trial ready. Discovery is complete, and the Court has decided all summary judgment motions. The Court has construed the relevant claim terms and has set the trial date for January 2006. In February 2005, Dyneon represented to the Court that it opposed a stay pending reexamination and that the case was ready for trial. This factor weighs against granting a stay. However, any wasted trial preparation expenses incurred by staying this matter will be insignificant compared to the amount of money saved by ensuring that there will be, at most, only one trial in this case. See _Middleton, Inc. v. Minn. Mining & Mfg. Co._, No. 4:03-CV-40493, 2004 WL 1968669, at *5-*6 (S.D.Iowa Aug. 24, 2004) (unpublished) (granting stay two months before trial

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

date, although case was over eight years old, because parties would not recoup their pretrial expenditures if court denied stay but would have to spend considerable resources on jury trial that might have to be repeated).

E. Conclusion

The Court concludes that a stay is warranted. Granting a stay will prevent the possibility of duplication, promote efficiency, and conserve judicial resources, while providing the Court with the benefit of the PTO's technical expertise. Although Dyneon is requesting a stay late in the proceedings, DuPont also bears responsibility for its decision to seek reexamination only after the Court ruled on the first summary judgment motion.

Accordingly, based upon the files, records, and proceedings herein, IT IS HEREBY ORDERED that:
1. Plaintiffs' Motion to Stay Litigation Pending Completion of the Reexamination of the '919 Patent [Docket No. 258] is GRANTED.
2. This action is hereby STAYED pending reexamination of United States Patent No. 6,277,919 in the United States Patent and Trademark Office.
3. Counsel for the parties are directed to notify the Court of the status of the reexamination proceedings at six month intervals while this Stay Order is in effect.

D.Minn.,2005.
3M Innovative Properties Co. v. Dupont Dow Elastomers LLC
Slip Copy, 2005 WL 2216317 (D.Minn.)

Briefs and Other Related Documents (Back to top)

• 2005 WL 2267308 (Trial Motion, Memorandum and Affidavit) Memorandum of Law on Behalf of Dupont Performance Elastomers L.L.C. in Opposition to Plaintiffs' Motion to Strike the Supplementation of the Deposition Testimony of Stephen T. Balke, Ph.D. (Aug. 09, 2005)
• 2005 WL 1353016 (Trial Motion, Memorandum and Affidavit) Plaintiffs' Motion for Clarification of the Court's March 8, 2005 Order and Motion in Limine to Exclude Evidence Relating to the Reexamination of the "919 Patent (Mar. 22, 2005)
• 2004 WL 3371314 (Trial Motion, Memorandum and Affidavit) Corrected Reply Memorandum of Law in Further Support of the Motion of DuPont Dow Elastomers L.L.C. for Construction of Additional Terms of the "919 Patent (Dec. 03, 2004)
• 2004 WL 3371311 (Trial Motion, Memorandum and Affidavit) Plaintiffs' Reply Memorandum in Support of Renewed Motion for Summary Judgment on Defendant's Inequitable Conduct Defense and Counterclaim (Nov. 24, 2004)
• 2004 WL 3371312 (Trial Motion, Memorandum and Affidavit) Reply Memorandum of Law in Further Support of the Motion of DuPont Dow Elastomers L.L.C. for Construction of Additional Terms of the "919 Patent (Nov. 24, 2004)
• 2004 WL 3371309 (Trial Motion, Memorandum and Affidavit) Plaintiffs' Memorandum in Opposition to Defendant's Motion for Construction of Additional Terms of the '919 Patent (Nov. 17, 2004)
• 2004 WL 3371307 (Trial Motion, Memorandum and Affidavit) Plaintiffs' Memorandum in Support of Renewed Motion for Summary Judgment on Defendant's Inequitable Conduct Defense and, in the Alternative, A Bench Trial on the Issue of Inequitable Conduct (Oct. 25, 2004)
• 2004 WL 3371305 (Trial Motion, Memorandum and Affidavit) Memorandum of Law in Support of the Motion of Dupont Dow Elastomers L.L.C. for Construction of Additional Terms of the '919 Patent (Oct. 01, 2004)
• 2004 WL 3371303 (Trial Motion, Memorandum and Affidavit) Dupont Dow's Memorandum of Law in Opposition to Dyneon's Motion to Compel Production of Documents and 30(b)(6) Deposition Testimony (Sep. 21, 2004)
• 2004 WL 3371301 (Trial Motion, Memorandum and Affidavit) Defendant/Counterclaimant Dupont Dow Elastomers L.L.C.'s Answer and Additional Defenses to Amended Complaint, Counterclaim, and Jury Trial Demand (Jul. 08, 2004)
• 2004 WL 3371299 (Trial Pleading) Amended Complaint (Jun. 08, 2004)
• 2004 WL 3371295 (Trial Motion, Memorandum and Affidavit) Defendant's Memorandum of Law in Opposition to Plaintiffs' Motion to Strike Those Portions of Dupont Dow's Unenforceability Defense Relating to Inequitable Conduct (Jun. 03, 2004)
• 2004 WL 3371297 (Trial Motion, Memorandum and Affidavit) Defendant's Memorandum of Law in Opposition to Plaintiffs' Motion for Sanctions (Jun. 03, 2004)
• 2004 WL 3371292 (Trial Motion, Memorandum and Affidavit) Memorandum in Support of Plaintiffs' Motion to Strike Those Portions of Dupont Dow's Unenforceability Defense Relating to Inequitable Conduct (May. 25, 2004)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.