Westlaw.

Not Reported in F.Supp. Page 1
Not Reported in F.Supp., 1990 WL 495458 (D.Del.)
**(Cite as: Not Reported in F.Supp.)**

C
Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court, D. Delaware.
APPLIED BIOSYSTEMS, INC., Plaintiff,
v.
CRUACHEM, INC., Defendant.
**Civ.A. No. 89-579-JRR.**

Aug. 3, 1990.

Jeffrey M. Weiner, Wilmington, DE (Arthur M. Lieberman, David A. Kalow and Henry Pitman, of Lieberman, Rudolph & Nowak, New York City, of counsel).
Donald F. Parsons, Jr., of Morris, Nichols, Arsht & Tunnell, Wilmington, DE (Robert J. Koch and David M. Foster, of Fulbright & Jawroski, Washington, DC, of counsel).

MEMORANDUM OPINION

ROTH, District Judge.
*1 Plaintiff Applied Biosystems ("ABIO") commenced this action for patent infringement on October 20, 1989, against defendant Cruachem, Inc. ("Cruachem"). ABIO alleges that Cruachem has infringed U.S. Patent Nos. 4,415,732 and 4,458,066, of which ABIO is the exclusive licensee. The patents-in-suit involve methods and chemistries for constructing DNA fragments in the field of biotechnology and genetic engineering. Cruachem denies infringement and asserts that the patents-in-suit are invalid. Cruachem also counterclaims under section 2 of the Sherman Act, 15 U.S.C. § 2, the Virginia Antitrust Act, Va.Code Ann. § 59.1-9.6, and asserts patent misuse by ABIO. ABIO has moved to sever the patent issues in this case from the antitrust issues and to stay discovery of the antitrust issues. ABIO's motion is presently before the Court.

Also before the Court is Cruachem's motion to compel discovery. Both parties filed motions to compel discovery in December, 1989. The Court denied these motions in open court on January 26, 1990, and strongly encouraged the parties to resolve their discovery disputes on their own. Later, on May 8, 1990, the Court entered a stipulated scheduling order which provided that production in response to first requests for documents be completed by May 17, 1990. Cruachem moved to compel when ABIO failed to comply with this order. We will deal with each motion in turn.

I. *Cruachem's Motion to Compel*

Discovery in this case is governed by the stipulated scheduling order of May 8, 1990. (D.I. 35) Paragraph 1(a) of that order provides:
Production in response to first requests for documents under Fed.R.Civ.P. 34. This discovery, including identification of documents being withheld from production on grounds of attorney-client privilege or work-product immunity, shall be completed in accordance with the Federal Rules of Civil Procedure by May 17, 1990.

Despite this order, on May 17 ABIO withheld production of documents that it deems related to the antitrust claims, served no objections under Fed.R.Civ.P 34, submitted a "draft" list of privileged documents, and did not produce a "final" list of privileged documents until June 14. ABIO does not interpret the order to require it to conduct discovery on the antitrust issues in this case because of its pending motion to sever the antitrust issues from the patent issues. This amounts to a unilateral stay of discovery on antitrust issues by ABIO.

This Court dealt with a similar situation in *Willemijn Houdstermaatschaapij BV v. Apollo Computer, Inc., 707 F.Supp. 1429 (D.Del.1989)*. In that case the defendant moved for a separate trial on damages and to stay discovery on damages. The defendant then refused to respond to discovery on damages pending a hearing on its motion to sever. This Court ruled that "unless and until it is granted a stay, defendant should be required to conduct discovery as if no motion had been filed at all." *Willemijn, 707 F.Supp. at 1441*.

*2 So here, the fact that ABIO has pending a motion to sever antitrust issues from patent issues does not impact upon its duty under the Federal Rules of Civil Procedure and under the stipulated order to conduct discovery on all issues in this case. In fact, ABIO's motion to sever was not filed until the day after the May 17 discovery deadline. ABIO's motion has no effect on its duty to provide discovery, and, even if it did, the deadline had come and gone before it was

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:05-cv-00701-GMS   Document 32-3   Filed 01/23/2006   Page 2 of 3

Not Reported in F.Supp.                                                                  Page 2
Not Reported in F.Supp., 1990 WL 495458 (D.Del.)
**(Cite as: Not Reported in F.Supp.)**

filed. ABIO will be ordered to respond fully to Cruachem's first request for production of documents within two weeks of this memorandum opinion.

ABIO may assert the attorney-client privilege for those documents listed on ABIO's "draft" privileged document list on May 17. The attorney-client privilege is waived as to all documents not listed as of May 17. *See, e.g., Krewson v. City of Quincy,* 120 F.R.D. 6, 7 (D.Mass.1988) (defendant waived objections to document request by failing to serve timely response); *Perry v. Golub,* 74 F.R.D. 360, 363 (N.D.Ala.1976) (objection on the grounds of privilege waived by failure to file timely objection); *United States v. 58.16 Acres of Land,* 66 F.R.D. 570, 572 (E.D.Ill.1975) ("an objection that the information sought is privileged, is waived by a failure to make it within the proper time limits"). ABIO, as the party asserting the attorney-client privilege, bears the burden of showing it is entitled to the privilege. *Willemijn,* 707 F.Supp. at 1443; *International Paper Co. v. Fiberboard Corp.,* 63 F.R.D. 88, 93 (D.Del.1974). ABIO's service of a "final" list of privileged documents on June 14 does not cure its failure to comply with the May 17 deadline or its failure to assert privilege as to documents left off its "draft" list. ABIO may, however, augment its description of those documents listed as privileged as of May 17 if it deems added description to be necessary. We permit this unorthodox procedure only because ABIO apparently believed in good faith that it was not required to do more than list its privileged documents by the May 17 discovery deadline. We note, however, that the settled law in this District is to the contrary. *See Willemijn,* 707 F.Supp. at 1443 (denying party opportunity to augment its description of privileged documents in its brief). [FN1]

## II. *ABIO's Motion to Sever Trial and to Stay Antitrust Discovery*

Turning to ABIO's motion to sever the antitrust issues from the patent issues, we note that Cruachem does not seriously oppose ABIO's request to sever these issues for trial. Separate trials in this case would be "in furtherance of convenience [and] conducive to expedition and economy." Fed.R.Civ.P. 42(b). Both the patent and antitrust aspects of this case will require extended trials involving complex issues. Accordingly we will sever this case for trial on the merits. *See In re Innotron Diagnostics,* 800 F.2d 1077, 1084 (Fed.Cir.1986).

For the following reasons, however, we will not stay antitrust discovery. It is within this Court's discretion to decide whether to limit discovery on issues that have been separated for trial. This is so even in patent cases where antitrust and patent issues are to be tried separately. *Innotron,* 800 F.2d at 1078; *Alarm Device Mfg. Co. v. Alarm Prod. Int'l, Inc.,* 60 F.R.D. 199 (E.D.N.Y.1973); *Standard Pressed Steel Co. v. Astoria Plating Corp.,* 162 U.S.P.Q. 441, 442 (N.D.Ohio 1969).

*3 A stay of discovery at this stage of the proceedings is inappropriate in light of the extensive antitrust discovery that has already taken place. Cruachem has responded fully to ABIO's first set of interrogatories and first request for the production of documents (totalling nearly 50,000 pages of documents). This discovery included substantial material relevant to Cruachem's antitrust and patent misuse counterclaims. ABIO has yet to respond in kind to Cruachem's requests for antitrust discovery. Therefore there has been roughly nine months of unilateral discovery on antitrust issues by ABIO.

ABIO will not be burdened by going forward with antitrust discovery. It has stated that it is ready, willing and able to produce the antitrust documents it has thus far withheld. Moreover, much of the "antitrust" discovery objected to by ABIO is potentially relevant to patent issues. These include the issues of damages, and secondary indicia of nonobviousness, such as commercial success.

Severance of discovery at this stage of the proceedings would not necessarily save time or expense. It appears that Cruachem will seek trial on the merits of its antitrust counterclaims whether or not ABIO prevails on the merits of the infringement issues. Cruachem's counterclaim allegations include overbroad licensing practices by ABIO and tying the sale of patented products to the sale of unpatented products. Discovery and trial on these issues may have to proceed even if ABIO prevails on its patent claims.

Nor has ABIO shown that the number of depositions will be materially reduced by staying discovery related to the antitrust and patent misuse issues. The vast majority of deposition witnesses will give testimony relevant to both patent and antitrust issues. These witnesses include ABIO, University Patents, Inc., and University of Colorado personnel, as well as ABIO's customers. A stay of antitrust discovery may necessitate multiple depositions of these witnesses.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp. Page 3
Not Reported in F.Supp., 1990 WL 495458 (D.Del.)
**(Cite as: Not Reported in F.Supp.)**

The Court also notes that discovery in this case has been characterized by the parties' mutual inability to agree on anything. If past experience is a harbinger of things to come, a stay of antitrust discovery will merely serve to multiply discovery disputes inordinately. For example, the parties already disagree over what is "antitrust-related" discovery. Such bickering will serve only to waste the Court's and the parties' time. This factor militates against a stay of antitrust discovery. *Willemijn,* 707 F.Supp. at 1435.

Finally, it was not made clear to the Court at the scheduling conference on May 8 that any of the discovery due on May 17 was in the antitrust category. It is unfair for ABIO to have stipulated to a discovery production date without making it perfectly clear that it intended to withhold discovery on "antitrust" issues.

CONCLUSION

Cruachem's motion to compel will be granted. ABIO's motion to sever will be granted as to trial. The patent issues in this case will be tried separately from the antitrust and patent misuse issues. Discovery of antitrust issues will not be stayed pending trial on the patent issues. An appropriate order will issue.

> FN1. We also deny ABIO's motion for leave to file a rebuttal to Cruachem's reply brief (D.I. 52), and ABIO's request for oral argument on the discovery issue. (D.I. 53)

D.Del.,1990.
Applied Biosystems, Inc. v. Cruachem, Inc.
Not Reported in F.Supp., 1990 WL 495458 (D.Del.)

Briefs and Other Related Documents (Back to top)

• 1:89CV00579 (Docket) (Oct. 20, 1989)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.