IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

LUCAS AEROSPACE, LTD., :
:
    Plaintiff and :
    Counter Defendant, :
:
  v. : Civil Action No. 93-525-JJF
:
UNISON INDUSTRIES, L.P., :
:
    Defendant and :
    Counter Claimant. :

---

Robert H. Richards, III, of RICHARDS LAYTON & FINGER, Wilmington, Delaware.  Karen L. Hagberg, and Nancy R. Thomas, of MORRISON & FOERSTER, New York, New York.  Attorneys for Plaintiff.

William J. Marsden, Jr., and Joanne Ceballos, of POTTER ANDERSON & CORROON, Wilmington, Delaware.  Berton Scott Sheppard, Charles H. Mottier, and John B. Conklin, of LEYDIG VOIT & MAYER, Chicago, Illinois.  Attorneys for Defendant.

---

**MEMORANDUM OPINION**

November 10, 1994

Wilmington, Delaware

On February 10, 1994, the Court held a scheduling conference, setting a discovery deadline of September 20, 1994, and a trial date of January 17, 1995. On August 15, 1994, Unison moved for separate trials. On October 19, 1994, by letter to the Court, Unison sought an Order, permitting discovery of Mr. Steven Lord's knowledge of testing on Lucas exciters as well as any opinions of counsel on which Lucas intends to rely at trial.

## II.  STANDARD OF REVIEW

Rule 42(b) of the Federal Rules of Civil Procedure provides that a Court

> in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim [or] ... counterclaim ... or of any separate issue or of any number of claims [or] ... counter-claims ... always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States.

The determination of whether to grant separate trials rests within the sound discretion of the trial court.

## III.  DISCUSSION

Unison asserts essentially four reasons why the Court should grant separate trials. First, Unison contends that because there are so many dissimilar complex issues in this case, the Court should grant separate trials to avoid jury confusion. Second, Unison urges separate trials because a trial on patent infringement issues may moot a second trial on antitrust and unfair competition claims. Third, Unison contends that Lucas' Labo patent infringement claim is distinct from the Unison patent

2

As to the trial, the Court finds that several considerations lead the Court to conclude that separation of the issues is the more prudent way to proceed. The Court concludes that the patent issues asserted by both parties, including the issues of damages and willfulness should be severed from the antitrust and unfair competition claims asserted by Lucas.

The Court believes this approach will permit a straightforward consideration of the legal issues by the jury without the possibility of causing confusion by the presentation of complex legal principles drawn from two distinct areas of the law.

In sum, the Court will grant Unison's Motion for Separate Trials to the extent discussed above. The first trial will involve all the patent and damage claims asserted by Unison, the patent invalidity and unenforceability claims brought by Lucas, as well as the Labo patent infringement claims of Lucas. The second trial, if necessary, will consist of the antitrust and unfair competition claims alleged by Lucas.

An appropriate Order will be entered.