

Not Reported in F.Supp.2d                                                                                                                    Page 1
Not Reported in F.Supp.2d, 2001 WL 1064812 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court, D. Delaware.
NEOMAGIC CORPORATION, Plaintiff,
v.
TRIDENT MICROSYSTEMS, INC., Defendant.
**No. CIV. A. 98-699-RRM.**

Sept. 7, 2001.

Philip A. Rovner, Esquire, Potter Anderson & Corroon LLP, Wilmington, Delaware; R.V. Lupo, Esquire, Brian E. Ferguson, Esquire, Stephen A. Maddox, Esquire, and Stephen K. Shahida, Esquire, McDermott, Will & Emery, Washington, D.C.; counsel for plaintiff.
Mary B. Graham, Esquire and Rodger D. Smith, Esquire, Morris, Nichols, Arsht & Tunnell, Wilmington, Delaware; James Pooley, Esquire, Ian N. Feinberg, Esquire, Barry N. Young, Esquire, and Elizabeth Day, Esquire, Gray Cary Ware & Freidenreich LLP, Palo Alto, California; counsel for defendant.

MEMORANDUM OPINION

MCKELVIE, District J.
*1 This is a patent case. Plaintiff NeoMagic Corporation is a Delaware corporation with its principal place of business in Santa Clara, California. Defendant Trident Microsystems, Inc. is a Delaware corporation with its principal place of business in Mountain View, California.

On December 14, 1998, NeoMagic filed its complaint alleging that Trident is infringing two of its patents directed to a graphics controller used in notebook computers, U.S. Patent Nos. 5,650,955 and 5,703,806. On January 25, 1999, Trident answered NeoMagic's complaint by denying liability and raising certain affirmative defenses and filed a counterclaim against NeoMagic for attempted monopolization in violation of Section 2 of the Sherman Act, 15 U.S.C. § 2. In its counterclaim Trident alleged that NeoMagic's complaint was a sham and that NeoMagic's allegations of patent infringement were made in bad-faith for the express anti-competitive purpose of interfering with Trident's business and customer relationships.

During a November 11, 1999 teleconference, the court granted NeoMagic's request to stay all discovery relating to Trident's antitrust counterclaim until the patent issues were resolved. On February 1, 2001, the court granted Trident's motion for summary judgment of non-infringement and denied NeoMagic's renewed motion for infringement. On August 27, 2001, in response to NeoMagic's request, the court entered a final order under Fed.R.Civ.P. 54(b) to enable NeoMagic to appeal the decision to the United States Court of Appeals for the Federal Circuit. On August 29, 2001, NeoMagic filed its notice of appeal from the court's February 1, 2001 order.

On April 5, 2001, Trident moved to lift the stay on discovery relating to its antitrust counterclaim. This is the court's decision on Trident's motion.

I. *DISCUSSION*

A. *The Court's Rationale for Granting the Original Stay*

On November 1, 1999, this court granted NeoMagic's request to stay all discovery relating to Trident's antitrust counterclaim during the pendency of the patent case. The principal purpose of the stay was to avoid the delay of discovery and trial on the primary claims of patent infringement. A second purpose of the stay was to avoid a potential waste of resources for the parties and the court. Due to the nature of Trident's counterclaim, the continuing viability of the antitrust claim was dependent on the outcome of the patent infringement claims. Because of this relationship between NeoMagic's patent infringement claims and Trident's antitrust claim, staying the antitrust claim may have conserved resources which would have been wasted, had the underlying antitrust claim been mooted by the resolution of the patent claims in favor of NeoMagic.

Trident alleged in its antitrust counterclaim that NeoMagic initiated an "objectively baseless" patent lawsuit in bad faith for the purpose of directly interfering with the business relations of a competitor. If Trident had been found to infringe NeoMagic's patents, it would have been impossible

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:05-cv-00701-GMS    Document 32-7    Filed 01/23/2006    Page 2 of 2

Not Reported in F.Supp.2d                                                         Page 2
Not Reported in F.Supp.2d, 2001 WL 1064812 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

for Trident to deem NeoMagic's infringement allegations "objectively baseless." Thus, if NeoMagic had been able to prove that Trident had infringed their patents, the antitrust claim would have been mooted and discovery on that claim would have been unnecessary.

**\*2** Therefore, both to conserve resources and to prevent delay in the resolution of the primary patent case, the court granted the original stay on all antitrust discovery.

B. *Do Current Circumstances Dictate that the Court Should Now Lift the Original Stay?*

The court finds that in light of its February 1, 2001 order granting summary judgment of non-infringement to Trident, the reasons supporting the court's original grant of a stay at the earlier stage in the proceeding are no longer applicable.

In support of its position that the stay should now be lifted, Trident argues that it will be prejudiced by further delay due to the likelihood that as more time goes by, the memories of witnesses will fade and valuable evidence may be lost. Furthermore, at the August 24, 2001 teleconference hearing, Trident ensured both NeoMagic and the court that should the stay be lifted, the scope and purpose of the discovery would be limited to preserving the factual record and would not be so burdensome as to interfere with NeoMagic's pending appeal. NeoMagic contends that the court should continue to stay the antitrust case pending the Federal Circuit appeal in order to prevent a potential waste of resources. They argue that if the Federal Circuit reverses this court's order of summary judgment of non-infringement, Trident's factual predicate for the antitrust claim may still be eliminated should NeoMagic ultimately be successful in its patent infringement case on remand.

In determining whether to grant a stay, a district court weighs the possible damage, hardship, and inequities to the parties to the lawsuit against the possibility that a stay will conserve resources and simplify the issues in question and the trial of the case. Balancing these competing considerations in this factual context, the court finds that a further stay of discovery relating to Trident's antitrust counterclaim pending NeoMagic's appeal of the court's non-infringement ruling would unduly prejudice Trident's ability to take discovery and to develop facts that may support the substantive elements of their antitrust claim.

The court will enter an order in accordance with this memorandum opinion.

D.Del.,2001.
Neomagic Corp. v. Trident Microsystems, Inc.
Not Reported in F.Supp.2d, 2001 WL 1064812 (D.Del.)

Briefs and Other Related Documents (Back to top)

• 2001 WL 34768753 (Trial Pleading) Neomagic Corporation's Answering Brief in Response to Trident's Opening Brief on Supplemental Claim Construction Issues (Jan. 18, 2001)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.