**Westlaw**

Not Reported in F.Supp.  Page 1
Not Reported in F.Supp., 1996 WL 288429 (N.D.Cal.)
**(Cite as: Not Reported in F.Supp.)**

C
Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court, N.D. California.
SNAP-ON INCORPORATED a Delaware Corporation, Plaintiff,
v.
SPX CORPORATION a Delaware Corporation, Defendant.
**No. C 96-20221 JW.**

May 23, 1996.

ORDER GRANTING IN PART PLAINTIFF'S MOTION TO STAY

WARE, District Judge.

*1 The motion of Plaintiff Snap-On Incorporated to stay this matter was heard by on May 20, 1996. Based upon all pleadings filed to date, as well as on the oral argument of counsel, the Court GRANTS IN PART Plaintiff's motion.

BACKGROUND

Plaintiff Snap-on Incorporated ("Snap-on") filed this action against Defendant SPX Corporation ("SPX") on November 13, 1995, alleging infringement of U.S. Patent No. 5,442,170. On December 13, 1995, Snap-on requested that the United States Patent and Trademark Office ("PTO") reexamine the '170 patent. The PTO granted the request for reexamination on February 8, 1996. Snap-on disclosed that reexamination had been requested and granted on February 29, 1996, two days before the parties's Joint Case Management Conference Statement was due.

On March 18, 1996, SPX filed a motion for summary judgment of invalidity of the '170 patent. [FN1] Snap-on sought a stipulated stay of this action or an agreement for a voluntary dismissal without prejudice. SPX refused. SPX's motion charges the '170 patent is invalid because a patent application in the name of Waturu Okajima ("Okajima reference") discloses each element of Claims 1, 2 and 6 of the '170 patent and that this reference, together with U.S. Patent No. 5,130,893 (the "Straate Patent"), render obvious Claims 7, 8, 14, 15, 17, 18, 19 and 24 of the '170 patent. [FN2]

FN1. The patent covers a programmable cable adaptor which reconfigures the signal paths of a cable to allow different connector pin configurations to be used with a single cable.

FN2. Although SPX's motion is not captioned as a motion for partial summary judgment, it only seeks summary judgment on claims 1, 2, 6, 7, 8, 11, 14, 15, 17, 18, 19, and 24.

Snap-on then filed this motion to stay as a counter-motion to SPX's motion for summary judgment. This Court granted Snap-on's expedited motion to continue the hearing on SPX's motion for summary judgment until after the Court ruled on the motion to stay. Snap-on seeks an order staying this case in its entirety, including all pending discovery matters and motions, until the final disposition by the PTO, including any appeal, of the '170 patent reexamination. SPX opposes this motion and seeks an order permitting it to go forward with its summary judgment motion.

DISCUSSION

Snap-on argues that a stay is appropriate because there is a liberal policy in favor of granting stays pending PTO reexamination and that the PTO will consider whether the '170 patent is patentable in light of the same references, Okajima and Straate, that SPX has asserted in its motion for summary judgment. Plaintiff also argues that it is quicker and more economical for the PTO to consider the patent's validity in light of the prior art than to have this Court consider it. Finally, Snap-on contends that a stay will not prejudice SPX.

SPX argues that Snap-on is merely trying to avoid an adverse ruling on SPX's summary judgment motion and that Snap-on should be barred from seeking a stay because it requested reexamination only one month after it filed this lawsuit. SPX contends that Snap-on was aware of all three patents upon which it based its request for reexamination as early as March 21, 1995. SPX also contends that courts have

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:05-cv-00701-GMS   Document 32-10   Filed 01/23/2006   Page 2 of 3

Not Reported in F.Supp.                                                                                                 Page 2
Not Reported in F.Supp., 1996 WL 288429 (N.D.Cal.)
**(Cite as: Not Reported in F.Supp.)**

generally denied stays where a summary judgment motion has been brought, and even where a stay has been granted, the Court hears argument on the summary judgment motions. SPX also maintains that significant discovery has been undertaken, that reexamination is a non-final, lengthy process and that the majority of the issues in this action are outside the scope of the reexamination.

*2 Finally, SPX asserts that it will be prejudiced if its summary judgment motion is not heard, as it has undertaken extensive efforts to defend this case. In addition, SPX contends that prejudice exists because the motion is potentially dispositive, that it will face uncertainty in conducting its business during the period of the stay, that the reexamination does not cover the issue of infringement that is the subject of Snap-on's patent infringement claim, and that due to the passage of time during reexamination, SPX will not be able to obtain all of the requested discovery.

The decision to grant a stay pending reexamination by the PTO is within the Court's discretion. *See GPAC, Inc. v. D.W.W. Enterprises, Inc.,* 144 F.R.D. 60, 64-65 (D.N.J.1992); *ASCII Corp. v. STD Entertainment USA, Inc.,* 844 F.Supp. 1378, 1380 (N.D.Cal.1994); *Wayne Automation Corp. v. R.A. Pearson Co.,* 782 F.Supp. 516, 517 (E.D.Wash.1991).

The parties have presented the court with two published opinions in which a plaintiff has filed suit and then requested a stay: *Wayne* and *ASCII.* In *Wayne,* the plaintiff filed a patent infringement suit and just over five months later requested reexamination by the PTO. The defendant in *Wayne* opposed a stay, on the grounds that (1) it had already conducted extensive discovery, (2) the case was set for trial, (3) plaintiff had not shown a clear case of hardship or inequity if required to go forward as the parties had agreed at a status conference, and (4) plaintiff had conducted no discovery. *Id.* at 517. The plaintiff disagreed that no discovery had taken place, arguing that it had taken several depositions. *Id.* The court noted that "Plaintiff has provided no authority where a plaintiff in a patent infringement case has instituted litigation in court, advised customers of its competitor of the litigation then requested reexamination by the PTO and requested a stay of the litigation pending the reexamination." *Id.* at 519. The court agreed with defendant that a stay would be prejudicial to defendant and give plaintiff an unfair competitive advantage. *Id.* at 519. The *Wayne* court then found that both the defendant and the plaintiff were entitled to a speedy resolution of the case. *Id.* at 519-20.

In *ASCII,* the plaintiff contacted the defendant with its belief that defendant was infringing plaintiff's patent. *ASCII,* 844 F.Supp. at 1379. The parties discussed the possibility that plaintiff's patent was invalidated by prior art. Plaintiff requested defendant to supply it with any prior art of which defendant had knowledge. *Id.* When defendant did not respond for several months, plaintiff filed suit for patent infringement and false marking. Just before its answer was due, defendant informed plaintiff that it had located identifiable prior art. *Id.* Defendant declined an extension of time in order to investigate before filing its answer and answered the complaint. *Id.* Plaintiff then determined that it was appropriate to have the prior art examined by the PTO and unsuccessfully sought a stipulation to stay or dismiss without prejudice. *Id.* at 1380. Plaintiff then moved to stay the proceedings.

*3 The *ASCII* court noted that in determining whether to grant a stay, "courts generally consider whether doing so would 'cause undue prejudice or present a clear tactical disadvantage to the non-moving party' " *ASCII,* 844 F.Supp. at 1380, quoting *GPAC, Inc. v. D.W.W. Enterprises, Inc.,* 144 F.R.D. 60, 63 (D.N.J.1992). The court noted that other factors include (1) the stage of the litigation, (2) whether discovery is or will be almost completed, and (3) whether the matter has been set for trial. *Id.* The *ASCII* court found *Wayne* distinguishable on the grounds that unlike *Wayne,* the "parties are in the initial stages of the lawsuit and have undertaken little or no discovery. Moreover, the case has not been set for trial, nor have the parties agreed to go forward with the lawsuit.... [T]he court concludes that [plaintiff] should be given the opportunity to file an application for reexamination and/or reissuance, since the USPTO's expertise may assist both the parties and the court in resolving this matter." *ASCII,* 844 F.Supp. at 1381.

In this case, although no trial has been set, the parties have engaged in some discovery. It is significant, however, that despite having sought reexamination only one month after filing suit, Snap-on did not seek a stay of this matter until after SPX filed a motion for summary judgment nearly three months later. Nevertheless, the Court grants a stay until November 7, 1996. It appears that SPX is correct in its contention that reexamination will not resolve all the issues in this litigation. For example, SPX's counterclaim for false marking is not dependent upon the validity of Snap-on's patent. Thus, the Court will

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:05-cv-00701-GMS   Document 32-10   Filed 01/23/2006   Page 3 of 3

Not Reported in F.Supp.  Page 3
Not Reported in F.Supp., 1996 WL 288429 (N.D.Cal.)
**(Cite as: Not Reported in F.Supp.)**

not, at this time, stay the action until a final disposition by the PTO.

CONCLUSION

For the reasons set forth above, the Court GRANTS IN PART Plaintiff's motion to stay this litigation. The Court will conduct a Case Management Conference on Thursday, November 7, 1996, at which time the parties will advise the Court as to the status of the reexamination and the Court will revisit the stay. This stay is granted pursuant to the Court's understanding that no disparaging remarks or publications accusing infringement have occurred and that such remarks will not occur during the pendency of the stay.

IT IS FURTHER ORDERED THAT the parties are to meet and confer and to file a joint Case Management Conference Statement no later than 10 days prior to this conference, on October 28, 1996, pursuant to Civil Local Rule 16-8(d).

IT IS SO ORDERED.

N.D.Cal.,1996.
Snap-On Inc. v. SPX Corp.
Not Reported in F.Supp., 1996 WL 288429 (N.D.Cal.)

Briefs and Other Related Documents (Back to top)

• 5:96cv20221 (Docket) (Nov. 13, 1995)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.