IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| STRATOS LIGHTWAVE, INC., | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 01-309 JJF |
| E20 COMMUNICATIONS, INC., | : | |
| Defendant. | : | |

## MEMORANDUM ORDER

Presently before the Court are Stratos Lightwave, Inc.'s ("Stratos") Motion To Stay Discovery On E20's Antitrust Counterclaim (D.I. 150-1) and Motion For A Separate Trial Pursuant To Federal Rule Of Civil Procedure 42(b) (D.I. 150-2). For the reasons discussed, the Court will grant both motions.

### BACKGROUND

In May, 2001, Stratos filed a lawsuit alleging that E20 Communications, Inc. ("E20") infringed seven patents, each related to optoelectronic transceiver modules. On September 10, 2002, E20 requested leave to file an Amended Answer and Amended Counterclaims to assert antitrust violations. On October 28, 2002, after the close of discovery, the Court granted this request.

### DISCUSSION

I.  **Parties' Contentions**

Stratos contends that separate trials are appropriate

because discovery on the antitrust counterclaims will be unique and take months to complete. (D.I. 151.) Specifically, Stratos contends that discovery is needed on other forms of optoelectronic transceivers, their prices, market demand, market size, and barriers to market entry.

Further, Stratos contends that the antitrust counterclaims involve different legal issues and evidence unrelated to the patent infringement case. Stratos contends that, in deciding the antitrust counterclaims, the Court would hear testimony regarding eight different contracts and involving a dozen parties, and other distinct testimony. Consequently, Stratos argues that bifurcation of the complex antitrust counterclaims from the patent infringement claims will benefit judicial economy. Stratos contends judicial economy will also served by bifurcation because, if it wins on its patent infringement claims, the antitrust counterclaims will be defeated, obviating a trial.

Stratos requests that, if trial on the antitrust counterclaims is postponed, discovery on the counterclaims also be postponed. Stratos contends that, given the complexity and depth of the discovery necessary, discovery on the antitrust counterclaims should be postponed until after the patent claims are resolved.

E20 contends that it is appropriate to simultaneously try the patent infringement claims and the antitrust counterclaims

2

despite Stratos's lack of discovery. E20 contends that it has offered to cooperate in extending discovery and allowing Stratos additional time, but Stratos has never addressed this offer. E20 contends that sufficient discovery on the antitrust counterclaims has been conducted.

E20 asserts that two trials will cause unnecessary delay, additional expenses, and prejudice. E20 contends that separate trials would be inefficient and expensive for itself and for the witnesses, some of whom will be coming from California and Illinois. E20 contends that the antitrust counterclaims and patent infringement claims are interrelated and that one trial will promote judicial economy.

E20 requests that, should the Court bifurcate the trial, in the interest of judicial economy, its antitrust, inequitable conduct, and invalidity counterclaims and defenses be heard by the jury first.

## II. Legal Standard

Under Federal Rule of Civil Procedure 42(b) ("Rule 42(b)"), "a district court has broad discretion in separating issues and claims for trial as part of its wide discretion in trial management." Gardco Mfg., Inc. v. Herst Lighting Co., 820 F.2d 1209, 1212 (Fed. Cir. 1987). Courts, when exercising their broad discretion to bifurcate issues for trial under Rule 42(b), should consider whether bifurcation will avoid prejudice, conserve

3

judicial resources, and enhance juror comprehension of the issues presented in the case. Union Carbide Corp. v. Montell N.V., 28 F. Supp. 2d 833, 837 (S.D.N.Y. 1998). "In deciding whether one trial or separate trials will best serve [the above factors] ... the major consideration is directed toward the choice most likely to result in a just final disposition of the litigation." In re Innotron Diagnostics, 800 F.2d 1077, 1084 (Fed. Cir. 1986).

### III. Decision

In the instant case, the Court concludes that severing the patent infringement claims from the antitrust counterclaims will further judicial economy, efficiency, and convenience. A review of the antitrust counterclaims does not reveal any substantial similarities between the patent infringement claims and the antitrust counterclaims. Also, the antitrust counterclaims are complex and generally present different issues of proof. Additionally, in order to argue the antitrust claims, E20 will be relying on witnesses, contracts, and testimony unrelated to the patent infringement claims.

Therefore, the Court will sever the antitrust counterclaims and delay the consideration of the counterclaims until after the infringement claims have been resolved. The Court will also stay discovery on the antitrust counterclaims until after the infringement claims have been resolved, when it will be clear whether trial on the antitrust counterclaims is necessary.

4

NOW THEREFORE, IT IS HEREBY ORDERED that:

1. Stratos's Motion to Stay Discovery on E20's Antitrust Counterclaim (D.I. 150-1) is **GRANTED**.

2. Stratos's Motion for a Separate Trial on that Counterclaim Pursuant to Federal Rule of Civil Procedure ("F.R.C.P.") 42(b) (D.I. 150-2) is **GRANTED**.

3/31/04
DATE

UNITED STATES DISTRICT JUDGE

5