IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

SYNOPSYS, INC.,
a Delaware Corporation,

        Plaintiff and
        Counter-Defendant,

    v.

Magma DESIGN AUTOMATION, INC., a
Delaware Corporation

        Defendant and
        Counterclaimant.

Case No. 05-701-GMS

### DEFENDANT MAGMA DESIGN AUTOMATION, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFF SYNOPSYS, INC.  PURSUANT TO FED. R. CIV. P. 34

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, defendant Magma Design Automation, Inc. ("Magma") propounds the following requests for production on plaintiff Synopsys, Inc. ("Synopsys"). Magma requests that Synopsys produce the documents and things, as more specifically demanded herein, at the offices of Milbank, Tweed, Hadley & McCloy LLP, Five Palo Alto Square, 7th Floor, 3000 El Camino Real, Palo Alto, California, 94306, within 30 days after services of this Request.

These discovery requests are deemed continuing, pursuant to Rule 26 of the Federal Rules of Civil Procedure.  If Synopsys identifies additional documents responsive to any of these production requests after its production of documents, Synopsys is requested to produce those additional documents as soon as practicable after their discovery.

RLF1-2951230-1

## DEFINITIONS AND INSTRUCTIONS

Unless the context indicates otherwise, the following words and phrases have the meanings given:

1.    "Magma" refers to Magma Design Automation, Inc. and any of its predecessors, assigns, agents, employees, officers, directors, affiliates, partners, subsidiaries, parent corporations, investors, or other persons or entities acting by, through or on behalf of any of them.

2.    "YOU," "YOUR," and "Synopsys" refer to Synopsys, Inc. and any of its predecessors, assigns, agents, employees, officers, directors, affiliates, partners, subsidiaries, parent corporations, investors, or other persons or entities acting by through or on behalf of any of them.

3.    "'508 Patent" refers to United States Patent No. 6,192,508.

4.    "'733 Patent" refers to United States Patent No. 6,434,733.

5.    "'501 Patent" refers to United States Patent No. 6,766,501.

6.    The '508 Patent, '733 Patent, and '501 Patent, including, but not limited to, any continuations, divisional, continuations-in-part, and any foreign counterparts of these three patents, are collectively referred to as the "Synopsys Patents."

7.    The "'328 Patent" refers to United States Patent No. 6,505,328.

8.    "Magma Patent" refers to the '328 Patent.

9.    The term "Complaint" refers to the complaint filed on  September 26, 2005 by Synopsys in the United States District Court for the District of Delaware, in an action entitled *Synopsys, Inc. v. Magma Design Automation, Inc.*, Case No. 05-701 GMS.

10.    The term "Action" refers to the action entitled *Synopsys, Inc. v. Magma Design Automation, Inc.*, Case No. 05-701 GMS, filed by Synopsys on September 26, 2005 in the United States District Court for the District of Delaware, as well as any allegations, claims and counterclaims asserted by any party therein.

2

11.    The term "Synopsys Applications" collectively refers to the following applications filed with the United States Patent and Trademark Office: Application No. 09/275,502, Application No. 09/283,095 and Application No. 09/097,076, including, but on limited to, any continuing applications, divisional applications, continuation-in-part applications, or foreign counterpart applications related to the three abovementioned applications.

12.    The term "USPTO" refers to the United States Patent and Trademark Office.

13.    The term "prior art" is used in these Requests as that phrase is generally understood in proceedings before the U.S. Patent and Trademark Office. The term "prior art" also includes all information that was subject to a duty of disclosure to the U.S. Patent and Trademark Office with respect to one or more of the applications leading to the Synopsys Patents and all information now known to YOU or to YOUR attorneys that would have been subject to a duty of disclosure to the U.S. Patent and Trademark Office had that information been known to the named inventors or to YOU or to YOUR attorneys during the prosecution of any application leading to any of the Synopsys Patents. The term "prior art" also refers to, by way of example and without limitation, the subject matter described in 35 U.S.C. §§ 102 and 103, including, without limitation, (1) publications, physical devices, prototypes, uses, sales, and offers for sale and any document or thing evidencing any of the foregoing and/or (2) any document or thing that any person has at any time suggested, stated or contended invalidates (or may invalidate), anticipates (or may anticipate) or makes obvious (or may make obvious), alone or in combination with other documents or things (or the skill or knowledge of a person of ordinary skill in the art): (a) any claim of any of the Synopsys Patents, (b) any claim pending during the prosecution of any patent application(s) leading to any of the Synopsys Patents, (c) any claim of any division, continuation, continuation-in-part, reissue or reexamination patent or patent application derived from any of the Synopsys Patents or (d) any claim of any foreign patent or claim pending at any time during the prosecution of any foreign patent application either corresponding to (or relying on the priority of the filing of) any of the Synopsys Patents or application(s) leading to any of the Synopsys Patents.

3

14.    The term "document" is used in the broadest possible sense as interpreted under the Federal Rules of Civil Procedure and includes, without limitation, all originals and copies, duplicates, drafts, and recording of any written, printed, graphic, audio, audiovisual or otherwise recorded matter, however produced or reproduced (including without limitation electronically), and all "writings," as defined in Federal Rules of Evidence 1001, of any nature, whether on paper, magnetic tape or other information storage means, including film and computer memory devices, and where any such items contain any marking not appearing on the original or are altered from the original, then such items shall be considered to be separate original documents.

15.    If a document once existed, but has been lost, destroyed, erased or is otherwise no longer in YOUR possession, identify the document and state the details concerning the loss or destruction of such document, including the name and address of the present custodian of any such document known to YOU.

16.    In the event any document is withheld on a claim of attorney/client privilege or work product immunity, provide a detailed privilege log that describes the nature and basis for YOUR claim and the subject matter of the document withheld, in a manner sufficient to disclose facts upon which YOU rely in asserting YOUR claim, and to permit the grounds and reasons for withholding the documents to be identified. Such description should, at a minimum, include:

a.    the date of the document;

b.    an identification of each and every author of the document;

c.    an identification of each and every person who received the document;

d.    an identification of each and every person from whom the document was received;

e.    a description of the subject of the document; and

f.    sufficient further information concerning the document and circumstances thereof necessary to explain the claim of privilege or immunity and permit the adjudication of the propriety of that claim.

17.    The term "relate," "relates," or "relating" means referring to, reflecting, constituting, proving, disproving, or otherwise relating to the subject matter.

18.    The term "communication" means every manner or method of disclosure or transfer or exchange of information, whether orally or by document, and whether face to face, by telephone, mail, e-mail, personal delivery or otherwise. Unless otherwise indicated, a request calling for communications includes YOUR internal communications and communications between YOU and any other person.

19.    The words "and" and "or" shall be construed in the conjunctive or disjunctive, whichever makes the request more inclusive in context.

20.    The term "including" means "including, but not limited to."

21.    Any pronouns shall be construed to refer to the masculine, feminine, or neutral gender, in singular or plural, as in each case is most appropriate.

22.    As used herein, "all," "any," "each," or "every" means "all, each and every."

23.    "Synopsys Product" means any product manufactured, distributed, acquired, licensed, leased, sold, offered for sale or marketed by Synopsys, including but not limited to any product or any EDA software application that are currently in research and development, implementation or testing phase.

24.    "EDA Industry" means the industry in which Synopsys currently does, plans to in the future, or has at any time in the past sold, marketed, leased, distributed, or licensed any software or services.

25.    "Magma Product" means any product manufactured, licensed, sold or marketed by Magma Design Automation.

26.    "Notebooks" includes, but is not limited to, engineering notebooks, laboratory notebooks, research and development notebooks, spiral notebooks, journals, diaries, binders, or any other documents maintained for purposes of recording daily events, reminders, meeting notes, engineering notes, research notes, technical notes, or other notes.

5

27.    The use of the singular shall be deemed to include the plural and the use of the plural shall be deemed to include the singular wherever necessary to make the request more inclusive in context.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**

All documents relating to the validity or invalidity of the Synopsys Patents, including any validity search, prior art search or patentability search conducted in connection with the Synopsys Applications or the Synopsys Patents, including search reports or requests or instructions for prior art searches.

**REQUEST NO. 2:**

All documents relating to prior art to the invention of any claim of the Synopsys Patents, or to the invention of any claim pending during the prosecution of the Synopsys Patents.

**REQUEST NO. 3:**

All documents relating to any analysis, opinion, construction or interpretation of any of the claims, or any of the terms used in the claims, of any of the Synopsys Patents or Synopsys Applications.

**REQUEST NO. 4:**

All documents relating to any communications between YOU and any person relating to any of the Synopsys Patents or Synopsys Applications.

**REQUEST NO. 5:**

All documents that YOU contend evidence the level of ordinary skill in the art pertaining to the inventions of each of the Synopsys Patents.

**REQUEST NO. 6:**

All documents relating to any advantage or improvement provided by the inventions claimed in each of the Synopsys Patents.

6

**REQUEST NO. 7:**

All documents relating to the existence of any problem with which the inventions of each of the Synopsys Patents are concerned and any proposed or actual solution thereto.

**REQUEST NO. 8:**

All documents relating to any long-felt need for the inventions of the Synopsys Patents and the satisfaction thereof, including all documents relating to any commercial success of the inventions of each of the Synopsys Patents.

**REQUEST NO. 9:**

All documents relating to the validity or invalidity, enforceability or non-enforceability, infringement or non-infringement, patentability or scope of the Synopsys Patents or any claim thereof, including any analysis or opinion related to the Synopsys Patents or the Synopsys Applications.

**REQUEST NO. 10:**

All documents relating to any publication, patent or acts that support the patentability or non-patentability of any claim of the Synopsys Patents or the Synopsys Applications.

**REQUEST NO. 11:**

All documents and tangible things relating to the conception of any of the inventions claimed in each of the Synopsys Patents.

**REQUEST NO. 12:**

All documents and tangible things relating to the reduction to practice of any of the inventions claimed in each of the Synopsys Patents.

**REQUEST NO. 13:**

All documents relating to the date when each of the inventions claimed in each of the Synopsys Patents began to be developed, including documents sufficient to determine such date.

**REQUEST NO. 14:**

All documents and tangible things relating to research, development or design of any of the inventions claimed in each of the Synopsys Patents.

7

**REQUEST NO. 15:**

All documents and tangible things relating to the modification, improvement, upgrade, construction, manufacture, assembly or testing of any of the inventions claimed in each of the Synopsys Patents.

**REQUEST NO. 16:**

All documents relating to the Synopsys Patents.

**REQUEST NO. 17:**

All documents relating to the preparation of the Synopsys Applications.

**REQUEST NO. 18:**

All documents relating to the prosecution of the Synopsys Patents and Synopsys Applications, including all communications with the USPTO, file histories and prior art cited or referenced.

**REQUEST NO. 19:**

All documents relating to any United States or foreign patent or patent application in which any of the Synopsys Patents or Synopsys Applications are mentioned, cited, discussed or referenced.

**REQUEST NO. 20:**

All documents and tangible things relating to YOUR alleged present ownership or interest in each of the Synopsys Patents, including all assignments, notices or records relating to the assignments, in the USPTO or otherwise.

**REQUEST NO. 21:**

All licenses, agreements of forbearance, agreements of non-assertion, covenants not to sue or other agreements between YOU and any other person granting any rights relating, in whole or in part, to any of the Synopsys Patents, any of the inventions of any of the Synopsys Patents, or any foreign counterparts of any of the Synopsys Patents.

8

**REQUEST NO. 22:**

All documents relating to communications or negotiations of any licenses, agreement of non-assertion, covenants not to sue, or other agreements between YOU and any other person relating, in whole or in part, to the Synopsys Patents, any of the inventions of any of the Synopsys Patents, or any foreign counterparts of any of the Synopsys Patents.

**REQUEST NO. 23:**

All documents relating to any sale, offer of sale, public disclosure or public use of any system, hardware, software, product, invention, apparatus, equipment or method covered by any claim of the Synopsys Patents prior to the earliest effective filing date of the first application leading to such claim of such patent.

**REQUEST NO. 24:**

All documents relating to any litigation, arbitration, mediation, or administrative or other proceeding, including but not limited to threatened, anticipated or actual, in the United States or any foreign country relating to any of the Synopsys Patents or any foreign counterparts thereto or in which any of the Synopsys Patents or any foreign counterparts were, currently are or may be in issue, including all documents filed or lodged with the court, written discovery documents, testimony (including deposition transcripts, trial transcripts, hearing transcripts, declarations and affidavits), expert reports, analyses, and correspondence.

**REQUEST NO. 25:**

All documents relating to the employment of each of the inventors of the Synopsys Patents at Synopsys, including but not limited to all copies of their employment files.

**REQUEST NO. 26:**

All Notebooks created or maintained by any of the inventors of the Synopsys Patents.

**REQUEST NO. 27:**

A copy of any computer drive used by any of the inventors of the Synopsys Patents and any other Synopsys employees, attorneys, consultants, experts, or any other person affiliated with Synopsys, to draft or prosecute any Synopsys Application.

RLF1-2951230-1

**REQUEST NO. 28:**

All documents relating to any inventions claimed in the Synopsys Patents and Synopsys Applications, including invention disclosure statements, invention assignment agreements, other agreements and all communications related thereto.

**REQUEST NO. 29:**

All documents and tangible things relating to work done by or with the inventors of the Synopsys Patents including emails, engineering reports, memos, research reports, research proposals, product proposals, product reports, technical articles, presentations, emails, and other correspondence.

**REQUEST NO. 30:**

All documents and tangible things relating to conferences, workshops, panels, or symposia relating to the EDA industry in which any of the inventors of the Synopsys Patents participated, presented, lectured or otherwise attended.

**REQUEST NO. 31:**

All documents and tangible things relating to any inspection, analysis or test of any Synopsys Product.

**REQUEST NO. 32:**

All schematics, blueprints, drawings, sketches, diagrams, flow charts or manufacturing drawings relating to each Synopsys Product.

**REQUEST NO. 33:**

All documents relating to the structure, operation, theory of operation, operating characteristics, function or performance of each Synopsys Product.

**REQUEST NO. 34:**

All documents, including publications and articles, relating to Synopsys, its technology, or its products.

RLF1-2951230-1

**REQUEST NO. 35:**

A copy of Synopsys's entire source code database from the time of formation to the present.

**REQUEST NO. 36:**

All source code created by anyone at Synopsys.

**REQUEST NO. 37:**

All source code created by any of the inventors of the Synopsys Patents.

**REQUEST NO. 38:**

All lab notes, engineering notebooks, product justifications, technical reports, technical publications, application notes, product evaluations, product proposals, production comparisons, testing reports, progress reports and minutes of technical meetings relating to each Synopsys Product.

**REQUEST NO. 39:**

All documents provided by YOU to any user, licensee or purchaser of any Synopsys Product.

**REQUEST NO. 40:**

All documents and things relating to any conferences, exhibitions, conventions, or trade shows at which any Synopsys Product has been discussed, referred to, advertised, displayed, demonstrated, run, operated, or shown, including, without limitation, advertisements, brochures, articles, pamphlets, price lists, product specifications, and other promotional, marketing, or presentation materials.

**REQUEST NO. 41:**

All documents and things Synopsys has prepared for or distributed at any conference, exhibition, convention, or trade show relating to any Synopsys Product, including without limitation advertisements, brochures, articles, pamphlets, price lists, product specifications, and other promotional, marketing, or presentation materials.

11

**REQUEST NO. 42:**

All documents relating to any analysis or opinion that any product or device manufactured, licensed or sold by any person, or that any method employed or practiced by any person, is or is not covered by any claim of the Synopsys Patents.

**REQUEST NO. 43:**

All documents and tangible things relating to the cost to manufacture any Synopsys product.

**REQUEST NO. 44:**

All documents and tangible things relating to the financial condition of Synopsys.

**REQUEST NO. 45:**

All documents and tangible things relating to YOUR manufacturing capacity.

**REQUEST NO. 46:**

All documents and tangible things relating to YOUR marketing or sales capacity.

**REQUEST NO. 47:**

All documents and tangible things that report, indicate or summarize the net profits of Synopsys, including documents indicating how net profit was calculated.

**REQUEST NO. 48:**

All Synopsys annual reports, annual financial statements, Securities and Exchange Commission Form 10-K filings, income statements, balance sheets, financial filings, statements of operations, cash flow statements, and other earning or financial statements, whether audited or unaudited and whether for external or internal purposes.

**REQUEST NO. 49:**

All documents and tangible things relating to the anticipated or actual profitability, industry acceptance, commercial success, or popularity of each Synopsys Product, including any marketing forecasts, business plans, profit plans, or other documents that include or reflect a projection or prediction of sales of, or profit therefrom, and including documents in which the anticipated or actual profitability, industry acceptance, commercial success, or popularity of any

Synopsys Product is compared or contrasted with the anticipated or actual profitability, industry acceptance, commercial success, or popularity of one or more other products from the EDA Industry.

**REQUEST NO. 50:**

All documents and tangible things relating to marketing of any Synopsys Product, including market requirements statements, marketing reports, marketing feedback reports, market studies, market forecasts, market surveys, competitive analysis, market share data, customer need studies, advertising materials, promotional materials, trade show materials, brochures, price lists, product press releases, and product descriptive literature.

**REQUEST NO. 51:**

All documents and things relating to sales or offers for sale of any Synopsys Product, including sales reports, sales forecasts, strategic plans, budgeting documents, pricing policies, lost business reports, lost sale reports, sales training materials, requests for quotations, quotes, purchase orders, invoices, shipping orders, guarantees, and warranties.

**REQUEST NO. 52:**

All documents and tangible things that relate to wholesale and retail prices charged, or to be charged, for any Synopsys product.

**REQUEST NO. 53:**

A fully functional copy of each Synopsys Product.

**REQUEST NO. 54:**

All documents that Synopsys has provided to any expert who will testify in this litigation.

**REQUEST NO. 55:**

All documents reviewed or considered by any expert who will testify in this litigation.

**REQUEST NO. 56:**

All documents and tangible things relating to any reasonable royalty to which YOU claim YOU are entitled in this Action.

13

**REQUEST NO. 57:**

All documents and tangible things relating to any lost profits to which YOU claim YOU are entitled in this Action.

**REQUEST NO. 58:**

All documents or tangible things relating to any royalty or royalty rate calculated, proposed, considered, charged or collected by YOU in connection with the Synopsys Patents.

**REQUEST NO. 59:**

All documents or tangible things relating to any damages or injury suffered by Synopsys based on YOUR allegations in the Complaint.

**REQUEST NO. 60:**

All documents relating to any Synopsys Product or the EDA Industry, including any formal strategic plan, business plan or presentations to YOUR senior management, senior management committees, executive committee, or board of directors.

**REQUEST NO. 61:**

All documents, including but not limited to, presentations, industry reports, internal Synopsys documents, video or audio transcripts, speeches, drafts of speeches or notes prepared by, provided to, read by or relied upon by Aart de Geus relating to the EDA Industry, participants in the EDA industry or any Synopsys Product.

**REQUEST NO. 62:**

All documents, including but not limited to, presentations, video or audio transcripts, speeches, drafts of speeches or notes prepared by, provided to, read by or relied on by YOUR senior management relating to the EDA Industry, participants in the EDA industry or any Synopsys Product.

**REQUEST NO. 63:**

Notebooks relating to the EDA Industry or any Synopsys Product maintained by YOUR senior management.

**REQUEST NO. 64:**

All documents that show the requirements for entry into the EDA Industry, including but not limited to the logic synthesis market and the scan market, including but not limited to the time for and costs of development, other entry costs, and other obstacles to entry.

**REQUEST NO. 65:**

All documents relating to offers or proposals made by Synopsys to actual or potential customers changing the actual or potential price, rebates, refunds, discounts, terms of the contract, or any consideration for the sale or lease of any Synopsys Product.

**REQUEST NO. 66:**

All documents relating to any actual or potential customer request to lower a price, to match a price, to offer support, to increase a rebate or to change the terms of an agreement relating to the purchase or lease of a Synopsys Product.

**REQUEST NO. 67:**

All documents relating to any acquisition, merger, spin-off, purchase or sale of assets or any other combination contemplated or concluded by YOU relating to the EDA Industry.

**REQUEST NO. 68:**

All documents submitted to the Federal Trade Commission or the Antitrust Division of the U.S. Department of Justice, including but not limited to any filings under the Hart-Scott-Rodino Antitrust Improvements Act ("HSR"), documents submitted pursuant to Item 4(c) of any HSR filing, "white papers", letters or memoranda.

**REQUEST NO. 69:**

All documents relating to YOUR communications with any actual or potential purchaser or seller of products or services offered in the EDA Industry.

**REQUEST NO. 70:**

All documents and tangible things relating to any comparison or competitive analysis of any of Synopsys Product and any Magma product.

**REQUEST NO. 71:**

All documents and tangible things relating to any communication relating to Magma or the Action made by a Synopsys employee to an actual or potential customer of Synopsys Products.

**REQUEST NO. 72:**

All documents including communications relating to the Action, including but not limited to the purpose of the Action, and the predicted, likely or actual effects on Magma, its technology, its products, its patents, its pending lawsuits, or its stock price.

**REQUEST NO. 73:**

All documents relating to actual or planned purchases or sales of Magma stock by YOU or by others with whom YOU had communicated about the Action before, simultaneously with, or after the Action was filed.

**REQUEST NO. 74:**

All documents relating to the formats and software offered for license under the TAP-in program, including but not limited to SAIF, Liberty and SDC formats.

**REQUEST NO. 75:**

All documents relating to the TAP-in program.

**REQUEST NO. 76:**

All documents relating to System C or Open SystemC Initiative.

**REQUEST NO. 77:**

All documents and tangible things used by YOU to form a basis, either in whole or in part, for YOUR allegations that Magma directly infringes, induces or contributes to the infringement of any claim of the Synopsys Patents.

**REQUEST NO. 78:**

All documents and tangible things relating to Magma Products that YOU contend directly infringe, contribute to the infringement of or induce (or are involved in the inducement of) infringement of any claim of the Synopsys Patents.

16

**REQUEST NO. 79:**

All documents relating to YOUR allegations in the Action.

**REQUEST NO. 80:**

All documents and tangible things relating to any communications with any third party concerning Magma, the Magma Patent or this Action.

**REQUEST NO. 81:**

All documents and tangible things relating to any communications with any third party concerning Magma, market share, market power, or this Action.

**REQUEST NO. 82:**

All minutes of YOUR board of directors meetings relating to Magma, the Action, or any of the Synopsys Patents.

**REQUEST NO. 83:**

All documents relating to the infringement or non-infringement by Magma of the claims of the Synopsys Patents.

**REQUEST NO. 84:**

All documents relating to the validity or invalidity of the Magma Patent, including any validity search, prior art search or patentability search conducted in connection with the Magma Patent, including search reports or requests or instructions for prior art searches.

**REQUEST NO. 85:**

All documents relating to prior art to the invention of any claim of the Magma Patent.

**REQUEST NO. 86:**

All documents relating to any analysis, opinion, construction or interpretation of any of the claims, or any of the terms used in the claims, of the Magma Patent.

**REQUEST NO. 87:**

All documents relating to any communications between YOU and any person relating to the Magma Patent.

**REQUEST NO. 88:**

All documents that YOU contend evidence the level of ordinary skill in the art pertaining to the inventions of the Magma Patents.

**REQUEST NO. 89:**

All documents relating to any advantage or improvement provided by the inventions claimed in the Magma Patent.

**REQUEST NO. 90:**

All documents relating to the existence of any problem with which the inventions of the Magma Patent are concerned and any proposed or actual solution thereto.

**REQUEST NO. 91:**

All documents relating to any long-felt need for the inventions of the Magma Patent and the satisfaction thereof, including all documents relating to any commercial success of the inventions of the Magma Patent.

**REQUEST NO. 92:**

All documents relating to the validity or invalidity, enforceability or non-enforceability, infringement or non-infringement, patentability or scope of the Magma Patent or any claim thereof, including any analysis or opinion related to the Magma Patent.

**REQUEST NO. 93:**

All documents relating to any publication, patent or acts that support the patentability or non-patentability of any claim of the Magma Patent.

**REQUEST NO. 94:**

All documents and tangible things relating to research, development or design of any of the inventions claimed in the Magma Patent.

**REQUEST NO. 95:**

All documents and tangible things relating to the modification, improvement, upgrade, construction, manufacture, assembly or testing of any of the inventions claimed in the Magma Patent.

18

**REQUEST NO. 96:**

All documents relating to the Magma Patent.

**REQUEST NO. 97:**

All documents relating to YOUR allegation that Magma's infringement of Synopsys Patents has been willful or deliberate.

**REQUEST NO. 98:**

All electronic mail archives and other correspondence of Aart de Geus relating to any Synopsys Product or the EDA Industry.

**REQUEST NO. 99:**

All electronic mail archives and other correspondence of senior management of Synopsys relating to any Synopsys Product or the EDA Industry.

**REQUEST NO. 100:**

All documents and tangible things relating to the business plans or strategy for Synopsys or any Synopsys Product.

**REQUEST NO. 101:**

All documents and tangible things relating to the market share of any Synopsys Product.

**REQUEST NO. 102:**

All documents and tangible things relating to the competitive positioning of Synopsys or any Synopsys Product.

19

OF COUNSEL:

James Pooley
L. Scott Oliver
Marc D. Peters
Anupam Sharma
Milbank Tweed Hadley & McCloy LLP
Five Palo Alto Square, 7th Floor
3000 El Camino Real
Palo Alto, CA  94306-2109
(650) 739-7000

DATED:  December 1, 2005

William J. Wade  (#704)   (#3309)
Wade@rlf.com
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE  19899
(302) 651-7700
Attorneys for Defendant and Counterclaimant,
Magma Design Automation, Inc.

20

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 1, 2005, I served the foregoing document on counsel of record in the manner indicated.

### BY HAND

Karen Jacobs Louden, Esquire
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
Wilmington, DE 19899

For William J. Wade (#704)    (#3309)

DATED:    December 1, 2005