IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SYNOPSYS, INC., a Delaware Corporation, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) C.A. No. 05-701 (GMS) |
| MAGMA DESIGN AUTOMATION, INC., a Delaware corporation, | ) ) ) |
| Defendant. | ) ) ) |

**PLAINTIFF SYNOPSYS, INC.'S REPLY IN SUPPORT OF
ITS MOTION TO BIFURCATE AND STAY ANTITRUST
CLAIMS, AND TO BIFURCATE AND STAY ALL
<u>CLAIMS AFFECTED BY LIKELY PTO REEXAMINATIONS</u>**

OF COUNSEL:
Michael Edelman
Valerie M. Wagner
DECHERT LLP
117 California Ave.
Palo Alto, CA  94304
(650) 813-4848
George G. Gordon
DECHERT LLP
2929 Arch St.
Philadelphia, PA  19104-2808
(215) 261-2382

Rebecca Dick
DECHERT LLP
1775 Eye St., N.W.
Washington, DC  20006
(202) 261-3432

February 13, 2006

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
Leslie A. Polizoti (#4299)
1201 N. Market Street
P. O. Box 1347
Wilmington, DE  19899
(302) 658-9200

Attorneys for Plaintiff Synopsys, Inc.

i.

## TABLE OF CONTENTS

|   |   | Page |
|---|---|---|
| TABLE OF CITATIONS | | ii |
| I. | BIFURCATION AND A STAY OF DISCOVERY WOULD NOT PREJUDICE OR TACTICALLY DISADVANTAGE MAGMA. | 2 |
| | A. Magma Has Not Shown - and Cannot Show - Any Prejudice. | 2 |
| | B. Synopsys is Not Required to Show Hardship. | 3 |
| | C. Magma's Unfounded Contentions of Synopsys Fraud on the PTO are Irrelevant to the Court's Decision on the Present Motion. | 5 |
| II. | BIFURCATION AND STAY WILL SIMPLIFY ISSUES AND TRIAL. | 7 |
| | A. Synopsys Has Not Taken Inconsistent Positions in Its Reexamination Requests. | 7 |
| | B. Magma's Own Positions on the Impact on Discovery Are Inconsistent. | 8 |
| | C. Bifurcation of the Claims and Stay of Discovery Will Simplify this Litigation. | 8 |
| | D. The Benefits of Staying Discovery Outweigh the Theoretical Benefits of a Single Jury. | 10 |
| | E. A Stay Pending Reexamination May Facilitate Settlement. | 10 |
| | F. Synopsys' Request that Magma Identify any Additional Prior Art is Reasonable and Would Promote Efficiency. | 11 |
| | G. A Decision on Bifurcation is not Premature. | 11 |
| CONCLUSION | | 12 |

TABLE OF CITATIONS

Cases

*Arthocare Corp. v. Smith & Nephew Corp.*,
    315 F. Supp. 2d 615 (D. Del. 2004)      9

*Brandt, Inc. v. Crane*,
    97 F.R.D. 707 (N.D. Ill. 1983)      9

*Cognex Corp. v. Nat'l Instruments Corp.*,
    C.A. 00-442-JJF, 2001 WL 34368283
    (D. Del. June 29, 2001)      4

*Gladish v. Tyco Toys, Inc.*,
    Civ. No. S-92-1666WBS/JFM, 1993 WL 625509
    (E.D. Cal. Sept. 15, 2005)      4

*IMAX Corp. v. In-Three, Inc.*,
    385 F. Supp. 2d 1030 (C.D. Cal. 2005)      3

*In re Innotron Diagnostics*,
    800 F.2d 1077 (Fed. Cir. 1986)      9

*In re Laughlin Prods., Inc.*,
    265 F. Supp. 2d 525 (E.D. Pa. 2003)      7

*In re: Pharmastem Therapeutics, Inc. Patent Litigation*,
    MDL Docket No. 05-md-1660 GMS (D. Del. Oct. 6, 2005)      1

*Jain v. Trimas Corp.*,
    No. Civ. S-04-0889, 2005 WL 2397041
    (E.D. Cal. Sept. 27, 2005)      3

*Metal Film Co. v. Metlon Corp.*,
    272 F. Supp. 64 (S.D.N.Y. 1967)      9

*Nobelpharma AB v. Implant Innovations, Inc.*,
    141 F.3d 1059 (Fed. Cir. 1998)      5

*Pegasus Dev. Corp. v. DIRECTV, Inc.*,
    C.A. No. 00-GMS, 2003 WL 21105073
    (D. Del. May 14, 2003)      7

*Perfect 10 Inc. v. CCBill LLC*,
    71 U.S.P.Q. 2d 1568 (C.D. Cal. 2004)      9

*Pharmacia, AB v. Hybritech, Inc.*,
    224 U.S.P.Q. 975 (S.D. Cal. 1986) .......................................................... 9

*Purolite Int'l Ltd. v. Rohm and Haas Co.*,
    24 U.S.P.Q. 2d 1857 (E.D. Pa. 1992) ...................................................... 7

*Softview Comp. Prods. Corp. v. Haworth, Inc.*,
    56 U.S.P.Q. 2d 1633 (S.D.N.Y. 2000) ................................................... 11

*Stratos Lightwave, Inc. v. E20 Commns., Inc.*,
    Civ. No. 01-309-JJF (D. Del. 2004) ......................................................... 9

*Unidisco v. Schattner*,
    210 U.S.P.Q. 622 (D. Md. 1981) .............................................................. 4

1.

## INTRODUCTION

In its Answering Brief, Magma Design Automation, Inc. ("Magma") seeks to divert the Court's attention from the relevant inquiries and confuse the record with unsupported – and unsupportable – accusations of malfeasance and harm. Magma's scattershot opposition to the present motion apparently relies on the belief that if you fire enough bullets into the sky, a bird will eventually fall down. Magma's effort must necessarily fail, however, as the relevant and appropriate factors for the Court's determination of whether to bifurcate and stay the claims relating to Synopsys, Inc.'s ("Synopsys") U.S. Patent Nos. 6,434,733 and 6,766,501 (the "'733 Patent" and "'501 Patent," respectively), and Magma's antitrust claims, are unaffected by Magma's arguments. As this Court recently noted in *In re: Pharmastem Therapeutics, Inc. Patent Litigation*, MDL Docket No. 05-md-1660 GMS (D. Del. Oct. 6, 2005) (Ex. A. hereto), courts have discretion to grant stays, and that discretion is guided by three factors:

> (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set.

*Id.* at 3. Here, the answers to all three inquiries favor the bifurcation and stay of the two patent infringement claims and the antitrust claims. Magma will suffer no prejudice, either economic or litigation-related. Bifurcation and a stay, so that the remaining two patent infringement claims can go forward while the PTO considers matters relevant to the other claims, will indeed simplify the issues and trial in this case. Finally, as not even Magma can deny, discovery has only recently gotten underway and trial is not until next year. Accordingly, this Court should bifurcate the antitrust claims, as well as the '733 and '501 patent infringement claims, and stay discovery until such time as the issues

concerning the validity of the patents are resolved and it becomes appropriate again for these claims to go forward.

## ARGUMENT

I. **BIFURCATION AND A STAY OF DISCOVERY WOULD NOT PREJUDICE OR TACTICALLY DISADVANTAGE MAGMA.**

   A. **Magma Has Not Shown - and Cannot Show - Any Prejudice.**

As pointed out in Synopsys' opening brief, as well as in the papers supporting Synopsys Motion to Dismiss (D.I. 10), Magma has of late enjoyed what Magma itself characterizes as unprecedented success. This success continues unabated in Magma's most recent fiscal quarter, when it reported "record revenue" of $41.3 million, an 11 percent increase over prior the year's revenue for this quarter. (Declaration of Leslie A. Polizoti in Support of Reply ("Polizoti Reply Decl."), Exhs. A and B.) Hence, it is not surprising that Magma makes no concrete explanation of economic prejudice in its arguments that the present lawsuit is "the latest in a series of litigation and other aggressive acts designed by Synopsys to eliminate Magma as a competitor," and that this litigation "expose[s] Magma to the risk of continuing harm. . . ." (D.I. 35 at 16, 17.) Magma's revenue continues to rise and it can point to no alleged harm to its business, notwithstanding its belief that Synopsys somehow timed the filing of the litigation to coincide with the close of Magma's quarter – a quarter in which Magma reported record revenue. (*See id.* at 17.)

Were it in fact true, as Magma contends, that "Synopsys clearly plans to use expensive and time-consuming litigation to weaken Magma," surely Synopsys would benefit more from pressing forward with its infringement claims on the '733 and '501

3.

Patents. Instead, Synopsys is seeking to put on hold not only Magma's antitrust claims – which would be the normal course in any event – but also two of its own claims against Magma. Magma's argument that a purported monopolist would seek to stay its own infringement claims defies logic and highlights the unfounded basis for Magma's arguments of economic prejudice.

On the contrary, it is more clear than ever that Magma would benefit from the bifurcation and stay that Synopsys seeks. Magma complains that Synopsys is using "expensive and time-consuming litigation to weaken Magma" as a competitor (D.I. 35 at 16), and yet Magma opposes any effort to structure the litigation in an efficient manner that would minimize the time and cost for all parties. A stay pending the outcome of reexamination of the '733 and '501 Patents would not turn Magma's antitrust claims into an "abstract hope," but in fact, could theoretically lend credence to those claims depending on the PTO's determinations. At a minimum, the issues surrounding Magma's antitrust claims would be clarified and thus could be litigated – one way or another – more expeditiously and at less expense.

    **B.**    **Synopsys is Not Required to Show Hardship.**

Unable to shoulder its own burden of showing prejudice, Magma tries to shift that burden onto Synopsys as the moving party. (*See* D.I. 35 at 18-19.) Magma cites to various cases that have considered hardship on the party moving for the stay, implying that this is another standard factor in the Court's analysis of whether to stay pending reexamination. (*Id.* at 18); citing *Jain v. Trimas Corp.*, No. Civ. S-04-0889, 2005 WL 2397041 (E.D. Cal. Sept. 27, 2005; *IMAX Corp. v. In-Three, Inc.*, 385 F. Supp. 2d 1030 (C.D. Cal. 2005); *Cognex Corp. v. Nat'l Instruments Corp.*, C.A. 00-442-JJF,

4.

2001 WL 34368283 (D. Del. June 29, 2001);**Error! Bookmark not defined.** *Gladish v. Tyco Toys, Inc.*, Civ. No. S-92-1666WBS/JFM, 1993 WL 625509 (E.D. Cal. Sept. 15, 2005). Magma's argument is, to put it simply, a mischaracterization of the law.

The courts in each and every one of these cases applied the same standard factors – prejudice to the ***non-moving party***, the stage of discovery in the litigation and whether a trial date had been set. These courts only turned their attention to the moving party's showing of hardship after the opposing party had demonstrated some type of tangible prejudice. In *Jain*, the court considered whether the moving party had shown hardship only after concluding that the defendant would be prejudiced after having litigated the case for over a year. *Jain*, 2005 WL 2397041, at *3-4. In *IMAX*, the court noted that the party seeking the stay pending reexamination must show hardship "'if there is even a fair possibility that the stay for which he prays will work damage to someone else.'" *IMAX*, 385 F. Supp. 2d at 1032 (*quoting Unidisco v. Schattner*, 210 U.S.P.Q. 622, 629 (D. Md. 1981)). In *Cognex*, the court observed that the moving party would have to show hardship only if the stay would "forestall the trial date agreed upon by the parties" and denied the stay in large part because discovery was only three weeks away from closing. *Cognex*, 2001 WL 34368283, at *1-2. Finally, in *Gladish*, the court found that the defendant "has shown that it would suffer prejudice in its discovery efforts should the stay be granted" precisely because discovery was at an advanced stage. *Gladish*, 1993 WL 625509, at *2.

Under all of the precedents cited by Magma, hardship to Synopsys absent a stay would only become relevant after Magma demonstrated that it would suffer prejudice. Magma has not established, and cannot establish, that it has been prejudiced,

5.

and so hardship on Synopsys is irrelevant. But even if Magma could show prejudice, the hardship to Synopsys of having to undergo unfocused and potentially unnecessary discovery directed at its entire business operations and the entire EDA industry is clear.

    **C.**    **Magma's Unfounded Contentions of Synopsys Fraud on the PTO are Irrelevant to the Court's Decision on the Present Motion.**

Magma spends much of its Answering Brief arguing that (as alleged in its antitrust claims) Synopsys committed fraud on the PTO when prosecuting the '733 and '501 Patents, and again when seeking reexamination of these patents. Magma's effort in this regard is misplaced as the reexamination sought by Synopsys is likely to resolve or at least significantly narrow the issues concerning any alleged infringement, inequitable conduct or *Walker Process* antitrust contentions. First, Magma's antitrust claims based on purported fraud completely fail if the PTO finds the '733 and '501 Patents to be valid as patent *invalidity* is an element of such claims. *E.g., Nobelpharma AB v. Implant Innovations, Inc.*, 141 F.3d 1059 (Fed. Cir. 1998) (antitrust liability, unlike inequitable conduct, requires "that the patent would not have issued but for the misrepresentation or omission.") Second, the PTO's findings on reexamination are likely to – at a minimum – shed light on the issue of materiality with regard to inequitable conduct such that this Court might not even need to address the question of whether there was fraudulent intent. Magma's argument that there would still remain other issues pertaining to invalidity for this Court to determine simply begs the question. The point is not that reexamination would necessarily resolve every imaginable argument concerning validity or enforceability, but rather that based on the allegations in Magma's Amended Answer and Counterclaims, many if not all such issues would be enlightened or entirely resolved.

6.

Moreover, Magma's repetition in its Answering Brief of the conclusory allegations in its counter-claims serves only to demonstrate that Magma has not and cannot establish that the Barbagallo references are material. As Synopsys stated in its Requests for reexamination of both the '733 and '501 Patents, "claims 1 and 8 of [each patent] include multiple claim limitations which are not disclosed by the cited references, separately or in combination." (D.I. 33, Exhs. A and B (Requests at 6).) Nowhere in its Answering Brief does Magma respond or otherwise attempt to make any substantive explanation of why the Barbagallo references are purportedly material, much less invalidating prior art.

Instead, Magma's falls back on a legally unsupported argument that Synopsys has somehow conceded materiality of the Barbagallo references by seeking reexamination. Synopsys did no such thing, however, and clearly informed the PTO in the reexamination requests that the basis for finding a substantial new question of patentability is "because Magma has alleged in the above-referenced litigation that Barbagallo 1 and Barbagallo 2 anticipate all of the claims in the [two patents.]" (D.I. 33, Exhs. A and B (Requests at 2).) This is an entirely appropriate basis for seeking reexamination, as the Manual of Patent Examining Procedure ("MPEP") states in Section 2642 that new prior art raises a substantial question of patentability if "a reasonable examiner would consider the teaching to be important in deciding whether or not the claim is patentable." Surely, were the '733 and '501 Patents being prosecuted today, a reasonable examiner would no doubt want to see references that a litigant contended were invalidating prior art. Nowhere does Synopsys itself contend that the references are

material, however, and the Requests clearly set forth why they are not. It is Magma who fails to make any showing that its allegations of fraud on the PTO have any factual basis.

## II.     BIFURCATION AND STAY WILL SIMPLIFY ISSUES AND TRIAL.

### A.     Synopsys Has Not Taken Inconsistent Positions in Its Reexamination Requests.

Magma's complaint that Synopsys has taken inconsistent positions regarding the potential benefits of reexamination in its Requests as opposed to its Motion does nothing more than reveal Magma's fundamental misunderstanding of the process. Certainly, Synopsys reserves all rights to take positions on claims construction of the '733 and '501 Patents. That does not mean, however, that the Court will not be significantly aided by the PTO's findings. As Synopsys pointed out in its Opening Brief, if the PTO finds all claims of the two patents to be invalid, Synopsys' infringement claims would fail. Likewise, if the PTO confirms the validity of the patents in light of the prior art that Magma relies upon, there will be "a rather formidable presumption of validity." *In re Laughlin Prods., Inc.*, 265 F. Supp. 2d 525, 529 (E.D. Pa. 2003) (*quoting Pegasus Dev. Corp. v. DIRECTV, Inc.*, C.A. No. 00-GMS, 2003 WL 21105073, at *2 (D. Del. May 14, 2003)); if "'after reexamination, the plaintiff's patents are again upheld, the plaintiff's rights will only be strengthened, as the challenger's burden of proof becomes more difficult to sustain'"); *Purolite Int'l Ltd. v. Rohm and Haas Co.,* 24 U.S.P.Q. 2d 1857, 1859 (E.D. Pa. 1992) ("[a]lthough not dispositive, the effect of the reexamination will be substantial"). Magma's effort to argue to the contrary demonstrates the very thin basis for its opposition to bifurcation and stay.

Similarly, Magma's argument that Synopsys' agreement that all discovery could be completed by September 2006 is somehow inconsistent with the present Motion

makes no sense. (*See* D.I. 35 at 22.) The issue before the Court is not *whether* discovery can be completed by that time, but rather, *what* discovery needs to be completed and when. Nothing in Synopsys' positions in this regard are inconsistent in any way.

    **B.    Magma's Own Positions on the Impact on Discovery Are Inconsistent.**

Magma's concern about purportedly inconsistent positions by Synopsys is misplaced, as it is Magma's own positions that are wholly inconsistent. First, Magma argues that "a stay would deny critical inquiry into recent events, and risk loss of important testimony through the passage of time." (D.I. 35 at 17.) A few pages later, however, Magma sings a different tune. In fact, Magma argues, there is "near-complete" overlap in the discovery on the remaining claims and "[a]ny marginal 'pure antitrust' discovery (such as the barriers to entry in the EDA market) is likely to be minimal. . . ." (*Id.* at 19-20.) This leaves to wonder what is the real story – is the impact of the bifurcation and stay sought by Synopsys significant or inconsequential? Magma provides no guidance with its opportunistic arguments, tortured to fit into whatever element Magma happens to be addressing on that page of its Answering Brief.

    **C.    Bifurcation of the Claims and Stay of Discovery Will Simplify this Litigation.**

The answer to the question posed but not answered by Magma is simply what Synopsys has contended from the outset. Bifurcating the antitrust claims, as well as the '733 and '501 Patent infringement claims subject to possible reexamination, will allow the orderly progression of the remaining claims with respect to discovery, motion practice and trial. This is why courts routinely bifurcate patent and antitrust claims. *E.g.*, *Nobelpharma*, 141 F.3d at 1063; *In re Innotron Diagnostics*, 800 F.2d 1077, 1085 (Fed.

9.

Cir. 1986); *Brandt, Inc. v. Crane*, 97 F.R.D. 707, 708 (N.D. Ill. 1983); *Metal Film Co. v. Metlon Corp.*, 272 F. Supp. 64, 65 (S.D.N.Y. 1967). Here, the argument for bifurcation is particularly compelling as the very Barbagallo references on which Magma predicates its antitrust claims are the subject of Synopsys' reexamination requests.

Likewise, when discovery has only recently commenced – as in this case – courts also frequently stay discovery on the antitrust claims. *See, e.g., Pharmacia, AB v. Hybritech, Inc.*, 224 U.S.P.Q. 975, 976 (S.D. Cal. 1986); *Stratos Lightwave, Inc. v. E20 Commns., Inc.,* Civ. No. 01-309-JJF (D. Del. 2004); *Arthocare Corp. v. Smith & Nephew Corp.,* 315 F. Supp. 2d 615, 617 (D. Del. 2004); *Perfect 10 Inc. v. CCBill LLC*, 71 U.S.P.Q. 2d 1568, 1574-75 (C.D. Cal. 2004). Again, a stay of discovery is particularly appropriate here as Magma's antitrust claims would bring significant additional issues into the litigation such as market power, barriers to entry and competitive harm. At the same time, the antitrust claims would be instantly mooted if the PTO upheld the '733 and '501 Patents. Magma's self-serving and inconsistent arguments that little additional discovery would be involved, and that there will be issues remaining after reexamination (D.I. 35 at 21-22), fly in the face of long-standing and sound precedent bifurcating antitrust claims from patent claims and staying discovery until patent issues are resolved.

Magma's claim that Synopsys is making a "straw man" of Magma's sweeping discovery requests is yet another example of Magma's attempt to divert the Court's attention from the real issues on this Motion. (*See* D.I. 21 n.14.) Synopsys has not refused to meet and confer. Rather, Synopsys has consistently maintained that Magma's discovery requests are so overbroad that Magma needs to amend them before the parties can engage in meaningful meet and confer discussions. (*See* Polizoti Reply

10.

Decl., Exhs. C-F.) Furthermore, Magma's assertion that its sweeping requests, which encompass all of Synopsys' operations and the entire EDA industry (*see* D.I. 33, Exh. C), somehow pertain to the parties' remaining infringement claims, and not specifically to the antitrust claims, is absurd. Not only do these requests go far beyond any specific infringement allegations, they are so overbroad that there would be no coherent way to limit them even if Magma's antitrust claims went forward at this time.

      **D.**    **The Benefits of Staying Discovery Outweigh the Theoretical Benefits of a Single Jury.**

Magma argument that a stay of discovery on the '733 and '501 Patent claims, and the factually intertwined antitrust claims, would deprive the Court of the benefits of a single jury fails in light of the real and tangible benefits of having the issues significantly narrowed for whatever jury or juries ultimately hear the parties' claims. If and when a jury ever hears Magma's antitrust claims, it will have the benefit of knowing what the PTO, Court and/or prior jury found with respect to the patents on which those antitrust claims lie. Likewise, the parties and Court will have the benefit of focusing discovery and motion practice on the remaining issues, rather than on a wide range of issues that could become moot at any time.

      **E.**    **A Stay Pending Reexamination May Facilitate Settlement.**

Magma's argument that a stay of the antitrust claims would make settlement impossible also flies in the face of logic by assuming that neither reexamination or resolution of validity issues pertaining to the '733 and '501 Patents would shed light on the merits of the antitrust claims. (*See* D.I. 35 at 23.) It is simply not true that a stay would leave the parties with "no way to evaluate the merits" of the

11.

antitrust claims. On the contrary, a finding of validity by the PTO, the Court or a jury at trial would have a profound impact on the parties' evaluation as the antitrust claims would no longer have any merit at all. Likewise, a finding that the patents are invalid would inform the parties' settlement positions. It is therefore not surprising that one court found, as this Court should, that a factor weighing in favor of a stay pending reexamination was that it could encourage settlement. *Softview Comp. Prods. Corp. v. Haworth, Inc.*, 56 U.S.P.Q. 2d 1633, 1636 (S.D.N.Y. 2000).

### F. Synopsys' Request that Magma Identify any Additional Prior Art is Reasonable and Would Promote Efficiency.

Magma turns reality on its head by arguing that an order requiring that it identify any further alleged prior art would actually cause delay. (*See* D.I. 35 at 14-15.) In fact, this could prevent precisely the type of delay and remaining issues that purportedly concern Magma. Synopsys' request is not "bizarre," but rather an effort to get the maximum value out of the reexamination proceedings. If Magma is compelled to identify any additional references it contends at this time are material, the PTO can most effectively conduct its reexamination and be best situated to provide benefit to this Court with its findings. Synopsys agrees that it will submit any such references to the PTO – this Court need not order it to do so and there would be no conceivable violation of the MPEP.

### G. A Decision on Bifurcation is not Premature.

Magma argues that a decision on bifurcation is premature and should wait until the Court can determine the scope of the case after discovery. (*See* D.I. at 23.) This would belie the very benefits that Synopsys is seeking in this Motion. The parties would have to engage in extensive and potentially unnecessary discovery. The Court would

have to oversee much broader litigation than it might otherwise have to, and might be called upon to rule on motions that otherwise could have been rendered moot. This would be contrary to the efficiencies and simplicity that Synopsys seeks to bring to this litigation.

## CONCLUSION

For the reasons set forth herein and in Synopsys' Opening Brief, the Court should bifurcate trial of the '733 and '501 Patent infringement claims, as well as the antitrust claims, stay discovery of the antitrust claims pending resolution of the patent claims in this case, and, pending the outcome of the requested PTO reexamination of the two Synopsys patents, stay discovery of the related patent claims.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Leslie A. Polizoti*
Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
Leslie A. Polizoti (#4299)
1201 N. Market Street, P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
    Attorneys for Plaintiff Synopsys, Inc.

OF COUNSEL:

Chris Scott Graham
Michael Edelman
Valerie M. Wagner
DECHERT LLP
1117 California Ave.
Palo Alto, CA 94304-
(650) 813-4848

13.

George G. Gordon
DECHERT LLP
Cira Centre
2929 Arch St. 19104-2808
Philadelphia, PA
(215) 261-2382

Rebecca P. Dick
DECHERT LLP
1775 Eye St., N.W.
Washington, DC  20006-2401
(202) 261-3432


February 13, 2006



506638

CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on February 13, 2006 I electronically filed the foregoing with the Clerk of the Court using CM/ECF which will send notification of such filing to William J. Wade.

I further certify that I caused that copies of the foregoing be served on the following counsel in the manner indicated:

<u>By Hand</u>

William J. Wade
Richards Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE  19801

*/s/ Leslie A. Polizoti*_____
Leslie A. Polizoti (#4299)