IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SYNOPSYS, INC., a Delaware Corporation,<br><br>        Plaintiff and<br>        Counter-Defendant,<br><br>    v.<br><br>MAGMA DESIGN AUTOMATION, INC., a Delaware Corporation<br><br>        Defendant and<br>        Counterclaimant.<br><br>AND RELATED COUNTERCLAIMS. | C.A. No. 05-701-GMS |

### DEFENDANT MAGMA DESIGN AUTOMATION, INC.'S MOTION FOR LEAVE TO FILE SECOND AMENDED ANSWER AND COUNTERCLAIMS

Pursuant to Federal Rule of Civil Procedure 15 and District of Delaware Local Rule 15.1, as well as the Court's December 19, 2005 Scheduling Order, Defendant and Counterclaimant Magma Design Automation, Inc. ("Magma") hereby moves for leave to file its Second Amended Answer and Counterclaims. A copy of the Second Amended Answer and Counterclaims and a redlined copy highlighting the changes are attached hereto as Exhibit 1 and Exhibit 2, respectively.

### STATEMENT OF FACTS

On September 26, 2005, Synopsys, Inc. ("Synopsys") filed its Complaint For Patent Infringement (the "Complaint"), alleging that Magma infringed three Synopsys patents.

Magma answered the Complaint on October 19, 2005 and asserted counterclaims alleging that two of the Synopsys asserted patents are invalid because they were fraudulently

obtained, and alleging violations of the Sherman Act, the Lanham Act and state and common law unfair competition claims.

On October 25, 2005, Magma filed an Amended Answer and Counterclaims that alleged infringement by Synopsys of U.S. Patent No. 6,505,328 (the "'328 patent").

On November 22, 2005, Synopsys moved to dismiss Magma's antitrust and unfair competition counterclaims. That motion has been fully briefed by the parties.

On December 19, 2005, the Court held a scheduling conference. Following the conference, the parties submitted—and on December 28, 2005 the Court entered—a stipulated Scheduling Order. Pursuant to the Scheduling Order, the deadline for motions to amend the pleadings is March 24, 2006. Fact and expert discovery remain open until September 29, 2006 and March 23, 2007, respectively. The parties have exchanged first and second sets of written discovery, and have produced limited documents and interrogatory responses. No depositions have been taken.

Synopsys has to date refused to produce its products' source code to Magma, but based on Synopsys's admissions in marketing materials and other papers, Magma has discovered that Synopsys infringes four additional Magma patents—each of which relates to the same technology already at issue in this case. Given the ample time remaining in this case to complete discovery, hold a Markman hearing, and conduct expert discovery before the June 2007 trial, it would conserve the parties' and judicial resources to add those four patents to this case and maintain the current stipulated schedule.

Therefore, Magma respectfully requests leave to file its Second Amended Answer and Counterclaims, adding claims for infringement of U.S. Patent Nos. 6,519,745, 6,931,610, 6,854,093, and 6,857,116.

## LEGAL STANDARD

Under Fed. R. Civ. P. 15(a), leave to amend pleadings "shall be freely given when justice so requires." This Court has recognized that absent a clear reason such as delay, bad faith, or prejudice, leave to amend should be liberally granted. *Agere Sys. Guardian Corp. v. Proxim,*

- 2 -

*Inc.*, 190 F. Supp. 2d 726, 732 (D. Del. 2002) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). The Third Circuit has similarly held that it would be an abuse of discretion for a district court to deny leave to amend absent a compelling reason for denial. *See Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000).

"Prejudice to the non-moving party is the touchstone for the denial of an amendment." *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993). But when—as here—the motion to amend is on or prior to a court-ordered deadline, there is a "presumption of timeliness" rebutting any argument of prejudice. *Inline Corp. v. Tricon Restaurants Int'l*, No. Civ. A 3:00-CV-0990, 2002 WL 1331885, at *1 (N.D. Tex. June 14, 2002) (citation omitted).

## SUMMARY OF PROPOSED AMENDMENT

The proposed Second Amended Answer and Counterclaims is attached as Exhibit 1, with a redline highlighting its additions attached as Exhibit 2.

As more fully described in the Second Amended Answer and Counterclaims, Magma is informed and believes that Synopsys infringes U.S. Patent No. 6,519,745. *See* Magma's Second Amended Answer and Counterclaims ¶¶ 133-134, 168-171.

As more fully described in the Second Amended Answer and Counterclaims, Magma is informed and believes that Synopsys infringes U.S. Patent No. 6,931,610. *See* Magma's Second Amended Answer and Counterclaims ¶¶ 135-136, 172-175.

As more fully described in the Second Amended Answer and Counterclaims, Magma is informed and believes that Synopsys infringes U.S. Patent No. 6,854,093. *See* Magma's Second Amended Answer and Counterclaims ¶¶ 137-138, 176-179.

As more fully described in the Second Amended Answer and Counterclaims, Magma is informed and believes that Synopsys infringes U.S. Patent No. 6,857,116. *See* Magma's Second Amended Answer and Counterclaims ¶¶ 139-140, 180-183.

## ARGUMENT

This motion is timely. There is no delay,[1] no suggestion of bad faith, and no prejudice.

First, the amendment is made within the deadline for amending pleadings under the Court's Scheduling Order. Synopsys knew that either party might move to amend, and it agreed to this deadline and the following discovery and trial schedule. Second, nearly six months of fact discovery remain, and expert discovery will not close for a year; there is more than ample opportunity for complete discovery on the allegations in the Second Amended Answer and Counterclaims. Indeed, discovery has only just begun, with only initial rounds of written discovery and no depositions. Finally, because the amendment relates directly to products already at issue in this litigation, adding these patents to the case and maintaining the present schedule is sensible.

---

[1] Indeed, given Synopsys's continuing and unjustified refusal to produce its source code, any delay would be attributable to Synopsys.

- 4 -

## CONCLUSION

For the foregoing reasons, Magma respectfully requests that this Court enter an order granting leave to file the Second Amended Answer and Counterclaims attached hereto as Exhibit 1.

Dated: March 24, 2006

*/s/ William J. Wade*
William J. Wade (#704)
Wade@rlf.com
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
(302) 651-7700

Attorneys for Defendant and Counterclaimant,
Magma Design Automation, Inc.

OF COUNSEL:

James Pooley
L. Scott Oliver
Marc D. Peters
Pooley & Oliver LLP
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306
(650) 739-7000