# EXHIBIT 1

AO 88 (Rev. 11/94) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

<u>    Northern    </u> DISTRICT OF <u>California      </u>

Synopsys, Inc., a Delaware corporation

**SUBPOENA IN A CIVIL CASE**

v.

Magma Design Automation, a Delaware corporation

Case Number:[1] C.A. No. 04-701 GMS
District of Delaware

TO:  Pillsbury Winthrop Shaw Pittman LLP
     2475 Hanover Street
     Palo Alto, CA 94304-1114

☐  YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.   See Attachment B.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Dechert LLP, 1117 California Avenue Palo Alto, CA 94304 | April 18, 2006 9:30 a.m. |

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

*See* Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| Dechert LLP, 1117 California Avenue Palo Alto, CA 94304 | April 4, 2006 9:00 a.m. |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorneys for Plaintiff Synopsys, Inc. | March 15, 2006 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
John D. van Loben Sels, Dechert LLP, 1117 California Avenue
Palo Alto, CA 94304; (650) 813-4800

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

AO 88 (Rev. 11/94) Subpoena in a Civil Case

---

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                      DATE                                                            SIGNATURE OF SERVER

                                                                           _____
                                                                           ADDRESS OF SERVER

                                                                           _____

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) **PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to

the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim.

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) **DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## ATTACHMENT A

Pursuant to Rules 34 and 45 of the Federal Rules of Civil Procedure, plaintiff SYNOPSYS, INC. ("SYNOPSYS") requests that PILLSBURY WINTHROP SHAW PITTMAN LLP ("PILLSBURY")  produce and permit the inspection and copying of the documents or tangible things described below in its possession, custody or control.

## INSTRUCTIONS

1.      Unless otherwise noted, this set of demands requires the production of documents or tangible things that were prepared, created, written, sent, dated or received at any time up to the present.

2.      In producing documents or tangible things pursuant to these demands, PILLSBURY must conform to the requirements of Fed. R. Civ. P. 34(b). This means that PILLSBURY shall produce documents as they are kept in the usual course of business or shall organize and label the documents to correspond with the categories in the document requests.

3.      If PILLSBURY withholds any documents or tangible things under a claim of privilege, please furnish with the response to these demands a privilege and/or redaction log identifying each document or tangible thing for which privilege is claimed, including the following information:

    a.      The date, sender, recipient, and subject matter of the document or tangible thing;

    b.      The basis upon which privilege is claimed; and

    c.      The paragraphs, paragraph or subparts of the demand to which the document or tangible thing corresponds.

## DEFINITIONS

1.      "SYNOPSYS" means plaintiff Synopsys, Inc. and any of its predecessors, successors, assigns, agents, employees, officers, directors, affiliates, partners, subsidiaries,

parent - corporations, investors, attorneys or other persons or entities acting on its behalf.

2.    "MAGMA" means defendant, Magma Design Automation, Inc. and any of its predecessors, successors, assigns, agents, employees, officers, directors, affiliates, partners, subsidiaries, parent - corporations, investors, attorneys or other persons or entities acting on its behalf.

3.    "PILLSBURY" means Pillsbury Winthrop Shaw Pittman LLP and any of its predecessors, successors, assigns, agents, employees, officers, directors, affiliates, partners, subsidiaries, parent corporations, investors, attorneys or other persons or entities acting on its behalf.

4.    "PTO" means the United States Patent and Trademark Office and any employees, representatives or agents thereof.

5.    "DOCUMENTS" means any "writing," as defined by Federal Rule of Evidence 1001, in PILLSBURY'S possession, custody or control (including the original and all non-identical copies thereof) regardless of where located and including, but not limited to, files, file folders, contracts, agreements, financial statements, ledger sheets or other accounting records, loan papers, inventory records, tape recordings, transcripts, drawings, correspondence, communications, reports, studies, summaries, indices, memoranda, calendar or diary entries, handwritten notes, working papers, minutes, agenda, bulletins, notices, announcements, instructions, charts, manuals, brochures, schedules, telegrams, teletypes, films, videotapes, photographs, microfilm or microfiche, letters, faxes, computer records, computer disks, magnetic tape, optical disks, electronic backups, and any other documents or data compilations.

6.    "COMMUNICATION(S)" includes any transfer of information, ideas, opinions or thoughts by any means, written, oral or otherwise, at any time or place under any circumstances. The definition is not limited to transfers between persons but also includes other transfers, such as records and memoranda to file; any written letter, memorandum, or other document which was sent by one or more individuals to another or

others; any telephone call between one or more individual and another or others, whether such call was by chance or prearranged, formal or informal; and any conversation or meeting between one or more individuals and another, whether such contact was by chance or prearranged, formal or informal.

7.    "PRIOR ART" is used as that term is understood in proceedings before the United States Patent and Trademark Office.

8.    "RELATING TO" means constituting, containing, consisting of composing, embodying, referring to, summarizing, discussing, showing, commenting upon, or describing.

9.    "APPLICATION 09/300,540" means application number 09/300,540 filed with the United States patent and Trademark office, including, but not limited to any continuing applications, divisional applications, continuation-in-part applications, or foreign counterparts.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1**:

All documents referring or relating to prosecution in the PTO of Application 09/300, 540, which led to the issuance of U.S. Patent No. 6,505,328.

**REQUEST FOR PRODUCTION NO. 2**:

All documents relating to communications regarding Application 09/300,540 and/or U.S. Patent No. 6,505,328.

**REQUEST FOR PRODUCTION NO. 3**:

All documents relating to foreign patent office counterparts to Application 09/300,540.

**REQUEST FOR PRODUCTION NO. 4**:

All documents referring or relating to foreign patent office counterparts to U.S. Patent No. 6,505,328.

**REQUEST FOR PRODUCTION NO. 5**:

All documents reflecting communications regarding foreign counterparts to U.S. Patent No. 6,505,328 and/or Application 09/300,540.

**REQUEST FOR PRODUCTION NO. 6**:

All documents relating to any sale, offer for sale, public use or disclosure of any system, hardware, software, product or method covered by any claim of U.S. Patent No. 6,505,328.

**REQUEST FOR PRODUCTION NO. 7**:

All documents relating to any invention disclosures from any of the named inventors for U.S. Patent No. 6,505,328.

**REQUEST FOR PRODUCTION NO. 8**:

All documents relating to any advantage or improvement provided by the inventions claimed in each for U.S. Patent No. 6,505,328.

**REQUEST FOR PRODUCTION NO. 9**:

All documents relating to the existence of any problem with which the inventions claimed in U.S. Patent No. 6,505,328 are concerned and any proposed or actual solution thereto.

**REQUEST FOR PRODUCTION NO. 10**:

All documents relating to any long-felt need for the inventions claimed in U.S. Patent No. 6,505,328 and the satisfaction thereof, including all documents relating to any commercial success of the inventions claimed in U.S. Patent No. 6,505,328.

**REQUEST FOR PRODUCTION NO. 11**:

All documents relating to the date when each of the inventions claimed in U.S. Patent No. 6,505,328 began to be developed, including documents sufficient to determine such date.

**REQUEST FOR PRODUCTION NO. 12**:

All documents and tangible things relating to research, development or design of any of the inventions claimed in U.S. Patent No. 6,505,328.

**REQUEST FOR PRODUCTION NO. 13**:

All documents and tangible things relating to the modification, improvement, upgrade, construction, manufacture, assembly or testing of any of the inventions claimed in U.S. Patent No. 6,505,328.

**REQUEST FOR PRODUCTION NO. 14**:

All documents and tangible things relating to the ownership of or interest in U.S. Patent No. 6,505,328, including all assignments, notices or records relating to the assignments, in the PTO or otherwise.

**REQUEST FOR PRODUCTION NO. 15**:

All documents related to prior art cited to, or by, the named inventors for U.S. Patent No. 6,505,328 during the prosecution thereof.

**REQUEST FOR PRODUCTION NO. 16**:

All documents relating to all prior art searches conducted in connection with the prosecution of U.S. Patent No. 6,505,328.

**REQUEST FOR PRODUCTION NO. 17**:

All documents referring or relating to telephone or in person interviews with the PTO examiner for Application 09/300,540.

**REQUEST FOR PRODUCTION NO. 18**:

All documents relating to the prosecution history of U.S. Patent No. 6,505,328.

**REQUEST FOR PRODUCTION NO. 19**:

All documents relating to the conception and/or reduction to practice for the inventions claimed in U.S. Patent No. 6,505,328.

**REQUEST FOR PRODUCTION NO. 20**:

All documents related to the preparation of Application 09/300,540.

**REQUEST FOR PRODUCTION NO. 21**:

All documents relating to any analysis, opinion, construction, or interpretation of any of the claims – or terms within the claims – of Application 09/300,540.

# ATTACHMENT B

## TOPICS FOR TESTIMONY

1.    The prosecution in the PTO of Application 09/300,540, which led to issuance of U.S. Patent No. 6,505,328.

2.    Communications regarding Application 09/300,540.

3.    Foreign patent office counterparts to Application 09/300,540.

4.    Foreign patent office counterparts to U.S. Patent No. 6,505,328

5.    Communications regarding foreign counterparts to U.S. Patent No. 6,505,328 and/or Application 09/300,540.

6.    Any sale, offer for sale, public use or disclosure of any system, hardware, software, product or method covered by any claim of U.S. Patent No. 6,505,328.

7.    All Invention disclosures from any of the named inventors for U.S. Patent No. 6,505,328.

8.    Any advantage or improvement provided by the inventions claimed for U.S. Patent No. 6,505,328.

9.    The existence of any problem with which the inventions claimed in U.S. Patent No. 6,505,328 are concerned and any proposed or actual solution thereto.

10.    Any long-felt need for the inventions claimed in U.S. Patent No. 6,505,328 and the satisfaction thereof, including all documents relating to any commercial success of the inventions claimed in U.S. Patent No. 6,505,328.

11.    The date when each of the inventions claimed in U.S. Patent No. 6,505,328 began to be developed, including documents sufficient to determine such date.

12.    The research, development or design of any of the inventions claimed in U.S. Patent No. 6,505,328.

13.    The modification, improvement, upgrade, construction, manufacture, assembly or testing of any of the inventions claimed in U.S. Patent No. 6,505,328.

14.   The ownership of or interest in U.S. Patent No. 6,505,328, including all assignments, notices or records relating to the assignments, in the PTO or otherwise.

15.   Prior art cited to, or by, the named inventors for U.S. Patent No. 6,505,328 during the prosecution thereof.

16.   All prior art searches conducted in connection with the prosecution of U.S. Patent No. 6,505,328.

17.   All telephone or in person interviews with the PTO examiner for Application 09/300,540.

18.   The conception and/or reduction to practice for the inventions claimed in U.S. Patent No. 6,505,328.

19.   The preparation of Application 09/300,540.

20.   Any analysis, opinion construction, or interpretation of any of the claims – or terms within the claims – of Application 09/300,540.

12303580.1 ATTACHMENTS TO SUBPOENA-PILLSBURY WINTHROP SHAW PITTMAN LLP

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

SYNOPSYS, INC., a Delaware
corporation,

               Plaintiff and
               Counter-Defendant,

    v.

MAGMA DESIGN AUTOMATION, a
Delaware corporation,

               Defendant and
               Counterclaimant.

AND RELATED COUNTERCLAIMS

Case No. 05-701 GMS

**NOTICE OF SUBPOENA IN A CIVIL CASE
TO PILLSBURY WINTHROP SHAW
PITTMAN LLP**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORDS:

PLEASE TAKE NOTICE that Plaintiff Syncopsys, Inc. ("Synopsys") will take the

deposition of Pillsbury Winthrop Shaw Pittman LLP at the office of Dechert LLP, 1117

California Avenue, Palo Alto, CA 94304 on April 18, 2006, commencing at 9:30 a.m., and

continuing from day-to-day until completed, except on Saturdays, Sundays, and holidays.

///

This deposition will be conducted before an officer authorized to administer oaths and will continue from day-to-day until completed.  the testimony at this deposition will be recorded by stenographic and/or videographic means.

March 15, 2006                    DECHERT LLP

Chris Scott Graham
Michael Edelman
John D. van Loben Sels
DECHERT LLP
1117 California Ave.
Palo Alto, CA 94304
Tel:  (650) 813-4800; Fax:  (650) 813-4848

1    **Synopsys, Inc. v. Magma Design Automation**
     **Case No. C.A. No. 04-701 GMS**

2

3                              **PROOF OF SERVICE**

4          I am a citizen of the United States and employed by Dechert LLP in Santa Clara County,

5    California.  I am over the age of eighteen years and not a party to the within-entitled action.  On

6    March 10, 2006, I served in said action a copy of the following document(s):

7                          **SUBPOENA IN A CIVIL CASE**

8    By sending a copy to the addressed as follows:

9

10        Attorneys:                                    Representing:
          L. Scott Oliver, Esq.
11        Pooley & Oliver LLP                           Defendant,
          5 Palo Alto Square, 7th Floor                 Magma Design Automation
12        Palo Alto, CA 94306

13        Service was accomplished as follows:

14        **[X]    By Facsimile**.  On the above date, and at the above business address, I transmitted
     the above document(s) by facsimile transmission machine, whose facsimile transmission machine
15   telephone number is 650-739-7100.  This transmission was reported as complete and without
     error by a properly issued transmission report issued by the facsimile transmission machine,
16   immediately following the transmission.

17        **[X]    By Federal Express Overnight, According to Normal Business Practices.**  On the
     above date, at my place of business at the above address, I sealed the above document(s) in an
18   envelope addressed to the above, and I placed that sealed envelope for collection and mailing
     following ordinary business practices, for deposit with a Federal Express courier.  I am readily
19   familiar with the business practice at my place of business for the collection and processing of
     correspondence for overnight mailing with Federal Express.
20
     I certify and declare under the penalty of perjury under the laws of the State of California that the
21   foregoing is true and correct.

22        Executed on March 15, 2006, at Palo Alto, California.

23

24

25   _____
                              Claudine Guinea
26

27

28

EXHIBIT 2

AO 88 (Rev. 11/94) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

<u>Northern</u> DISTRICT OF <u>California</u>

Synopsys, Inc., a Delaware corporation

## SUBPOENA IN A CIVIL CASE

v.

Magma Design Automation, a Delaware
corporation

Case Number: [1] C.A. No. 04-701 GMS
District of Delaware

TO:  David A. Jakopin
     Pillsbury Winthrop Shaw Pittman LLP
     2475 Hanover Street, Palo Alto, CA 94304-1114

☐   YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to
    testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | **DATE AND TIME** |
|  |  |

☒   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in
    the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
| Dechert LLP, 1117 California Avenue Palo Alto, CA 94304 | April 19, 2006 9:30 a.m. |

☒   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
    place, date, and time specified below (list documents or objects):

*See* Attachment A.

| PLACE | DATE AND TIME |
| --- | --- |
| Dechert LLP, 1117 California Avenue Palo Alto, CA 94304 | April 4, 2006 9:00 a.m. |

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated,
the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| Attorney for Plaintiff Synopsys, Inc. | March 15, 2006 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
John D. Van Loben Sels,Esq., Dechert LLP, 1117 California Avenue
Palo Alto, CA 94304; (650) 813-4800

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

AO 88 (Rev. 11/94) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|

**SERVED**

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                          DATE                                                    SIGNATURE OF SERVER

                                                                          _____
                                                                          ADDRESS OF SERVER

                                                                          _____

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim.

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## ATTACHMENT A

Pursuant to Rules 34 and 45 of the Federal Rules of Civil Procedure, plaintiff SYNOPSYS, INC. ("SYNOPSYS") requests that PILLSBURY WINTHROP SHAW PITTMAN LLP ("PILLSBURY") produce and permit the inspection and copying of the documents or tangible things described below in its possession, custody or control.

### INSTRUCTIONS

1.     Unless otherwise noted, this set of demands requires the production of documents or tangible things that were prepared, created, written, sent, dated or received at any time up to the present.

2.     In producing documents or tangible things pursuant to these demands, PILLSBURY must conform to the requirements of Fed. R. Civ. P. 34(b). This means that PILLSBURY shall produce documents as they are kept in the usual course of business or shall organize and label the documents to correspond with the categories in the document requests.

3.     If PILLSBURY withholds any documents or tangible things under a claim of privilege, please furnish with the response to these demands a privilege and/or redaction log identifying each document or tangible thing for which privilege is claimed, including the following information:

   a.     The date, sender, recipient, and subject matter of the document or tangible thing;

   b.     The basis upon which privilege is claimed; and

   c.     The paragraphs, paragraph or subparts of the demand to which the document or tangible thing corresponds.

### DEFINITIONS

1.     "SYNOPSYS" means plaintiff Synopsys, Inc. and any of its predecessors, successors, assigns, agents, employees, officers, directors, affiliates, partners, subsidiaries,

parent - corporations, investors, attorneys or other persons or entities acting on its behalf.

2.    "MAGMA" means defendant, Magma Design Automation, Inc. and any of its predecessors, successors, assigns, agents, employees, officers, directors, affiliates, partners, subsidiaries, parent - corporations, investors, attorneys or other persons or entities acting on its behalf.

3.    "PILLSBURY" means Pillsbury Winthrop Shaw Pittman LLP and any of its predecessors, successors, assigns, agents, employees, officers, directors, affiliates, partners, subsidiaries, parent corporations, investors, attorneys or other persons or entities acting on its behalf.

4.    "PTO" means the United States Patent and Trademark Office and any employees, representatives or agents thereof.

5.    "DOCUMENTS" means any "writing," as defined by Federal Rule of Evidence 1001, in PILLSBURY'S possession, custody or control (including the original and all non-identical copies thereof) regardless of where located and including, but not limited to, files, file folders, contracts, agreements, financial statements, ledger sheets or other accounting records, loan papers, inventory records, tape recordings, transcripts, drawings, correspondence, communications, reports, studies, summaries, indices, memoranda, calendar or diary entries, handwritten notes, working papers, minutes, agenda, bulletins, notices, announcements, instructions, charts, manuals, brochures, schedules, telegrams, teletypes, films, videotapes, photographs, microfilm or microfiche, letters, faxes, computer records, computer disks, magnetic tape, optical disks, electronic backups, and any other documents or data compilations.

6.    "COMMUNICATION(S)" includes any transfer of information, ideas, opinions or thoughts by any means, written, oral or otherwise, at any time or place under any circumstances. The definition is not limited to transfers between persons but also includes other transfers, such as records and memoranda to file; any written letter, memorandum, or other document which was sent by one or more individuals to another or

others; any telephone call between one or more individual and another or others, whether such call was by chance or prearranged, formal or informal; and any conversation or meeting between one or more individuals and another, whether such contact was by chance or prearranged, formal or informal.

7.     "PRIOR ART" is used as that term is understood in proceedings before the United States Patent and Trademark Office.

8.     "RELATING TO" means constituting, containing, consisting of composing, embodying, referring to, summarizing, discussing, showing, commenting upon, or describing.

9.     "APPLICATION 09/300,540" means application number 09/300,540 filed with the United States patent and Trademark office, including, but not limited to any continuing applications, divisional applications, continuation-in-part applications, or foreign counterparts.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1**:

All documents referring or relating to prosecution in the PTO of Application 09/300, 540, which led to the issuance of U.S. Patent No. 6,505,328.

**REQUEST FOR PRODUCTION NO. 2**:

All documents relating to communications regarding Application 09/300,540 and/or U.S. Patent No. 6,505,328.

**REQUEST FOR PRODUCTION NO. 3**:

All documents relating to foreign patent office counterparts to Application 09/300,540.

**REQUEST FOR PRODUCTION NO. 4**:

All documents referring or relating to foreign patent office counterparts to U.S. Patent No. 6,505,328.

**REQUEST FOR PRODUCTION NO. 5**:

All documents reflecting communications regarding foreign counterparts to U.S. Patent No. 6,505,328 and/or Application 09/300,540.

**REQUEST FOR PRODUCTION NO. 6**:

All documents relating to any sale, offer for sale, public use or disclosure of any system, hardware, software, product or method covered by any claim of U.S. Patent No. 6,505,328.

**REQUEST FOR PRODUCTION NO. 7**:

All documents relating to any invention disclosures from any of the named inventors for U.S. Patent No. 6,505,328.

**REQUEST FOR PRODUCTION NO. 8**:

All documents relating to any advantage or improvement provided by the inventions claimed in each for U.S. Patent No. 6,505,328.

**REQUEST FOR PRODUCTION NO. 9**:

All documents relating to the existence of any problem with which the inventions claimed in U.S. Patent No. 6,505,328 are concerned and any proposed or actual solution thereto.

**REQUEST FOR PRODUCTION NO. 10**:

All documents relating to any long-felt need for the inventions claimed in U.S. Patent No. 6,505,328 and the satisfaction thereof, including all documents relating to any commercial success of the inventions claimed in U.S. Patent No. 6,505,328.

**REQUEST FOR PRODUCTION NO. 11**:

All documents relating to the date when each of the inventions claimed in U.S. Patent No. 6,505,328 began to be developed, including documents sufficient to determine such date.

**REQUEST FOR PRODUCTION NO. 12**:

All documents and tangible things relating to research, development or design of any of the inventions claimed in U.S. Patent No. 6,505,328.

**REQUEST FOR PRODUCTION NO. 13**:

All documents and tangible things relating to the modification, improvement, upgrade, construction, manufacture, assembly or testing of any of the inventions claimed in U.S. Patent No. 6,505,328.

**REQUEST FOR PRODUCTION NO. 14**:

All documents and tangible things relating to the ownership of or interest in U.S. Patent No. 6,505,328, including all assignments, notices or records relating to the assignments, in the PTO or otherwise.

**REQUEST FOR PRODUCTION NO. 15**:

All documents related to prior art cited to, or by, the named inventors for U.S. Patent No. 6,505,328 during the prosecution thereof.

**REQUEST FOR PRODUCTION NO. 16**:

All documents relating to all prior art searches conducted in connection with the prosecution of U.S. Patent No. 6,505,328.

**REQUEST FOR PRODUCTION NO. 17**:

All documents referring or relating to telephone or in person interviews with the PTO examiner for Application 09/300,540.

**REQUEST FOR PRODUCTION NO. 18**:

All documents relating to the prosecution history of U.S. Patent No. 6,505,328.

**REQUEST FOR PRODUCTION NO. 19**:

All documents relating to the conception and/or reduction to practice for the inventions claimed in U.S. Patent No. 6,505,328.

**REQUEST FOR PRODUCTION NO. 20**:

All documents related to the preparation of Application 09/300,540.

**REQUEST FOR PRODUCTION NO. 21**:

All documents relating to any analysis, opinion, construction, or interpretation of any of the claims – or terms within the claims – of Application 09/300,540.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SYNOPSYS, INC., a Delaware corporation,<br><br>        Plaintiff and<br>        Counter-Defendant,<br><br>   v.<br><br>MAGMA DESIGN AUTOMATION, a Delaware corporation,<br><br>        Defendant and<br>        Counterclaimant. | Case No. 05-701 GMS<br><br><br>**NOTICE OF SUBPOENA IN A CIVIL CASE TO DAVID A. JAKOPIN** |
| AND RELATED COUNTERCLAIMS | |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORDS:

PLEASE TAKE NOTICE that Plaintiff Syncopsys, Inc. ("Synopsys") will take the

deposition of David A. Jakopin at the office of Dechert LLP, 1117 California Avenue, Palo

Alto, CA 94304 on April 19, 2006, commencing at 9:30 a.m., and continuing from day-to-day

until completed, except on Saturdays, Sundays, and holidays.

///

This deposition will be conducted before an officer authorized to administer oaths and will continue from day-to-day until completed.  the testimony at this deposition will be recorded by stenographic and/or videographic means.

March 15, 2006                                DECHERT LLP

Chris Scott Graham
Michael Edelman
John D. van Loben Sels
DECHERT LLP
1117 California Ave.
Palo Alto, CA 94304
Tel:  (650) 813-4800; Fax:  (650) 813-4848

**Synopsys, Inc. v. Magma Design Automation**
Case No. C.A. No. 04-701 GMS

**PROOF OF SERVICE**

I am a citizen of the United States and employed by Dechert LLP in Santa Clara County, California. I am over the age of eighteen years and not a party to the within-entitled action. On March 10, 2006, I served in said action a copy of the following document(s):

**SUBPOENA IN A CIVIL CASE**

By sending a copy to the addressed as follows:

| Attorneys: | Representing: |
|---|---|
| L. Scott Oliver, Esq. | Defendant, |
| Pooley & Oliver LLP | Magma Design Automation |
| 5 Palo Alto Square, 7th Floor | |
| Palo Alto, CA 94306 | |

Service was accomplished as follows:

**[X]     By Facsimile**. On the above date, and at the above business address, I transmitted the above document(s) by facsimile transmission machine, whose facsimile transmission machine telephone number is 650-739-7100. This transmission was reported as complete and without error by a properly issued transmission report issued by the facsimile transmission machine, immediately following the transmission.

**[X]     By Federal Express Overnight, According to Normal Business Practices.** On the above date, at my place of business at the above address, I sealed the above document(s) in an envelope addressed to the above, and I placed that sealed envelope for collection and mailing following ordinary business practices, for deposit with a Federal Express courier. I am readily familiar with the business practice at my place of business for the collection and processing of correspondence for overnight mailing with Federal Express.

I certify and declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 15, 2006, at Palo Alto, California.

_____
                          Claudine Guinea

# EXHIBIT 3

AO 88 (Rev. 11/94) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

_____  Western _____ DISTRICT OF __ Texas _____

Synopsys, Inc., a Delaware corporation

## SUBPOENA IN A CIVIL CASE

v.

Magma Design Automation, a Delaware corporation

Case Number:[1] C.A. No. 04-701 GMS
District of Delaware

TO:  Silicon Integration Initiative ("Si2")
     12521 Amherst Drive, Suite 200
     Austin, Texas 78727-4011

☐  YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.    See Attachment B.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Dechert LLP, 106 East Sixth Street, Suite 800 Austin, TX 78701 | April 7, 2006 9:00 a.m. |

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| Dechert LLP, 106 East Sixth Street, Suite 800 Austin, TX 78701 | March 24, 2006 9:00 a.m. |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorneys for Plaintiff Synopsys, Inc. | March 10, 2006 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
John D. van Loben Sels, Dechert LLP, 1117 California Avenue, Palo Alto, CA 943041; (650) 813-4800

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

| Attorney or Party without Attorney: DECHERT LLP 1117 CALIFORNIA AVENUE PALO ALTO, CA 94304 Telephone No: 650-813-4800          FAX No: 650-813-4848 | For Court Use Only |
|---|---|

| Attorney for: Plaintiff | Ref. No. or File No.: 372445.359056 |
|---|---|

Insert name of Court, and Judicial District and Branch Court:

UNITED STATES DISTRICT COURT, WESTERN DISTRICT OF TEXAS

Plaintiff: SYNOPSYS, INC., A DELAWARE CORPORATION

Defendant: MAGMA DESIGN AUTOMATION, A DELAWARE CORPORATION

| **PROOF OF SERVICE SUBPOENA IN A CIVIL** | Hearing Date: Fri, Apr. 07, 2006 | Time: 9:00AM | Dept/Div: | Case Number: C.A. NO. 04-701 GMS |
|---|---|---|---|---|

*1. At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the SUBPOENA IN A CIVIL CASE

3. a. *Party served:*            SILICON INTEGRATION INITIATIVE ("Si2")
   b. *Person served:*          JOANNE PARKS, CFO, AUTHORIZED TO ACCEPT

4. *Address where the party was served:*        12521 AMHERST DRIVE, STE. 200
                                                  AUSTIN, TX 78727

5. *I served the party:*
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: Fri., Mar. 10, 2006 (2) at: 5:00PM
   b. *I received this subpena for service on:*        Friday, March 10, 2006

6. *Witness fees were offered or demanded, and paid:*        $54.00

7. **Person Who Served Papers:**
   a. JERRY MELBER

**A & A LEGAL SERVICE**

1541 Bayshore Hwy.
Burlingame, CA 94010-1602
**(650) 697-9431**

GENERAL@AALEGALSERVICE.COM
**Fax (650) 697-4640**

Recoverable Cost Per CCP 1033.5(a)(4)(B)

   d. **The Fee for Service was:**

   e. I am:
        (i)    Independent Contractor

*8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

Date: Mon, Mar. 13, 2006

**PROOF OF SERVICE SUBPOENA IN A CIVIL**

*Jerry Melber*
(JERRY MELBER)

8134800.28499

## ATTACHMENT A

Pursuant to Rules 34 and 45 of the Federal Rules of Civil Procedure, plaintiff SYNOPSYS, INC. ("SYNOPSYS") requests that SILICON INTEGRATION INITIATIVE ("Si2") produce and permit the inspection and copying of the documents or tangible things described below in its possession, custody or control.

### INSTRUCTIONS

1.      Unless otherwise noted, this set of demands requires the production of documents or tangible things that were prepared, created, written, sent, dated or received at any time up to the present.

2.      In producing documents or tangible things pursuant to these demands, Si2 must conform to the requirements of FRCP 34(b). This means that Si2 shall produce documents as they are kept in the usual course of business or shall organize and label the documents to correspond with the categories in the document requests.

3.      If Si2 withholds any documents or tangible things under a claim of privilege, please furnish with the response to these demands a privilege and/or redaction log identifying each document or tangible thing for which privilege is claimed, including the following information:

a.      The date, sender, recipient, and subject matter of the document or tangible thing;

b.      The basis upon which privilege is claimed; and

c.      The paragraphs, paragraph or subparts of the demand to which the document or tangible thing corresponds.

### DEFINITIONS

1.      "SYNOPSYS" means plaintiff Synopsys, Inc. and any of its predecessors, successors, assigns, agents, employees, officers, directors, affiliates, partners, subsidiaries, parent - corporations, investors, attorneys or other persons or entities acting on its behalf.

2.    "MAGMA" means defendant, Magma Design Automation, Inc. and any of its predecessors, successors, assigns, agents, employees, officers, directors, affiliates, partners, subsidiaries, parent - corporations, investors, attorneys or other persons or entities acting on its behalf.

3.    "Si2" means Silicon Integration Initiative and any of its predecessors, successors, assigns, agents, employees, officers, directors, affiliates, partners, subsidiaries, parent corporations, investors, attorneys or other persons or entities acting on its behalf

4.    "DOCUMENTS" means any "writing," as defined by Federal Rule of Evidence 1001, in Si2'S possession, custody or control (including the original and all non-identical copies thereof) regardless of where located and including, but not limited to, files, file folders, contracts, agreements, financial statements, ledger sheets or other accounting records, loan papers, inventory records, tape recordings, transcripts, drawings, correspondence, communications, reports, studies, summaries, indices, memoranda, calendar or diary entries, handwritten notes, working papers, minutes, agenda, bulletins, notices, announcements, instructions, charts, manuals, brochures, schedules, telegrams, teletypes, films, videotapes, photographs, microfilm or microfiche, letters, faxes, computer records, computer disks, magnetic tape, optical disks, electronic backups, and any other documents or data compilations.

5.    "COMMUNICATION(S)" includes any transfer of information, ideas, opinions or thoughts by any means, written, oral or otherwise, at any time or place under any circumstances. The definition is not limited to transfers between persons but also includes other transfers, such as records and memoranda to file; any written letter, memorandum, or other document which was sent by one or more individuals to another or others; any telephone call between one or more individual and another or others, whether such call was by chance or prearranged, formal or informal; and any conversation or meeting between one or more individuals and another, whether such

contact was by chance or prearranged, formal or informal.

6.    "RELATING TO" means constituting, containing, consisting of composing, embodying, referring to, summarizing, discussing, showing, commenting upon, or describing.

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

All documents referring or relating to "An integrated data model for Hierarchical Design Assembly", May 31, 1996, published jointly by IBM and CFI, www.cfi.org/chdstd/infomodel.html.

### REQUEST FOR PRODUCTION NO. 2:

All documents referring or relating to "CHDStd Information Model Documentation", April 10, 1996, published by www.cfi.org/chdstd/chdsindex.html.

### REQUEST FOR PRODUCTION NO. 3:

All documents referring or relating to the Chip Hierarchical Design System ("CHDS").

### REQUEST FOR PRODUCTION NO. 4:

All documents referring or relating to the design automation standard for Chip Hierarchical Design System Technical Data ("CHDStd").

### REQUEST FOR PRODUCTION NO. 5:

All documents sent to or received from MAGMA.

### REQUEST FOR PRODUCTION NO. 6:

All documents sent to or received from MAGMA that relate to CHDS or CHDStd.

**REQUEST FOR PRODUCTION NO. 7**:

All documents referring or relating to standardization review cycles for CHDS or CHDStd.

**REQUEST FOR PRODUCTION NO. 8**:

All documents referring or relating to workshops held on CHDS or CHDStd.

**REQUEST FOR PRODUCTION NO. 9**:

All documents referring or relating to any integrated, common or unified data model.

**REQUEST FOR PRODUCTION NO. 10**:

All documents referring or relating to any region or area based query of a data model.

**REQUEST FOR PRODUCTION NO. 11**:

All documents referring or relating to Magma.

**REQUEST FOR PRODUCTION NO. 12**:

All documents referring or relating to agreements with Magma.

12292953.1. ATTACHMENTS TO SUBPOENA-SILICON INTEGRATION INITIATIVE

**ATTACHMENT B**

**TOPICS FOR TESTIMONY**

1.  Drafting, receipt, maintenance, and/or storage by Si2 of "An Integrated Data Model for Hierarchical Design Assembly", May 31, 1996, published jointly by IBM and CFI –www.cfi.org/CHDStd/infomodel.

2.  Drafting, receipt, maintenance, and/or storage by Si2 of "CHDStd Information Model Documentation", April 10, 1996, published by CFI - www.cfi.org/CHDStd/chdsIndex.html

3.  The development of, and maintenance of records regarding, the Chip Hierarchical Design System ("CHDS").

4.  The development of, and maintenance of records regarding, the Chip Hierachical design System Technical Data Standard ("CHDStd").

5.  Communications between Si2 and Magma.

6.  Communications between Si2 and Magma relating to CHDS or CHDStd.

7.  Si2's participation in, and maintenance of records regarding, standardization review cycles for CHDS or CHDStd.

8.  Si2's participation in, and maintenance of records regarding, workshops held on CHDS or CHDStd.

9.  The conception, implementation, development and design of CHDS or CHDStd.

10. The use by CHDS or CHDStd of any integrated, common or unified data model, and any region or area based query of a data model.

11. Business relationships or contracts between Si2 and Magma.

**Synopsys, Inc. v. Magma Design Automation**
**Case No. C.A. No. 04-701 GMS**

## PROOF OF SERVICE

I am a citizen of the United States and employed by Dechert LLP in Santa Clara County, California. I am over the age of eighteen years and not a party to the within-entitled action. On March 10, 2006, I served in said action a copy of the following document(s):

### SUBPOENA IN A CIVIL CASE

By sending a copy to the addressed as follows:

| Attorneys: | Representing: |
|---|---|
| L. Scott Oliver, Esq.<br>Pooley & Oliver LLP<br>5 Palo Alto Square, 7th Floor<br>Palo Alto, CA 94306 | Defendant,<br>Magma Design Automation |

Service was accomplished as follows:

**[X]    By Facsimile**. On the above date, and at the above business address, I transmitted the above document(s) by facsimile transmission machine, whose facsimile transmission machine telephone number is 650-739-7100. This transmission was reported as complete and without error by a properly issued transmission report issued by the facsimile transmission machine, immediately following the transmission.

**[X]    By Federal Express Overnight, According to Normal Business Practices.** On the above date, at my place of business at the above address, I sealed the above document(s) in an envelope addressed to the above, and I placed that sealed envelope for collection and mailing following ordinary business practices, for deposit with a Federal Express courier. I am readily familiar with the business practice at my place of business for the collection and processing of correspondence for overnight mailing with Federal Express.

I certify and declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 10, 2006, at Palo Alto, California.

_____
                                                        Claudine Guinea

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SYNOPSYS, INC., a Delaware corporation,<br><br>      Plaintiff and<br>      Counter-Defendant,<br><br>  v.<br><br>MAGMA DESIGN AUTOMATION, a Delaware corporation,<br><br>      Defendant and<br>      Counterclaimant. | Case No. 05-701 GMS<br><br>**NOTICE OF SUBPOENA IN A CIVIL CASE TO SILICON INTEGRATION INITIATIVE** |
| AND RELATED COUNTERCLAIMS | |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORDS:

PLEASE TAKE NOTICE that Plaintiff Syncopsys, Inc. ("Synopsys") will take the

deposition of Silicon Integration Initiative at the office of Dechert LLP, 106 East Sixth Street,

Suite 800, Austin, TX 78701 on April 7, 2006, commencing at 9:00 a.m., and continuing from

day-to-day until completed, except on Saturdays, Sundays, and holidays.

///

This deposition will be conducted before an officer authorized to administer oaths and will continue from day-to-day until completed. the testimony at this deposition will be recorded by stenographic and/or videographic means.

March _____, 2006                DECHERT LLP


_____

Chris Scott Graham
Michael Edelman
John D. van Loben Sels
DECHERT LLP
1117 California Ave.
Palo Alto, CA 94304
Tel:  (650) 813-4800; Fax:  (650) 813-4848