IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SYNOPSYS, INC.,<br>a Delaware Corporation<br><br>      Plaintiff and<br>      Counter-Defendant,<br><br>v.<br><br>MAGMA DESIGN AUTOMATION, INC., a<br>Delaware Corporation<br><br>      Defendant and<br>      Counterclaimant. | C.A. No. 05-701 (GMS) |
| AND RELATED COUNTERCLAIMS | |

**NOTICE OF DEPOSITION OF SYNOPSYS, INC.,
PURSUANT TO FED. R. CIV. P. 30(b)(6)**

NOTICE IS HEREBY GIVEN pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure that defendant and counterclaimant Magma Design Automation, Inc. ("Magma") will take the deposition of Synopsys, Inc. ("Synopsys") on April 6, 2006, upon oral examination to be recorded by audio, video and stenographic means.

The deposition will be conducted in the offices of Pooley & Oliver at 3000 El Camino Real Building 5, 7th floor Palo Alto, CA. 94306, before a notary public or other officer authorized by law to administer oaths. The deposition will begin at 9:00 a.m. and continue from day to day until completed.

Pursuant to Fed. R. Civ. P. 30(b)(6), Synopsys, Inc. is required to designate one or more officers, directors, agents, or other persons to testify on its behalf as to the matters set forth in Attachment A.

-2-

OF COUNSEL:

James Pooley
L. Scott Oliver
Marc D. Peters
Pooley & Oliver LLP
Five Palo Alto Square, 7th Floor
Palo Alto, CA 94306-2121
(650) 739-7000

Dated: March 30, 2006

*/s/ William J. Wade / kef (#4395)*
William J. Wade (#704)
wade@rlf.com
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
(302) 651-7700
Attorneys for Defendant and
Counterclaimant,
Magma Design Automation, Inc.

-2-

## ATTACHMENT A

### DEFINITIONS

A.  As used herein, "Synopsys" means Synopsys, Inc., and all predecessors, successors, partnerships and affiliates thereof, all members, managers, agents, employees, attorneys and other persons acting on its behalf.

B.  As used herein, "Magma" means Magma Design Automation, Inc., and all predecessors, successors, partnerships and affiliates thereof, all members, managers, agents, employees, attorneys and other persons acting on its behalf.

C.  "Patent" means an issued United States patent, and all United States patent applications (without regard to whether the application matured into an issued patent), including parent or related applications, reissue applications, divisional applications, continuations, continuations-in-part, filed in support of or related to any such United States patent.

D.  As used herein, "document" has the same broad meaning as in Federal Rule of Civil Procedure Rule 34. The term includes the original and every non-identical copy or reproduction (whether different from the original because of notes made on said copy or otherwise) in the possession, custody, or control of Synopsys, and further is used in a broad sense to refer to any tangible object or thing that contains, conveys, or records information. The term includes, but is not limited to, any of the items on the following representative list: correspondence, electronic mail, web pages, internal company communications, telegrams, cables, summaries or records of conversations, summaries of interviews or investigations, minutes or records of meetings, books, articles, newspapers, ledger books, books of accounts, invoices, receipts, financial statements, tax returns, memoranda, reports, opinions or reports of consultants or counsel, maps, charts, labels, artwork, photographs, drawings, blueprints, schematics, sketches, tracings, graphs, films, videotapes, microfilm, tape recordings, phone

records, contracts, subcontracts, proposals, requests for proposals, solicitations, competitor analyses, agreements, assignments, licenses, advertisements, promotional literature, sales literature, trade letters, press releases, drafts and revisions of drafts, notes, work papers, diaries, notebooks, data compilations, source code, object code, punch cards, magnetic or optical media, hard or floppy disks, magnetic tape, ROMs, PROMS, EPROMs, printouts, microfiche, research and development samples, prototype devices and production samples. A comment or notation appearing on any "document," and not a part of the original text, is to be considered a separate "document." The term "document" also encompasses tangible things.

    E.    "All documents" means any and all documents that might reasonably be located through a search of all locations reasonably likely to contain documents called for by this Request.

    F.    "And" and "or" shall each be construed conjunctively or disjunctively, whichever makes the request more inclusive.

    G.    "Any" and "all" shall each be construed to mean "each and every," so as to acquire the broadest meaning possible.

    H.    The singular form of a word should be interpreted in the plural as well.

    I.    Any pronoun shall be construed to refer to the masculine, feminine, or neuter gender as in each case is most inclusive.

    J.    "Communication" means any transmission of information by one or more persons and/or between two or more persons by any means including telephone conversations, letters, telegrams, teletypes, telexes, telecopies, electronic mail, other computer linkups, written memoranda, and face-to-face conversations.

    K.    As used herein, "relating" (or "relate" or "relates" or "relating" or "related") to any given subject means identifying, describing, discussing, concerning, assessing, stating,

reflecting, constituting, containing, embodying, tending to support or refute, or referring directly or indirectly to the particular subject matter identified.

L.   "Patent Office" means the United States Patent and Trademark Office and/or any Foreign entity given responsibility by its government for receiving, examining, and/or granting patents or documents embodying equivalent legal rights.

M.   "Infringement" refers to any form of infringement actionable under United States law, including without limitation, direct infringement, contributory infringement, inducement to infringe, literal infringement, and infringement under the doctrine of equivalents.

P.   As used herein, "Present Litigation" refers to the above-captioned action.

Q.   As used herein, "patents-in-suit" means all patents and corresponding applications at issue in the Present Litigation, including United States Patent No. 6,434,733; United States Patent No. 6,766,501; United States Patent No. 6,192,508; United States Patent No. 6,505,328; United States Patent No. 6,519,745; United States Patent No. 6,931,610; United States Patent No.6,857,116; and United States Patent No. 6,954,093.

R.   The term "and/or" should be construed in the way that makes the request at issue most inclusive.

## SUBJECTS OF TESTIMONY

1.   The identity of all computer programs, modules, or subprograms within the Synopsys Galaxy Design Platform, including, but not limited to, Design Compiler (aka "DC") Expert, Design Compiler Ultra, Design Compiler, Module Compiler, Power Compiler, DFT Compiler, DFT Compiler MAX, DFT Compiler SoCBist, DC FPGA, Design Analyzer, HDL Compiler, BSD Compiler, Jupiter XT, IC Compiler, Astro, Physical Compiler, Floorplan Compiler, Jupiter IO, Encore, Astro-Rail, Astro-Xtalk, PathMill, RailMill, Aurora, Raphael, and

-3-

Milkyway (collectively referred to hereinafter as the "Synopsys Products").

2. The physical location of source code repositories for the current version of source code for each of the Synopsys Products.

3. The physical location of at least one current version of source code for each of the Synopsys Products.

4. The identity of all software used to store source code for each of the Synopsys Products.

5. The effort required to make one copy on DVD or removable hard disc drive of the current version of source code for each of the Synopsys Products.

6. All efforts undertaken by Synopsys to search for, collect and copy any source code for production in this litigation following receipt of the letter from James Pooley to Chris Graham dated December 13, 2005.

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 30, 2006, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing, and which has also been served as noted:

**BY HAND**

Karen Jacobs Louden, Esquire
Morris Nichols Arsht & Tunnell
1201 North Market Street
Wilmington, DE 19899

*Kelly E. Farnan*
Kelly E. Farnan (#4395)

DATED: March 30, 2006

RLF1-2995389-1