# EXHIBIT 1

Case 1:05-cv-00701-GMS    Document 59-2    Filed 04/03/2006    Page 1 of 11

AO 88 (Rev. 11/94) Subpoena in a Civil Case

Issued by the
# UNITED STATES DISTRICT COURT

__Western__ DISTRICT OF __Texas__

Synopsys, Inc., a Delaware corporation

### SUBPOENA IN A CIVIL CASE

v.

Magma Design Automation, a Delaware corporation

Case Number:[1] C.A. No. 04-701 GMS
District of Delaware

TO: Sematech
2706 Montopolis Drive
Austin, TX 78741-6694

[ ] YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | DATE AND TIME |

[X] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. See Attachment B.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
| Dechert LLP, 106 East Sixt Street, Suite 800 Austin, TX 78701 | April 25, 2006 9:00 a.m. |

[X] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A.

| PLACE | DATE AND TIME |
| --- | --- |
| Dechert LLP, 106 East Sixt Street, Suite 800 Austin, TX 78701 | April 18, 2006 9:00 a.m. |

[ ] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| Attorneys for Plaintiff Synopsys, Inc. | April 3, 2006 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
John D. van Loben Sels. Esq.
Dechert LLP, 1117 California Avenue, Palo Alto, CA 94304; Telephone: (650) 813-4800

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

AO 88 (Rev. 11/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|

**SERVED**

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim.

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## ATTACHMENT A

Pursuant to Rules 34 and 45 of the Federal Rules of Civil Procedure, plaintiff SYNOPSYS, INC. ("SYNOPSYS") requests that SEMATECH produce and permit the inspection and copying of the documents or tangible things described below in its possession, custody or control.

### INSTRUCTIONS

1. Unless otherwise noted, this set of demands requires the production of documents or tangible things that were prepared, created, written, sent, dated or received at any time up to the present.

2. In producing documents or tangible things pursuant to these demands, SEMATECH must conform to the requirements of FRCP 34(b). This means that SEMATECH shall produce documents as they are kept in the usual course of business or shall organize and label the documents to correspond with the categories in the document requests.

3. If SEMATECH withholds any documents or tangible things under a claim of privilege, please furnish with the response to these demands a privilege and/or redaction log identifying each document or tangible thing for which privilege is claimed, including the following information:

    a. The date, sender, recipient, and subject matter of the document or tangible thing;

    b. The basis upon which privilege is claimed; and

    c. The paragraphs, paragraph or subparts of the demand to which the document or tangible thing corresponds.

### DEFINITIONS

1. "SYNOPSYS" means plaintiff Synopsys, Inc. and any of its predecessors, successors, assigns, agents, employees, officers, directors, affiliates, partners, subsidiaries,

parent - corporations, investors, attorneys or other persons or entities acting on its behalf.

2. "MAGMA" means defendant, Magma Design Automation, Inc. and any of its predecessors, successors, assigns, agents, employees, officers, directors, affiliates, partners, subsidiaries, parent - corporations, investors, attorneys or other persons or entities acting on its behalf.

3. "SEMATECH" means SEMATECH and any of its predecessors, successors, assigns, agents, employees, officers, directors, affiliates, partners, subsidiaries, parent corporations, investors, attorneys or other persons or entities acting on its behalf

4. "DOCUMENTS" means any "writing," as defined by Federal Rule of Evidence 1001, in SEMATECH'S possession, custody or control (including the original and all non-identical copies thereof) regardless of where located and including, but not limited to, files, file folders, contracts, agreements, financial statements, ledger sheets or other accounting records, loan papers, inventory records, tape recordings, transcripts, drawings, correspondence, communications, reports, studies, summaries, indices, memoranda, calendar or diary entries, handwritten notes, working papers, minutes, agenda, bulletins, notices, announcements, instructions, charts, manuals, brochures, schedules, telegrams, teletypes, films, videotapes, photographs, microfilm or microfiche, letters, faxes, computer records, computer disks, magnetic tape, optical disks, electronic backups, and any other documents or data compilations.

5. "COMMUNICATION(S)" includes any transfer of information, ideas, opinions or thoughts by any means, written, oral or otherwise, at any time or place under any circumstances. The definition is not limited to transfers between persons but also includes other transfers, such as records and memoranda to file; any written letter, memorandum, or other document which was sent by one or more individuals to another or others; any telephone call between one or more individual and another or others, whether such call was by chance or prearranged, formal or informal; and any

conversation or meeting between one or more individuals and another, whether such contact was by chance or prearranged, formal or informal.

6. "RELATING TO" means constituting, containing, consisting of composing, embodying, referring to, summarizing, discussing, showing, commenting upon, or describing.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All documents referring or relating to the Chip Hierarchical Design System ("CHDS").

**REQUEST FOR PRODUCTION NO. 2:**

All documents referring or relating to the design automation standard for Chip Hierarchical Design System Technical Data ("CHDStd").

**REQUEST FOR PRODUCTION NO. 3:**

All documents sent to or received from MAGMA.

**REQUEST FOR PRODUCTION NO. 4:**

All documents sent to or received from MAGMA that relate to CHDS or CHDStd.

**REQUEST FOR PRODUCTION NO. 5:**

All documents referring or relating to standardization review cycles for CHDS or CHDStd.

**REQUEST FOR PRODUCTION NO. 6:**

All documents referring or relating to workshops held on CHDS or CHDStd.

**REQUEST FOR PRODUCTION NO. 7:**

All documents referring or relating to any integrated, common or unified data model.

3

**REQUEST FOR PRODUCTION NO. 8:**

All documents referring or relating to any region or area based query of a data model.

**REQUEST FOR PRODUCTION NO. 9:**

All documents referring or relating to Magma.

**REQUEST FOR PRODUCTION NO. 10:**

All documents referring or relating to agreements with Magma.

## ATTACHMENT B
## TOPICS FOR TESTIMONY

1. The development of, and maintenance of records regarding, the Chip Hierarchical Design System ("CHDS").

2. The development of, and maintenance of records regarding, the Chip Hierachical design System Technical Data Standard ("CHDStd").

3. Communications between SEMATECH and Magma.

4. Communications between SEMATECH and Magma relating to CHDS or CHDStd.

5. SEMATECH's participation in, and maintenance of records regarding, standardization review cycles for CHDS or CHDStd.

6. SEMATECH's participation in, and maintenance of records regarding, workshops held on CHDS or CHDStd.

7. The conception, implementation, development and design of CHDS or CHDStd.

8. The use by CHDS or CHDStd of any integrated, common or unified data model, and any region or area based query of a data model.

9. Business relationships or contracts between SEMATECH and Magma.

5

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SYNOPSYS, INC., a Delaware corporation,<br><br>        Plaintiff and<br>        Counter-Defendant,<br><br>   v.<br><br>MAGMA DESIGN AUTOMATION, a Delaware corporation,<br><br>        Defendant and<br>        Counterclaimant. | Case No. 05-701 GMS<br><br>**NOTICE OF SUBPOENA IN A CIVIL CASE TO SEMATECH** |
| AND RELATED COUNTERCLAIMS | |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORDS:

PLEASE TAKE NOTICE that Plaintiff Syncopsys, Inc. ("Synopsys") will take the deposition of Sematech at the office of Dechert LLP, 106 East Sixth Street, Suite 800, Austin, TX 78701 on April 25, 2006, commencing at 9:00 a.m., and continuing from day-to-day until completed, except on Saturdays, Sundays, and holidays.

///

This deposition will be conducted before an officer authorized to administer oaths and will continue from day-to-day until completed. the testimony at this deposition will be recorded by stenographic and/or videographic means.

April 3, 2006            DECHERT LLP

_____
Chris Scott Graham
Michael Edelman
Valerie Wagner
John D. van Loben Sels
DECHERT LLP
1117 California Ave.
Palo Alto, CA 94304
Tel: (650) 813-4800; Fax: (650) 813-4848

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 3, 2006, I served the foregoing document on counsel of record in the manner indicated.

**BY U.S. MAIL**

William J. Wade
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

Pooley & Oliver, LLP
Five Palo Alto Square, 7th Floor
3000 El Camino Real
Palo Alto, CA 94306-2109

_____
John D. van Loben Sels

DATED:    April 3, 2006

10316514.1.LIT