IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SYNOPSYS, INC., a Delaware corporation, | ) ) ) |
| Plaintiff and Counter-Defendant, | ) ) ) ) |
| v. | ) )  C.A. No. 05-701 (GMS) |
| MAGMA DESIGN AUTOMATION, a Delaware corporation, | ) ) ) ) |
| Defendant and Counterclaimant. | ) ) ) |

**PLAINTIFF SYNOPSYS, INC.'S OPPOSITION TO DEFENDANT
MAGMA DESIGN AUTOMATION, INC.'S MOTION FOR LEAVE
TO FILE ITS SECOND AMENDED ANSWER AND COUNTERCLAIMS**

Plaintiff Synopsys, Inc. ("Synopsys") hereby opposes defendant Magma Design Automation, Inc.'s ("Magma") Motion for Leave to File Its Second Amended Answer and Counterclaims ("Motion for Leave") (D.I. 50), pursuant to Federal Rule of Civil Procedure 15(a) and Local Rule 15.1.

INTRODUCTION

In its perfunctory Motion for Leave, Magma seeks to add four new patents with seven new inventors and 110 new claims. Although this would clearly expand exponentially the scope of this action – from a four-patent case (with two of the patents subject to a stay motion) to an eight-patent case – Magma also asks that the Court maintain the current discovery and pretrial schedule. The parties stipulated to this schedule in December 2005 when there were only four patents at issue and Magma's antitrust claims. To make this an eight-patent case while holding Synopsys to a September 2006 discovery cut-off would be manifestly unfair and greatly prejudicial to Synopsys. This is particularly true as Synopsys has been unable to obtain

meaningful information from Magma regarding the basis for its existing claim of infringement of the '328 Patent in over four months. Likewise, it would burden this Court with not only the normal case management issues of a large patent case, but also with the inevitable problems brought on by an unrealistically tight schedule.

Magma would have the Court believe that the parties can litigate these four additional patents under the current schedule because "each [new patent] relates to the same technology already at issue in this case." (D.I. 50 at 2). Magma does not, however, explain how any of the new patents are related to the '328 Patent already at issue. This is not surprising, as even a cursory review of these new patents shows that none of them involve a common database, the subject of the '328 Patent. In fact, none of the four patents pertains to database technology whatsoever. Rather, these patents address technology such as the calculation of capacitances and wire delays in the place and route functions of EDA integrated circuit design systems, and an "abutted-pin" hierarchical physical design process.

Further, Magma offers no justification for its failure to include in its original counterclaim two of the patents which Magma has owned since they issued in 2003 and 2005. Magma's delay is curious as, even with the extra time, Magma failed to conduct a reasonable investigation. Magma's intention to sue Synopsys on these four patents may explain, however, why Magma has been on a fishing expedition since December to obtain all of the source code for Synopsys' Galaxy product line, even though it has been unable to explain the relevance of the vast array of Synopsys source code to the database-related '328 Patent. Magma has instead filed half-cocked on four more patents without any more information than that available on Synopsys' website.

Finally, Magma did not even bother to contact Synopsys concerning this motion until the afternoon it was filed, much less confer in advance with Synopsys regarding the new infringement claims. Even then, Magma did not identify the four patents or confer with Synopsys regarding scheduling issues. Synopsys was unable to evaluate any of the issues in the few hours before Magma filed the motion, and so took no position.

For these reasons, Magma's motion to add four patents on the current schedule should be denied. If the Court is inclined to allow Magma to add the four new patents, Synopsys respectfully requests that the Court order the parties to meet and confer regarding a new scheduling order that will allow for the orderly progression of this case.

## NATURE AND STAGE OF THE PROCEEDING

Synopsis filed this action on September 26, 2005. (D.I. 1). Magma filed its initial Answer and Counterclaims on October 19, 2005. (D.I. 5). Less than a week later, Magma amended its counterclaims to add a claim that Synopsys infringes one of Magma's patents, U.S. Patent No. 6,505,328 (the "'328 Patent"). (D.I. 7 at ¶¶ 127-33).

On March 24, 2006, Magma filed its Motion for Leave (D.I. 50). In addition to the '328 Patent infringement claim, Magma's proposed pleading would add four additional patent infringement claims on U.S. Patent No. 6,519,745 (the "'745 Patent"), U.S. Patent No. 6,931,610 (the "'610 Patent"), U.S. Patent No. 6,857,116 (the "'116 Patent") and U.S. Patent No. 6,854,093 (the "'093 Patent").

## SUMMARY OF ARGUMENT

1.      Magma's request for leave to amend its counterclaims to add infringement claims on four additional patents, while maintaining the same discovery cut-off and other pre-trial deadlines is unreasonable, would burden the Court and would greatly prejudice Synopsys.

2. The four patents that Magma seeks to add to this case are not substantively related to Magma's '328 Patent, which is already in the case.

3. Magma has unreasonably delayed seeking to add claims on the '745 and '610 Patents because Magma has been the registered owner of these patents since before this case began. As with the '328 Patent, Magma purportedly based its new infringement claims on the same types of public Synopsys marketing materials that Magma had at the time it filed its claim on the '328 Patent.

4. Magma did not meet and confer with Synopsys prior to filing this motion on either the subject of the claims it seeks to add, or on the effect this would have on the pretrial schedule agreed upon by the parties in December 2005.

5. In the event the Court grants the Motion for Leave, the Court should order the parties to meet and confer, and if possible stipulate to, a new scheduling order that will allow the parties sufficient time to complete discovery and other matters pertaining to the existing and new claims.

STATEMENT OF FACTS

To date, the parties have exchanged initial disclosures, propounded several rounds of written discovery, served subpoenas and noticed depositions. As this Court is already aware, since early in the discovery process, there has been a dispute concerning Magma's demand that Synopsys produce all of its source code without an adequate explanation of Magma's infringement contentions. Magma even took the position several weeks ago that it did not have to identify the accused products or its infringement contentions until expert reports are served after the close of fact discovery. Magma still has provided only limited information concerning its infringement contentions and has steadfastly refused to explain how so much of Synopsys' source could be relevant to a database patent claim.

4

Rather than notifying Synopsys about is claims of infringement and requesting an inspection of relevant source code, Magma used the '328 Patent as a stalking horse to get the highly confidential Synopsys source code needed for any real investigation of the four additional Magma patents. When that strategy failed, Magma barreled forward with little or no apparent investigation of the basis for its infringement contentions. Facing the March 24 amendment deadline, Magma sought leave to add the new patent claims notwithstanding its obvious lack of investigation. As with Magma's '328 Patent claim, Magma's new claims are based on nothing more than Synopsys' statements in "marketing materials and other papers." (D.I. 50 at 2).

Midday on March 24, 2006 – the deadline for motions to amend the pleadings – counsel for Magma left a voicemail message for Synopsys' counsel indicating that Magma intended to seek leave to add four additional patents. See Declaration of Karen Jacobs Louden ("Louden Decl."), ¶ 2. In this eleventh-hour message, Magma did not even identify the additional patents it intended to introduce into this case. Id. at 3. Counsel did not propose a meet and confer session, but rather advised that he assumed Synopsys would oppose the motion and sought confirmation of that fact. Id. at ¶ 4. As a result of the lack of notice and specificity, Synopsys could neither evaluate Magma's proposal to add the patents claims and the likely affect on the present pretrial schedule, or meet and confer with Magma.

To date, Magma has refused to provide much substantive information regarding its contentions that Synopsys infringes Magma's '328 Patent, including the claims Magma contends are infringed, the allegedly infringing products, or how these products allegedly infringe the claims. The '328 Patent is currently the sole Magma patent in the case and Magma has tried to use its existing allegations of patent infringement to seek extraordinarily invasive discovery into Synopsys' most confidential and proprietary trade secret information concerning an entire

product line. Certainly Magma has given no indication that it will soon reveal the factual basis for its allegations that Synopsys infringes the four proposed additional patents and so presumably plans to use these patents to the same end.

## ARGUMENT

### A.  Legal Standard for This Motion

Magma may further amend its counterclaims "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice requires." FED. R. CIV. P. 15(a). The resolution of Magma's Motion for Leave falls within the Court's sound discretion. Miller Prods. Co., Inc. v. Veltek Assoc., Inc., 218 F.R.D. 425, 426 (D. Del. 2003) (noting that the trial court has the discretion to grant or deny leave to amend any party's pleading under Rule 15(a)). The United States Supreme Court has held that several factors may be considered when applying Rule 15(a), including undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party and futility of amendment. See Foman v. Davis, 371 U.S. 178, 182 (1962).

### B.  The Court Should Deny the Relief Magma Seeks

#### 1.  Synopsys Would Be Substantially Prejudiced Under The Current Stipulated Pretrial Schedule

Allowing Magma to assert four additional patents under the same pretrial schedule would substantially prejudice Synopsys by greatly expanding the proposed scope of discovery without additional time to complete it. Such prejudice justifies denial of Magma's motion given the nature of the relief it seeks. See Barrows v. Forest Labs., Inc., 742 F.2d 54, 58-59 (2d Cir. 1984) (affirming refusal to grant leave to amend where permitting the proposed amendment could significantly expand the scope of discovery); Albert Rolland, S.A. v. SmithKline Beckman

Corp., Civ. A. No. 85-3217, 1989 WL 382, *2 (E.D. Pa. Jan. 3, 1989) (refusing leave to amend where the proposed amendment would prejudice the defendant by substantially expanding the scope of discovery). Magma itself concedes that prejudice to Synopsys "is the touchstone for the denial of an amendment." See D.I. 50 at 3, quoting Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (3d Cir. 1993).

Magma argues that because its motion for leave was filed within the time frame for filing such a motion under the current stipulated pretrial schedule, there can be no prejudice to Synopsys. See D.I. 50 at 3. But Magma provides no support for this argument. Inline Corp. v. Tricon Restaurants Int'l, No. Civ. A 3:00-CIV-0990, 2002 WL 1331885 (N.D. Tex. June 14, 2002), on which Magma relies, has no such holding. Indeed, it is simply illogical to suggest that no matter how sweeping the scope of the proposed amendment, there can be no prejudice if the motion is timely.

The four additional patents that Magma seeks to add have seven different inventors and 110 claims between them. It defies reason to believe that Synopsys will have adequate time in the remaining schedule (with less than six months for fact discovery) to conduct sufficient discovery to defend itself. This is particularly the case as Synopsys has been unable to get Magma to explain its infringement contentions on the '328 Patent thus far and discovery has been in progress for four months.

        2.    **The Four Additional Patents Are Not Closely Related To Magma's '328 Patent**

Despite the extraordinary proposed expansion to Magma's counterclaims, Magma asserts – without explanation – that "it would conserve the parties' and judicial resources to add those four patents to this case and maintain the current stipulated schedule." (D.I. 50 at 2). Magma's statement is wrong in every respect. Contrary to Magma's unsupported assertion, the proposed

7

four additional Magma patents relate to the other Magma patent at issue only at a high level of generality. As do the patents already in the case, the four new patents all involve electronic design automation ("EDA") software. Beyond that, however, a review of the patents quickly reveals that there is little similarity between the specific technologies in Magma's '328 patent and the four additional patents. Thus, the addition of the proposed new patents will most certainly necessitate additional factual investigation and will likely require the retention of additional expert witnesses. Furthermore, written discovery plainly has not yet begun for any of the claims and defenses related to the new patents, and fact discovery is due to close in less than six months.

    3.  Magma Unduly Delayed In Asserting Its New Infringement Claims For Two Of The Additional Patents

  Magma's unexplained delay in bringing this action is additional grounds for denial. Magma has been the assignee of two of the four patents – the '745 and '610 Patents – since long before this action began. Nonetheless, Magma offers no explanation or excuse for its failure to include the '745 Patent and the '610 Patent with its Amended Counterclaims. Nor does Magma argue that Synopsys' production of documents or other Synopsys confidential information led to the discovery of facts warranting the filing of Magma's motion.

  Magma does not explain its failure to include the two additional patents with its first amended counterclaims. Further Magma claims that its infringement contentions are based on Synopsys' alleged marketing materials and other publicly available resources that were equally available before Magma filed its original counterclaims. (D.I. 50 at 2). Under similar circumstances, the Third Circuit has affirmed district court findings of undue delay warranting denial of motions for leave to amend. See Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (3d Cir. 1993); Oran v. Stafford, 226 S. 3d 275, 291 (3d Cir. 2000); see also Miller Prods., 218 F.R.D. at

8

427. Indeed, the <u>Miller Products</u> court faulted the defendant for failing to offer any justification for its six-month delay in bringing in a motion for a leave to amend its counterclaim when it received a notice of allowance for the patent six months earlier. <u>Id</u>. The court went on to cite prejudice to the plaintiff that would ensue if the court allowed the defendant to bring in two new patents as part of its counterclaim. <u>Id</u>.

Under this authority and the situation in this case, the Court should deny Magma leave to amend – at a minimum – with respect to the '745 and '610 Patents.

### 4. Magma Failed To Satisfy Its Meet And Confer Obligations Under The Court's Local Rules

The Court should deny Magma's Motion for Leave on the grounds that Magma failed to satisfy its meet and confer obligations under the Local Rules. Specifically, Local Rule 7.1.1 required Magma to meet and confer with Synopsys prior to filing the Motion for Leave. While Magma did call to advise Synopsys that it intended to file a motion for a leave to amend its counterclaims to add new patents, Magma did not specify the additional patents. <u>See</u> Louden Decl., ¶¶ 2-3. Thus, Synopsys was not given the opportunity to dissuade Magma from filing this motion in the first instance, or to meet and confer meaningfully regarding the impact such an amendment would have on the existing pretrial and trial schedules. Had Magma given Synopsys the opportunity to comment on the Motion for Leave, the motion may have been substantially narrowed or mooted entirely.

### 5. If the Court Allows Magma Leave to Amend, It Should Order that the Parties Meet and Confer on a New Schedule

At a minimum, if the Court is inclined to grant leave to amend, Synopsys respectfully requests that the Court direct the parties to meet and confer regarding a revised discovery and pretrial schedule that takes into account Magma's proposed expansion of this case. Early

9

contention discovery will be particularly critical if the Court permits Magma to add any or all of the four proposed new patents. Synopsys is concerned that Magma's investigation of its potential claims did not meet the requirements of Rule 11 of the Federal Rules of Civil Procedure. In circumstances such as this, where early contention discovery responses are needed to determine the Rule 11 basis for these new Magma claims, Magma must reveal the basis for its claims at a relatively early stage. See Antonius v. Spaulding & Evenflo Cos., 275 F.3d 1066, 1073-74 (Fed. Cir. 2002) (under Rule 11, counsel may not rely solely on the client's lay opinion that a patent is infringed, but "must make a reasonable effort to determine whether the accused device satisfies each of the claim limitations."). Certainly, Magma should already possess such facts if it complied with the Rule 11 pre-filing investigation requirement. See Wesley-Jessen Corp. v. Pilkington Visioncare, Inc., 884 F. Supp. 987, 990 (D. Del. 1994). If Magma is allowed to amend, Synopsys will need sufficient time and opportunity to conduct discovery into the additional patents.

## CONCLUSION

For all the foregoing reasons, Synopsys respectfully requests that the Court deny Magma's motion for leave to file its second amended answer and counterclaims.

        MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Karen Jacobs Louden*
Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
Leslie A. Polizoti (#4299)
klouden@mnat.com
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
  Attorneys for Plaintiff Synopsys, Inc.

OF COUNSEL:

Michael Edelman
Valerie M. Wagner
DECHERT LLP
1117 California Ave.
Palo Alto, CA  94304-
(650) 813-4848

George G. Gordon
DECHERT LLP
Cira Centre
2929 Arch St. 19104-2808
Philadelphia, PA
(215) 261-2382

Rebecca P. Dick
DECHERT LLP
1775 Eye St., N.W.
Washington, DC  20006-2401
(202) 261-3432

April 7, 2006

515138

**CERTIFICATE OF SERVICE**

I certify that on April 7, 2006 I electronically filed the foregoing Plaintiff Synopsis, Inc.'s Opposition to Defendant Magma Design Automation, Inc.'s Motion for Leave to File Its Second Amended Answer and Counterclaims with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to William J. Wade.

I also certify that copies were caused to be served on April 7, 2006 upon the following in the manner indicated:

**BY HAND**

William J. Wade
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE  19899


*/s/ Karen Jacobs Louden*
Karen Jacobs Louden (#2881)