IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SYNOPSYS, INC., a Delaware Corporation, | ) ) ) |
| Plaintiff and Counter-Defendant, | ) ) ) ) |
| v. | ) C.A. No. 05-701 GMS ) |
| MAGMA DESIGN AUTOMATION, a Delaware Corporation, | ) ) ) |
| Defendant and Counterclaimant. | ) ) ) ) |

REPLY BRIEF OF MAGMA DESIGN AUTOMATION, INC.,
IN SUPPORT OF MAGMA'S MOTION FOR LEAVE TO FILE
SECOND AMENDED ANSWER AND COUNTERCLAIMS

OF COUNSEL:
James Pooley
L. Scott Oliver
Marc D. Peters
David Alban
Pooley & Oliver LLP
Five Palo Alto Square, 7th Floor
Palo Alto, CA 94306-2121
(650) 739-7000

William J. Wade (#704)
Wade@rlf.com
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
(302) 651-7700
    Attorneys for Defendant and
    Counterclaimant, Magma Design
    Automation, Inc.

DATED: April 14, 2006

RLF1-3003190-1

Table of Contents

Page

Table of Authorities .................................................................................................................. ii

INTRODUCTION ...................................................................................................................... 1

ARGUMENT .............................................................................................................................. 2

    I. THERE IS NO PREJUDICE TO SYNOPSYS ................................................................ 2

        A. Discovery For All Five Magma Patents Will Overlap ............................................. 2

        B. Synopsys's Case Citations Are Inapposite ................................................................ 5

    II. MAGMA'S MOTION FOR LEAVE TO AMEND IS TIMELY .................................... 6

        A. Magma's Motion Complies With The Court's Scheduling Order ............................ 6

        B. Magma Recently Acquired Two Of the Four Patents It Seeks To Assert ................ 6

        C. Synopsys's Refusal To Produce Its Source Code Created Delay .............................. 7

CONCLUSION ........................................................................................................................... 9

Table of Authorities

Page

## CASES

*Albert Rolland, S.A. v. SmithKline Beckman Corp.*,
No. 85-3217, 1989 WL 382 (E.D. Pa. Jan. 3, 1989 ..................................................... 5

*Barrows v. Forest Labs., Inc.*,
742 F.2d 54 (2d Cir. 1984) ............................................................................................ 5

*Bravman v. Bassett Furniture Indus., Inc.*,
64 F.R.D. 7 (E.D. Pa. 1974) .......................................................................................... 2

*Forman v. Davis*,
371 U.S. 178 (1962) ...................................................................................................... 2

*Jenn-Air Prod. Co. v. Penn Ventilator, Inc.*,
283 F. Supp. 591 (E.D. Pa. 1968) ................................................................................. 8

*Johnson v. Mammoth Recreations*, Inc.,
975 F.2d 604 (9th Cir. 1992) ........................................................................................ 6

*Lorenz v. CSX Corp.*,
1 F.3d 1406 (3d Cir. 1993) ...................................................................................... 2, 8

*Miller Prods. Co. v. Veltek Assoc., Inc.*,
218 F.R.D. 425 (D. Del. 2003) ..................................................................................... 8

*Tefft v. Seward*,
689 F.2d 637 (6th Cir. 1982) ........................................................................................ 6

*U.S. v. Continental Ill. Nat. Bank and Trust Co. of Chicago*,
889 F.2d 1248 (2d Cir. 1989) ....................................................................................... 6

*Wisbey v. American Cmty. Stores Corp.*,
288 F. Supp. 728 (D. Neb. 1968) .................................................................................. 2

## STATUTES

Fed. R. Civ. P. 15(a), 16(e) ................................................................................................ 6

## INTRODUCTION

Synopsys spends the bulk of its argument attacking the adequacy of Magma's infringement contentions on the Magma patent already at issue in this case. But this says nothing about whether adding the related patents would prejudice Synopsys.

Ultimately, Synopsys fails to establish prejudice, and concludes its opposition not by arguing about whether the amendment should be granted, but about whether the case schedule should be changed. That is a question for another day, one that will be better informed after the Court rules on this motion and the parties address what document and deposition discovery actually will be necessary.

Magma acted within the time set by the Scheduling order, and any delay was caused either by the fact that Magma did not yet own the relevant patents, or by Synopsys's refusal to produce its source code as promised. The case is still in its initial stages, and there is no reason to deny the requested amendment.

# ARGUMENT

## I. THERE IS NO PREJUDICE TO SYNOPSYS

Synopsys has the burden to demonstrate that leave to amend should be denied. *See Forman v. Davis*, 371 U.S. 178, 182 (1962). Courts agree that the touchstone issue is whether the opponent will suffer "undue prejudice" from the amendment. *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993). The core of Synopsys's claim of prejudice is that the four new patents have "little similarity" to the '328 patent, and that therefore it would be impossible to conclude adequate discovery in the time remaining. (Opposition at 8.)

### A. Discovery For All Five Magma Patents Will Overlap

The additional patents involve substantially similar technologies, the same parties, the same products, and proof of infringement will derive from the same software—the source code for Synopsys's Galaxy Design Platform software. When, as here, amended claims will rely on the same evidence as the original claims, courts routinely grant leave to amend. *See Wisbey v. American Cmty. Stores Corp.*, 288 F. Supp. 728, 732 (D. Neb. 1968); *see also Bravman v. Bassett Furniture Indus., Inc.*, 64 F.R.D. 7, 10 (E.D. Pa. 1974) (permitting amendment to add additional claim where issues under both arose from same facts).

Synopsys's own publications prove Magma's point. Synopsys describes its circuit design software—including placement, routing, rail analysis, crosstalk signal EM, optimization, etc.—as being supported by its "Milkyway Database." Similarly, it describes its "Jupiter XT" software as also relying upon the Milkyway database. The following images and text come from Synopsys publications attached to the Gaza Declaration filed concurrently herewith. (Gaza Declaration Exs. 1 & 2.)[1]

---

[1] Citations to "Gaza Declaration Ex. __" are to the Declaration of Anne Shea Gaza, dated April 14, 2006, filed contemporaneously herewith.



Magma's '328 patent already at issue in this action involves the interaction between the Milkyway common database and the Galaxy Design Platform software tools (including placement, routing, rail analysis, Jupiter, and the like). Infringement will be proved with the source code for the Galaxy software tools and the Milkyway database.

For the four additional patents at issue in this motion, infringement will be proved by a subset of the *same* Galaxy software tools. Two of the patents go to capacitance and congestion—issues arising in physical design (which includes "placement" and "routing"). The other two patents go to pin assignment, which is handled in Synopsys's software by the "Jupiter" program. The arrows in the following images highlight the portions of the Synopsys Galaxy software likely to be relevant to the four additional patents:



In short, there is near-complete overlap between the source code Magma will use to prove infringement of the '328 patent (all of the Synopsys software that interacts with the Milkyway database) and infringement of the additional four patents (the placement, routing, and "Jupiter" software). Adding these patents to the case allows the parties to combine the discovery and expert analysis relevant to the '328 patent with that relevant to the four new patents, requires educating only one jury about EDA software—and specifically Synopsys's Galaxy Design Platform, permits that jury to determine infringement by the same software of all five patents, and enables the Court to have a single Markman hearing on EDA technology. To try the additional patents separately from the '328 would be impractical and waste judicial resources. There will of course be

some additional discovery necessary with the new patents, addressing different prior art and taking depositions of the additional inventors. But Synopsys never explains why that cannot be done in the nearly *six months* of fact discovery and *twelve months* of expert discovery that remain. The parties are still in the initial phase of written discovery, few documents have been produced by either party,[2] and not a single deposition has been taken. In light of the overlap between the discovery needed for the '328 patent and that needed for the four new patents, the remaining discovery period should be more than enough.

### B. Synopsys's Case Citations Are Inapposite

The cases cited by Synopsys on prejudice do not help it demonstrate prejudice. In *Barrows v. Forest Labs., Inc.*, 742 F.2d 54, 57-58 (2d Cir. 1984), the Court denied a motion for leave to amend because the plaintiff sought to change its theory of the case, leading to a massive expansion in the scope of discovery—after substantial discovery had been completed in the year and a half since the original filing. Moreover, the plaintiff's new damage theory was described by the court as "coercive," "a windfall," and contrary to law. *Id.*

Similarly, in *Albert Rolland, S.A. v. SmithKline Beckman Corp.*, No. 85-3217, 1989 WL 382, at *2 (E.D. Pa. Jan. 3, 1989), the court denied leave to amend because fact discovery was already essentially complete, three and a half years had passed since the original filing, and the plaintiff sought to open discovery on third-party documents it had previously stipulated were "irrelevant to this lawsuit." *Id.*

Here, the vast majority of discovery remains to be done, and the same discovery relevant to infringement of the '328 Patent will be relevant to infringement of the additional patents. That Synopsys would prefer to avoid dealing with these additional

---

[2] Synopsys's production to date consists entirely of Magma documents already produced by Magma in the California action.

patents is not relevant, because it will face them eventually in some forum. It makes sense and will conserve judicial resources to include them here, where ample time remains, the technology overlaps, and the discovery overlaps.

## II.  MAGMA'S MOTION FOR LEAVE TO AMEND IS TIMELY

Leave to amend should be "freely given," Fed. R. Civ. P. 15(a), and indeed many courts hold that delay alone is not a sufficient basis to deny leave. *See, e.g., U.S. v. Continental Ill. Nat. Bank and Trust Co. of Chicago*, 889 F.2d 1248, 1255-56 (2d Cir. 1989); *Tefft v. Seward*, 689 F.2d 637, 639-40 (6th Cir. 1982). Synopsys's arguments on delay ignore three critical issues: first, the Scheduling Order anticipated the timing of this motion; second, Magma acquired two of the additional patents only in the month preceding the motion; and third, Synopsys has failed to produce its source code, originally promised by mid-January critical evidence to confirming the nature and extent of infringement.

### A.   Magma's Motion Complies With The Court's Scheduling Order

A pretrial scheduling order "controls the subsequent order of the action." Fed. R. Civ. P. 16(e); *see also Johnson v. Mammoth Recreations*, Inc., 975 F.2d 604, 608-09 (9th Cir. 1992) (denying motion to amend made *after* deadline in scheduling order). Synopsys agreed to the present schedule which set the last date to seek amendment as March 24, 2006. Magma's motion was filed at the time agreed to by Synopsys.

### B.   Magma Recently Acquired Two Of the Four Patents It Seeks To Assert

As Synopsys concedes in its Opposition, (*see* Opposition at 8), two of the patents at issue in this motion, the '093 and '116 patents, were not owned by Magma until early March, 2006, when Magma acquired Reshape, Inc. Once the acquisition was completed,

Magma promptly moved to amend its pleadings. Presenting all of the additional patents in a single motion is obviously more convenient for the Court as well as the parties.

### C.  Synopsys's Refusal To Produce Its Source Code Created Delay

Synopsys's opposition ignores the impact of its ongoing refusal to produce source code for its Galaxy Design Platform software, thereby interfering with Magma's efforts to confirm additional infringement claims. As the Court is aware, the parties have already held one discovery conference (on March 15, 2006) about the Synopsys source code, and the Court ordered the parties to meet and confer without conditions that Synopsys had sought to impose. Those meet and confer efforts have failed, and Magma has scheduled a second discovery conference on the Galaxy source code issue for April 21, 2006.

Magma agreed last December that Synopsys could use for this case the Magma source code produced in the California litigation, on the condition that Synopsys produce its source code promptly. (Gaza Declaration Ex. 3). Believing Synopsys would comply with its agreement to make its code available by mid-January, Magma expected to use it to confirm suspected infringement of the '610 and '745 patents.

But Synopsys failed to produce its source code, and when the deadline for amendments became imminent, Magma was forced to rely for its infringement analysis solely on Synopsys' public statements about its software. In effect, by withholding the Galaxy Design Platform source code central to this case, Synopsys is playing "heads I win, tails you lose." Synopsys argues that leave to amend should be denied because Magma's assertion of the new patents is "based on nothing more than Synopsys' statements in 'marketing materials and other papers,'" and that Magma should use Synopsys's source code "for any *real investigation* of the four additional Magma patents." (Opposition at 5 (emphasis added))—yet to this day it still refuses to produce that source code.

Synopsys cannot have it both ways. If it had produced the source code in mid-January as it agreed, Magma would have had time to analyze the code, confer with Synopsys, and file this motion a month (or perhaps even two) earlier. But instead Magma was forced to wait—hoping the parties could resolve their dispute about production—and ultimately to rely on Synopsys's public statements about its software.[3] The "delay" that Synopsys decries was of its own making.

The cases cited by Synopsys on delay are not apposite. For example, in *Lorenz v. CSX Corp.*, at 1414, the appellate court held that denial of a motion for leave to amend was not an abuse of discretion because the motion came ***three years*** after the original complaint was filed. (The court also found it significant that the new allegations merely repeated the old ones, and to the extent they did not, they would have been futile. *Id.*)

Similarly, in *Miller Prods. Co. v. Veltek Assoc., Inc.*, 218 F.R.D. 425, 427 (D. Del. 2003), the Court denied a motion for leave to amend because discovery had already closed, trial was set to begin in four months, all case-dispositive motions were due within a week, and the plaintiff had inexplicably delayed six months before bringing its motion. *Id.*[4]

Finally, Synopsys's argument about impact on the present case schedule is premature and speculative. If the Court grants leave, the parties will be able to confer about what depositions need to be set in the next six months; if they are unable to agree

---

[3] Synopsys's argument that this motion could "may have been substantially narrowed or mooted entirely" if Magma had spent more time meeting and conferring about the amendment (Opposition at 9) is hardly credible under the circumstances, and is also ironic, given its continuing refusal to provide basic discovery that would have helped inform the motion.

[4] Even if Synopsys could show unexplained delay—and it has not—case authority would still support granting this motion. *See, e.g., Jenn-Air Prod. Co. v. Penn Ventilator, Inc.*, 283 F. Supp. 591, 594 (E.D. Pa. 1968) (permitting plaintiff to amend to add additional patents, despite delay, where patents were related, trial was still months away, and if motion had been denied plaintiff could have filed a separate action).

on how to do this, they may return to the Court to discuss scheduling. But that has no bearing on whether the amendment should be permitted.

### CONCLUSION

Synopsys's Opposition fails to demonstrate "undue prejudice" from the amendment. The motion was filed within the time established by the Scheduling Order, and such minimal delay as occurred was caused largely by Synopsys's own failure to produce its source code. Magma respectfully requests that its motion be granted.

OF COUNSEL:
James Pooley
L. Scott Oliver
Marc D. Peters
David Alban
Pooley & Oliver LLP
Five Palo Alto Square, 7th Floor
Palo Alto, CA 94306-2121
(650) 739-7000

DATED: April 14, 2006

/s/ William J. Wade / Anne Shea Gaza
William J. Wade (#704)  (#4093)
Wade@rlf.com
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
(302) 651-7700
  Attorneys for Defendant and
  Counterclaimant, Magma Design
  Automation, Inc.

## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 14, 2006, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing, and which has also been served as noted:

### BY HAND

Karen Jacobs Louden, Esquire
Morris Nichols Arsht & Tunnell
1201 North Market Street
Wilmington, DE  19899

*/s/ Anne Shea Gaza*
Anne Shea Gaza  (#4093)

DATED:  April 14, 2006

RLF1-2995389-1