IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SYNOPSYS, INC.,                                  ) | |
|                                                 ) | |
|              Plaintiff,                         ) | |
|                                                 ) | |
|       v.                                        ) | |
|                                                 ) | |
| MAGMA DESIGN AUTOMATION,         ) | |
|                                                 ) | |
|              Defendant.                       ) | |
|                                                 ) | C.A. No. 05-701 (GMS) |
|                                                 ) | |
| MAGMA DESIGN AUTOMATION,         ) | |
|                                                 ) | |
|              Counter Claimant,            ) | |
|                                                 ) | |
|       v.                                        ) | |
|                                                 ) | |
| SYNOPSYS, INC.,                               ) | |
|                                                 ) | |
|              Counter Defendant.          ) | |

**<u>MEMORANDUM</u>**

## I.      INTRODUCTION

In the above-captioned action, Plaintiff and Counter Defendant Synopsys, Inc. ("Synopsys")

alleges three counts of patent infringement in violation of 35 U.S.C.A. § 271 (2001 & Supp. 2005)

against Defendant and Counter Claimant Magma Design Automation ("Magma").  In its first

amended answer, Magma alleges against Synopsys one count of monopolization (Count I) and one

count of attempted monopolization (Count II), both in violation of Section 2 of the Sherman Act,

15 U.S.C.A. § 2 (Supp. 2005), one count of product disparagement and trade libel (Count III) in

violation of Section 43(a) of the Lanham Act, 15 U.S.C.A. § 1125(a) (1998 & Supp. 2005), one

count of statutory unfair competition (Count IV) in violation of the Delaware Deceptive Trade

Practices Act, Del. Code. Ann. tit. 6, §§ 2531, *et seq.* (1999), one count of unfair competition (Count V) and one count of tortious interference with business relations (Count VI), both in violation of Delaware common law, and one count of patent infringement (Count VII). Presently before the court are Synopsys' motion to dismiss Counts I-VI of Magma's first amended answer (D.I. 9), Synopsys' motion to bifurcate and stay (D.I. 31), and Magma's motion for leave to file a second amended answer to include four additional patent infringement counterclaims (D.I. 50).

## II.    JURISDICTION

The court has subject matter jurisdiction pursuant to 28 U.S.C.A. §§ 1331, 1367 (1993).

## III.    BACKGROUND

According to the first amended answer, the patents at issue in this case relate to improvements in computer software used to design extremely complex integrated circuits. In general, such software translates a user's high-level description of the circuit he or she has designed and wishes to implement into a low-level description of the necessary components. This translation process is known as logic synthesis. The software then engages in a process known as physical design, in which the actual circuit layout and interconnections are determined. Eventually (after several steps irrelevant to this discussion) the newly-designed circuit is manufactured and ready for testing. The testing process typically requires the insertion of "scan chains" into the low-level description produced during logic synthesis. These scan chains consist of interconnected storage elements capable of being read from and written to during testing.

Magma alleges that Synopsys has a 91% share in both the logic-synthesis market and the scan-chain insertion market, which are monopolies Synopsys procured and maintains through anti-competitive conduct. More specifically, Magma contends that two of the patents asserted by

Synopsys in this case were obtained by fraudulent means, and that Synopsys has attempted to create exclusive-dealing contracts with Magma's customers.   Magma further alleges that Synopsys has engaged in a public campaign of disparagement by falsely claiming that Magma sells infringing products, and that Magma cannot afford to both defend itself in court and remain solvent.

## IV.   DISCUSSION

### A.   Motion to Dismiss

"When considering a Rule 12(b)(6) motion, [the court is] required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  *Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005).  "A Rule 12(b)(6) motion should be granted 'if it appears to a certainty that no relief could be granted under any set of facts which could be proved.'"  *Id.* at 351 (quoting *D.P. Enter. Inc. v. Bucks County Cmty. Coll.*, 725 F.2d 943, 944 (3d Cir. 1984)).  "However, [the] court need not credit either 'bald assertions' or 'legal conclusions' in a complaint when deciding a motion to dismiss." *Evancho*, 423 F.3d at 351.

### 1.   Sherman Act (Counts I & II)

Synopsys argues that Magma's monopolization and attempted monopolization claims under Section 2 of the Sherman Act should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because they are unsupported by adequate factual allegations.  In particular, Synopsys contends that the first amended answer fails to allege "antitrust injury," which, according to Synopsys, requires "harm to competition in the marketplace," and a causal connection between that harm and the anti-competitive activities.

In *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, the Supreme Court explained:

> "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (footnote omitted). And in antitrust cases, where "the proof is largely in the hands of the alleged conspirators," *Poller v. Columbia Broadcasting*, 368 U.S. 464, 473 (1962), dismissals prior to giving the plaintiff ample opportunity for discovery should be granted very sparingly.

425 U.S. 738, 746 (1976). In this case, the clear import of Magma's allegations is that Synopsys, with a 91% share in both relevant markets, is acting anti-competitively by using the patent system and exclusive-dealing contracts to run a competitor, *i.e.*, Magma, out of business. If Synopsys is successful, Magma contends that there will be a decrease in competition because significant barriers to entry prevent would-be competitors from replacing the void left by Magma. These allegations are sufficient to state a claim under Section 2 of the Sherman Act. *Gill v. Del. Park, L.L.C.*, 294 F. Supp. 2d 638, 644 (D. Del. Dec. 2, 2003) (explaining that "the anti-trust injury requirement is sufficiently pled where plaintiff alleges that he was excluded from participation in a particular market, and the result was a decrease in competition in that market").

### 2.    Lanham Act (Count III)

Synopsys argues that Magma's Lanham Act claim is subject to the heightened pleading requirements of Rule 9(b), which provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). However, the "state of the law [is unsettled] as to whether Rule 9(b) was intended to incorporate claims brought under the Lanham Act." *H.H. Fluorescent Parts, Inc. v. DM Tech. & Energy, Inc.*, No. 04-1997, 2005 U.S. Dist. LEXIS 26699, at *13 (E.D. Pa. Nov. 3, 2005). If Count III is not subject to the heightened pleading requirements of Rule 9(b), then Magma's allegations need only satisfy the notice pleading requirements of Rule 8(a).

The purpose of "Rule 9(b) [is] to give defendants 'notice of the claims against them, provide[] an increased measure of protection for their reputations, and reduce[] the number of frivolous suits brought solely to extract settlements.'" *In re Suprema Specialties, Inc. Sec. Litig.*, 438 F.3d 256, 270 (3d Cir. 2006) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1418 (3d Cir. 1997)). Here, none of these purposes would be served by requiring Magma to satisfy the pleading requirements of Rule 9(b). The Lanham Act claim in this case is one of seven claims Magma brought in response to a suit originally filed by Synopsys. Thus, this is not a case in which the court must protect Synopsys against a "frivolous suit brought *solely* to extract a settlement." Moreover, the need to provide increased protection for Synopsys' reputation is not as crucial in this case because Count III was brought as a means of protecting Magma's reputation. Finally, even if Magma's pleadings do not specify the "who, when, and where" of Synopsys' allegedly damaging statements, that problem is easily cured in discovery. Therefore, the court holds that the heightened pleading requirements of Rule 9(b) are not applicable in this context.

"Under the Lanham Act a plaintiff must allege that: (1) defendant made false or misleading statements as to its product, or those of the plaintiff; (2) there was actual deception or at least a tendency to deceive a substantial portion of the intended audience; (3) the deception was material in that it is likely to influence purchasing decisions; (4) the advertised goods traveled in interstate commerce; and (5) there is a likelihood of injury to the plaintiff in terms of declining sales, loss of good will, etc." *Enzo Life Scis., Inc. v. Digene Corp.*, 295 F. Supp. 2d 424, 427 (D. Del. Mar. 31, 2003). However, the required level of specificity with which each element must be pleaded is not high because Rule 8 only requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The first two elements are adequately pleaded by the

allegation that Synopsys, knowing its patents were obtained by fraudulent means, engaged in a public campaign of disparagement by falsely claiming that Magma sells infringing products, and that Magma cannot afford to both defend itself in court and remaining solvent. The third element (materiality) and the fifth element (injury) are adequately pleaded by the allegation that Synopsys' campaign of disparagement has damaged Magma. And the fourth element (interstate commerce) is explicitly pleaded in paragraph 156 of the first amended answer. Thus, Magma has met the requirements of Rule 8 with regard to its Lanham Act claim.

### 3.      State Law Claims (Counts IV, V & VI)

Synopsys argues that the court has no subject matter jurisdiction pursuant to 28 U.S.C.A. § 1367 over Magma's state law claims if Counts I-III are dismissed. However, because those counts will not be dismissed at this time, the court retains jurisdiction over Counts IV-VI.

### B.      Motion to Bifurcate and Stay

"The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim . . . ." Fed. R. Civ. P. 42(b). "[T]he decision to bifurcate *vel non* is a matter to be decided on a case-by-case basis and must be subject to an informed discretion by the trial judge in each instance." *Lis v. Robert Packer Hosp.*, 579 F.2d 819, 824 (3d Cir. 1978).

Synopsys argues that the court should bifurcate the antitrust claims from the infringement claims because other courts routinely do so. This argument runs contrary to the guiding principle enunciated in *Lis*. There, the district court had simply followed its customary practice of separating the liability and damages phases in negligence cases without considering the unique circumstances of the negligence case at bar. On appeal, the Third Circuit held that this methodology ran afoul of

Rule 42(b): "A general policy of a district judge bifurcating all negligence cases offends the philosophy that the decision must be made by a trial judge only as a result of an informed exercise of discretion *on the merits of each case*." *Lis*, 579 F.2d at 824 (emphasis added). Therefore, although the routine practice of other courts may indicate that "experience has demonstrated [the] worth" of bifurcation in these circumstances, Fed. R. Civ. P. 42 advisory committee's note, the court's decision in this case will be guided first and foremost by the merits of this case.

With that principle in mind, the court is not convinced that bifurcation of the antitrust claims from the infringement claims is necessary to prevent jury confusion. In this court's experience, jurors are quite adept at comprehending and adhering to the instructions they are given, even in the most complex factual and legal scenarios. Therefore, the court will not pre-judge the yet-unnamed jurors by assuming they are unable to digest the facts and law in this case. Moreover, the court is confident that the experienced attorneys handling this case will craft cogent presentations to aid the jury in this process. The court is further unpersuaded by Synopsys' contention that bifurcation would serve the interest efficiency. Magma's antitrust claims are based in part on the allegation that Synopsys fraudulently-obtained two of its patents and asserted them against Magma in violation of Section 2 of the Sherman Act. Synopsys' alleged fraud is also a centerpiece of Magma's invalidity claims. Thus, were the court to bifurcate, the evidentiary presentation in one case would likely be substantially duplicative of the evidentiary presentation in the other. In addition, bifurcation would likely create further duplication of evidence because both juries would need to be educated in the same relevant technology. Accordingly, the court concludes that neither jury confusion nor efficiency weigh in favor of bifurcating the antitrust claims from the infringement claims.

Synopsys also argues that the antitrust claims should be stayed until the infringement claims

are resolved mainly because resolution of the infringement claims could streamline subsequent adjudication of the antitrust claims. Assuming *arguendo* that the litigation could be streamlined in this way, it is telling that Synopsys does not propose to shorten the number of days allocated for trial in the event that a stay is granted. Thus, even if the court stays the antitrust claims, the minimum amount of time allocated to try this case does not decrease. Consequently, it appears that a stay only has the potential to consume *more* of this court's valuable time. Therefore, the court will not stay the antitrust portion of this action.

For similar reasons, the court also declines to stay Synopsys' infringement claims pending re-examination by the PTO. The validity of the asserted patents will be litigated regardless of whether a stay is granted because that issue is relevant to Magma's Sherman Act claims. The most efficient course of action, then, is to also litigate infringement in order to capitalize on the jury's understanding of the relevant technology. Thus, the court will deny Synopsys' motion in its entirety.

### C.      Motion to Amend

Pursuant to the court's scheduling order of December 28, 2005, the deadline for amended pleadings is March 24, 2006. On that date – March 24 – Magma timely filed a motion for leave to amend its first amended answer to include four additional counterclaims for patent infringement. "[A] party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*,

371 U.S. 178, 182 (1962).

Synopsys' primary basis for opposing Magma's motion is that fact discovery is scheduled to close on September 26, 2006, thus giving the parties less than six months to both conclude discovery on the claims already in the case, and to conduct full discovery on the four additional patent infringement claims. However, trial in this case is not scheduled to begin until June 11, 2007, which should give the parties ample time to conduct additional discovery beyond September 26 without disturbing the trial date. Thus, the court will grant the motion and order the parties to meet and confer regarding an amendment to the court's scheduling order.[1]

## V.      CONCLUSION

For the reasons stated, the court will deny the motion to dismiss, deny the motion to bifurcate and stay, and grant the motion to amend. The court will further order the parties to meet and confer to regarding an amendment to the court's scheduling order.

Dated: May 25, 2006                                          /s/ Gregory M. Sleet
                                                             UNITED STATES DISTRICT JUDGE

---

[1]Synopsys claims that Magma's four additional patents are not sufficiently similar to the technology at issue in this case to justify their inclusion. However, Synopsys merely proposes that "a review of the patents quickly reveals that there is little similarity" among the patents. (D.I. 63 at 8.) In this lay court's opinion, a review of the patents quickly reveals enough similarity among the patents to justify including them in this lawsuit.

9

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| _____ )<br>SYNOPSYS, INC.,                                     )<br>                                                        )<br>            Plaintiff,                                )<br>                                                        )<br>      v.                                                )<br>                                                        )<br>MAGMA DESIGN AUTOMATION,     )<br>                                                        )<br>            Defendant.                            )<br>_____ )<br>                                                        )<br>MAGMA DESIGN AUTOMATION,     )<br>                                                        )<br>            Counter Claimant,                 )<br>                                                        )<br>      v.                                                )<br>                                                        )<br>SYNOPSYS, INC.,                                  )<br>                                                        )<br>            Counter Defendant.             )<br>_____ ) | C.A. No. 05-701 (GMS) |

**<u>ORDER</u>**

IT IS HEREBY ORDERED THAT:

1.    The motion to dismiss (D.I. 9) be DENIED;

2.    The motion to bifurcate and stay (D.I. 31) be DENIED;

3.    The motion to amend (D.I. 50) be GRANTED; and

4.    The parties MEET and CONFER regarding the scheduling order.


Dated: May 25, 2006                          /s/ Gregory M. Sleet_____
                                                        UNITED STATES DISTRICT JUDGE