**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

SYNOPSYS, INC.,
a Delaware Corporation,

Plaintiff and
Counter-Defendant,

v.

MAGMA DESIGN AUTOMATION,
a Delaware Corporation,

Defendant and
Counterclaimant.

AND RELATED COUNTERCLAIMS.

C.A. No. 05-701 GMS

**MAGMA DESIGN AUTOMATION, INC.'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO STRIKE, DISMISS, AND/OR SEVER AND STAY SYNOPSYS'S ALLEGATIONS AND AFFIRMATIVE DEFENSES**

FISH & RICHARDSON P.C.

William J. Marsden, Jr. (#2247) (marsden@fr.com)
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114
Telephone: (302) 652-5070

Katherine Kelly Lutton
Tamara Fraizer
500 Arguello St., Suite 500
Redwood City, CA 94063

Attorneys for Defendant and Counterclaimant,
Magma Design Automation, Inc.

OF COUNSEL:

James Pooley
L. Scott Oliver
Marc D. Peters
Pooley & Oliver LLP
Five Palo Alto Square, 7th Floor
Palo Alto, CA 94306-2121
(650) 739-7020

# TABLE OF CONTENT


Page

INTRODUCTION ....................................................................................................1

FACTUAL BACKGROUND ....................................................................................2

ARGUMENT ....................................................................................................5

I. THE DISPUTED ALLEGATIONS SHOULD BE STRICKEN BECAUSE THEY ARE IMMATERIAL AND IMPERTINENT TO THE ISSUES IN THIS CASE ....................................................................................................5

II. SYNOPSYS'S UNCLEAN HANDS AND EQUITABLE ESTOPPEL DEFENSES SHOULD BE STRICKEN OR DISMISSED BECAUSE SYNOPSYS PLEADS NO FACTS SUPPORTING THOSE DEFENSES .............7

A. Synopsys Cannot Assert An Unclean Hands Affirmative Defense ..............8

1. Unclean hands fails as a defense to Magma's antitrust claims ...............8

a. Unclean hands is unavailable in antitrust cases ...............................8

b. Synopsys has not alleged facts that establish an immediate and necessary relation to the equity Magma seeks ..........................9

i. The Disputed Allegations do not establish the requisite "immediate and necessary relation ..............................................9

ii. Synopsys alleges no other unconscionable acts by Magma relevant to an unclean hands defense ..........................................10

2. Synopsys's unclean hands defense fails as a defense to Magma's patent claims ....................................................................................10

B. Synopsys's "Equitable Estoppel" Affirmative Defense Also Fails As A Matter Of Law ....................................................................................11

III. RETRYING THE CALIFORNIA ACTION BEFORE THIS COURT WOULD BE PREJUDICIAL TO MAGMA ..................................................................12

**TABLE OF AUTHORITIES**

**Page**

*A.C. Auckerman Co. v. R.L. Chaides Construction Co.*,
960 F.2d 1020 (Fed. Cir. 1992)....................11

*AFC Industries, Inc. v. Guinn*,
384 F.2d 15 (5th Cir. 1967)....................13

*Bubis v. Blanton*,
885 F.2d 317 (6th Cir. 1989)....................8

*Chrysler Corp. v. General Motors Corp.*,
596 F. Supp. 416 (D.D.C. 1984)....................8, 9

*Consolidated Aluminum Corp. v. Foseco*,
910 F.2d 804 (Fed. Cir. 1990)....................10

*Evancho v. Fisher*,
423 F.3d 347 (3d Cir. 2005)....................7

*Fleischer v. A.A.P., Inc.*,
180 F. Supp. 717 (D. Pa. 1958)....................5

*France Telecom S.A. v. Novell, Inc.*,
No. 02- 437-GMS, 2002 U.S. Dist. LEXIS 19967 (D. Del. 2002)....................7

*Heller Financial Inc. v. Midwhey Powder Co., Inc.*,
883 F.2d 1286 (7th Cir. 1989)....................5

*Honeywell International, Inc. v. Universal Avionics System, Corp.*,
398 F. Supp. 2d 305 (D. Del. 2005)....................7

*Keystone Driller Co v. General Excavator Co.*,
290 U.S. 240 (emphasis added)....................8, 10

*Kiefer-Stewart Co. v. Joseph E. Seagram & Sons, Inc.*,
340 U.S. 211 (1951), *overruled on other grounds* by
*Copperweld Corp. v. Independence Tube Corp.*, 467 U.S. 752 (1984)....................8

*In re Kmart Corp.*,
318 B.R. 409 (N.D. Ill. 2004)....................7

*Kost v. Kozakiewicz*,
1 F.3d 176 (3d Cir. 1993)....................7

*Man Roland, Inc. v. Quantum Color Corp.*,
57 F. Supp. 2d 576 (N.D. Ill. 1999)....................7

*Memorex Corp. v. IBM Corp.*,
555 F.2d 1379 (9th Cir. 1977)....................8

*In re Merrill Lynch & Co. Inc.*,
218 F.R.D. 76 (S.D.N.Y. 2003)....................5

*Microsoft Corp. v. Computer Support Services of Carolina, Inc.*,
123 F. Supp. 2d 945 (W.D.N.C. 2000)....................6

*Monsanto v. Rohm & Haas Co.*,
456 F.2d 592 (3d Cir. 1972), *cert. denied*, 407 U.S. 934 (1972)....................10

*In re New Valley Corp.*,
181 F.3d 517 (3d Cir. 1999)....................10

*Perma Life Mufflers, Inc. v. International Parts Corp.*,
392 U.S. 134 (1968)....................8

*Precision Instrument Manufacturing Co. v. Automobile Maintenance Machine Co.*,
324 U.S. 806 (1945)....................7

*Procter and Gamble*,
697 F. Supp. 2d at 1362-66....................8

*Procter & Gamble Co. v. Nabisco Brands, Inc.*,
697 F. Supp. 1360 (D. Del. 1988)....................6

*Rechsteiner v. Madison Fund, Inc.*,
75 F.R.D. 499 (D. Del. 1977)....................12

*Ristvedt-Johnson, Inc. v. Brandt, Inc.*,
805 F. Supp. 549 (N.D. Ill. 1992)....................10

*SSIH Equipment S.A. v. U.S. International Trade Commission*,
718 F.2d 365 (Fed. Cir. 1983)....................10

*Specialty Minerals, Inc. v. Pluess-Stauffer AG*,
395 F. Supp. 2d 109 (S.D.N.Y. 2005)....................10

*Texas Independent Producers and Royalty Owners Association v. Environmental Protection Agency*,
410 F.3d 964 (7th Cir. 2005) ....................................................................13

*United States v. Marisol, Inc.*,
725 F. Supp. 833 (M.D. Pa. 1989) ....................................................................5, 6

*Wilkerson v. Butler*,
229 F.R.D. 166 (E.D. Cal 2005) ....................................................................5

*In re Zenith Industrial Corp.*,
319 B.R. 810 (D. Del. 2005) ....................................................................7

**STATUTES**

Fed. R. Civ. P. 9(b) ....................................................................7

Fed. R. Civ. P. 12(f) .................................................................... passim

Fed. R. Civ. P. 12(f) ....................................................................6

Fed. R. Civ. P. 42(b) ....................................................................13

## INTRODUCTION

Defendant and Counter-Claimant Magma Design Automation, Inc. ("Magma") files this opening brief in support of its motion (D.I. 82) pursuant to Federal Rule of Civil Procedure 12(f) for an order striking the Fourth and Fifth affirmative defenses of unclean hands and equitable estoppel, respectively, and paragraphs 164-233, of the Reply to Magma Design Automation Inc.'s Second Amended Answer To Complaint And Counterclaims, And Synopsys's Counterclaim ("Reply") (D.I. 82) filed by Plaintiff and Counter-Defendant Synopsys, Inc. ("Synopsys"); or, alternatively, for an order pursuant to Federal Rule of Civil Procedure 12(b)(6) dismissing such affirmative defenses and allegations; or, alternatively, for an order pursuant to Federal Rule of Civil Procedure 42(b) severing and staying discovery and trial of this action as to such affirmative defenses and such allegations.

This motion is critical to sensible case management. On May 25, 2006, the Court granted Magma's motion for leave to file a Second Amended Answer and Counterclaims. Synopsys's Reply to those counterclaims includes ***23 pages of text copied from the concurrent California litigation*** between Synopsys and Magma in the Northern District of California ("California Action"), as well as attached copies of pleadings from that litigation. All of those allegations are relevant to that other action, where they will be resolved. But they are an irrelevant distraction here, obviously designed to weigh down this case with discovery disputes and to imperil the case schedule adopted by the Court just two weeks ago. Synopsys apparently intends to waste judicial resources by asking two Federal courts to simultaneously hear identical issues. Its Reply goes on to add defenses of unclean hands and equitable estoppel, apparently based on those 23 pages of California allegations. But even under those allegations, the defenses are flawed and will serve only to waste the time of the parties and the Court here.

Synopsys first sued Magma in September 2004 in the Northern District of California. In September 2005, Synopsys chose not to assert additional patents against Magma in the Northern District of California case, but instead to file a new lawsuit in Delaware. The patents and issues in the two cases are unrelated, except that they are all in the semiconductor design software field.

Synopsys ought not be allowed to duck the consequences of its choice by miring this case in unrelated and irrelevant issues from another litigation. Magma, therefore, requests that the Court strike or dismiss those irrelevant allegations and unavailable defenses to focus the parties on the issues that matter to this case. Alternatively, Magma requests that this extraneous matter be severed and stayed.

## FACTUAL BACKGROUND

Magma and Synopsys are involved in litigation in the Northern District of California (the "California Action"). At issue in the California Action are United States Patent Nos. 6,453,446 (the "'446 Patent") and 6,725,438 (the "'438 Patent"), which cover "fixed-timing methodology" technology, and United States Patent No. 6,378,114 (the "'114 Patent"), which covers "gain-based synthesis" technology (collectively, the "California Patents"). The California Action, filed on September 17, 2004, has been bifurcated into a trial on ownership of the '446 and '438 Patents, and a trial on liability and damages for all three patents. The ownership trial is now complete. The parties await the court's decision before beginning the second phase of the case.

In the California Action, the dispute over ownership of the '446 and '438 Patents involves Synopsys's allegations of misconduct by Lukas van Ginneken, a named inventor on those patents and a former employee of both Synopsys and Magma. Synopsys alleges that van Ginneken developed the technologies related to the '446 and '438 Patents while at Synopsys, and that Magma is thus not properly the owner of those patents. Synopsys further alleges a conspiracy between van Ginneken and Magma to deceive Synopsys, Magma's investors, the public, and the Patent and Trademark Office based on alleged improper procurement of the '446 and '438 Patents. (*See generally* D.I. 82, Reply at ¶¶ 164-233; *see also* D.I. 82, Synopsys's Third Amended Complaint at ¶¶ 9-91 (Exhibit A to Synopsys's Reply).) Separately, Synopsys also alleges infringement by Magma of the '114 Patent, which lists van Ginneken as an inventor.

This action (the "Delaware Action"), filed on September 27, 2005 by Synopsys, involves eight different patents, five asserted by Magma[1] and three asserted by Synopsys.[2] Lukas van Ginneken is one of several named inventors on one of the patents asserted by Magma, the '328 Patent. In neither its Complaint for Patent Infringement nor its Reply does Synopsys make any allegation of misconduct by Magma or van Ginneken related to the '328 Patent.[3] Synopsys makes no allegation of misconduct by Magma related to any of the other patents-in-suit. The ***only*** allegations of misconduct are in the California Action, and they relate to the '446 and '438 Patents, neither of which is at issue in this action.

In addition to its patent claims, Magma has also asserted antitrust claims against Synopsys in the Delaware Action. These claims are based in part on Synopsys's attempted monopolization of the logic synthesis and scan-chain insertion markets. (D.I. 76, Magma's Second Amended Answer and Counterclaims ("Answer"), filed May 31, 2006, at ¶¶ 141-163.) Magma bases these assertions on Synopsys's fraudulent procurement and assertion of the '733 Patent and the '501 Patents, as well as Synopsys's attempts to use this litigation to drive Magma out of the logic synthesis market. None of these antitrust claims relate to the California Patents.[4]

Synopsys's Reply to Magma's counterclaims essentially copies 23 pages of text from the California Action pleadings relating to Magma and van Ginneken and attaches as exhibits the pleadings themselves—even though those allegations go to patents and conduct not at issue here.

---

[1] United States Patent Nos. 6,605,328 ("'328 Patent"), 6,857,116, 6,854,093, 6,519,745, and 6,931,610.

[2] United States Patent Nos. 6,766,501 ("'501 Patent"), 6,434,733 ("'733 Patent"), and 6,192,508.

[3] Synopsys does allege that Magma ought to have withdrawn its '328 Patent because Synopsys has cited allegedly relevant prior art. These allegations are not at issue in this motion.

[4] Magma references the California Action in two portions of its Answer. First, in the Preliminary Statement, Magma states that the California Action is one in a series of actions brought by Synopsys against Magma, (D.I. 76, Answer at ¶¶ 1-3), and that Synopsys chose to file suit in this Court instead of amending its complaint in the California Action, (*id.* ¶ 7). Second, Magma alleges that Synopsys has been informing its customers that Magma lacks the resources to defend itself in the California Action. (*Id.* ¶ 116.) The merits of the California Action are neither raised nor put at issue by Magma's pleading.

These 69 paragraphs of Synopsys's Reply (the "Disputed Allegations") are incorporated by reference into all 19 of Synopsys's affirmative defenses. If Synopsys is permitted to maintain these allegations and defenses, it apparently will try to force Magma to re-litigate—and this Court to adjudicate—disputes already before (indeed, already heard by) the Northern District of California. And by incorporating the entirety of the California Action into this case, Synopsys sets the stage for an unmanageable increase in the scope of discovery.

Synopsys filed its Reply on June 4, 2006.[5] On three separate occasions, June 23, June 26, and June 30, the parties met and conferred regarding the Disputed Allegations and this motion. (Declaration of Dara Tabesh in Support of Magma Design Automation's Motion to Strike, Dismiss, and/or Sever and Stay Synopsys's Allegations and Affirmative Defenses ("Tabesh Decl."), at ¶¶ 1-4; Declaration of Raymond Scott in Support of Magma Design Automation's Motion to Strike, Dismiss, and/or Sever and Stay Synopsys's Allegations and Affirmative Defenses, at ¶ 1.) The parties reached an impasse, (Tabesh Decl. at ¶ 5), and Magma has filed this motion.

Synopsys recently argued vociferously that trial in this case should be put off for months. Its efforts now to burden this case with the entire California Action seem another tactic to that end. Magma respectfully requests that the Court limit the scope of discovery to the patents and conduct at issue in this case, and to the affirmative defenses available under the law.

## ARGUMENT

### I. THE DISPUTED ALLEGATIONS SHOULD BE STRICKEN BECAUSE THEY ARE IMMATERIAL AND IMPERTINENT TO THE ISSUES IN THIS CASE

Allegations from a pleading may be stricken if they are "redundant, immaterial, impertinent, or scandalous." Fed. R. Civ. P. 12(f). Motions to strike are generally disfavored, but courts are willing to grant them when the allegations have "no essential or important

[5] It bears noting that although the antitrust claims have been part of Magma's counterclaims since last year, it was only in response to Magma's latest amendment (which simply added additional patent claims) that Synopsys sought to import the California allegations. It may not be coincidence that Synopsys was simultaneously asking this Court for a substantial delay in the trial of this case.

relationship to the claim for relief or defenses pleaded." *Wilkerson v. Butler*, 229 F.R.D. 166, 170 (E.D. Cal 2005) (citing *Fleischer v. A.A.P., Inc.*, 180 F. Supp. 717 (D. Pa. 1958)).

For example, courts strike allegations that rely on pleadings and papers from other cases. *See, e.g.*, *In re Merrill Lynch & Co. Inc.*, 218 F.R.D. 76 (S.D.N.Y. 2003) (striking allegations that refer to other litigations involving same or similar parties). Similarly, courts strike allegations that concern transactions not at issue in the instant litigation. *See, e.g.*, *id.* at 77 ("Conflicts of interest and litigation concerning stocks that the Fund *never held* have no place [in the complaint]." (emphasis in original)).

Striking immaterial and impertinent allegations expedites a case by removing "unnecessary clutter." *Heller Financial Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989). This can save "the time and expense which would otherwise be spent in litigating issues which would not affect the outcome of the case." *United States v. Marisol, Inc.*, 725 F. Supp. 833, 836 (M.D. Pa. 1989).

Here, Synopsys seeks to weigh down this case with a complicated and controversial series of allegations relating to the California Patents. These allegations cannot meet the threshold inquiry of materiality and pertinence to this case. Synopsys made a choice in 2004 to put those allegations to the court in California, and they should stay there. The parties and the Court should not be left to guess which lawsuit will first resolve the California issues. And this Court should certainly not have to burden itself with discovery and other questions from the California case.

The California Patents are not at issue here. They are not related in any way to the claims or defenses raised. They embody different technologies than the patents-in-suit, they were prosecuted separately from the patents-in-suit, and Magma does not rely on the California Action to support its patent or antitrust claims here.

Synopsys's asserted link between the Disputed Allegations and the Delaware litigation collapses to this: "Although Magma complains in this action of purported anti-competitive conduct by Synopsys, it is Magma that was literally founded on technology stolen from

Synopsys, and Magma that built itself into a public company through a scheme of deceit." (D.I. 76, Answer at ¶ 165.) Synopsys devotes the next 23 pages of its Reply to describing Magma's conduct surrounding the California Patents. This is language that may belong in a press release, but in this litigation, it is what the *Heller Financial* court termed "unnecessary clutter."

Magma agrees that the ***existence*** of the California Action has some bearing on this case.[6] But that does not make the California Action's substantive issues relevant here. Magma's limited allegations concerning the California Action do not justify re-litigating that action in this Court, or bogging this case down with the (literally) millions of pages of discovery in that case.

Synopsys expects that adding those millions of pages of paper here, and asking both the California and Delaware courts to litigate the same issues, will surely delay this case in Delaware. The ineluctable conclusion is that Synopsys, having failed to get a new trial date by normal means, is attempting to force this Court to delay trial by throwing sand in the gears of litigation. Striking the 69 paragraphs of text imported from the California Action prevents that end run around this Court's recent Scheduling Order.

## II. SYNOPSYS'S UNCLEAN HANDS AND EQUITABLE ESTOPPEL DEFENSES SHOULD BE STRICKEN OR DISMISSED BECAUSE SYNOPSYS PLEADS NO FACTS SUPPORTING THOSE DEFENSES

A motion to strike an affirmative defense under Federal Rule of Civil Procedure 12(f) is appropriately granted if the defense is "insufficient." Fed. R. Civ. P. 12(f); s*ee, e.g., Procter & Gamble Co. v. Nabisco Brands, Inc.*, 697 F. Supp. 1360, 1362-65 (D. Del. 1988). "The sufficiency of a defense depends on the facts supporting it that are alleged in the pleading." *Microsoft Corp. v. Computer Support Services of Carolina, Inc.*, 123 F. Supp. 2d 945, 949 (W.D.N.C. 2000). "A court can strike an affirmative defense when it is legally insufficient to

---

6 Magma notes in the Preliminary Statement to its Answer that this case is one of a series between the parties that began with the California Action. (D.I. 76, Answer at ¶¶ 1-2.) Magma also notes there that instead of amending its complaint in the California Action to include the patents-in-suit, Synopsys chose to file a separate suit in Delaware. (*Id.* ¶ 7.) Finally, in describing Synopsys's anti-competitive behavior, Magma alleges that Synopsys has been making false and disparaging remarks to Magma customers concerning Magma's lack of resources to defend itself in the California Action. (*Id.* ¶ 116.)

prevent recovery under any state of facts reasonably able to be inferred from the well pleaded allegations of the answer." *In re Zenith Industrial Corp.*, 319 B.R. 810, 813 (D. Del. 2005).

Similarly, a motion to dismiss an affirmative defense under Federal Rule of Civil Procedure 12(b)(6) should be granted if the allegations fail to set out a factual basis for the defense. If the allegations, accepted as true and taking all favorable inferences that can be drawn from them, do not set out facts under which relief could be granted, the claim or affirmative defense should be dismissed. *Evancho v. Fisher*, 423 F.3d 347, 350-51 (3d Cir. 2005). Invocation of legal conclusions—such as "unclean hands" or "equitable estoppel"—fail to meet that burden. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) ("[W]e are not required to accept legal conclusions either alleged or inferred from the pleaded facts."); *Evancho*, 423 F.3d at 351.

Listing a defense unsupported by facts does not satisfy the notice pleading standard of Federal Rule of Civil Procedure 8(a). *See In re Kmart Corp.*, 318 B.R. 409, 414 (N.D. Ill. 2004) ("It is unacceptable for a party's attorney simply to mouth affirmative defenses in formula-like fashion." (quotation omitted)). The pleader must allege facts that, if true, would support the elements of the affirmative defense. *Man Roland, Inc. v. Quantum Color Corp.*, 57 F.Supp.2d 576, 579 (N.D. Ill. 1999). This is particularly true when a pleader alleges defenses based on fraudulent conduct, which must be pleaded with specificity. Fed. R. Civ. P. 9(b).

### A. Synopsys Cannot Assert An Unclean Hands Affirmative Defense

Unclean hands can be a complete bar to equitable relief. *See Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co.*, 324 U.S. 806, 815 (1945). The defense is premised on the notion that one who acquires equity through bad acts should not be allowed to assert rights related to that equity against others. *Honeywell Int'l, Inc. v. Universal Avionics Sys., Corp.*, 398 F. Supp. 2d 305, 310 (D. Del. 2005).

But because of the severe consequences of the defense, the alleged conduct must bear "an immediate and necessary relation" to the equity at issue. *Id.* at 311. This "nexus" is the primary principle guiding the application of the doctrine. *France Telecom S.A. v. Novell, Inc.*, No. 02-

437-GMS, 2002 U.S. Dist. LEXIS 19967, at *9 (D. Del. 2002). "[C]ourts of equity do not make quality of suitors the test. They apply the maxim requiring clean hands only where some unconscionable act of one coming for relief has ***immediate and necessary relation to the equity that he seeks*** in respect of the matter in litigation." *Keystone Driller Co v. General Excavator Co.,* 290 U.S. 240, 245 (emphasis added). Without that "immediate and necessary relation" between the conduct alleged and the equity sought, the unclean hands defense should be stricken. *See Procter and Gamble*, 697 F. Supp. 2d at 1362-66.

**1. Unclean hands fails as a defense to Magma's antitrust claims**

**a. Unclean hands is unavailable in antitrust cases**

First, Synopsys's unclean hands defense fails as a matter of law. Federal courts have long declined to permit unclean hands as a defense to antitrust claims. *Kiefer-Stewart Co. v. Joseph E. Seagram & Sons, Inc.*, 340 U.S. 211 (1951), *overruled on other grounds* by *Copperweld Corp. v. Independence Tube Corp.*, 467 U.S. 752 (1984); *Memorex Corp. v. IBM Corp.*, 555 F.2d 1379, 1381 (9th Cir. 1977) ("The plaintiff therefore is not permitted to recover despite the wrongfulness of defendant's action.").

"[T]he purposes of the antitrust laws are best served by insuring that the private action will be an ever-present threat to deter anyone contemplating business behavior in violation of the antitrust laws." *Bubis v. Blanton*, 885 F.2d 317, 321 (6th Cir. 1989) (citing *Perma Life Mufflers, Inc. v. International Parts Corp.*, 392 U.S. 134, 139 (1968)). "The public interest in preventing anticompetitive injury would be dampened tremendously if defendants were allowed to raise the defense of unclean hands in antitrust actions brought by private parties." *See Chrysler Corp. v. General Motors Corp.*, 596 F. Supp. 416, 419-20 (D.D.C. 1984) (striking unclean hands defense because "permitting discovery and the development of the case under the unclean hands defense would serve only to divert and protract the litigation, with concomitant expense" (quotation omitted)).

Consequently, even if all of Synopsys's allegations from the California action were true, and even if that conduct bore an "immediate and necessary relation" to the relief Magma seeks,

Synopsys's unclean hands defense would still fail as a matter of law. Synopsys's affirmative defense of unclean hands should be stricken on this basis alone.

**b. Synopsys has not alleged facts that establish an immediate and necessary relation to the equity Magma seeks**

Moreover, Synopsys's allegations fail to establish an "immediate and necessary relation" in two ways. First, the unconscionable conduct Synopsys does allege is not related to Magma's antitrust claims, and second, Synopsys has alleged no other unconscionable acts by Magma.

**i. The Disputed Allegations do not establish the requisite "immediate and necessary relation**

Magma's Claims 1 and 2 for Monopolization and Attempted Monopolization, respectively, allege monopoly power and exclusionary conduct in the Scan Chain and Logic Synthesis markets. (D.I. 76, Answer at ¶¶ 141-151.) Magma bases these assertions on Synopsys's fraudulent procurement of the '733 Patent and the '501 Patent, as well as well as its conduct relating to the relevant markets. (*Id.* ¶ 149.) Nowhere in its Answer does Magma refer to or rely upon the California Patents.

Magma's Claims 3-6 for Product Disparagement and Trade Libel, Statutory Unfair Competition, Common Law Unfair Competition, and Tortious Interference With Business Relations, respectively, seek relief for acts related to alleged fraudulent procurement of the '733 and '501 Patents. (*Id.* ¶¶ 152-163.) They also seek relief based on Magma's allegations that Synopsys is unfairly interfering with Magma's relationships with its customers. (*See, e.g.*, *id.* ¶ 116.) To the limited extent that such allegations refer to the California Action, they go only to the existence—not the allegations—of that action. There simply isn't a nexus between the purported conduct surrounding the California Patents and the issues in this case; even if unclean hands were available as an antitrust defense, Synopsys would still have failed to make sufficient allegations.

**ii. Synopsys alleges no other unconscionable acts by Magma relevant to an unclean hands defense**

The only acts alleged by Synopsys that could plausibly be viewed as "unconscionable" for purposes of an unclean hands defense are found in the Disputed Allegations. There thus is nothing else in the Reply that could support the defense as to the antitrust claims.

**2. Synopsys's unclean hands defense fails as a defense to Magma's patent claims**

To raise unclean hands as a defense to Magma's patent claims, Synopsys would have to show an "immediate and necessary relation" between patents, such that inequitable conduct surrounding one will "taint" the others, rendering all of them unenforceable. *Consolidated Aluminum Corp. v. Foseco*, 910 F.2d 804, 810 (Fed. Cir. 1990). The Third Circuit "has generally been clear that the connection between the misconduct and the claim must be close." *In re New Valley Corp.*, 181 F.3d 517, 525 (3d Cir. 1999). Unconscionable acts ***unrelated*** to patents at issue do not support a defense of unclean hands. *See Monsanto v. Rohm & Haas Co.*, 456 F.2d 592, 601 (3d Cir. 1972), *cert. denied*, 407 U.S. 934 (1972) (explaining that defense of unclean hands rendered patent unenforceable because patent infringement claim ***directly depended*** upon conduct during application for the same patent).

Relevant factors for this "immediate and necessary relation" in the context of patent infringement include whether:

- a party is relying on patents procured through inequitable conduct to enforce the patents-in-suit, *see Keystone Driller*, 290 U.S. at 246;
- the patents embody the same or similar inventions, *see SSIH Equipment S.A. v. U.S. Int'l Trade Comm'n*, 718 F.2d 365, 378 (Fed. Cir. 1983);
- the prosecutions of the patents were related, *see Consolidated Aluminum*, 910 F.2d at 811;
- the alleged misconduct is directly related to the use or acquisition of the patent-in-suit, *Specialty Minerals, Inc. v. Pluess-Stauffer AG*, 395 F. Supp. 2d 109, 114 (S.D.N.Y. 2005); and
- the patents are being litigated in the same suit, *see Ristvedt-Johnson, Inc. v. Brandt, Inc.*, 805 F. Supp. 549 (N.D. Ill. 1992).

Here, Synopsys alleges no facts to establish such a relationship between the California Patents and the patents-in-suit. Magma is not relying on the California Patents to establish its

patent claims in the Delaware Action. The patents embody different inventions. The prosecutions of the patents were not related. The patents are not even being litigated in the same suit. The ***only*** alleged connection between the California Patents and one of the patents-in-suit here (the '328 Patent) is that there is a common inventor. That is not enough, and the unclean hands defense thus fails as to both the antitrust and patent claims.

**B. Synopsys's "Equitable Estoppel" Affirmative Defense Also Fails As A Matter Of Law**

An equitable estoppel defense requires allegations that (1) the patentee, through misleading conduct, led the infringer to infer reasonably that the patentee did not intend to enforce its patents; (2) the infringer relied on that conduct; and (3) due to that reliance, the infringer would be materially prejudiced if the patentee is allowed to proceed with its claim. *A.C. Auckerman Co. v. R.L. Chaides Constr. Co.*, 960 F.2d 1020, 1041 (Fed. Cir. 1992).

Synopsys makes no such allegations. (To the extent Synopsys is relying on the Disputed Allegations to support its equitable estoppel defense, no case holds that a party can be estopped from asserting a patent based on alleged conduct related to ***other*** patents.) Because no allegations support it, Synopsys's Inequitable Conduct defense should be stricken.

**C. In The Alternative, Synopsys's Unclean Hands And Equitable Estoppel Defenses Should Be Dismissed Under Rule 12(b)(6)**

As noted above, Magma moves in the alternative for an order dismissing the same affirmative defenses for failure to state a claim. Even under the Disputed Allegations, Synopsys cannot maintain the unclean hands defense, for it is unavailable as a matter of law on the antitrust claims, and bears no "immediate and necessary relation" to the patent infringement claims. Absent allegations supporting it, the affirmative defense cannot be maintained. Similarly, even if the Disputed Allegations were maintained and taken as true, Synopsys alleges no set of facts that would support an equitable estoppel defense. This is an archetypal case for the exercise of Rule 12(b)(6), focusing the parties on issues that matter.

## III. RETRYING THE CALIFORNIA ACTION BEFORE THIS COURT WOULD BE PREJUDICIAL TO MAGMA

Immaterial and impertinent allegations and insufficient defenses are normally stricken only when retaining them would prejudice the moving party. *Rechsteiner v. Madison Fund, Inc.*, 75 F.R.D. 499, 505 (D. Del. 1977). Here, permitting this case to move forward with the Disputed Allegations and affirmative defenses would be highly prejudicial to Magma.

First, there is a risk that the scope of discovery and the attendant costs will be astronomically increased: millions of pages of documents were exchanged in discovery in the California Action, and they should not be imported wholesale into this case.[7]

Second, expanding the scope of this case to include the issues being litigated in the Northern District of California would likely imperil the Delaware trial date set—and recently reaffirmed—by this Court. A delay in the trial would mean that the antitrust injury Magma continues to suffer daily in the relevant markets might continue well into 2007 or 2008, and that Magma would have to obtain new trial counsel in this case.

Third, because the California Action has already reached the issue of ownership in the first phase of that trial, the Northern District of California's decision could become material here in unpredictable ways. This could needlessly complicate and delay resolution of this litigation in Delaware.

Fourth, and most importantly, all the questions related to the 23 pages of disputed allegations are already before the court in the Northern District of California. It would be a tremendous waste of the parties' and judicial resources—and create a needless uncertainty between jurisdictions—to allow Synopsys to simultaneously litigate the ***same issues*** in two different fora.

---

[7] In December 2005, Synopsys's counsel—who are also counsel in the California Action—asked for a stipulation that all discovery from California be deemed discovery in this action in Delaware. Magma's counsel—who are ***not*** counsel in the California Action—declined, for exactly this reason.

## IV. IN THE ALTERNATIVE, THE DISPUTED ALLEGATIONS AND AFFIRMATIVE DEFENSES SHOULD BE SEVERED AND STAYED

Under Federal Rule of Civil Procedure 42(b), a court has the inherent power to sever and stay issues to avoid prejudice, or to improve "expedition and economy." Rule 42(b) may be exercised by a court in its discretion, and is frequently invoked when concurrent litigation on related allegations is pending in another jurisdiction. *See, e.g., AFC Industries, Inc. v. Guinn*, 384 F.2d 15, 19 (5th Cir. 1967) ("A stay pending the outcome of litigation between the same parties involving the same or controlling issues us an acceptable means of avoiding unnecessary duplication of judicial machinery"); *Texas Indep. Producers and Royalty Owners Ass'n. v. Environmental Protection Agency*, 410 F.3d 964, 980 (7th Cir. 2005) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants") (quotation omitted).

The Disputed Allegations and affirmative defenses are irrelevant to this case, but should they not be dismissed or stricken by the Court, it nonetheless makes sense to sever and stay them as a matter of case management. As discussed above, keeping the California issues in California, and focusing here on the issues relevant to this Delaware litigation, will conserve an enormous amount of the parties' and the Court's resources, and will ensure that this action can be tried on the Schedule set by the Court.

## CONCLUSION

Last September, Synopsys could have asked to include in the California Action the patents now asserted here in Delaware. It chose not to, and instead filed this separate case with separate patents in Delaware. It is now bound by that choice, and it should not be given leave to import the California allegations into this case.

FISH & RICHARDSON P.C.

By: */s/ William J. Marsden, Jr.*
William J. Marsden, Jr. (#2247) (marsden@fr.com)
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114
Telephone: (302) 652-5070

Katherine Kelly Lutton
Tamara Fraizer
500 Arguello St., Suite 500
Redwood City, CA 94063

Attorneys for Defendant and Counterclaimant,
Magma Design Automation, Inc.

OF COUNSEL:

James Pooley
L. Scott Oliver
Marc D. Peters
Pooley & Oliver LLP
Five Palo Alto Square, 7th Floor
Palo Alto, CA 94306-2121
(650) 739-7020

DATED: July 5, 2006

80034722.doc

**CERTIFICATE OF SERVICE**

I hereby certify that on July 5, 2006, I electronically filed with the Clerk of Court the foregoing MAGMA DESIGN AUTOMATION, INC.'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO STRIKE, DISMISS, AND/OR SEVER AND STAY SYNOPSYS'S ALLEGATIONS AND AFFIRMATIVE DEFENSES using CM/ECF which will send electronic notification of such filing(s) to the below-listed Delaware counsel. In addition, the filing will also be sent via hand delivery to:

Karen Jacobs Louden, Esquire
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
Wilmington, DE 19801

Attorneys for Plaintiff
Synopsys, Inc.

I hereby certify that on July 5, 2006, I have mailed by United States Postal Service, the document(s) to the following non-registered participants:

Valerie M. Wagner, Esquire
Dechert LLP
1117 California Avenue
Palo Alto, CA 94304

Attorneys for Plaintiff
Synopsys, Inc.

*/s/ William J. Marsden, Jr.*
William J. Marsden, Jr.