IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SYNOPSYS, INC., a Delaware corporation, | ) ) ) | |
| Plaintiff and Counter-Defendant, | ) ) | |
| v. | ) ) | C.A. No. 05-701 (GMS) |
| MAGMA DESIGN AUTOMATION, a Delaware corporation, | ) ) ) | |
| Defendant and Counter-Claimant. | ) ) | |
| AND RELATED COUNTER-CLAIMS. | ) | |

**SYNOPSYS, INC.'S ANSWERING BRIEF IN OPPOSITION TO
MAGMA DESIGN AUTOMATION, INC.'S MOTION TO STRIKE, DISMISS, AND/OR
SEVER AND STAY SYNOPSYS' ALLEGATIONS AND AFFIRMATIVE DEFENSES**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
1201 N. Market St.
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
Attorneys for plaintiff Synopsys, Inc.

OF COUNSEL:
James J. Elacqua
Chris Scott Graham
Valerie M. Wagner
DECHERT LLP
1117 California Ave.
Palo Alto, CA  94304
(650) 813-4848

July 19, 2006

# TABLE OF CONTENTS

NATURE AND STAGE OF PROCEEDINGS ............................................................. 1

SUMMARY OF ARGUMENT ................................................................................... 1

STATEMENT OF FACTS ......................................................................................... 3

    A. Magma's Own Allegations Place the Northern District Action Squarely at Issue in This Case. .................................................................................... 3

    B. The Northern District Action. ...................................................................... 6

ARGUMENT ............................................................................................................. 7

    A. There are No Grounds For the Relief Magma Seeks. ................................... 7

        1. Legal Standards. ................................................................................... 7

        2. The Allegations Defeat Essential Elements of Magma's Counterclaims and Support Synopsys' Affirmative Defenses. ......................................... 8

        3. Synopsys' Unclean Hands Defense More Than Satisfies Notice Pleading Standards. ............................................................................... 10

        4. Unclean Hands Is a Valid Defense to Magma's Counterclaims. ............ 10

    B. Synopsys Does Not Seek to Further Expand Discovery. ............................ 14

    C. The Court Should Decline Magma's Request to Sever or Stay. ................. 14

CONCLUSION ........................................................................................................ 17

# TABLE OF AUTHORITIES

## FEDERAL CASES

*AFC Indus., Inc. v. Guinn*,
    384 F.2d 15 (5th Cir. 1967) ...........................................................16

*California v. Am. Stores Co.*,
    495 U.S. 271 (1990)....................................................................13

*Consol. Aluminum Corp. v. Foseco Int'l Ltd.*,
    910 F.2d 804 (Fed. Cir. 1990)......................................................11

*Environ Prods., Inc. v. Total  Containment, Inc.*,
    951 F. Supp. 57 (E.D. Pa. 1996) ....................................................7

*Guardian Life Ins. Co. of Am. v. Am. Guardian Life Ins. Co.*,
    943 F. Supp. 509 (E.D. Pa. 1996) ................................................13

*Heller Fin., Inc. v. Midwhey Powder Co., Inc.*,
    883 F.2d 1286 (7th Cir. 1989) ......................................................11

*Illinoise Brick Co. v. Illinois*,
    431 U.S. 720 (1977).....................................................................12

*Kiefer-Stewart Co . v. Joseph E. Seagram & Sons, Inc.*,
    340 U.S. 211 (1951)....................................................................12

*Landis v. N. Am. Co.*,
    299 U.S. 248 (1936).....................................................................16

*In re Merrill Lynch & Co, Inc.*,
    218 F.R.D. 76 (S.D.N.Y 2003) ....................................................10

*Milton Roy Co. v. Bausch & Lomb, Inc.*,
    418 F. Supp. 975 (D. Del. 1976)....................................................7

*Perma Life Mufflers, Inc. v. Int'l Parts  Corp.*,
    392 U.S. 134 (1968)....................................................................12

*Pinter v. Dahl*,
    486 U.S. 622 (1988).....................................................................12

*Saudi Basic Indus. Corp. v. Exxonmobil Corp.*,
    401 F. Supp. 2d 383 (D.N.J. 2005) ..............................................13

# TABLE OF AUTHORITIES

## FEDERAL CASES

*In re Silver Leaf, L.L.C.*,
 C.A. No. 20611, 2005 Del. Ch. LEXIS 119 (Del. Ch. Aug. 18, 2005) .............................14

*Tex. Indep. Producers & Royalty Owners Ass'n v. EPA*,
 410 F.3d 964 (7th Cir. 2005) ...........................................................................................16

*Toro Co. v. Textron, Inc.*,
 499 F. Supp. 241 (D. Del. 1980)........................................................................................14

## FEDERAL STATUTES

Fed. R. Civ. P. 8...................................................................................................2, 8, 10, 11

Fed. R. Civ. P. 12(f)..................................................................................................7, 9, 11

## NATURE AND STAGE OF PROCEEDINGS

On May 31, 2006, Magma Design Automation, Inc. ("Magma") filed its Second Amended Answer and Counterclaims ("Counterclaims") (D.I. 76), in which Magma asserted antitrust and unfair competition counterclaims against Synopsys, Inc. ("Synopsys") and alleged that this action by Synopsys is "just the latest in a series of anticompetitive, exclusionary, and fraudulent acts committed by [Synopsys], all intended to monopolize and unfairly restrain trade in certain important Electronic Design Automation ('EDA') markets."   On June 14, 2006, Synopsys filed its Reply to the Counterclaims ("Reply") (D.I. 82), which asserted, *inter alia*, unclean hands and equitable estoppel defenses.[1]   On July 3, 2006, Magma filed a Motion to Strike, Dismiss, and/or Sever and Stay Synopsys' Allegations and Affirmative Defenses (D.I. 88).  This is Synopsys' answering brief in opposition to Magma's Motion.

## SUMMARY OF ARGUMENT

Magma's Motion posits that the allegations in Synopsys' Reply concerning Magma's misconduct that is the subject of litigation in the Northern District of California[2] are so unrelated to the present action that this Court should not only strike the factual allegations from Synopsys' Reply, but also strike Synopsys' entire unclean hands affirmative defense.  What Magma really seeks, however, is to use the Northern District Action as both a sword and a shield.  In short, Magma itself first brought allegations into this litigation concerning the Northern District Action to support its non-patent counterclaims, but now seeks to preclude Synopsys from defending itself by giving this Court the full story.  Contrary to Magma's unfounded assertions, Synopsys

---

[1]     Synopsys will dismiss its equitable estoppel defense without prejudice, but reserves the right to seek leave to amend its answer to re-plead equitable estoppel as an affirmative defense to one or more of Magma's Counterclaims.

[2]     *Synopsys, Inc. v. Magma Design Automation, Inc.*, N.D. Cal. Case No. C-04-03923 MMC (the "Northern District Action").

does not seek to retry matters at issue in the Northern District Action. Rather, Synopsys simply wants a level playing field in this action and will work with the Court and Magma to ensure that there is not unnecessary or duplicative discovery or trial time spent on these issues.

In essence, Magma's Motion is an attempt to strike facts that are unfavorable to Magma. The facts alleged in Synopsys' Reply, however, support Synopsys' affirmative defenses and undermine Magma's counterclaims. Magma's discomfort with or dislike for these facts does not render them irrelevant or "unnecessary clutter." Notably, as a result of Magma's admitted wrongdoing, Magma will never be able to establish any wrongful intent by Synopsys with respect to any of the conduct alleged by Magma in its Counterclaims.

Separately, Magma argues that unclean hands is unavailable as a defense to Magma's Counterclaims. This position is contrary to law. First, Synopsys' allegations supporting its unclean hands defense more than satisfy the notice pleading standards under Federal Rule of Civil Procedure 8. Moreover, when established at trial, Synopsys' unclean hands defense will prevent, in whole or in part, Magma from obtaining equitable relief on its Counterclaims for trade libel, tortious interference, unfair competition, and infringement of Magma's '328 Patent. It will also limit any relief available to Magma on its antitrust counterclaims.

As a fallback position, Magma moves that the allegations Magma describes as "irrelevant" and "extraneous" be "severed and stayed" by the Court. *See* Magma's Opening Brief in Support of its Motion to Strike, Dismiss, and/or Sever and Stay Synopsys' Allegations and Affirmative Defenses ("Motion") (D.I. 89 at 2 and 13). The cases that Magma cites in support of its position, however, all concern the imposition of a stay with respect to an entire case – not merely facts and allegations unfavorable to the moving party. Synopsys is not aware of any rule or legal authority supporting Magma's motion to stay discovery and other

proceedings on facts that undermine Magma's counterclaims. Indeed, it is unclear how the Court could separately try Synopsys' allegations and unclean hands defense after the jury reaches a verdict on the other claims and counterclaims in this case.

The Court should deny this and all other relief Magma seeks in its Motion.

## STATEMENT OF FACTS

### A.    Magma's Own Allegations Place the Northern District Action Squarely at Issue in This Case.

On May 31, 2006, Magma filed its Counterclaims (D.I. 76). Magma put at issue in its Counterclaims the very facts it now seeks to strike as "irrelevant" and "extraneous." First, in a highly unusual "Preliminary Statement," Magma alleges that Synopsys brought its claims in the present action as part of a "series of anticompetitive, exclusionary and fraudulent acts," describes the Northern District Action and related foreign actions, and contends that these actions, with the present action, are "part of an overall scheme to use litigation to drive Magma out of business and monopolize certain EDA software markets." *See* D.I. 76 ¶¶ 1-7. Later in its Counterclaims, Magma again draws the Northern District Action into this case by alleging that Synopsys made libelous statements to Magma's customers regarding the Northern District Action. (*Id.* ¶ 116.) Finally, Magma specifically incorporates these allegations into each and every one of its counterclaims. (*Id.* ¶¶ 141,146, 152,156, 159, 162, 164, 168, 172, 176, 180.)

Thus, it is Magma's Counterclaims – not the Synopsys Reply or affirmative defenses – that first linked the issues in the Northern District Action to the Counterclaims Magma presents here. The allegations concerning or relating to the Northern District Action in Magma's Counterclaims include the following:

- "This lawsuit is *just the latest in a series of anticompetitive, exclusionary, and fraudulent acts* committed by Synopsys, Inc. ('Synopsys'), *all intended to monopolize and unfairly restrain trade* in certain important electronic design automation ('EDA') markets." ( *See* D.I. 76 ¶ 1; emphasis added.)

3

- "On September 17, 2004, Synopsys sued Magma in the United States District Court for the Northern District of California for alleged infringement of three patents related to methods for designing integrated circuits, U.S. Patent Nos. 6,378,114 (the "'114 Patent"), 6,453,446 (the "'446 Patent") and 6,725,438 (the "'438 Patent). The Complaint, styled *Synopsys, Inc. v. Magma Design Automation, Inc.*, Civil Action No. C04-03923 (MMC) (*"the Northern District Action"*) seeks unspecified monetary damages, injunctive relief, trebling of damages, fees and costs, and the imposition of a constructive trust for the benefit of Synopsys over any profits, revenues or other benefits allegedly obtained by Magma as a result of its alleged infringement of the patents-in-suit. *The companies vigorously dispute ownership of two of the patents-in-suit*, the '466 and '438 patents, although Magma is the record owner of both." (*Id.* ¶ 2; emphasis added.)

- In early 2005, Synopsys filed an action in the U.S. Patent and Trademark Office ("PTO") in an *effort to obtain assignment of the same patents at issue in the Northern District Action*. (*Id.* ¶ 3; emphasis added.)

- In April 2005, Synopsys filed an action in Germany against Magma with respect to *one of the patents at issue in the Northern District Action*, such that Magma "was forced" to obtain German counsel. (*Id.* ¶ 4; emphasis added.)

- In July 2005, Synopsys filed an action in Japan against Magma with respect to *one of the patents at issue in the Northern District Action*, such that Magma "was forced" to obtain local counsel. (*Id.* ¶ 5; emphasis added.)

- "Then, on September 26, 2005, the same day that this action was commenced, Synopsys filed yet another lawsuit, this time in California state court. In the complaint, Synopsys alleges that Magma has engaged in unfair competition by denying that Magma infringes the '446 and '438 Patents and by asserting that those patents are invalid. Relying on a distorted and baseless interpretation of California's unfair competition laws, *Synopsys seeks through this state court litigation to enjoin Magma from asserting valid defenses in the Northern District Action.*" (*Id.* ¶ 6; emphasis added.)

- "*Like the actions described above*, the instant action by Synopsys is similarly unfounded and simply part of *an overall scheme to use litigation to drive Magma out of business and monopolize certain EDA software markets*. Rather than amend its complaint in *the Northern District Action* to add the patents-in-suit – something it did three times for other reasons – Synopsys instead chose to file this suit in a different court on the other side of the country, and just one day after filing a related suit in California state court." (*Id.* ¶ 7; emphasis added.)

- "*Synopsys has also made false and disparaging comments to Magma's customers regarding the Northern District Action.* In particular, Synopsys has told Magma customers that Magma does not have the resources to successfully defend that action and continue a viable business." (*Id.* ¶ 116; emphasis added.)

4

- The effect of these alleged comments and other anticompetitive conduct "has been to harm the competitive process and thereby consumers in the relevant markets." (*Id.* 117.)

- "By reason of Synopsys's anticompetitive conduct, Magma has also been injured in its business and property in an amount that has yet to be determined but will be established at trial." (*Id.* ¶ 118.)

- "Through the anticompetitive conduct described above, Synopsys has willfully maintained, and, unless restrained by this Court, will continue to willfully maintain and extend, its monopoly power by anticompetitive and unreasonably exclusionary conduct." (*Id.* ¶ 143.)

- "As a provider of EDA software and related services, Magma has business relationships with various customers in the United States and around the world. ***Through the acts complained of above, Synopsys has specifically interfered with those business relationships***, with either the sole purpose of harming Magma, or by using dishonest, unfair, or improper means." (*Id.* ¶ 163; emphasis added.)

- "that the Court ***permanently enjoin and restrain Synopsys***, its successors, assigns, subsidiaries and transferees, and its officers, directors, agents, employees, ***from engaging in the unlawful practices described in this Complaint*** and from engaging in any similar unlawful practices." ((*Id.* at 32, Prayer for Relief (j); emphasis added.)

- "Magma repeats and realleges each and every allegation contained in paragraphs 1 through 140 above with the force and effect as if here set forth in full." (*See, e.g.*, *id.* ¶ 141.)

- "Through the anticompetitive conduct described above, Synopsys has willfully maintained, and, unless restrained by this Court, will continue to willfully maintain and extend, its monopoly powered by anticompetitive and unreasonably exclusionary conduct." (*Id.* ¶ 143.)

- "Synopsys has acted with intent to illegally maintain its monopoly power in the Logic Synthesis Market and the SCAN market, and its illegal conduct has enabled it to do so, in violation of Section 2 of the Sherman Act, 15 U.S.C. § 2." (*Id.* ¶ 144.)

As such, Magma itself has put the allegations in Synopsys' Reply at issue with respect both to Magma's own Counterclaims and Synopsys' defenses.

B.     **The Northern District Action.**

Although Magma alleges anticompetitive conduct by Synopsys, it is Magma that was "literally founded on technology stolen from Synopsys, and Magma that built itself into a public company through a scheme of deceit." *See* Reply, D.I. 82, ¶ 165. Synopsys' Reply details the facts surrounding Magma's theft of the core technology underlying its entire product line from inventions conceived at Synopsys. *Id.* In addition, Magma's conduct in the Northern District Action demonstrates that it tried to use Synopsys' own fixed timing inventions to build its own business and displace Synopsys from the market. *Id.* ¶¶ 165-166.

Synopsys brought its patent infringement and other claims regarding these fixed timing inventions in the Northern District Action in order to secure Synopsys' intellectual property and contractual rights. *Id.* For years, Magma sought to bury the truth of its wrongful conduct through a series of false statements to Synopsys, Magma's investors, the public at large, as well as Judge Chesney in the Northern District of California. *Id.* ¶ 167. Within the past month, however, Magma finally admitted for the first time that it has no ownership interest in the patents at issue in the Northern District Action, despite the fact that those patents were initially issued in Magma's name. *See* Declaration of Karen Jacobs Louden ("Louden Decl."), Exh. A; Magma's Northern District Action Post-Trial Reply Brief, June 30, 2006, at 20-21.[3] Certainly, there are no facts from the Northern District Action that would support a finding of anticompetitive conduct or intent on the part of Synopsys as Synopsys has simply sought to reclaim patent rights that Magma itself now acknowledges were never its own.

---

[3]     Specifically, Magma states that "Magma withdrew its claim of an ownership interest in the '446 and '438 Patents based on the contributions to certain claims by Magma engineers after van Ginneken left Synopsys." Louden Decl., Exh. A at 20:15-17.

## ARGUMENT

### A.     There are No Grounds For the Relief Magma Seeks.

#### 1.     Legal Standards.

As Magma correctly notes, motions to strike are disfavored.  *See* D.I. 89 at 4-5.  In fact, courts generally deny motions to strike allegations in a complaint unless the allegations "have no possible relation" to the dispute.  *See Environ Prods., Inc. v. Total Containment, Inc.*, 951 F. Supp. 57, 59-60 (E.D. Pa. 1996).  Magma argues that the Court should strike Paragraphs 164-233 from Synopsys' Reply because those allegations rely on pleadings or papers from other cases or concern transactions not at issue in this case.  *See* Motion at 5.  Magma also argues that these allegations are immaterial, impertinent, and "unnecessary clutter."  *Id.*  Finally, Magma argues that the allegations should be stricken because, it contends, "the California patents are not at issue here."  *Id.*  None of these arguments has merit.

Magma seeks not only to strike the unfavorable allegations that undermine its Counterclaims, but also asks the Court to strike or dismiss Synopsys' unclean hands defense – a defense that would bar or severely restrict any equitable relief afforded Magma in the unlikely event that any of its Counterclaims succeed at trial.  While FED. R. CIV. P. 12(f) does permit a court to strike a defense if it is "insufficient," this rule is permissive, and courts generally disfavor such motions and deny them if there are "disputed questions of either fact or law."  *See Milton Roy Co. v. Bausch & Lomb, Inc.*, 418 F. Supp. 975, 977 (D. Del. 1976); *Environ Prods.*, 951 F. Supp. at 60.  Here, there are both.

Magma also argues that a motion to dismiss an affirmative defense under Rule 12(b)(6) of the Federal Rules of Civil Procedure should be granted where the allegations fail to set forth a basis for the defense.  *See* D.I. 89 at 7.  Synopsys' pleading does set forth such a basis, consistent with the notice pleading requirements of Rule 8(a), which requires only that parties plead

defenses in "short and plain terms." *See* FED. R. CIV. P. 8(a). Likewise, courts are to construe pleadings "so as to do substantial justice." *See* FED. R. CIV. P. 8(f). Under the circumstances and the history of these two parties, it would – in fact – be an injustice to dismiss Synopsys' unclean hands defense at this stage of the proceedings.

### 2. The Allegations Defeat Essential Elements of Magma's Counterclaims and Support Synopsys' Affirmative Defenses.

The facts detailed in Paragraphs 164-233 of Synopsys' Reply set out in detail the circumstances surrounding Synopsys' claims in that action and undermine the basis for every Counterclaim Magma asserts here. As detailed above, Magma put the conduct relating to the Northern District Action squarely at issue in every aspect of its Counterclaims. Indeed, Magma argues that the Northern District Action itself amounted to a fraudulent and improper attempt to monopolize a portion of the EDA market. *See* D.I. 76 ¶¶ 1-2.

Indeed, Magma's *admitted* wrongdoing in the Northern District Action precludes it from proving any improper actions or intent by Synopsys to impede competition or interfere with legitimate business activity by Magma by demonstrating that it is Synopsys – and not Magma – who has been wronged. The Synopsys Reply details how Lucas van Ginneken, who is an inventor for Magma's '328 patent at issue in this case, literally stole Synopsys' inventions. Dr. van Ginneken conceived the inventions at issue in the Northern District Action while employed at Synopsys, then went to work for Magma. *See* D.I. 82 ¶¶ 164-187. Dr. van Ginneken and Magma incorporated the inventions into Magma's product line and improperly secured patents in Magma's name for theses Synopsys inventions. *See id.,* ¶¶ 188-219. The Reply describes the events surrounding Synopsys' discovery of Magma's theft and its response to Magma's claims that Synopsys infringed these patents, patents that properly belonged to Synopsys. *Id.* ¶¶ 220-226. The Reply further details Dr. van Ginneken's confession to these

illegal activities at Magma. *Id.* ¶¶ 227-233. Magma itself has admitted that, in light of this situation, it has no ownership interest in the patents at issue in the Northern District Action. Louden Decl. Ex. A at 20:15-17.

Without question, Magma would prefer to assert its own story of the litigation with Synopsys and prevent these facts from coming to light in this case. The Court should not allow Magma to have it both ways. The facts alleged in Synopsys' Reply demonstrate conclusively that Synopsys' conduct with respect to the Northern District Action, as well as the other actions Synopsys has taken to protect its intellectual property rights, is not part of any unlawful monopolization scheme or other tort against Magma. Rather, these facts establish that it is Magma that conducted itself improperly and illegally and undermine essential elements of Magma's antitrust and other Counterclaims. It is untenable for Magma to contend that factual allegations contradicting and undermining essential elements of its own claims are "irrelevant," "immaterial and impertinent," or "unnecessary clutter."

Magma contends that its so called "limited allegations" concerning the Northern District Action do not justify the inclusion of the Synopsys' allegations that are unfavorable to Magma's theories of liability. There is nothing limited, however, about Magma's allegations. Magma put its own allegations concerning the Northern District Action at the very opening of its Counterclaims and later incorporated them into every claim for relief. If the Court applies Rule 12(f) in the way Magma requests to strike the allegations in Synopsys' Reply and/or the unclean hands affirmative defense, Magma will indeed have succeeded in turning reality on its head by using its own misconduct against Synopsys yet again.

### 3.     Synopsys' Unclean Hands Defense More Than Satisfies Notice Pleading Standards.

Magma argues that merely listing a defense without providing underlying facts does not meet the requirements of Rule 8(a).  *See* D.I. 89 at 7.  This is an ironic position for Magma to take as it is also asking the Court to strike 70 paragraphs of allegations from Synopsys' Reply.  If anything, Magma contends that Synopsys provides too many facts in support of its unclean hands defense.  *Id.* at 5.  Synopsys would have more than sufficiently pled its unclean hands defense if it had perfunctorily alleged Magma's bad conduct.  *See Echostar Satellite, L.L.C. v. Persian Broad. Co., Inc.*, slip op., D. Colo., Case No. 05 CV 00466 PSF MEH, 2006 WL 446087 *2 (Feb. 22, 2006) (allegation that plaintiff was "unable to meet its obligations under the Affiliation Agreement" sufficient to plead unclean hands defense).  This is not to say that it is improper, however, for Synopsys to have alleged the facts it did.  *Id.* at *1 ("Allegations will not be stricken as immaterial under this rule unless it can be shown that no evidence in support of the allegation would be admissible.").  Again, the Court should not let Magma have it both ways.

### 4.     Unclean Hands Is a Valid Defense to Magma's Counterclaims.

Contrary to Magma's contentions, Synopsys' unclean hands defense is not invalid as a matter of law.  The cases Magma cites in support of its contrary argument are inapposite.  D.I. 88 at 7-11.  In *In re Merrill Lynch & Co, Inc.*, 218 F.R.D. 76 (S.D.N.Y 2003), the stricken allegations related to "preliminary steps" in other tangentially related administrative proceedings and litigations "that did not result in an adjudication on the merits," which were immaterial as a matter of law with respect to consent decrees and pre-litigation investigations.  *Id.* at 78.  In contrast, Synopsys relies on the Magma conduct giving rise to the Northern District Action, and not simply the fact of that litigation itself.  To the extent the existence of the Northern District Action – rather than its underlying facts – has become relevant, it has been through *Magma's*

10

Counterclaims. The Seventh Circuit's decision in *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286 (7th Cir. 1989), is equally inapplicable. In *Heller*, the stricken defenses were so barebones and conclusory that not only did the court find that they failed to meet the notice pleading standards of Rule 8(a), but it also found them sanctionable. *Id.* at 1295. As described in greater detail above, Synopsys' unclean hands defense satisfies Rule 12(b) and Rule 8(a), and is not the "unnecessary clutter" to which the *Heller* court referred.

Magma argues that Synopsys should not be able to proceed with its unclean hands defense because there is purportedly no relation between Magma's bad conduct and the relief it seeks in this case. *See* D.I. 89 at 7-8. Quite the to contrary, each of Magma's Counterclaims incorporates its baseless allegations regarding Synopsys' conduct and motivations in the Northern District Action. Moreover, Magma's misconduct as described in the Reply allegations related to the Northern District Action not only negates essential elements of Magma's Counterclaims, but it also incurably stains Magma here, and prevents it from seeking equitable relief against Synopsys in this case. *See, e.g.,* D.I. 82 ¶¶ 165-169.

### a. Unclean Hands Defense to Magma's Infringement Claim for the '328 Patent.

Based on the facts Synopsys alleges, unclean hands is available as an affirmative defense to Magma's Counterclaims of infringement regarding the '328 Patent, on which Dr. van Ginneken is also a named inventor. *See, e.g., Consol. Aluminum Corp. v. Foseco Int'l Ltd.*, 910 F.2d 804, 809-10 (Fed. Cir. 1990) (upholding unclean hands defense and finding all affected patents unenforceable). It is premature at this stage of discovery to determine whether unclean hands will also operate to bar Magma's claims under the other four patents asserted in this action.

### b.     Affirmative Defense to Magma's Monopoly Counterclaims.

Magma's argument that unclean hands is unavailable as a matter of law to defend against a private antitrust claim is simply incorrect.  *See* D.I. 89 at 8-10.  *Kiefer-Stewart Co. v. Joseph E. Seagram & Sons, Inc.*, 340 U.S. 211 (1951) – the primary case on which Magma relies – is inapposite for two reasons.  First, the alleged wrong by the plaintiff was entirely unrelated to the antitrust violations for which the jury held the defendant liable.  *Id.* at 214.  Here, Magma's wrongful conduct is closely related to its claims that Synopsys has monopolized the very market in which Magma founded its company on stolen inventions.  Second, plaintiff's wrong in that case was also an antitrust violation.  *See Perma Life Mufflers, Inc. v. Int'l Parts Corp.*, 392 U.S. 134, 143 (1968) (interpreting *Kiefer-Stewart* as holding that "plaintiff's own delinquency under the antitrust laws would not always bar his treble-damage antitrust suit.").  The concern in these circumstances is that the indirect purchaser rule, *see Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977), or other procedural principle applicable in antitrust cases may prevent anyone other than a plaintiff who was also involved, possibly unwillingly, from challenging the violation.  No such concern arises where, as here, the alleged unclean hands do not arise from participation in an antitrust violation and there are other potential claimants that could allege any antitrust violation.  Notably, a majority of the Court in *Perma Life Muffler* recognized that a plaintiff's own wrongful conduct may serve as a bar to recovery in some cases.  *See Pinter v. Dahl*, 486 U.S. 622, 632 (1988) (interpreting the concurring and dissenting opinions from *Perma Life Muffler* to conclude that the defense is available in private antitrust actions).  Magma's remaining authorities rely on *Kiefer-Stewart* and *Perma Life Muffler,* but do not support the conclusion that unclean hands is unavailable here.

A more recent Supreme Court case, not cited by Magma, makes clear that the Court considers unclean hands a defense to an antitrust claim in appropriate circumstances. In that case, the Supreme Court has encouraged government antitrust enforcement specifically because private actions might be barred by unclean hands. *See California v. Am. Stores Co.*, 495 U.S. 271, 296 (1990) ("Moreover, equitable defenses such as laches, or perhaps 'unclean hands,' may protect consummated transactions from belated attacks by private parties when it would not be too late for the Government to vindicate the public interest.").

It is thus clear that Magma's argument with respect to Synopsys' defense to the antitrust claims is legally incorrect.

### c.    Affirmative Defense to Other Counterclaims.

Further, the allegations regarding Magma's systematic misconduct in Synopsys' Reply have an immediate and necessary relation to the relief Magma seeks by its other Counterclaims. For instance, Magma's claims that Synopsys disparaged it and interfered with its business relations by speaking truthfully about Magma's ability to defend against itself successfully in the Northern District Action clearly stumbles in the face of Synopsys' allegations concerning Magma's unclean hands in connection with the events at issue in that litigation. Likewise, Magma's unfair competition counterclaims fails for this reason and those set forth above with respect to the antitrust counterclaims. Accordingly, Synopsys' unclean hands defense is available to defeat these counterclaims as well. *See Saudi Basic Indus. Corp. v. Exxonmobil Corp.*, 401 F. Supp. 2d 383 (D.N.J. 2005) (dismissing complaint for unfair competition, tortious interference with prospective economic advantage, and other claims based on plaintiff's unclean hands); *Guardian Life Ins. Co. of Am. v. Am. Guardian Life Ins. Co.*, 943 F. Supp. 509, 530 (E.D. Pa. 1996) (denying plaintiff's motion for summary judgment where defendant may be able to prove unclean hands defense to claims for unfair competition under Section 43(a) of the

Lanham Act); *Toro Co. v. Textron, Inc.*, 499 F. Supp. 241, 254 n.7 (D. Del. 1980) (unclean hands is "clearly applicable in injunction actions under Section 43(a)"); *Best Foods, Inc. v. Gen. Mills, Inc.*, 3. F.R.D. 459, 462-464 (D. Del. 1944) (denying plaintiff's motion to strike unclean hands defense and recognizing that unclean hands is a valid defense to unfair competition); *In re Silver Leaf, L.L.C.*, C.A. No. 20611, 2005 Del. Ch. LEXIS 119, at *46 (Del. Ch. Aug. 18, 2005) (defendant's tortious interference counterclaim barred by unclean hands).

### B.    Synopsys Does Not Seek to Further Expand Discovery.

Magma also makes the unsupported contention that allowing the Synopsys Reply allegations to remain in the case will add "(literally) millions of pages" of discovery that will bog down this case. *See* D.I. 89 at 6. What Magma ignores is that that such discovery has already taken place in the Northern District Action, and therefore, there is no need to repeat it. Nor is there any likelihood of discovery disputes, since the discovery is already done and a voluminous record already exists. Synopsys is more than willing to work with Magma and the Court to utilize in this case discovery from the Northern District Action to the extent applicable in order to avoid any unnecessary duplication.

More fundamentally, however, Magma cannot limit how Synopsys responds to the Counterclaims simply because Magma claims it will burdensome. Having placed Synopsys' conduct and the Northern District Action at issue, Magma cannot now complain about the burden caused by its election.

### C.    The Court Should Decline Magma's Request to Sever or Stay.

As a fallback position, Magma moves to have the Court sever and stay all proceedings with respect to Synopsys' disputed Reply allegations and its unclean hands defense. *See* D.I. 89 at 13. The grounds that Magma advances for its proposed severance are that (a) discovery costs will increase; (b) the trial date for this case will be jeopardized; (c) the ownership decision

pending in the Northern District Action "could become material here in unpredictable ways"; and (d) the issues raised in Synopsys' Reply allegations are already before the Court in the Northern District Action. *Id.* at 12. Magma's request is ironic in light of its categorical and successful opposition to Synopsys' prior efforts to stage aspects of discovery and trial in this case. *See* D.I. 75 (Memorandum and Order Denying Synopsys' Motion to Bifurcate and Stay, May 25, 2006, at 6-8).

In opposing Synopsys' request to bifurcate and stay antitrust issues, Magma argued, "to split discovery now would make settlement impossible, and waste the Court's resources in disputes trying to split discovery between antitrust and patent issues." *See* D.I. 35 (Magma's Answering Brief in Opposition to Synopsys' Motion to Bifurcate and Stay, Feb. 6, 2006) at 3. Magma also stated that "without all the parties' claims on the table in current litigation, settlement discussions cannot proceed on an informed basis and with the attention to risk that makes a negotiated resolution possible." *Id*. at 19. Magma now ignores the very factors it cited.

Again, after accusing Synopsys of a wide-ranging antitrust scheme specifically including the parties' conduct in the Northern District Action, Magma can hardly argue that Synopsys should be precluded from bringing matters related to the Northern District Action to the attention of this Court in defense of those claims. Yet that is precisely what Magma advocates. Synopsys agrees that the antitrust Counterclaims complicate this case and make the current discovery and trial schedule difficult, but it was Magma's refusal to bifurcate discovery or trial of its own antitrust and other non-patent counterclaims, as well as its assertion of four additional patents within that same trial schedule that will have an even greater impact on the ability of the parties to get this case prepared for trial under the current schedule. It is hardly an answer to this scheduling problem to argue that Synopsys' facts and defenses should be left to another day.

Indeed, it would be fundamentally unfair for the jury to hear Magma's Counterclaims without also having before it evidence of Magma's bad conduct that underlines key elements of those Counterclaims. There is simply no support in the law for such an argument.

Next, it is unclear what Magma means by the ownership decision in the Northern District Action becoming material here "in unpredictable ways," and it is also unclear how that factor cuts in favor of limiting or severing Synopsys' ability to defend itself against Magma's Counterclaims in this Court. Finally, Synopsys does not agree that the inclusion of certain factual allegations related to Magma's misconduct in the Northern District Action necessarily entails re-litigation of any issues in the two different courts. Traditional principles of collateral estoppel will apply between the parties and prevent inappropriate relitigation of common issues.

Finally, neither of the two cases that Magma cites in its Motion supports the sort of segregation or stay Magma proposes. In each case, the outcome of one suit had the potential to render another concurrent suit moot. *See AFC Indus., Inc. v. Guinn*, 384 F.2d 15 (5th Cir. 1967) (defendant in patent infringement suit in Texas brought simultaneous suit in Kansas against the Texas plaintiff, asserting ownership of the patent-in-suit; defendant prevailing in ownership dispute would render infringement suit moot); *Tex. Indep. Producers & Royalty Owners Ass'n v. EPA*, 410 F.3d 964, 980 (7th Cir. 2005) (stay was appropriate because favorable outcome in a suit pending before the Fifth Circuit would render the Seventh Circuit case moot). The cited portion of each case relies on *Landis v. N. Am. Co.*, 299 U.S. 248 (1936). That case, however, dealt with a stay pending appeal in another, unrelated case, of a relevant legal question. *Id.* at 250-252.

While Magma has made the facts underlying the Northern District Action relevant to this suit through its Counterclaims, it does not argue that the outcome of this case depends on the

outcome of the Northern District Action or that a verdict in the Northern District Action might render Magma's Counterclaims here moot.   As such, Magma has provided no authority supporting its request to stay or sever Synopsys' Reply allegations and the unclean hands defense.

## CONCLUSION

For all the foregoing reasons, the Court should deny Magma's Motion.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Karen Jacobs Louden (#2881)*
Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
klouden@mnat.com
1201 N. Market St.
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
Attorneys for plaintiff Synopsys, Inc.

OF COUNSEL:
James J. Elacqua
Chris Scott Graham
Valerie M. Wagner
DECHERT LLP
1117 California Ave.
Palo Alto, CA  94304
(650) 813-4848

July 19, 2006

529494

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned, hereby certify that on July 19, 2006 I electronically filed the foregoing with the Clerk of the Court using CM/ECF which will send notification of such filing to William J. Marsden, Jr.

I further certify that on July 19, 2006 I caused that copies of the foregoing be served on the following counsel in the manner indicated:

### <u>By Hand</u>

William J. Marsden, Jr.
Fish & Richardson P.C.
919 N. Market St.
P.O. Box 1114
Wilmington, DE  19899

*/s/ Karen Jacobs Louden (#2881)*
Karen Jacobs Louden