**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| SYNOPSYS, INC., <br> a Delaware Corporation, <br><br>     Plaintiff and <br>     Counter-Defendant, <br><br>     v. <br><br> MAGMA DESIGN AUTOMATION, <br> a Delaware Corporation, <br><br>     Defendant and <br>     Counterclaimant. <br><br> AND RELATED COUNTERCLAIMS. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )    C.A. No. 05-701 GMS <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**MAGMA DESIGN AUTOMATION, INC.'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO STRIKE, DISMISS, AND/OR SEVER AND STAY SYNOPSYS'S ALLEGATIONS AND AFFIRMATIVE DEFENSES**

Dated: July 26, 2006

OF COUNSEL:

James Pooley
L. Scott Oliver
Marc D. Peters
Pooley & Oliver LLP
Five Palo Alto Square, 7th Floor
Palo Alto, CA 94306-2121
(650) 739-7020

FISH & RICHARDSON P.C.

William J. Marsden, Jr. (#2247)
(marsden@fr.com)
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114
Telephone: (302) 652-5070

Katherine Kelly Lutton
Tamara Fraizer
500 Arguello St., Suite 500
Redwood City, CA 94063

Attorneys for Defendant and Counterclaimant,
Magma Design Automation, Inc.

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ...........................................................................................................1

II. SUMMARY OF PROCEEDINGS ..................................................................................1

III. ARGUMENT ...................................................................................................................2

    A. SYNOPSYS CANNOT SHOW A RELATION BETWEEN THE DISPUTED ALLEGATIONS AND ISSUES IN *THIS* CASE ...........................................................................................................2

    B. UNCLEAN HANDS IS NOT A DEFENSE TO ANY OF MAGMA'S CLAIMS ........................................................................3

        1. Synopsys Cites No Authority Applying Unclean Hands To Antitrust Claims .............................................................3

        2. Synopsys's Allegations Do Not Support Unclean Hands On Magma's Patent Infringement Claims ....................5

        3. None Of Synopsys's Allegations Support Unclean Hands As A Defense To Magma's Other Claims ...................6

        4. Synopsys Concedes That Without the Disputed Allegations, It Fails To Plead Its Unclean Hands Defense Adequately ....................................................8

    C. ALLEGATIONS FROM THE CALIFORNIA ACTION WILL NOT LIMIT RELIEF AVAILABLE TO MAGMA IN THIS ACTION ...........................................................................8

    D. THE DISPUTED ALLEGATIONS ARE CALCULATED TO PREJUDICE MAGMA ...........................................................9

    E. IF THE DISPUTED ALLEGATIONS ARE RELEVANT TO THIS CASE, MAGMA'S MOTION TO SEVER AND STAY SHOULD BE GRANTED ........................................................10

        1. The Northern District of California, Not This Court, Should Rule On Issues Related To The California Action ....................................................................10

        2. This Court Has The Authority To Sever And Stay Issues Related To The California Action .............................11

IV. CONCLUSION ..............................................................................................................13

**TABLE OF AUTHORITIES**

**Page**

**CASES**

*Bubis v. Blanton*,
   885 F.2d 317 (6th Cir. 1989) ......................................................................................4

*California v. America Stores Co.*,
   495 U.S. 271 (1990)......................................................................................................5

*Kiefer-Stewart Co. v. Joseph E. Seagram & Sons, Inc.*,
   340 U.S. 211 (1951), *overruled on other grounds* by *Copperweld Corp. v.
   Independence Tube Corp.*, 467 U.S. 752 (1984) ..........................................................3

*Landis v. N. America Co.*,
   299 U.S. 248 (1936)....................................................................................................11

*In re Laughlin Products, Inc.*,
   265 F. Supp. 525 (E.D. Pa. 2003) ...............................................................................12

*Long Island R.R. Co. v. Delaware, Lackawanna & W. R.R. Co.*,
   143 F. Supp. 363 (E.D.N.Y. 1956) .............................................................................12

*McKennon v. Nashville Banner Publ'g Co.*,
   513 U.S. 352 (1995)......................................................................................................3

*Perma Life Mufflers, Inc. v. International Parts Corp.*,
   392 U.S. 134 (1968), *overruled on other grounds* by *Copperweld Corp. v.
   Independence Tube Corp.*, 467 U.S. 752 (1984) .....................................................4, 5

*Pinter v. Dahl*,
   486 U.S. 622 (1988)......................................................................................................4

*Renalds v. S.R.G. Restaurant Group*,
   119 F. Supp. 2d 800 (N.D. Ill. 2000) ...........................................................................6

*Specialty Mineral v. Pluess-Staufer AG*,
   295 F. Supp. 2d 109 (S.D.N.Y. 2005).......................................................................6, 7

*Terra Industrial, Inc. v. Commonwealth Insurance Co. of America*,
   981 F. Supp. 581 (N.D. Iowa 1997)............................................................................12

*The Scully Co. v. OneBeacon Insurance Co.*,
   No. 03-6032, 2004 U.S. Dist. LEXIS 9953 (E.D. Pa. May 24, 2004).........................11

*Union Carbide Corp. v. Montell N.V.*,
   28 F. Supp. 2d 833 (S.D.N.Y. 1998)............................................................................3

*Untracht v. Fikri*,
   368 F. Supp. 2d 409 (W.D. Pa. 2005)....................................................................8, 11

*Van kannel Revolving Door Co. v. General Bronze Corp.*,
   6 F. Supp. 518 (E.D.N.Y. 1934), *rev'd on other grounds* by 77 F.2d 300 (2d Cir.
   1935) ...................................................................................................................5

## STATUTES

Fed. R. Civ. P. 15(a) ........................................................................................................6

## I.   INTRODUCTION

Synopsys's Opposition collapses to this: because Magma's antitrust claims refer to the California Action, the substantive issues of the California Action must, *ipso facto*, be relevant here. But that framing of the issue ignores what Magma actually pleads about the California Action. Magma alleges a litigation campaign by Synopsys and false statements to customers about how that litigation will hurt Magma's business. The substantive merits of those other cases—including the California Action—are not what matters here. What is relevant is that those other cases exist, and that Synopsys is using their existence to damage Magma's customer relationships.

Because the substantive issues in the California Action need not (and should not) be litigated in parallel here in Delaware, the Disputed Allegations and Synopsys's unclean hands defense—which relies exclusively on those allegations—ought to be stricken or dismissed. To leave either in the case would unnecessarily increase the time, expense, and burden of the parties and the Court, by injecting fact issues that are being litigated in another court.

## II.   SUMMARY OF PROCEEDINGS

Synopsys filed its complaint on September 26, 2005. (D.I.1) Magma filed its Amended Answer and Counterclaims on October 25, 2005. (D. I. 7) In that pleading, Magma asserted antitrust and unfair competition claims that referred to Synopsys's anticompetitive litigation behavior, including the California Action.

After successfully moving for leave to amend its amended answer to add additional patent claims, Magma filed its Second Amended Answer on May 31, 2006, (D.I. 76) without amending its other counterclaims. Synopsys responded on June 14, 2006. (D.I. 82) In this pleading, for the first time, Synopsys incorporated 23 pages of allegations copied from the California Action. It did this with no explanation of why these 70 paragraphs, which had

been before the Northern District of California since February 14, 2005, had suddenly become relevant here.

On July 5, 2006, Magma brought this motion, seeking to strike or dismiss the Disputed Allegations and Synopsys's related unclean hands and equitable estoppel affirmative defenses, or, in the alternative, to sever and stay those defenses. (D.I. 88). On July 19, 2006, Synopsys filed its Opposition to this motion. (D.I. 96). In its Opposition, Synopsys withdrew its equitable estoppel affirmative defense, but urged the Court to allow the unclean hands defense and the Disputed Allegations on which that defense relies. Magma now files its reply.

### III. ARGUMENT

#### A. SYNOPSYS CANNOT SHOW A RELATION BETWEEN THE DISPUTED ALLEGATIONS AND ISSUES IN *THIS* CASE

Synopsys makes no attempt in its Opposition to tie the substance of the California Action to the claims asserted by Magma in this litigation, nor to explain how those allegations reflect an "immediate and necessary relation" with Magma's claims. Instead, it argues that because Magma referred to the California Action in its Second Amended Answer, the door is open, and everything in that case must now flow through that door.[1] That argument is logically flawed and exaggerates what Magma actually pled in its counterclaims.

The California Action deals with patents and conduct unrelated to Magma's claims here. Synopsys does not dispute this. It sets forth no argument, and cites no legal authority, to suggest that conduct surrounding patents not at issue in this litigation could be relevant to its affirmative defenses.[2] The Disputed Allegations—whether or not true—have no bearing

---

[1] By Synopsys's logic, Magma's allegations have also opened the door to **all** of the substance of the litigations between the parties in Germany, Japan, and California state court. (*See* Magma's Second Amended Answer and Counterclaims at ¶¶ 4-6.) (D.I 76).

[2] Notably, even though Synopsys incorporates by reference all of the Disputed Allegations into each of its 19 affirmative defenses, it argues in its Opposition only that those allegations could be relevant to unclean hands. Thus, if the Disputed Allegations do not support Synopsys's unclean hands defense (and, as explained below, they do not), Synopsys concedes that they are irrelevant and should therefore be stricken.

2

on Magma's claims here, because Magma's allegations about the California Action go to the existence, not the substance, of that case.

Magma's counterclaims prove this point. Magma sets out the litigation history between the parties, (Second Amended Answer and Counterclaims at ¶¶ 2-6, D.I. 76) describes Synopsys's claims in this litigation by noting that they could have been added to the California Action, (*id.* ¶ 7), and describes libelous statements made by Synopsys concerning Magma's ability to afford to defend itself in the Northern District of California, (*id.* ¶ 116). Nothing about those allegations relies upon or goes to the substance of the California Action.

### B. UNCLEAN HANDS IS NOT A DEFENSE TO ANY OF MAGMA'S CLAIMS

Synopsys alleges bad conduct on the part of Magma and Lukas van Ginneken related to the California Patents. Assuming, *arguendo*, that the alleged conduct rises to the level of "unconscionability," it does not support an unclean hands defense because it is not immediately and necessarily related to the subject of ***this*** litigation, which involves ***different patents***. And because Synopsys alleges no other unconscionable conduct by Magma, Synopsys's unclean hands affirmative defense should be stricken.

#### 1. Synopsys Cites No Authority Applying Unclean Hands To Antitrust Claims

Federal case law is settled—unclean hands is not a valid defense to antitrust claims. *Kiefer-Stewart Co. v. Joseph E. Seagram & Sons, Inc.*, 340 U.S. 211 (1951), *overruled on other grounds* by *Copperweld Corp. v. Independence Tube Corp.*, 467 U.S. 752 (1984); *McKennon v. Nashville Banner Publ'g Co.*, 513 U.S. 352, 360 (1995) ("We have rejected the unclean hands defense where a private suit serves important public purposes.") (quotation omitted); *Union Carbide Corp. v. Montell N.V.*, 28 F. Supp. 2d 833, 839-40 (S.D.N.Y. 1998) (relying on *Kiefer-Stewart* to prevent the plaintiff from arguing unclean hands in defense to an antitrust action); (*see also* Magma's Opening Brief in Support of Its Motion to Strike,

3

Dismiss, and/or Sever and Stay Synopsys's Allegations and Affirmative Defenses ("Opening Br.") D.I. 89 at 8).

Synopsys fails in its attempts to distinguish these cases. The rule barring the unclean hands defense in antitrust actions is based on sound policy concerns: because the nature of antitrust harm is public, an antitrust claim that remedies that harm and prevents further harm should not be precluded even if the claimant has "unclean hands." *Bubis v. Blanton*, 885 F.2d 317, 321 (6th Cir. 1989) ("The Plaintiff who reaps the reward of [his antitrust claims] may be no less morally reprehensible than the defendant, but the law encourages his suit to further the overriding public policy in favor of competition.") (citation omitted). This principle applies to innumerable factual scenarios. *Id.* ("The federal courts have ***uniformly*** rejected the defense of unclean hands in antitrust actions.") (emphasis added). Despite its attempts to distinguish Magma's cases on their facts, Synopsys has not attempted to articulate why the facts of ***this case*** justify overriding those strong public policy concerns. They don't.

Moreover, conspicuously absent from Synopsys's Opposition is any citation to a case approving an unclean hands defense to an antitrust action. Instead, Synopsys relies on dicta taken out of context.

For example, Synopsys cites dictum from *Pinter v. Dahl*, 486 U.S. 622, 632 (1988), for the proposition that unclean hands "is available in private antitrust actions." (Opposition at 12, D.I. 96). Synopsys is wrong. First, the claims at issue in *Pinter* arose under federal securities statutes; no antitrust claims were pled. Second, the ***only*** mention of unclean hands was in the court's description of *Perma Life Mufflers, Inc. v. Int'l Parts Corp.*, 392 U.S. 134, 144-45 (1968), *overruled on other grounds* by *Copperweld Corp. v. Independence Tube Corp.*, 467 U.S. 752 (1984). *Pinter*, 486 U.S. at 632. The *Pinter* opinion noted that *Perma Life* held the affirmative defense of *in pari delicto* unavailable against certain antitrust claims. *Id.* It then observed that the *Perma Life* court explains how *in pari delicto* is closely related to unclean hands. *Id.* The court concluded that concurring and dissenting opinions in

4

*Perma Life* support the idea that a narrower formulation of *in pari delicto* (**not** unclean hands) "should" be available in private antitrust actions.[3] *Id.* *Pinter* simply has no application here.

Synopsys also overstates dicta from *California v. Am. Stores Co.*, 495 U.S. 271, 296 (1990). There, the court was concerned with broad governmental power to pursue antitrust claims. *Id.* It suggested that public policy favored allowing the government to bring antitrust charges where private parties were prevented from doing so, particularly where the parties were time-barred and "perhaps" in the case of unclean hands. *Id.* No federal court, however, has relied on this dictum to approve unclean hands as a defense to antitrust action.

### 2. Synopsys's Allegations Do Not Support Unclean Hands On Magma's Patent Infringement Claims

Synopsys's unclean hands defense also fails with respect to Magma's patent infringement claims. First, regarding the '328 Patent, the only relationship Synopsys suggests with the California Patents is that they share a common inventor, Lukas van Ginneken. (Opposition at 11, D.I. 96). But regardless of van Ginneken's conduct with respect to the California Patents, Synopsys cites no case holding that such misconduct could taint *other patents not even in the same family*. Common inventorship alone cannot establish an "immediate and necessary relation." *See Van kannel Revolving Door Co. v. Gen. Bronze Corp.*, 6 F. Supp. 518, 528 (E.D.N.Y. 1934) (rejecting unclean hands defense despite plaintiff's ownership of both a patent-in-suit and an alleged deceitfully secured patent not at issue), *rev'd on other grounds* by 77 F.2d 300 (2d Cir. 1935). Synopsys has pled no other

---

[3] Although the defenses are similar, the reasoning underlying the concurring and dissenting opinions in *Perma Life* would not apply to unclean hands, certainly not the sort that Synopsys wants to plead here. *See Perma Life*, 392 U.S. at 149 (Marshall, J., concurring) (suggesting that *in pari delicto* should apply to private antitrust suits when it can be shown that the plaintiff was "substantially at equal fault" in formation and implementation of **the same illegal scheme**).

5

misconduct by van Ginneken (or Magma), even on information and belief, related to the '328 Patent.[4]

Second, with respect to the four other patents asserted by Magma, Synopsys's only argument is that "[i]t is premature at this stage of discovery to determine whether unclean hands will also operate to bar Magma's claims under the other four patents asserted in this action." (Opposition at 11, D.I. 96). This is not sufficient to overcome a motion to strike. If facts arise during discovery to support an unclean hands defense, Synopsys may move for leave to amend its pleading. *See* Fed. R. Civ. P. 15(a) ("[L]eave shall be freely given when justice so requires."); *see also Renalds v. S.R.G. Rest. Group*, 119 F. Supp. 2d 800, 803 (N.D. Ill. 2000) (striking affirmative defenses but noting that party can later amend pleadings to re-plead affirmative defenses under Rule 15(a)). Just as it withdrew its unsupported equitable estoppel defense in response to Magma's motion, (Opposition at 1 fn. 1, D.I. 96), Synopsys cannot go forward with an unclean hands defense under the theory that sufficient facts might later be unearthed.

### 3. None Of Synopsys's Allegations Support Unclean Hands As A Defense To Magma's Other Claims

Synopsys baldly asserts that its allegations support unclean hands as a defense to Magma's other claims, including Unfair Competition, Trade Libel, and Tortious Interference. (Opposition at 13-14, D.I.96). Nothing in Synopsys's pleadings or its Opposition, however, demonstrates how the Disputed Allegations bear an "immediate and necessary relation" to those claims, and case law is clear that conduct related to patents not at issue in a case is not material to the unclean hands defense. *See, e.g.*, *Specialty Mineral v. Pluess-Staufer AG*, 295 F. Supp. 2d 109, 111-12 (S.D.N.Y. 2005).

The facts of *Specialty Mineral* are instructive. Specialty Mineral ("SMI") moved to strike defendant Omaya's unclean hands defense to SMI's unfair competition claim. *Id.*

---

[4] Synopsys's argument that Magma was "founded on stolen inventions" (D.I. 96) (Opposition at 12) is only that: attorney rhetoric. Although the allegations in the California Action reflect an unusual set of circumstances, they apply only to the patents asserted there.

6

SMI alleged that Omaya engaged in unfair competition by suing SMI under the fraudulently obtained patent-in-suit and by telling SMI's customers that SMI was infringing that patent. *Id.* at 112. Omaya pled unclean hands, alleging that SMI falsely accused Omaya of infringing SMI's *other* patents and that SMI made false statements to Omaya's customers to that effect. *Id.*

The court granted SMI's motion to strike because the acts alleged by Omaya to support its defense were "not related to [the patent-in-suit] nor to Omaya's improper use of the [patent-in-suit] to engage in unfair competition." *Id.* The court explained that conduct necessary to support an unclean hands defense must be "***directly related to plaintiff's use or acquisition of the right in suit***." *Id.* at 113 (emphasis added). Omaya's argument that the "right in suit" should be more broadly defined was found unpersuasive "in light of the extensive case law in which the right in suit is narrowly defined in relation to the specific claims asserted by the plaintiff." *Id.* Omaya offered no other factual allegation to support its claim. *See id.* at 114. Finally, the court noted that SMI would be prejudiced by inclusion of the unclean hands defense because it would entail additional discovery, and the length and scope of the trial would be expanded. *Id.*

The facts here are squarely on point with *Specialty Mineral*. Synopsys's unclean hands defense to Magma's unfair competition claim (as well as Magma's antitrust, patent infringement, trade libel, and tortuous interference claims) rests solely on allegations of misconduct as to patents ***not at issue*** in this case. Synopsys makes no other allegation of misconduct. Including the unclean hands defense would force Magma to endure unwarranted discovery, and the schedule recently affirmed by this Court could be imperiled. Here, just as in *Specialty Mineral*, "[t]he misconduct that forms the basis for the defense is not immediately and necessarily related to the right in suit." *Id.* at 112 (citing *Keystone Driller Co. v. Gen. Excavator Co.*, 290 U.S. 240, 245 (1933)).

### 4. Synopsys Concedes That Without the Disputed Allegations, It Fails To Plead Its Unclean Hands Defense Adequately

As Magma has noted, Synopsys's affirmative defense of unclean hands fails to satisfy notice pleading standards because the defense is not supported by material facts. (Opening Br. at 7, D.I. 89). In its Opposition, Synopsys argues that Magma is moving to strike the material facts that support the defense. (Opposition at 10, D.I. 96). Synopsys fails to grasp an obvious point: those 70 paragraphs describe conduct unrelated to this litigation. Page after page of irrelevant facts do not satisfy notice pleading standards, which require a "short and plain" statement of facts that justify the claim. *See Untracht v. Fikri*, 368 F. Supp. 2d 409, 415 (W.D. Pa. 2005) (striking pages of allegations as "redundant and impertinent" and not consonant with Rule 8's requirement of a "short and plain" statement). Forcing a party to address irrelevant facts is "unfairly burdensome." *Id.*

The parties agree that the Disputed Allegations are the *only* allegations of misconduct in Synopsys's pleadings. Synopsys concedes that it has no other support for its unclean hands defense, and because it alleges only immaterial misconduct by Magma, Synopsys has not adequately pled the defense.

### C. ALLEGATIONS FROM THE CALIFORNIA ACTION WILL NOT LIMIT RELIEF AVAILABLE TO MAGMA IN THIS ACTION

Next, Synopsys contends that "Magma's admitted wrongdoing in the Northern District Action precludes it from proving any improper actions or intent by Synopsys to impede competition or interfere with legitimate business activity by Magma . . . ." (Opposition at 8; *see also id.* at 2 & 6, D.I. 96). This is both misleading and completely unsupported by authority. In the California Action, Magma originally and genuinely believed that it was the owner of the California Patents based on its employment relationship with van Ginneken. (Declaration of William J. Marsden, Jr. in Support of Magma Design Automation, Inc.'s Reply Brief in Support of Its Motion to Strike, Dismiss, and/or Sever and Stay Synopsys's Allegations and Affirmative Defenses, Exhibit A filed concurrently

8

herewith). Once Magma learned about van Ginneken's misconduct, it acknowledged lack of ownership.[5] There was no "wrongdoing" for Magma to admit.

Moreover, Synopsys cites no authority, but relies on *ipse dixit*, to support its argument that even "admitted wrongdoing" would preclude Magma from pursuing its claims in the Delaware case. Synopsys's strident rhetoric is a mere deflection from the real issue: there is no relationship between the substance of the California Action and this case. The two cases deal with different patents, different transactions, and different ownership issues. Synopsys cannot plausibly claim that any conduct in the California Action—even "wrongdoing" by Magma—limits Magma's potential recovery in the District Court of Delaware.

### D. THE DISPUTED ALLEGATIONS ARE CALCULATED TO PREJUDICE MAGMA

The timing of Synopsys's allegations reveals their purpose. On October 25, 2005, Magma filed its First Amended Answer and Counterclaims. (D.I. 7). On May 31, 2006, after successfully petitioning the Court for leave to amend its counterclaims to include four additional patents, Magma filed its Second Amended Answer and Counterclaims. (D.I. 76). Those pleadings were, to the word, exactly the same but for the additional allegations related to the new patents. Every one of Magma's allegations laid out in Synopsys's Opposition was found in Magma's first answer. But Synopsys only added the Disputed Allegations after it began seeking to delay the June 11, 2007, trial date.

All of the Disputed Allegations have long been known to Synopsys. No new evidence came to light after Magma's First Amended Answer and Counterclaims. (D.I. 7). The only explanation for their absence is that it was not tactically advantageous for Synopsys to plead those facts earlier. Incorporating the entire California Action into this case will prejudice Magma by dramatically increasing its work, legal fees, and by muddying the issues

---

[5] Magma maintains in the California Action that it is in any event licensed to the California Patents based on an IBM cross-license and the joint development agreement between IBM and Synopsys.

9

between the Delaware and California Actions—as well as jeopardizing the trial schedule recently reaffirmed by this Court.

### E.   IF THE DISPUTED ALLEGATIONS ARE RELEVANT TO THIS CASE, MAGMA'S MOTION TO SEVER AND STAY SHOULD BE GRANTED

Even if the Court were to find the substantive issues in the California Action relevant, the Northern District of California is in the best position to rule on those issues, making Magma's motion to sever and stay those issues a practical and efficient way to manage this litigation.

#### 1.   The Northern District of California, Not This Court, Should Rule On Issues Related To The California Action

Synopsys claims that Magma's motion is "ironic in light of its categorical and successful opposition to Synopsys' prior efforts to stage aspects of discovery and trial in this case." (Opposition at 15, D.I. 96). This disregards the purposes of the two motions.

Magma opposed Synopsys's motion to bifurcate because the antitrust and patent issues Synopsys sought to separate dealt with questions ***directly related*** to the balance of the issues present in this case. Both sets of issues would have to be ultimately addressed by this Court, and it would, therefore, have been inefficient and uneconomical to separate them. It would also have made settlement a near impossibility.

But the issues in the California Action are ***not directly related*** to the issues in this case. Any bearing they have on this case can and should be resolved by the Northern District of California. That court has dealt with those issues for the past two years, has reviewed relevant evidence, and has already completed the first trial phase of the case.

Magma has consistently sought to promote judicial efficiency, economical litigation for the parties, and settlement. If the Disputed Allegations are relevant, it would be sensible to wait for the Northern District of California to rule on them before introducing them into this case.

Indeed, Synopsys concedes this in its Opposition when it states that "[t]raditional principles of collateral estoppel will apply between the parties and prevent inappropriate relitigation of common issues." (Opposition at 16, D.I. 96). This is exactly right. If another federal court is addressing the same issues between the same parties, it makes far more sense to let that court resolve those issues before introducing them here.[6]

### 2. This Court Has The Authority To Sever And Stay Issues Related To The California Action

Synopsys also complains that the cases cited by Magma to support its motion to sever and stay are not applicable because they concern imposition of a stay with respect to an entire case. (Opposition at 2, D.I. 96). This is a distinction without a difference. Synopsys implies the Court lacks the authority to grant Magma's motion. While Synopsys may not be "aware of any rule or legal authority supporting Magma's motion to stay . . . ." on such grounds, (*id.*), it is certainly within the Court's discretion to manage a case in such a way, *see Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). Magma is not aware of ***any*** case that limits the Court's authority to manage its docket by severing and staying certain issues. Indeed, courts routinely grant partial stays pending the outcome of related proceedings. *See, e.g.*, *The Scully Co. v. OneBeacon Ins. Co.*, No. 03-6032, 2004 U.S. Dist.

---

[6] Moreover, Synopsys's contention that it "is more than willing to work with Magma and the Court to utilize in this case discovery from the Northern District action to the extent applicable in order to avoid any unnecessary duplication," (Opposition at 14, D.I. 96), is belied by its conduct thus far in this case. Magma—and the Court—can reasonably view those assurances with skepticism given the extent of Synopsys's recalcitrance during the discovery process. Already in this case Synopsys has: reneged on its promise to produce its source code after Magma already produced its source code in consideration of that promise; forced Magma to come to the Court to compel production of that source code; produced incomplete source code in response to this Court's Order; limited its production of documents to the documents produced by ***Magma*** to Synopsys in the California Action; and produced no other documents in response to Magma's requests. Synopsys cannot genuinely claim that it has been cooperative in discovery, and Magma respectfully suggests that the Court not rely on Synopsys's promise to cooperate in discovery in the future in making its ruling. In addition, it bears noting that given the ***twenty-three pages*** of allegations about the California Action Synopsys hopes to drag into this case, its views about what duplication is "unnecessary" may not be consonant with those of Magma or the Court.

11

LEXIS 9953, at **7-8 (E.D. Pa. May 24, 2004) (staying consideration of an insurer's duty to indemnify plaintiffs pending resolution of state court actions); *Terra Indus., Inc. v. Commonwealth Ins. Co. of Am.*, 981 F. Supp. 581, 606 (N.D. Iowa 1997) (granting partial stay of cash value and amount of loss issues pending completion of appraisal procedures); *In re Laughlin Prods., Inc.*, 265 F. Supp. 525, 537 (E.D. Pa. 2003) (granting partial stay pending reexamination of patents and allowing other patent issues, as well as unfair competition, defamation, disparagement, and tortuous interference claims to go forward); *see also Long Island R.R. Co. v. Delaware, Lackawanna & W. R.R. Co.*, 143 F. Supp. 363, 366 (E.D.N.Y. 1956) ("Since the question now under discussion is primarily one which calls for the trained and expert insight of the I.C.C. if intelligent and informed processes are to attend its resolution, the court should wait upon the outcome of the Section 13 proceeding before the Commission which presents this question, before venturing a decision upon ***this aspect of the case*** . . . .") (emphasis added).

## IV. CONCLUSION

Ultimately, it is the timing of Synopsys's pleading that is most telling. Once Synopsys' motions to bifurcate and stay were denied, Synopsys began searching for other ways to delay trial in this case. Its attempts to persuade the Court to do this were unsuccessful, and the Disputed Allegations are nothing more than an effort to force delay by bogging down this action in millions of pages of irrelevant discovery. The issues before the Northern District of California should be left for resolution in the California Action where Synopsys first asserted them.

FISH & RICHARDSON P.C.

By: */s/ William J. Marsden, Jr.*
William J. Marsden, Jr. (#2247)
(marsden@fr.com)
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114
Telephone: (302) 652-5070

OF COUNSEL:

James Pooley
L. Scott Oliver
Marc D. Peters
Pooley & Oliver LLP
Five Palo Alto Square, 7th Floor
Palo Alto, CA 94306-2121
(650) 739-7020

Katherine Kelly Lutton
Tamara Fraizer
500 Arguello St., Suite 500
Redwood City, CA 94063

Attorneys for Defendant and Counterclaimant, Magma Design Automation, Inc.

# CERTIFICATE OF SERVICE

I hereby certify that on July 26, 2006, I electronically filed with the Clerk of Court the foregoing MAGMA DESIGN AUTOMATION, INC.'S REPLY BRIEF IN SUPPORT OF MOTION TO STRIKE, DISMISS, AND/OR SEVER AND STAY SYNOPSYS'S ALLEGATIONS AND AFFIRMATIVE DEFENSES using CM/ECF which will send electronic notification of such filing(s) to the below-listed Delaware counsel.  In addition, the filing will also be sent via hand delivery to:

| | |
|---|---|
| Karen Jacobs Louden, Esquire<br>Morris, Nichols, Arsht & Tunnell<br>1201 North Market Street<br>Wilmington, DE  19801 | Attorneys for Plaintiff<br>Synopsys, Inc. |

I hereby certify that on July 26, 2006, I have mailed by United States Postal Service and electronic mail, the document(s) to the following non-registered participants:

| | |
|---|---|
| Valerie M. Wagner, Esquire<br>Dechert LLP<br>1117 California Avenue<br>Palo Alto, CA  94304 | Attorneys for Plaintiff<br>Synopsys, Inc. |

                                           */s/ William J. Marsden, Jr.*
                                           William J. Marsden, Jr.

80035324.doc