IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SYNOPSYS, INC., a Delaware corporation, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | C.A. No. 05-701 (GMS) |
| MAGMA DESIGN AUTOMATION, INC., a Delaware corporation, | ) ) ) ) | |
| Defendant. | ) | |

**PLAINTIFF SYNOPSYS, INC.'S OPENING BRIEF
IN SUPPORT OF ITS RENEWED MOTION
TO BIFURCATE TRIAL OF ANTITRUST CLAIMS AND
<u>TO STAY DISCOVERY RELATED EXCLUSIVELY THERETO</u>**

|  |  |
|---|---|
|  | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
|  | Jack B. Blumenfeld (#1014) |
|  | Karen Jacobs Louden (#2881) |
|  | 1201 N. Market Street |
| OF COUNSEL: | P.O. Box 1347 |
| James J. Elacqua | Wilmington, DE 19899-1347 |
| Valerie M. Wagner | (302) 658-9200 |
| DECHERT LLP | Attorneys for Plaintiff Synopsys, Inc. |
| 1117 California Avenue |  |
| Palo Alto, CA 94304 |  |
| (650) 813-4848 |  |

George G. Gordon
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104-2808
(215) 261-2382

Rebecca P. Dick
DECHERT LLP
1775 Eye Street, N.W.
Washington, DC 20006-2401
(202) 261-3432

October 13, 2006

i.

## TABLE OF CONTENTS

Page

TABLE OF CITATIONS ........................................................................................... ii

NATURE AND STAGE OF PROCEEDINGS ......................................................... 1

SUMMARY OF ARGUMENT .................................................................................. 1

STATEMENT OF FACTS ......................................................................................... 2

ARGUMENT .............................................................................................................. 4

    A.    Bifurcation Would Simplify The Proceedings With No Duplication Of Resources. ........................................................... 5

    B.    Bifurcation May Narrow The Scope Of The Antitrust Trial. ........ 6

    C.    The Court Should Stay Discovery That Is Exclusive To The Antitrust Claims. ......................................................................... 8

CONCLUSION ........................................................................................................... 8

TABLE OF CITATIONS

Page(s)

**Cases**

*Akzona Inc. v. E.I. DuPont de Nemours & Co.*,
    607 F. Supp. 227 (D. Del. 1984)                                          8

*Axis S.p.A. v. Micafil, Inc.*,
    870 F.2d 1105 (6th Cir. 1989)                                       7

*Dentsply Int'l, Inc. v. New Technology Co.,*
    1996 WL 756766 (D. Del. Dec. 19, 1996)                                   6

*Donnelly Corp. v. Reitter & Schefenacker USA Ltd. Partnership*,
    2002 WL 31418042 (W.D. Mich. Aug. 13, 2002)                              6

*Eden Hannon & Co. V. Sumitomo Trust & Banking Co.*,
    914 F.2d 556 (4th Cir. 1990)                                        7

*Hodges v. WSM, Inc.*,
    26 F.3d 36 (6th Cir. 1994)                                          7

*In re Innotron Diagnostics*,
    800 F.2d 1077 (Fed. Cir. 1986)                                        4, 6

**Statutes and Other Authorities**

Federal Rule of Civil Procedure 42(b)                                        4

## NATURE AND STAGE OF PROCEEDINGS

Plaintiff Synopsys, Inc. ("Synopsys") has filed a renewed motion to bifurcate trial of the antitrust counterclaims of Magma Design Automation, Inc. ("Magma"), and to stay discovery exclusively related thereto, because Synopsys is no longer asserting the patents to which the antitrust counterclaims relate. Because there is now no factual overlap between the antitrust counterclaims and the patents at issue, a single trial would only increase the complexity of the case and the possibility of juror confusion. The jury would have to grapple not only with learning complex antitrust concepts but also with patents that have nothing to do with the patent liability issues before them. Synopsys' motion thus seeks to bifurcate these issues, for both discovery and trial. This is Synopsys' opening brief in support of its motion.

## SUMMARY OF ARGUMENT

1. Magma's antitrust claims (Claims 1 through 6) (D.I. 76) should be bifurcated for trial to avoid jury confusion and undue complexity as there is no longer factual or legal overlap between the remaining patent infringement claims and the antitrust claims.

2. Discovery regarding Magma's antitrust claims should be stayed pending resolution of the parties' remaining patent infringement claims because discovery on the antitrust claims would raise additional complex factual issues unrelated to the infringement claims, and the resolution of Synopsys' '508 patent infringement claim may narrow or foreclose the antitrust claims.

2.

## STATEMENT OF FACTS

Recently, the parties to this action have voluntarily withdrawn certain patent infringement claims, thus materially changing the circumstances under which this Court denied Synopsys' original Motion to Bifurcate and Stay Antitrust Claims. (D.I. 31). Magma has notified Synopsys that it is dropping its infringement counterclaims based on U.S. Patent No. 6,931,610 (the "'610 patent"). Likewise, Synopsys has dropped its infringement claims based on U.S. Patent Nos. 6,434,733 (the "'733 patent") and 6,766,501 (the "'501 patent") – which the parties have referred to as the "scan chain patents" – and has dedicated these patents to the public. The parties will be filing a stipulation with the Court reflecting the withdrawal of these patents.

These scan chain patents were the subject not only of Synopsys' infringement claims, but also of Magma's counterclaims for monopoly, attempted monopoly, Lanham Act violations and unfair competition (the "antitrust claims"). (D.I. 76.) Magma based its antitrust claims on Synopsys' alleged fraudulent procurement of the '733 and '501 patents, and assertion of the patents against Magma. (See D.I. 76 at ¶ 114.) Magma also based its further Lanham Act and unfair competition claims on alleged disparaging comments made to Magma's customers and the general public about Magma's infringement of these patents. (*Id.*, at ¶ 115). These patents, however, are no longer asserted in this action.

In January 2006, Synopsys moved to bifurcate and stay the antitrust claims. (D.I. 31-33.) In its May 25, 2006 Order denying this motion, the Court found that "bifurcation would likely create further duplication of evidence because both juries would need to be educated in the same relevant technology." (D.I. 75 at 7.) The Court observed that the same theory – "that Synopsys fraudulently obtained" the scan chain

3.

patents – was the basis of both Magma's antitrust claims and its invalidity defenses, such that "the evidentiary presentation in one case would likely be substantively duplicative of the evidentiary presentation in the other." (*Id.*)

This is no longer the case. The contours and scope of this matter have changed substantially since Synopsys filed its prior motion to bifurcate. Synopsys is no longer asserting the scan chain patents and Magma's inequitable conduct defenses are moot as these patents are now in the public domain. *See* Declaration of Karen Jacobs Louden ("Louden Decl."), Exhs. A and B (disclaimers under 35 U.S.C. § 253 for the '733 and '501 patents). As a result, the *only* claims remaining in this case having anything whatsoever to do with the scan chain patents are Magma's antitrust claims. Synopsys' remaining infringement claim is based on U.S. Patent No. 6,192,508 (the "'508 patent"), which pertains to logic optimization and not to scan chain partitioning. Moreover, Magma did not allege in its Counterclaims that Synopsys engaged in any anticompetitive conduct with respect to the '508 patent.

In short, Synopsys' remaining infringement claim relates to a different patent, different technology and different inventors than the patents which form the basis of Magma's antitrust claims. Likewise, none of the patents which Magma continues to assert relate to scan chain partitioning technology.

As a result, there are no efficiencies to be gained by trying Magma's antitrust claims in the same proceeding as the remaining patent infringement claims. The trial of the infringement claims remaining in this case will not involve the validity or infringement of the scan chain patents, and so Magma's antitrust claims now bring into the case distinct and separate factual issues and legal standards. Proceeding with a patent

4.

infringement case – which still involves five unrelated patents – is sufficiently complex. Combining these two legally and factually distinct issues into a single trial will only increase the complexity of the case and the possibility of juror confusion.

Moreover, trying Synopsys' '508 patent infringement case may narrow, if not eliminate entirely, the scope of Magma's antitrust claims. Any injury that Magma allegedly suffered as a result of Synopsys' enforcement of a valid and infringed patent is not actionable as a matter of law. Consequently, if the jury finds that Synopsys' '508 patent is valid and infringed by Magma's products, that finding may eliminate any claim of alleged injury from the enforcement of the '733 and '501 patents. At the very least, Magma would be forced to prove that it suffered some cognizable antitrust injury that is separate and distinct from the enforcement of the '508 patent.

Consequently, Synopsys respectfully requests that this Court bifurcate Magma's antitrust claims for trial and stay any further discovery that is exclusively related to the antitrust claims until the patent infringement case is concluded.

ARGUMENT

Federal Rule of Civil Procedure 42(b) provides that the Court may bifurcate issues for trial "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy." The most important factor courts consider is whether bifurcation or consolidation is more "likely to result in a just final disposition of the litigation." *In re Innotron Diagnostics*, 800 F.2d 1077, 1084 (Fed. Cir. 1986). Here, bifurcation would serve the goals of expedition, judicial efficiency and likelihood of a just outcome.

5.

    A.    <u>Bifurcation Would Simplify The Proceedings With No Duplication Of Resources.</u>

The surviving infringement and antitrust claims are wholly unrelated – there is no overlap in the patents or specific technology involved. Bifurcating the antitrust claims would enable separate juries to focus on separate and distinct sets of facts and legal issues. For example, the infringement jury would focus on the issues related to the validity and infringement of Synopsys' '508 patent and the remaining four Magma patents. It would learn about the technology at issue in those patents and the allegedly infringing products. It would reach its decisions within the context of patent law as set forth in the jury instructions.

By contrast, the jury hearing Magma's antitrust claims would not have to consider evidence related to the validity or infringement of the '508 Patent or the Magma patents. Instead, it would focus on manner in which Synopsys obtained and enforced the '733 and '501 patents. Furthermore, the antitrust jury would consider complex legal and factual issues related to market definition, market power and alleged antitrust injury. None of these issues would overlap with the claims on Synopsys' '508 patent or the remaining Magma patents. Thus, trial of Magma's antitrust claims in the same trial as the remaining infringement would inject unnecessary and complex legal issues and evidence into the primary infringement trial.

There is no reason to burden a single jury with the task of sifting through the separate sets of claims, facts and law that would be at issue if each of the infringement and antitrust claims were included in a single trial. The multiple infringement claims, involving five different patents, are sufficiently complex in and of themselves. As the Federal Circuit has explained, "[a]voidance of prejudice and

6.

confusion is served in trying first the patent issues, without injecting the different counterclaim issues which require different proof and different witnesses." *In re Innotron Diagnostics*, 800 F.2d at 1085; *see also Donnelly Corp. v. Reitter & Schefenacker USA Ltd. Partnership*, 2002 WL 31418042 at *6 (W.D. Mich. Aug. 13, 2002) ("trial requiring the determination of patent validity, infringement, and antitrust violations places a heavy burden on any jury"); *Dentsply Int'l, Inc. v. New Technology Co.*, 1996 WL 756766 at *5 (D. Del. Dec. 19, 1996) (Schwartz, J.) ("the only real and significant overlap of evidence [between the infringement and antitrust claims] . . . pertains to damages. This is not enough. Separate trials are warranted.").

### B.   Bifurcation May Narrow The Scope Of The Antitrust Trial.

Bifurcation also may avoid the need for a subsequent trial on antitrust claims, or at least limit the scope of that trial. A finding that Synopsys' '508 patent is valid and infringed would substantially limit, if not eliminate entirely, Magma's contentions of antitrust damage arising from Synopsys' enforcement of the scan chain patents. *See Donnelly*, 2002 WL 31418042 at *6 ("the possibility that antitrust and patent misuse counterclaims may be obviated" offers "substantial support" for bifurcation, and that bifurcation was warranted given the added burden of a combined trial for the jury).

Such a finding, for example, would establish as a matter of law that Magma suffered no actionable injury from Synopsys' enforcement of the '733 and '501 patents, at least with respect to any Magma products that were found to infringe the '508 patent. *See, e.g., Dentsply*, 1996 WL 756766 at *3 (challenged conduct may be irrelevant "if the validity of the patents at issue is sustained and a jury determines defendants have produced infringing products"); s*ee also Axis S.p.A. v. Micafil, Inc.*, 870 F.2d 1105, 1111

(6th Cir. 1989) (the antitrust legality of defendant's challenged conduct was irrelevant because "[the plaintiff] admitted . . . patents precluded its entry into the U.S. market"). This result is simply a common sense application of the general principle that absent causation, there can be no recovery. *See, e.g., Hodges v. WSM, Inc.*, 26 F.3d 36 (6th Cir. 1994) (plaintiffs did not suffer actionable injury where the alleged conspiracy "was not the cause of plaintiffs' exclusion, . . . [which resulted instead from] defendants' lawful refusal to grant plaintiffs access to their private property").

In addition, a finding that the '508 patent is valid and infringed would establish as a matter of law that this litigation is not a sham.[1] As the court explained in *Dentsply*, "courts have indicated that litigation will not be considered a 'sham' so long as at least one claim in the lawsuit has objective merit." *Dentsply,* 1996 WL 756766 at *2; *see also Eden Hannon & Co. V. Sumitomo Trust & Banking Co.*, 914 F.2d 556, 565 (4th Cir. 1990) ("If a litigant can persuade a neutral judge or jury that it is entitled to legal relief from the conduct of another based upon the law and facts, that suit cannot be a sham under the *Noerr-Pennington* doctrine."). Consequently, if Synopsys prevails in the '508 patent litigation, it may moot Magma's antitrust claims entirely. In this event, no jury would need to delve into factual issues concerning the '733 and '501 patents.

---

[1] It is unclear from Magma's Second Amended Answer and Counterclaims whether Magma is asserting antitrust claims under both the "fraud on the Patent Office" and "sham litigation" theories, but in the event Magma does pursue the latter theory, Synopsys addresses it herein.

    C. The Court Should Stay Discovery That Is Exclusive
      To The Antitrust Claims.

The same considerations that support bifurcation for trial of the infringement claims and antitrust claims also support a stay of discovery that is exclusively related to the antitrust claims. If the outcome of the infringement case substantially narrows the counterclaim issues, then both parties will benefit if they have not wasted time and money on, among other things, seeking documents, taking depositions and retaining experts on issues that will never be tried. Such a stay would also conserve the resources of the Court because the discovery conflicts that are common in large-scale antitrust litigation would be avoided. *See Akzona Inc. v. E.I. DuPont de Nemours & Co.*, 607 F. Supp. 227 (D. Del. 1984). Discovery that relates to all claims currently in the litigation could go forward, so no efficiencies whatsoever would be lost.

## CONCLUSION

For the reasons described above, Synopsys respectfully requests that the Court bifurcate trial of the remaining patent infringement claims from the antitrust claims, and that the Court stay discovery exclusively related to the antitrust claims pending resolution of the parties' infringement claims.

      MORRIS, NICHOLS, ARSHT & TUNNELL LLP

      */s/ Karen Jacobs Louden*
      Jack B. Blumenfeld (#1014)
      Karen Jacobs Louden (#2881)
      klouden@mnat.com
      1201 N. Market Street
      P.O. Box 1347
      Wilmington, DE  19899-1347
      (302) 658-9200
       Attorneys for plaintiff Synopsys, Inc.

9.

OF COUNSEL:
James J. Elacqua
Valerie M. Wagner
DECHERT LLP
1117 California Avenue
Palo Alto, CA 94304
(650) 813-4848

George G. Gordon
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104-2808
(215) 261-2382

Rebecca P. Dick
DECHERT LLP
1775 Eye Street, N.W.
Washington, DC 20006-2401
(202) 261-3432

October 13, 2006

541242

## CERTIFICATE OF SERVICE

I hereby certify that on October 13, 2006 I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing to William J. Marsden, Jr.

I further certify that I caused to be served copies of the foregoing document on October 13, 2006 upon the following in the manner indicated:

| **BY HAND AND EMAIL** | **BY EMAIL** |
|---|---|
| William J. Marsden, Jr. | James Pooley |
| Fish & Richardson P.C. | Pooley & Oliver LLP |
| 919 N. Market St. | Five Palo Alto Square |
| P.O. Box 1114 | 3000 El Camino Real |
| Wilmington, DE  19899 | Palo Alto, CA  94306-2109 |
| marsden@fr.com | jpooley@pooleyoliver.com |

*/s/  Karen Jacobs Louden*
klouden@mnat.com