IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SYNOPSYS, INC.,
a Delaware corporation,

      Plaintiff and
      Counter-Defendant,

   v.                       C.A. No. 05-701-GMS

MAGMA DESIGN AUTOMATION, INC.,
a Delaware corporation,

      Defendant and
      Counter-Claimant.

**MAGMA'S OPPOSITION TO SYNOPSYS' RENEWED MOTION TO
BIFURCATE TRIAL OF ANTITRUST CLAIMS AND TO STAY DISCOVERY
RELATED EXCLUSIVELY THERETO**

Dated:  October 27, 2006

FISH & RICHARDSON P.C.

William J. Marsden, Jr. (#2247)
(marsden@fr.com)
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114
Telephone:   (302) 652-5070

OF COUNSEL:

James Pooley
L. Scott Oliver
Pooley & Oliver LLP
Five Palo Alto Square, 7th Floor
Palo Alto, CA  94306-2121
(650) 739-7020

Katherine Kelly Lutton *(pro hac)*
Tamara Fraizer *(pro hac)*
500 Arguello St., Suite 500
Redwood City, CA  94063

Attorneys for Defendant and Counterclaimant,
Magma Design Automation, Inc.

## TABLE OF CONTENTS

**Page**

I.   NATURE AND STAGE OF THE PROCEEDING.................................................1

II.  SUMMARY OF ARGUMENT ...................................................................1

III. STATEMENT OF FACTS ........................................................................4

IV.  ARGUMENT ......................................................................................7

    A.   Synopsys Again Fails to Show That Bifurcation or a
        Stay of Discovery is Warranted ................................................7

    B.   Synopsys Is Simply Seeking a Strategic Advantage Over
        Magma, and Magma Would Be Unfairly Prejudiced by
        Bifurcation and a Stay of Discovery........................................9

    C.   Bifurcation Would Not Further Convenience,
        Expedition, or Economy Because of the Overlap
        Between the Non-Patent Claims and the Rest of the
        Case........................................................................................11

    D.   Bifurcation Will Not Narrow the Scope of the Antitrust
        Trial.......................................................................................13

    E.   Synopsys' Latest Motion Should be Denied Because it is
        an Untimely and Improper Motion for Reconsideration........................15

V.   CONCLUSION....................................................................................15

i

TABLE OF AUTHORITIES

Page(s)

*Applied Biosystems, Inc. v. Cruachem, Inc.*,
C.A. No. 89-579-JRR, 1990 WL. 495458 (D. Del. 1990) ...............................13

*Clinton v. Jones*,
520 U.S. 681 (1997)...................................................................................10

*Cost Brothers Inc. v. Travelers Indemnity Co.*,
760 F.2d 58 (3d Cir. 1985)..............................................................................7

*Dentsply v. New Technology*,
C.A. No. 96-272, 1996 WL. 756766 (D. Del. Dec. 19, 1996)..................13, 14

*F&G Scrolling Mouse, L.L.C. v. IBM Corp.*,
190 F.R.D. 385 (M.D. N.C. 1999) ....................................................................8

*Hangarter v. Paul Revere Life Insurance Co.*,
236 F. Supp. 2d 1069 (N.D. Cal. 2002), reversed in part on other
grounds, *Hangarter v. Provident Life and Acc. Ins. Co.*, 373 F.3d 998
(9th Cir. 2004)...............................................................................................11

*Intel Corp. v. Via Technologies, Inc.*,
C.A. No. 99-03062, 2001 WL. 777085 (N.D. Cal. March 20, 2001) ..............14

*Johns Hopkins University v. CellPro*,
160 F.R.D. 30 (D. Del. 1995) ...........................................................................8

*Joy Technologies, Inc. v. Flakt, Inc.*,
772 F. Supp. 842 (D. Del. 1991).....................................................................10

*Landis et al. v. North American Co.*,
299 U.S. 248 (1936).......................................................................................10

*Lis v. Robert Packer Hospital*,
579 F.2d 819 (3d Cir. 1978).............................................................................7

*Lucent Technologies, Inc. v. Extreme Networks*,
231 F.R.D. 453 (D. Del. 2005) ...................................................................4, 15

*Nylock Fastener Corp. v. Industrial Nut Corp.*,
122 F.R.D. 512 (N.D. Ohio 1988) ..................................................................10

*Real v. Bunn-O-Matic Corp.*,
195 F.R.D. 618 (N.D. Ill. 2000)........................................................................7

## <u>TABLE OF AUTHORITIES (cont'd)</u>

**Page(s)**

*Rodin Properties-Shore Mall, N.V., v. Cushman & Wakefield of Penn., Inc.*,
   49 F. Supp. 2d 709 (D.N.J. 1999)......................................................................11

*Smith v. Alyeska Pipeline Service*,
   538 F. Supp. 977 (D.Del.1982) *aff'd*, 758 F.2d 668 (Fed.Cir.1984),
   *cert. denied*, 471 U.S. 1066, 105 S.Ct. 2142, 85 L.Ed.2d 499 (1985)...............8

*Spectra-Physics Lasers, Inc. v. Uniphase Corp.*, ,
   144 F.R.D. 99 (N.D. Cal. 1992).........................................................................8

*Willemijn Houdstermaatschaapij BV v. Apollo Computer*,
   707 F. Supp. 1429 (D.Del.1989)..................................................................8, 10

### MISCELLANEOUS

5 James Wm. Moore, *Moore's Federal Practice*, ¶ 42.03[1] (1996)......................7

9 Wright & Miller, *Federal Practice and Procedure*, § 2388 ................................7

*Manual for Complex Litig.*, 3d Ed., § 33.64, p ......................................................11

## I.     NATURE AND STAGE OF THE PROCEEDING

Synopsys filed this action on September 26, 2005, alleging that Magma infringed U.S. Patents 6,434,733; 6,766,501; and 6,192,508 (the '733, '501, and '508 patents, respectively).  [D.I. 1]  On October 19, 2005, Magma timely answered, raising antitrust and unfair competition counterclaims based on Synopsys' fraudulent procurement of the '733 and '501 patents and its assertion of patents it knew to be invalid and unenforceable. [D.I. 5]  Magma amended its answer and counterclaims a few days later to add a charge of infringement of U.S. Patent 6,505,328 (the '328 patent) [D.I. 7] and, on May 31, 2006, with leave of the Court, it added charges of infringement of four additional U.S. patents[1] [D.I. 76].

On November 22, 2005, Synopsys moved to dismiss Magma's antitrust and unfair competition claims.  [D.I. 9]  On January 9, 2006, Synopsys filed a Request for Ex Parte Reexamination of its '733 and '501 patents.  Two weeks later, Synopsys filed its first Motion to Bifurcate and Stay Antitrust Counterclaims and to Bifurcate and Stay All Claims Affected by Likely PTO Reexaminations ("First Motion to Bifurcate").  [D.I. 31] On May 25, 2006, this Court denied Synopsys' First Motion to Bifurcate, as well as its motion to dismiss, and simultaneously granted Magma leave to amend to add claims for infringement of four additional Magma patents.  [D.I. 75]  Almost five months later, on October 13, 2006, Synopsys filed its Renewed Motion to Bifurcate Trial of Antitrust Claims and to Stay Discovery Related Exclusively Thereto ("Renewed Motion to Bifurcate") [D.I. 123] and Opening Brief in support thereof.  [D.I. 124]  This is Magma's answering brief in opposition to Synopsys' Renewed Motion to Bifurcate.

## II.     SUMMARY OF ARGUMENT

Synopsys' Renewed Motion to Bifurcate is Synopsys' latest in a series of attempts to avoid discovery and a decision on the antitrust and unfair competition claims in this

---

[1] One of these added Magma patents has since been withdrawn from this case.

1

suit.  Like its First Motion to Bifurcate, Synopsys' Renewed Motion to Bifurcate should be rejected by this Court.

  1. Synopsys' Renewed Motion to Bifurcate should be denied for the same reasons that its First Motion to Bifurcate was denied – because bifurcation would not increase efficiencies, but would create inefficiencies.  Bifurcation is also not necessary to avoid jury confusion.  In its Order of May 25, 2006, this Court refused to presume that the jury would be confused by having both patent and antitrust issues in the same trial, and found that separate trials would not be more efficient.  The Court's previous rationale still applies.  Indeed, the case has been simplified – due to the withdrawal of two of the three Synopsys' patents-in-suit and one of the Magma patents-in-suit – so it will now be even more manageable in a single trial.

  2. Synopsys should not, moreover, be permitted to misuse the judicial process by filing claims for infringement of fraudulently obtained patents for an improper anticompetitive purpose; reap the benefits of that misuse in the marketplace; ignore its discovery obligations; and then attempt to wipe the slate clean by dedicating two of its three patents-in-suit to the public.  The harm has been done.  Magma's business has already been damaged by Synopsys' actions and the dedication to the public cannot change that.  Synopsys' complete refusal to provide discovery and to otherwise fulfill its obligations to this Court with regard to the scan chain patents can also not be undone by dedicating the patents to the public.  The issue is not whether Magma may now practice the scan chain patents, but whether Synopsys improperly used the patents – alone or in conjunction with other alleged monopolistic acts – to attempt to exclude Magma from the market.  Given that Magma continues to suffer harm as a result of those actions, and that

Magma timely added its claims to this suit, Magma respectfully requests that this court not permit Synopsys' to further delay adjudication of these claims.

3.      The patent, antitrust, and various unfair competition issues to be decided in this case are closely intertwined and overlapping, and cannot be readily or simply separated into two trials.  Magma's antitrust and unfair competition arise, in part, out of the very claims that Synopsys has made against it – including its remaining claim of patent infringement.  Furthermore, if the Court were to proceed with two separate trials, two different juries would need to hear evidence on the relevant technology, the parties' products and markets, and relevant issues of patent law, including invalidity.  The damages that would be assessed as a result of Synopsys' improper actions are intertwined with any damages analysis that would be put forward by Synopsys in the first trial.  There are no efficiencies to be gained under these circumstances.

4.      A finding that Synopsys' remaining patent is valid and infringed would not, as Synopsys suggests, simplify issues in a second trial.  In the first place, a finding of infringement on the remaining patent does not erase Synopsys' acts of unfair competition and tortious interference with Magma's business expectancies – which involved ***all three*** of the patents that Synopsys asserted.  Moreover, Magma's antitrust claims are based on the fraudulent procurement of the '733 and '501 patents – as well as ***monopolistic acts that are separate and distinct from these patents*** – and will need to be decided in any event.  Lastly, Synopsys' suggestion that this Court ignore its conduct and allow it to proceed on the remaining patent would only serve to encourage litigants to do exactly what Synopsys has done here: bring suit on several questionable patents for maximum

3

impact on a competitor and then, late in the case, pull those patents that it knows are unenforceable and bifurcate any resulting antitrust allegations.

5.    Synopsys' Renewed Motion to Bifurcate should also be denied because it effectively seeks reconsideration of the Court's previous ruling on bifurcation without meeting the high standard for reconsideration.  Synopsys' renewed motion is not based on any change in the controlling law, or the need to correct a clear error of law or fact, or to prevent manifest injustice.  The only new "evidence" – the dedication of two of its three patents-in-suit to the public – is a change that was strategically manufactured by Synopsys in an effort to escape the consequences of its prior improper anticompetitive conduct.  *Lucent Technologies, Inc. v. Extreme Networks*, 231 F.R.D. 453, 455 (D. Del. 2005)  Synopsys' disclaimer of these patents is, however, an implicit acknowledgment that its patents were fraudulently procured and improperly asserted, and that Magma's claims have merit and should be timely adjudicated.  Nothing in the changed circumstances justifies reconsideration of the Court's previous denial of Synopsys' motion to bifurcate this case.

For all of these reasons, bifurcation and a stay of discovery are not warranted and Synopsys' Renewed Motion to Bifurcate should be denied.

## III.    STATEMENT OF FACTS

As explained in Magma's previous brief on the issue of bifurcation ("Answering Brief in Opposition to Synopsys' Motion to Bifurcate and Stay", hereinafter "Opposition to First Motion to Bifurcate") [D.I. 35], Synopsys filed this suit just days before the critical close of Magma's fiscal quarter and then promptly issued press releases ensuring that all of Magma's customers were aware of it.  *Id.* at 4.  This lawsuit was, moreover,

just one in a series of aggressive assertions by Synopsys of purported intellectual property rights. It followed the filing by Synopsys of a declaratory judgment suit against Magma in the Northern District of California, in which Synopsys seeks to assign to itself Magma patents, its filing of an action against Magma in Germany, and its filing of yet another lawsuit in the Northern District of California. *Id.* at 16.

When this lawsuit was filed, Magma filed timely counterclaims for antitrust violations, unfair competition, and tortious interference, and then promptly added claims for patent infringement. Magma's antitrust claims are grounded in Synopsys' failure to disclose two published articles: (1) S. Barbagallo et al., "Scan Insertion Criteria for Low Design Impact," presented at the14[th] Annual VLSI Test Symposium in Princeton, New Jersey; and (2) Barbagallo et al., "Layout-Driven Scan Chain Partitioning and Reordering," presented at the IEEE European Test Workshop in Montpellier, France in 1996 (together, the "Barbagallo references"). There is no question that Synopsys and its patent agent were aware of these Barbagallo references: The inventor presided over the very session where one of them was presented and the PTO cited one of the articles to Synopsys during the prosecution of a related application. *Id.* at 6-9. There is also no question that the references were withheld from the PTO during the prosecution of the '733 and '501 patent applications and were material. *Id*. at 9-10.

Evidence of Synopsys' intent to mislead the patent office, and its knowledge that the asserted patents were invalid and unenforceable when this case was filed, remains to be fully developed through discovery. *Id.* at 10-11. Discovery may also yield additional bases for Magma's antitrust, unfair competition, and tortious interference claims. For

example, discovery may show that Synopsys was aware of other prior art references and products that invalidate the '733 and '501 patents. *Id*. at 12-13.

On May 25, 2006, the Court denied Synopsys' previously filed motions to dismiss Magma's antitrust and unfair competition counterclaims and to bifurcate the trial and stay discovery. [D.I. 75] Notwithstanding the Court's Order, Synopsys has effectively granted itself a stay of the discovery on the issues it unsuccessfully sought to bifurcate. Magma has served and pressed for discovery on the '733 and '501 "scan chain" patents and its antitrust and unfair competition claims. Shortly after this Court denied Synopsys' First Motion to Bifurcate, Magma inquired repeatedly as to when it could expect to receive discovery relating to the scan chain and antitrust issues. Marsden Decl.[2] at Exhs. A-B. Synopsys has consistently refused to respond to Magma's discovery requests on these issues. Almost five months after the Court's original Order, Synopsys is still withholding production of documents relating to Magma's antitrust issues. Marsden Decl. at Exh. C at page 7 and Exh. H at pages 2-3.

On September 15, 2006, Synopsys announced that it was dedicating the '733 and '501 patents to the public. Marsden Decl. at Exh. D. Magma promptly informed Synopsys that the dedication of those patents to the public did not eliminate the issues of the validity and enforceability of the '733 and '501 patents from this case because they are still relevant to Magma's counterclaims. When the parties exchanged lists of prior art, Magma identified prior art for the '733 and '501 patents. Marsden Decl. at Exh. E. Magma also identified claim terms for the '733 and '501 patents, explicitly noting that it

---

[2]    "Marsden Decl." refers to the "Declaration of William J. Marsden, Jr., in Support of Magma's Opposition to Synopsys' Renewed Motion to Bifurcate Trial of Antitrust Claims and to Stay Discovery Related Exclusively Thereto," filed simultaneously herewith.

was doing so because "invalidity, as it relates to Magma's antitrust and unfair

competition claims, remains an issue."  Marsden Decl. at Exh. F.  Synopsys, for its part,

refused to identify any terms or provide any claim constructions for the terms identified

by Magma.  Instead, it finally stipulated to Magma's constructions on October 12, 2006,

the day that the parties' joint claim construction statement was due.  Marsden Decl. at

Exh. G.

The next day, Synopsys filed its Renewed Motion to Bifurcate.

## IV.    ARGUMENT

Synopsys' recent motion practice is nothing but another effort to avoid – or at

least delay – judgment on Magma's antitrust and related unfair competition allegations,

and thereby gain a strategic advantage in this lawsuit and the adjudication of its own

patent infringement claims.  In the interest of orderly judicial procedure and efficiency,

and to avoid unfair prejudice to Magma, Synopsys' motion should be denied.

### A.    Synopsys Again Fails to Show That Bifurcation or a Stay of Discovery is Warranted

The decision to bifurcate rests within the sound discretion of the trial court, *Cost

Bros. Inc. v. Travelers Indem. Co.*, 760 F.2d 58, 60 (3d Cir. 1985), but "should be

resorted to only in the exercise of informed discretion when the court believes that

separation will achieve the purposes of the rule."  9 Wright & Miller, *Federal Practice

and Procedure*, § 2388; *see also* 5 James Wm. Moore, *Moore's Federal Practice*, ¶

42.03[1] (1996).  Even in patent cases, where antitrust claims are sometimes bifurcated, a

court must assess the appropriateness of bifurcation on a case-by-case basis.  *Lis v.

Robert Packer Hosp.*, 579 F.2d 819, 824 (3d Cir. 1978); *see also Real v. Bunn-O-Matic

Corp.*, 195 F.R.D. 618, 620 (N.D. Ill. 2000) (citations omitted) (noting that even in patent

cases, bifurcation "is the exception, not the rule.").

Indeed, "[i]n the normal course of litigation, all claims and issues in a civil action are presented for resolution in one trial." *Johns Hopkins Univ. v. CellPro*, 160 F.R.D. 30, 32 (D. Del. 1995). Synopsys, as the party seeking bifurcation, bears the burden of proving that bifurcation is justified. E.g., *Spectra-Physics Lasers, Inc. v. Uniphase Corp.*, 144 F.R.D. 99, 101 (N.D. Cal. 1992) (citing *Smith v. Alyeska Pipeline Service*, 538 F.Supp. 977 (D.Del.1982) *aff'd*, 758 F.2d 668 (Fed.Cir.1984), *cert. denied,* 471 U.S. 1066, 105 S.Ct. 2142, 85 L.Ed.2d 499 (1985); *see also F&G Scrolling Mouse, L.L.C. v. IBM Corp.*, 190 F.R.D. 385, 388 (M.D. N.C. 1999) ("[A] proponent for bifurcation must provide reasons showing bifurcation to be preferable.") In particular, Synopsys "has the burden of demonstrating that judicial economy would be served and that no party would be prejudiced by separate trials, based on the circumstances of the individual case." *Real*, 195 F.R.D. at 620; *see also Willemijn Houdstermaatschaapij BV v. Apollo Computer,* 707 F.Supp. 1429, 1435 (D.Del.1989) (noting that movant failed to show that convenience or judicial economy would result and bifurcation would prejudice the non-moving party).

In ruling on Synopsys' First Motion to Bifurcate, this Court recognized that bifurcation would not promote judicial economy and refused to bifurcate. [D.I. 75 at 7-8] The reasons given by the Court in denying Synopsys' First Motion to Bifurcate are still valid and applicable.

For example, this Court previously refused to presume that the jury would be confused by having both patent and antitrust issues in the same trial. [D.I. 75 at 7] Nothing that has changed supports a different conclusion. Indeed, the case has been simplified by the withdrawal by the parties of a total of three patents, so trial of all issues in one trial will be at least as manageable – if not more manageable – than when Synopsys filed its first motion to bifurcate.

This Court also previously found that bifurcation would not serve the interest of efficiency because "the evidentiary presentation in one case would likely be substantially duplicative of the evidentiary presentation in the other." [D.I. 75 at 7] The Court noted

8

that this was because "Magma's antitrust claims are based in part on the allegation that Synopsys fraudulently obtained two of its patents and asserted them against Magma in violation of Section 2 of the Sherman Act [and] Synopsys' alleged fraud is also a centerpiece of Magma's invalidity claims." The issue of whether Synopsys asserted patents that it knew to be invalid *is* still at issue. Moreover, it remains true, as this Court previously noted, that "bifurcation would likely create further duplication of evidence because both juries would need to be educated in the same relevant technology." [D.I. 75 at 7]

For these reasons alone, Synopsys' Renewed Motion to Bifurcate should be denied. The issues are discussed in more detail in part C below.

### B. Synopsys Is Simply Seeking a Strategic Advantage Over Magma, and Magma Would Be Unfairly Prejudiced by Bifurcation and a Stay of Discovery

This lawsuit is the latest in a series of overly aggressive acts designed by Synopsys to eliminate Magma as a competitor (*See* Opposition to First Motion to Bifurcate at 16), and this motion is the latest in a series of acts intended to prevent adjudication of Magma's claims against Synopsys for that conduct. In short, after Magma exposed Synopsys' wrongful assertion of patents Synopsys knew were invalid and unenforceable, Synopsys first sought to cleanse the record by filing for reexamination and seeking bifurcation in light of this action. *See* D.I. 35 at 5-12. When that failed, it dedicated the patents to the public and now again seeks to bifurcate this trial to avoid or delay responsibility for the damage it has already done to Magma by its anticompetitive conduct.

Synopsys cannot unring the bell and it should not be permitted to delay Magma's efforts to recover for its wrongful conduct simply by withdrawing the patents and dedicating them to the public. Synopsys' dedication of the '733 and '501 patents to the

public does not change the fact that those patents were asserted in violation of the antitrust laws and Magma was damaged as a result of that action.  For example, deals that were to be closed at the end of the fiscal quarter were not closed due to Synopsys' actions.  Magma is entitled to a prompt resolution of its claims, which go to the very heart of this litigation, and compensation for the damages caused.

Indeed, "[p]erhaps the most important consideration for a court ruling on a motion to bifurcate is whether separate trials would unduly prejudice the non-moving party." *Willemijn Houdstermaatschaapij BV v. Apollo Computer, Inc.*, 707 F. Supp. 1429, 1435 (D. Del. 1989).   Synopsys, for its part, has done everything it can to avoid or delay adjudication of Magma's well-founded and timely presented claims of antitrust violations and unfair competition.  A stay, however, "takes no account whatever of the [Defendant's] interest in bringing the case to trial."  *Clinton v. Jones,* 520 U.S. 681, 707 (1997); *see also Landis et al. v. North American Co.,* 299 U.S. 248, 257 (1936) (finding a stay "unlawful unless so framed in its inception that its force will be spent within reasonable limits.")   It would be unfair to Magma to delay adjudication of Magma's non-patent claims and to prevent Magma from  presenting to the jury the whole story of Synopsys' improper use of their patents in bringing this lawsuit.

Synopsys makes no showing that a single trial would cause any hardship or inequity.  *See* D.I. 35 at 18-19.  Separate trials will not create a hardship for Synopsys but will prejudice Magma by depriving it of its "legitimate right to place before the jury the circumstances and atmosphere of the entire cause of action . . . brought into the court." *Nylock Fastener Corp. v. Industrial Nut Corp.*, 122 F.R.D. 512, 513 (N.D. Ohio 1988); *Joy Technologies, Inc. v. Flakt, Inc.*, 772 F. Supp. 842, 849 (D. Del. 1991) (denying

bifurcation because of "inevitable delay, and resulting prejudice to the [nonmoving party]." For these reasons alone, Synopsys' motion should be denied.

In addition, bifurcation could impede efforts to settle this case without the need for a trial. *Rodin Properties-Shore Mall, N.V., v. Cushman & Wakefield of Penn., Inc.*, 49 F. Supp.2d 709, 722 (D.N.J. 1999) (noting the possible negative effects of bifurcation on the possibility of settlement and refusing to bifurcate); *Manual for Complex Litig.*, 3d Ed., § 33.64, p. 362 (Fed. Jud. Center 1995) ("deferral of discovery regarding damages may complicate efforts to evaluate the litigation for settlement"). This is particularly true here because Synopsys' exposure on the antitrust claims is significant. Bifurcation of those claims would simply allow Synopsys to delay meaningful consideration of the consequences of its anticompetitive conduct. Even if the patent infringement claims are fully adjudicated, the parties are unlikely to resolve the dispute as a whole until such time as all claims are addressed.

> **C.    Bifurcation Would Not Further Convenience, Expedition, or Economy Because of the Overlap Between the Non-Patent Claims and the Rest of the Case**

Synopsys' claim that "bifurcation would simplify the proceedings with no duplication of resources" [D.I. 124 at 5] is simply false. The overlap in the evidence relating to the patent and antitrust claims in this case means that bifurcation would be inconvenient, increase costs, and cause further and unnecessary delay in the adjudication of all claims. *Hangarter v. Paul Revere Life Ins. Co.*, 236 F. Supp. 2d 1069, 1095 (N.D. Cal. 2002) (holding that it would have been a waste of time and resources to have separate trials where evidence on one set of issues helped establish the other), reversed in part on other grounds, *Hangarter v. Provident Life and Acc. Ins. Co.*, 373 F.3d 998 (9th Cir. 2004).

Despite Synopsys' dedication of the '733 and '501 patents to the public, there is significant overlap between the remaining patent infringement and validity issues, and the antitrust and unfair competition issues that Synopsys seeks to bifurcate. The facts and circumstances underlying these claims, as well as any potential assessments of damages resulting from those claims, are tightly interwoven. These remaining similarities and overlap mean that bifurcation would still create inefficiencies and delay – and would, therefore, not be in the interest of judicial economy.

First, and as noted above, whether or not Magma asserted the '733 and '501 patents knowing them to be invalid would be at issue in a bifurcated trial. Thus, both juries would need to hear evidence relating to the relevant issues of patent law, including invalidity.

Second, and as noted by the Court in its previous ruling [D.I. 75 at 7], there would be overlap in evidence relating to the general technology. This remains true because the same products that were accused of infringing the '733 and '501 patents that Synopsys dedicated to the public are accused of infringing its remaining '508 patent. Therefore, jurors in both cases will need to learn about electronic design automation software and the markets for these products.

Third, both juries would need to learn about the competing products of the parties which are at issue. They will need to hear evidence about the particular Magma products that are either accused of infringement or which could be sold in place of Synopsys products that constitute a monopoly. Similarly, they will need to hear evidence about the Synopsys products that are either accused of infringement or which constitute a monopolistic share of the market.

Fourth, there would be overlap in information needed to assess damages and market share. In particular, the parties will need to present a broad range of financial data, sales data, and marketing data for the accused products of both parties. This information is relevant to both patent infringement damages and assessment of market

12

share and damages for Magma's antitrust and unfair competition claims.  If bifurcated, the jurors in each trial would need to assess the same evidence and establish damages in light of just a portion of claims in the suit and would be unable to consider trade-offs or interactions among the effects of the parties' actions.  A stay of antitrust discovery would compound these difficulties, since discovery disputes would be multiplied.  *See Applied Biosystems, Inc. v. Cruachem, Inc.,* C.A. No. 89-579-JRR, 1990 WL 495458 at *3 (D. Del. 1990).  Thus, bifurcation would be an inefficient and ineffective way to determine damages attributable to the patent and antitrust claims in this case.

For all of these reasons, there would be significant overlap between the proposed two trials and Synopsys' Renewed Motion to Bifurcate should be denied.

### D.    Bifurcation Will Not Narrow the Scope of the Antitrust Trial

Synopsys' claim that a finding of validity and infringement of the '508 patent would narrow or eliminate Magma's antitrust claims [D.I. 124 at 6-7] is misplaced.

First, Synopsys claims that if the '508 patent is valid and infringed, the scope of Magma's antitrust claim would be limited since the products that would infringe the '508 patent are the same products that would be implicated by antitrust claims involving the '733 and '501 patents [D.I. 124 at 6-7], such that there would be no actionable injury. Even if the issue of alleged infringement of the '508 patent were relevant to damages in a second antitrust trial, and the cases cited by Synopsys do not establish that it is, there is no basis to conclude that the underlying antitrust claim itself lacks merit, and there is no reason to delay adjudication of a legitimate claim for this reason.  Indeed, Synopsys' argument here merely admits, as discussed above, that there would be substantial overlap between the two cases – a factor that favors addressing all the issues in a single trial.

Second, Synopsys argues that "a finding that the '508 patent is valid and infringed would establish as a matter of law that this litigation is not a sham."  [D.I. 124 at 7]  In support of this proposition, Synopsys cites to *Dentsply v. New Technology*, C.A. No. 96-

272, 1996 WL 756766 (D. Del. Dec. 19, 1996).  *Dentsply* has been justly criticized on this point and should not be followed in this case.

As explained in *Intel Corp. v. Via Technologies, Inc.*, C.A. No. 99-03062, 2001 WL 777085 at *5 (N.D. Cal. March 20, 2001), the law of sham litigation as set forth in *Dentsply* is not good policy.  It would allow a plaintiff to accuse a defendant of infringing any number of patents that the plaintiff knows are invalid or unenforceable, but avoid responsibility for filing a "sham" litigation so long as a single "good" patent is included in the suit.  *Id.*  The *Intel* court explained that "an overreaching plaintiff will usually have a large portfolio of patents to press [and] [i]t would be comparatively easy to find a colorable claim to join with baseless claims."  *Id.*  It further explained that "to immunize such bad-faith conduct [i.e. assertion of an unenforceable patent] because it is joined with good-faith conduct [i.e. assertion of an enforceable patent] would eviscerate most of the sham litigation exception" and, therefore, is not a good rule.  *Id.*

The *Intel* court further noted that the holding in *Dentsply* is not required or supported by the case law that it cites.  *Id.*  The *Dentsply* Court cited law holding that "[a] winning lawsuit cannot be considered a 'sham,' despite a subjective, anti-competitive motive by the litigant."  *Dentsply,* 1996 WL 756766 at *2.  But that does not mean, as the *Dentsply* Court found, that "if plaintiffs prevail on one of their counts, the sham aspect of the antitrust counterclaim must fail."  *Id.; see  Intel*, 2001 WL 777085 at *5.

For all of these reasons, a finding that the '508 patent is valid and infringed does not mean that Magma's allegations of sham litigation for assertion of the '733 and '501 patents must fail.  Magma's allegations of antitrust violation remain because they are supported by the alleged fraudulent procurement and wrongful assertion of the patents.  Therefore, any resolution of the '508 issues will not narrow the ultimate issues to be decided in a bifurcated trial and the case should proceed to a single trial on the merits.

**E.     Synopsys' Latest Motion Should be Denied Because it is an Untimely and Improper Motion for Reconsideration**

This Court has already heard, and denied, Synopsys' First Motion to Bifurcate. Now, months later, with the close of discovery less than three months away, Synopsys has dedicated two of its three patents in this suit to the public and effectively seeks reconsideration of this Court's prior ruling. Motions for reconsideration are granted sparingly "to correct manifest errors of law or fact or to present newly discovered evidence." *Lucent Technologies, Inc. v. Extreme Networks*, 231 F.R.D. 453, 455 (D. Del. 2005). To prevail on a motion for reconsideration, a party must show (1) a change in the controlling law, (2) availability of new evidence, or (3) need to correct a clear error of law or fact or to prevent manifest injustice. *Id.* Synopsys does not claim that this Court erred in law or fact, or that there has been any change in the law. The only thing that has changed since the Court denied Synopsys' first motion to bifurcate is Synopsys' decision to dedicate the '733 and '501 patents to the public. As set forth above, the dedication of these patents to the public does not make bifurcation any more appropriate now than it was when Synopsys filed its first motion.

Synopsys has manufactured the changed facts on which it relies for reconsideration. However, its own actions are an implicit admission that the '733 and '501 patents are invalid and/or unenforceable, and never should have been asserted in the first place. Synopsys' attempts to get a second bite at the apple and avoid facing judgment on its actions should not be rewarded by now allowing bifurcation.

**V.     CONCLUSION**

For the reasons discussed above, Synopsys' Renewed Motion to Bifurcate Trial of Antitrust Claims and to Stay Discovery Related Exclusively Thereto should be denied in its entirety.

FISH & RICHARDSON P.C.

*/s/ William J. Marsden, Jr.*
William J. Marsden, Jr. (#2247)
(marsden@fr.com)
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114
OF COUNSEL:                          Telephone:  (302) 652-5070

James Pooley                         Katherine Kelly Lutton *(pro hac)*
L. Scott Oliver                      Tamara Fraizer *(pro hac)*
Marc D. Peters                       500 Arguello St., Suite 500
Pooley & Oliver LLP                  Redwood City, CA  94063
Five Palo Alto Square, 7th Floor
Palo Alto, CA  94306-2121            Attorneys for Defendant and Counterclaimant,
(650) 739-7020                       Magma Design Automation, Inc.

16

## CERTIFICATE OF SERVICE

I hereby certify that on October 27, 2006, I electronically filed with the Clerk of Court **MAGMA'S OPPOSITION TO SYNOPSYS' RENEWED MOTION TO BIFURCATE TRIAL OF ANTITRUST CLAIMS AND TO STAY DISCOVERY RELATED EXCLUSIVELY THERETO** using CM/ECF which will send electronic notification of such filing(s) to the following Delaware counsel.  In addition, the filing will also be sent via hand delivery to:

Karen Jacobs Louden, Esquire            Attorneys for Plaintiffs
Morris, Nichols, Arsht & Tunnell        Synopsys, Inc.
1201 North Market Street
Wilmington, DE 19801


I hereby certify that on October 27, 2006, I have mailed by electronic mail and United States Postal Service, the document(s) to the following non-registered participants:

Valerie M. Wagner, Esquire              Attorneys for Plaintiff
Dechert LLP                             Synopsys, Inc.
1117 California Avenue
Palo Alto, CA  94304


                                        */s/ William J. Marsden, Jr.*
                                        William J. Marsden, Jr. (#2247)

80038578.doc

i