



*phone* 650-739-7020
*fax* 650-739-7060
Five Palo Alto Square
3000 El Camino Real · Seventh Floor
Palo Alto, California 94306

James Pooley
(650) 739-7045
jpooley@pooleyoliver.com

May 25, 2006

**VIA FACSIMILE (650-813-4848) AND MAIL**

Valerie M. Wagner
Dechert LLP
1117 California Avenue
Palo Alto, CA  94304-1106

Re:     Synopsys v. Magma, et al.
        Case No. USDC D. Del. No.: 05-00701 GMS

Dear Valerie:

In light of the Court's order today denying Synopsys' motions to dismiss and bifurcate/stay, the issue that was not reached in last Friday's telephone conference is now moot.  Please let us know when we can expect the discovery that has been withheld by Synopsys based on the pendency of those motions.

Very truly yours,

James Pooley
James Pooley

JP/lel

ND: 4839-2110-2849, Ver 1

B



POOLEY &
OLIVER LLP

*phone* 650-739-7020
*fax* 650-739-7060
Five Palo Alto Square
3000 El Camino Real · Seventh Floor
Palo Alto, California 94306

L. Scott Oliver
(650) 739-7028
soliver@pooleyoliver.com

June 1, 2006

**VIA FACSIMILE ONLY 813-4848**

Valerie M. Wagner
Dechert LLP
1117 California Avenue
Palo Alto, CA 94304-1106

Re:     Synopsys v. Magma, et al

Dear Valerie:

Thanks for your letter of May 30, 2006, proposing that we continue our meet and confer discussions about discovery. This Friday afternoon doesn't work for me, but next Monday afternoon is generally open on my calendar. Please let me know what time is convenient for you.

In advance of our meeting, and to enable us to have an informed discussion on Monday, we will need Synopsys's supplemental responses to Magma's first set of interrogatories, a summary of the status of those documents Synopsys agreed to produce in response to Magma's first and second sets of requests for production, and a summary of the closure Synopsys believes we reached in our first meet and confer session. (All these were requested by the end of last week in my letter of May 22, 2006, which has gone unanswered.) In addition, please respond in advance of our meeting to Jim Pooley's letter of May 25, 2006, which asked when Synopsys will produce the documents it has withheld pending the outcome of its motions to dismiss, stay and bifurcate.

As always, should you have any questions, please do not hesitate to contact me.

Very truly yours,

*Scott*

L. Scott Oliver

LSO:kgo



# POOLEY & OLIVER LLP

*phone* 650.739.7020
*fax* 650.739.7060
Five Palo Alto Square, 7th Floor
3000 El Camino Real
Palo Alto, California 94306

Dara Tabesh
(650) 739-7040
dtabesh@pooleyoliver.com

September 21, 2006

**BY FACSIMILE**

Connie E. Merriett, Esq.
Dechert, LLP
1117 California Avenue
Palo Alto, CA 94304-1106

Re:    *Synopsys v. Magma*

Dear Ms. Merriett:

This letter follows up on issues raised in our August 16, 2006 meet and confer, as well as in your letters of August 8 and 10, 2006.

Deposition of UC-Berkeley:

You indicated that Synopsys's deposition of UC-Berkeley has been continued until mid-September. As mid-September is almost upon us, please inform me of the proposed dates for this deposition as soon as possible.

The Relevant Products:

Magma limited several of its discovery responses to the "relevant products." We agreed that each party would define which of its products it considers to be relevant to this action for discovery purposes. I propose we exchange each party's list of its relevant products with respect to discovery on Wednesday, September 13, 2006. Please confirm whether Synopsys agrees to this. By listing these "relevant products," neither party will concede anything with respect to infringement of the other party's patents.

Production of Magma's Man-Pages:

While Magma recognizes that Synopsys has been producing (and continues to produce) technical documents, it is a gross mischaracterization to suggest—as Synopsys has repeatedly done—that Synopsys has somehow been *cooperative* in discovery by doing so. Those documents were produced to Magma after it was forced to seek the Court's assistance in *compelling* production of Synopsys's source code. The Court ordered Synopsys to produce those documents along with its source code.



POOLEY &
OLIVER LLP

Connie E. Merriett, Esq.
September 21, 2006
Page 2

Nevertheless, Magma has been producing its technical documents on a rolling basis, and will produce the Man-Pages for the relevant products, including those that support the source code for Blast 5.0 and Talus. Magma is collecting those documents, and I will let you know shortly by when this production will occur.

Magma's Document Production:

In your letters and in our meeting, you asked with respect to several categories of documents and specific document requests whether Magma has produced *all* responsive, non-privileged documents, and if not, whether Magma was deliberately withholding documents based on its objections. Magma's production is rolling. It has produced and will continue produce the documents it promised to produce in its discovery responses. As such, Magma will not (indeed, cannot) yet confirm whether it has produced *all* responsive documents with respect to particular categories or requests.

Moreover, with respect to the responses for which Magma has promised to produce "documents sufficient to show" a particular type of information, Magma will not produce *all* such documents, but rather enough documents "sufficient to show" the information Synopsys seeks. To the extent Synopsys finds this type of production insufficient for a particular request, the parties will meet and confer on a request-by-request basis.

Synopsys's First Set of Requests for Production of Documents and Things:

Magma's '328 Patent and Synopsys's '733, '501, and '508 Patents: Magma has produced and/or will produce the documents it agreed to produce with respect the document requests covering these patents. Magma is not actively withholding any such documents.

No. 18: Magma has produced or will produce documents sufficient to identify third parties or consultants who assisted in the design and development of relevant products created by Magma. Magma is not actively withholding any such documents. Production, however, of similar documents related to maintenance and testing of Magma's products (to the extent they do not overlap with design and development) is unduly burdensome and not justified. Finally, "manufacture" with respect to software licensing does not make sense.

Nos. 22-23: Magma has produced or will produce marketing and sales brochures. Magma considers such documents responsive to these requests (*i.e.*, the types of documents identified in Synopsys's requests have not been withheld by Magma). To the extent that "price lists and product specifications," as identified in your August 8 letter, are included in marketing and sales brochures "distributed at any conference, exhibition, convention, or trade show," (Request for Production No. 23), Magma will produce them. Magma will also produce articles



POOLEY &
OLIVER LLP

Connie E. Merriett, Esq.
September 21, 2006
Page 3

related to the relevant products.  If after reviewing Magma's document production Synopsys believes it is entitled to further production in response to these requests, the parties may meet and confer.

No. 26: Magma will produce its licenses for its relevant products so long as Synopsys will produce the licenses for its relevant products sold by Synopsys.  Please confirm whether Synopsys agrees to a reciprocal exchange of such documents.  Further, to clarify a matter discussed in our meeting, there is no difference between Magma selling its products and licensing its products, *i.e.*, Magma only licenses the relevant products.  Please confirm whether there is a different distinction at Synopsys between licensing and selling its products.  To the extent there is, Magma expects Synopsys to produce documents reflecting sales *and* licensing of its products.

No. 27: The licenses responsive to Request No. 26 are also responsive to this request.  Production of documents sufficient to show offers for sale is not justified as the burden of doing so substantially outweighs the marginal (if any) relevance of such documents, particularly since such information is not relevant to any damages Synopsys could potentially recover in this action.

No. 28: The licenses responsive to Request No. 26 are also responsive to this request.  Further, to clarify a matter discussed at our meeting, Magma does not recognize a distinction between "purchased" and "agreed to purchase," as described in this request and will not withhold documents based on such a distinction.  Finally, in its response to this request, Magma's production will include licenses for current and past customers.

No. 35: While Magma has made similar requests to Synopsys, and in our meeting we did agree to identify situations where reciprocal document production would be appropriate, this is not such a situation.  Magma's requests are relevant to its antitrust and unfair competition claims.  Synopsys has no such claims against Magma.  Therefore, the documents Synopsys seeks in response to this request are not relevant to this action.

No. 69: Magma will produce such documents to the extent Magma asserted (whether or not the assertion was made in litigation) one or more of its patents-in-suit against a third party.

Nos. 15, 32, and 61: While you did address these requests in your August 8 letter, we neglected to discuss them in our meet and confer.  The parties will meet and confer to narrow the scope of these requests, as they are extremely overbroad.  For example, Request No. 61 essentially asks for everything ever published relating to Magma.  Many of these documents would have no relevance to this case.  Finally, with respect to Request No. 32, "fixed timing methodology" is not at issue in this case.



POOLEY &
OLIVER LLP

Connie E. Merriett, Esq.
September 21, 2006
Page 4

<u>Synopsys's Second Set of Requests for Production of Documents and Things</u>:

Nos. 82, 85, and 86: Your August 8 letter asked whether Magma was withholding any non-privileged documents based on the objections it raised in its responses to these requests. Magma is not, though it continues to search for and produce documents responsive to these requests. This is particularly true for Request No. 86, which seeks all documents identified in Magma's Initial Disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1). This is an extremely broad request that overlaps with nearly every other one of Synopsys's requests. Finally, as I indicated in our meeting, I will confirm the status of Magma's production of its document destruction and retention policies and get back to you shortly.

Nos. 88: Documents related to designing around the parties' patents will not be produced until after exchange of infringement contention charts. We agreed that some reasonable time after the charts have been exchanged, the parties will meet and confer to discuss reciprocal production of such documents. As infringement contention charts were exchanged on August 25, 2006, this matter can be addressed at our next meet and confer.

<u>Magma's Responses to Synopsys's Third Set of Requests for Production of Documents and Things</u>:

No. 103: Magma will produce such documents "that occurred one year prior to the filing of the relevant patent." Magma believes this time limitation is appropriate because infringement cannot occur until after the patent issues. While relevance for discovery purposes might extend prior to the filing date of the patent, Magma believes that a limitation to one year prior to that date is a reasonable way to manage discovery. Nevertheless, with respect to this request, Magma is willing to consider Synopsys's proposals as to alternate limitations.

No. 112: Magma would agree to a reciprocal exchange of documents related to the parties' requests concerning analyses or opinions of the patents-in-suit. Please confirm whether Synopsys agrees.

No. 114: Magma would agree to a reciprocal exchange of documents related to the parties' board minutes. Please confirm whether Synopsys agrees.

No. 115: Magma agrees that a subset of documents responsive to this request could be relevant, but the request, as framed, is overbroad. Further, because the functions of Talus and Blast 5.0 as to the patents in suit are are algorithmically identical, it is unclear whether such a broad document production is useful. You agreed to explain in a letter the specific categories of responsive documents that Synopsys seeks.



POOLEY &
OLIVER LLP

Connie E. Merriett, Esq.
September 21, 2006
Page 5

Nos. 116-122: These requests all relate to SI2. Magma agrees to produce all signed agreements, contracts, or memorandums of understanding between Magma and SI2. Production of all documents related to SI2, as these requests essentially seek, is unduly burdensome.

Nos. 124-127: These requests all relate to Magma's acquisition of Reshape, Inc. To the extent Synopsys agrees to a reciprocal document production concerning Monterey Design Systems, Magma would agree to produce the documents described below. Please confirm whether Synopsys agrees.

No. 124: Magma would agree to produce documents responsive to this request to the extent the request is limited to the '116 and '093 Patents.

Nos. 125: Magma would agree to produce documents responsive to this request to the extent the request is limited so all communications with Reshape concerning the '116 and '093 Patents and/or Synopsys.

No. 126: Magma would agree to produce documents responsive to this request.

No. 127: Magma would agree to produce documents responsive to this request to the extent the request is limited to the '116 and '093 Patents.

Nos. 130-131: As with Request No. 88, documents related to designing around the parties' patents will not be produced until after exchange of infringement contention charts. We agreed that some reasonable time after the charts have been exchanged, the parties will meet and confer to discuss reciprocal production of such documents. As infringement contention charts were exchanged on August 25, 2006, this matter can be addressed at our next meet and confer.

Synopsys's Fourth Set of Requests for Production of Documents and Things:

Nos. 141, 142, 145: These requests all seek documents related to Synopsys's communications. Magma maintains that Synopsys is the best source of information related to its own communications.

Nos. 146-148: While Magma has made similar requests to Synopsys, and in our meeting we agreed to identify situations where reciprocal document production would be appropriate, this is not such a situation. Magma's requests are relevant to its antitrust and unfair competition claims. Synopsys has brought no such claims against Magma. Therefore, these communications are not relevant to this action.

No. 155: Magma will not produce documents responsive to this request as the burden of



POOLEY &
OLIVER LLP

Connie E. Merriett, Esq.
September 21, 2006
Page 6

collecting these is not justified in that they would be, at best, marginally relevant. Further, Synopsys has taken a similar position with respect to its production. For example, Valerie Wagner indicated to Scott Oliver that Synopsys had removed "bug reports" from its source code production based on relevance. Customer complaints refer to the same type of information.

No. 156: Magma would agree to a reciprocal exchange of documents related to this request. Please confirm whether Synopsys agrees to this.

No. 157, 162, 164, 165, 168-171: A limitation to documents created after September 25, 2005 is appropriate with respect to these requests. These document requests all pertain to damages, and even if Magma infringed Synopsys's patents, Synopsys cannot recover damages until after the date Magma had notice of the infringed patents.

No. 158: Magma will produce sales documents sufficient to show the first date of sale for the relevant products that occurred one year prior to the filing of the relevant patent. You explained that a time limitation was inappropriate for this request. While Magma contends that a time limitation is necessary, it is willing to consider Synopsys's proposals as to a different time limitation, as well as its explanation as to why an alternate time limitation is necessary.

Nos. 159, 160, 166, 167: Magma has produced and is continuing to produce documents responsive to these requests. Magma is not actively withholding such documents.

No. 161: Magma maintains that it is appropriate to produce documents "sufficient to show the marketing of the relevant products." Magma is not, as you suggest in your August 10 letter, limiting its production to "those documents that are favorable to its claims." Rather, Magma has produced or will produce documents sufficient to show the marketing of its products, irrespective of whether those documents are favorable to its claims.

No. 163: Magma maintains that it is appropriate to produce documents "sufficient to show any anticipated or actual profitability, industry acceptance, commercial success, or popularity of the relevant products." Magma is not, as you suggest in your August 10 letter, limiting its production to "those documents that are favorable to its claims." Rather, Magma has produced or will produce documents sufficient to show the marketing of its products, irrespective of whether those documents are favorable to its claims. Magma understands this to include sales forecasts and comparative analyses.

No.166: Magma will produce documents sufficient to show the projected revenue for the relevant products. While Magma is not actively withholding non-privileged documents based on its objections, it only agrees to produce documents "sufficient to show" projected revenue.



Pooley &
Oliver LLP

Connie E. Merriett, Esq.
September 21, 2006
Page 7

No. 167: Magma has produced or will produced documents responsive to this request. Magma is not actively withholding such documents.

No. 172: Because "manufacturing capacity" in the context of software licensing does not make sense, Magma is unable to produce documents responsive to this request.

No. 173: While a September 25, 2005 time limitation is reasonable for this request. Magma is willing to consider Synopsys's proposals as to a different time limitation. Please propose and articulate why a different time limitation would be reasonable.

No. 177: Magma considers this request to be overbroad. Nevertheless, Magma is willing to consider a reciprocal exchange of such information. The parties will continue to meet and confer on this request.

Synopsys's Production of Its Antitrust and Scan-Chain Documents:

To every one of Magma's document requests that relate in any way to its antitrust allegations or Synopsys's scan-chain patents, Synopsys objected "in light of Synopsys' motion to bifurcate and stay . . . ." Although this self-imposed stay on discovery pending resolution of Synopsys's motion was wholly improper, the Court made the issue moot by rejecting Synopsys's motion to bifurcate and stay. Despite this, Synopsys has yet to produce the scan-chain and antitrust documents it collected but then improperly withheld.

You said that Synopsys is "ramping up" its production of these documents. Please indicate to me when Synopsys will produce these documents and if Synopsys will withhold otherwise responsive and non-privileged documents based on its other objections to Magma's antitrust and scan-chain document requests. It bears noting that the *only* two categories of documents produced thus far by Synopsys are: (1) technical documents the Court *compelled* Synopsys to produce, and (2) Magma's own documents produced to Synopsys in the Northern District of California action.

Synopsys's Second Supplemental Responses to Magma's First Set of Interrogatories:

No. 6: Synopsys's response to this interrogatory, which only directs Magma generally to the source code and documents Synopsys has produced or will produce, is inadequate. Synopsys is obligated to provide a more detailed response to this interrogatory.

No. 7: Synopsys's response is wholly inadequate. As Synopsys is seeking the same information in its interrogatory No. 5, Magma would agree to a reciprocal exchange of answers to each party's interrogatory.



POOLEY &
OLIVER LLP

Connie E. Merriett, Esq.
September 21, 2006
Page 8

No. 8: Synopsys's response is wholly inadequate. A witness is not a substitute for an interrogatory response. It is particularly inappropriate here, because it is unlikely that Synopsys could prepare a witness to answer questions concerning the names, telephone numbers, and addresses of the relevant individuals called for in this request.

No. 9: The parties will revisit this response some reasonable time after infringement contention charts are exchanged on August 25, 2006. As infringement contention charts were exchanged on August 25, 2006, this matter can be addressed at our next meet and confer.

No. 11: Synopsys's response is wholly inadequate. A witness is not a substitute for an interrogatory response.

Magma's June 6, 2006 30(b)(6) Notice of Deposition:

You explained that Synopsys is having great difficulty finding an appropriate witness for the topics on which Synopsys was noticed. Certainly you realize that more than one witness may be necessary. It is unclear why Magma cannot immediately identify and produce a witness at least on the specific communications with TSMC and TI identified in Magma's Notice of Deposition. This is particularly so with respect to Robbins Yeh's communications with TSMC.

If you have any questions, please contact me.

Sincerely,

Dara Tabesh

ND: 4825-4157-6193, Ver 1

D

Magma Dismisses Patent Claims Against Synopsys: Financial News on Yahoo! Finance    Page 1 of 2

Case 1:05-cv-00701-GMS    Document 312    Filed 10/27/2006    Page 15 of 40

Yahoo!  My Yahoo!  Mail                    Search:                                    **Web Search**

# YAHOO! FINANCE    **Sign In**    Finance Home – Help    PR Newswire
New User? Sign Up

## Welcome [**Sign In**]                    To track stocks & more, Register

## Financial News

Enter symbol(s)        Basic        Get    Symbol Lookup

**Press Release**                                        Source: Synopsys, Inc.

# Magma Dismisses Patent Claims Against Synopsys

Friday September 15, 8:00 pm ET

## Synopsys Dedicates Scan Chain Inventions to Public Domain

MOUNTAIN VIEW, Calif., Sept. 15 /PRNewswire-FirstCall/ -- Synopsys, Inc. (Nasdaq: SNPS - News) today announced that it has received a letter from Magma Design Automation stating that Magma is dropping its assertions of infringement against Synopsys relating to Patent No. 6,931,610. The '610 Patent is one of the patents Magma asserted against Synopsys in the Delaware intellectual property litigation.

Synopsys also announced today that it is dedicating certain of its inventions pertaining to scan chain partitioning, contained in Patent Nos. 6,434,733 and 6,766,501, to the public domain. By doing so, Synopsys is focusing its claims against Magma in the Delaware intellectual property litigation.

"We are pleased that Magma is dropping these infringement claims," said Brian Cabrera, Synopsys' general counsel. "In truth, we have difficulty understanding why Magma made these assertions in the first place. Since focusing the claims in the Delaware case is a step in the right direction, we have decided to dedicate patents '733 and '501 to the public. In doing so, Synopsys is creating an opportunity for all engineers to use these scan chain inventions in their tools."

These developments have no impact on the ongoing California Northern District case against Magma pertaining to the ownership of fixed timing technology. In that case, the parties continue to await a ruling by the Court regarding the ownership of the fixed timing methodology patents, which disclose technology that Magma misappropriated from Synopsys.

About Synopsys

Synopsys, Inc. is a world leader in EDA software for semiconductor design. The company delivers technology-leading semiconductor design and verification platforms and IC manufacturing software products to the global electronics market, enabling the development and production of complex systems-on-chips (SoCs). Synopsys also provides intellectual property and design services to simplify the design process and accelerate time-to-market for its customers. Synopsys is headquartered in Mountain View, California and has offices in more than 60 locations throughout North America, Europe, Japan and Asia. Visit Synopsys online at http://http://www.synopsys.com/ .

NOTE: Synopsys is a registered trademark of Synopsys, Inc. All other trademarks mentioned in this release are the intellectual property of their respective owners.

Contact: Yvette Huygen, +1-650-584-4547, or yvetteh@synopsys.com, or Investors, Lisa Ewbank, +1-650-584-1901, both of Synopsys.

Source: Synopsys, Inc.

Magma Dismisses Patent Claims Against Synopsys : Financial News - Yahoo! Finance    Page 2 of 2

Case 3:05-cv-00701-DMS    Document 131-2    Filed 10/27/2006    Page 16 of 40

Copyright © 2006 Yahoo! Inc. All rights reserved. Privacy Policy - Terms of Service - Copyright Policy - Ad Feedback
Copyright © 2006 PR Newswire. All rights reserved. Republication or redistribution of PRNewswire content is expressly prohibited without the prior
written consent of PRNewswire. PRNewswire shall not be liable for any errors or delays in the content, or for any actions taken in reliance thereon.

E

# FISH & RICHARDSON P.C.

500 Arguello Street
Suite 500
Redwood City, California
94063-1526

Telephone
650 839-5070

Facsimile
650 839-5071

Web Site
www.fr.com

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

**VIA EMAIL AND U.S. MAIL**

September 25, 2006

Valerie M. Wagner
Dechert LLP
1117 California Avenue
Palo Alto, CA 94304-1106

Jennifer L. Ishimoto
(650) 839-5093

Email
Ishimoto@fr.com



ATLANTA

AUSTIN

BOSTON

DALLAS

DELAWARE

NEW YORK

SAN DIEGO

SILICON VALLEY

TWIN CITIES

WASHINGTON, DC

Re:   Synopsys, Inc. v. Magma Design Automation, Inc.
      USDC-D. Del., C.A. No. 05-701-GMS

Dear Ms. Wagner:

Pursuant to the parties' agreement to identify prior art known to date, please find enclosed a list of prior art that Magma has identified relating to U.S. Patent Nos. 6,192,508; 6,434,733; and 6,766,501. As agreed by the parties, this list contains the prior art known to Magma at this time, and is being made without prejudice to supplementation.

Please note that some of the references listed for '508 patent will be sent to you today by Pooley & Oliver. The rest of the references, including those for the '733 and '501 patents, will be produced shortly.

Very truly yours,

Jennifer L. Ishimoto

encl.

cc:   L. Scott Oliver (via Email and U.S. Mail)
      Karen Jacobs Louden (via Email and U.S. Mail)

50373891.doc

**References for the '508 Patent**

| No. | Description | Author | Date |
|---|---|---|---|
| 1. | Gigascale Systems Research Center http:www.gigascale.org/pubs/59.html | | |
| 2. | Combinatorial Merging, IEEE Transactions on Computers, pp. 1164-1167 | Martin C. Golumbic | 11/1976 |
| 3. | Min-Cut Placement, *Design Automation and Fault Tolerance Computing*, 1977, pp. 343-962, vol. 1(4). | Melvin A. Breuer | 1977 |
| 4. | A Forced Directed Component Placement Procedure for Printed Circuit Boards, *IEEE Trans. CAS.*, vol. 26, no. 6, June 1979, pp. 377-388. | Neil R. Quinn, Jr., Melvin A. Breuer | 06/1979 |
| 5. | An Effcient Algorithm for the Two-Dimensional Placement Problem in Electrical Placement Problem in Electrical Circuit Layout | Satoshi Goto | 01/1981 |
| 6. | US Patent 4,484,292 High Speed Machine for the Physical Design of Very Large Scale Integrated Circuits | Se J. Hong, Ravindra K. Nair; Eugene Shapiro | Filed: 06/12/1981 Issued: 11/20/1984 |
| 7. | Bounding Fan-out in Logical Networks, J. Of Ass'n for Computing Machinery, Vol. 31, No. 1, pp. 13-18 | H.J. Hoover, M. M. Klawe, N. J. Pippenger | 1/1984 |
| 8. | Control Video Timing With an AntiFuse Array, Electronic Design | Richard Cooley | 06/8/1989 |
| 9. | A Heuristic Algorithm for the Fanout Problem, Proceedings of the 27th ACM/IEEE Design Automation Conference, p. 357-360. | Kanwar Jit Singh, Alberto Sangiovanni-Vincentelli | 06/24/1990 |
| 10. | Logic Synthesis for Programmable Gate Arrays, Procedings of the 27th ACM/IEEE Design Automation Conference, p. 620-625. | Rajeev Murgai, Yoshihito Nishizaki, Narendra Shenoy, Robert K. Brayton, Alberto Sangiovanni-Vincentelli | 06/24/1990 |
| 11. | Multilevel Synthesis Minimizing the Routing Factor, Proceedings of the ACM/IEEE Design Automation Conference, p. 365-368. | P. Abouzeid, K. Sakouti, G. Saucier, F. Poirott | 06/24/1990 |
| 12. | Congestion-Driven Placement Using a New Multi-Partitioning Heuristic, IEEE Conference on CAD, p. 332-335. | S. Mayrhofer, U. Lauther | 11/11/1990 |
| 13. | Analytical Placement: A Linear or a Quadratic Objective Function?, DAC'91, Proceedings of the 28th conference on ACM/IEEE design automation, pp. 427-432. | George Sigl, Konrad Doll, Frank M. Johannes | 1991 |
| 14. | US Patent 5,222,031 Logic cell placement method for semiconductor integrated circuit | Hiromasa Kaida | Filed: 2/20/1991 Issued: 6/22/1993 |
| 15. | GORDIAN: VLSI Placement by Quadratic | Jurgen M. | 03/1991 |

| No. | Description | Author | Date |
|---|---|---|---|
|  | Programming and Slicing Optimization, *IEEE Trans. On CAD*, vol. 10, no. 3, March 1991, pp. 356-365. | Kleinhans, George Sigl, Frank M. Johannes, Kurt J. Antreich |  |
| 16. | Layout Driven Technology Mapping, Proceedings of the 28th ACM/IEEE Design Automation Conference, pp. 99-105 | Massoud Pedram, Narasimha Bhat | 06/17/1991 |
| 17. | An Integrated Approach to Logic Synthesis and Physical Design, Dissertation to Graduate Division, University of California | Massoud Pedram | 8/1991 |
| 18. | A Cell-Replicating Approach to MinCut Based Circuit Partitioning, IEEE Conference on CAD, p. 2-5. | Chuck Kring, Richard Newton | 11/11/1991 |
| 19. | Layout Driven Logic Restructuring/Decomposition, Proceedings of the International Conference of Computer Aided Design, 1991, p. 134-137. | Massoud Pedram, Narasimha Bhat | 11/11/1991 |
| 20. | US Patent 5,311,443 Rule based floorplanner | Steven Crain, Joseph Burkis, Andrew Cowan, Martin Lutz | Filed: 8/13/1992 Issued: 5/10/1994 |
| 21. | Alleviating Routing Congestion by Combining Logic Resynthesis and Linear Placement, Department of Electrical Engineering, University of Southern California | Shihming Liu, Kuo-Rueih Pan, Massoud Pedram, Alvin M. Despain | 1993 |
| 22. | Placement and Routing of Electronic Modules, edited by M. Pecht, New York: M.Dekker, 1993. |  | 1993 |
| 23. | Routability-Driven Fanout Optimization, Department of EE – Systems, University of Southern California | Hirendu Vaishnav, Massoud Pedram | 1993 |
| 24. | U.S. Patent No. 5,557,533 Cell Placement Alteration Apparatus for Integrated Circuit Chip Physical Design Automation System | James S. Koford, Ranko Scepanovic, Edwin R. Jones, Douglas B. Boyle, Michael D. Rostoker | Filed: 4/19/1994 Issued: 9/17/1996 |
| 25. | U.S. Patent No. 5,914,887 Congestion Based Cost factor Computing Apparatus for Integrated Circuit Physical Design Automation System | Ranko Scepanovic, James S. Koford, Edwin E. Jones, Douglas B. Boyle, Michael D. Rostoker | Filed: 4/19/1994 Issued: 6/22/1999 |
| 26. | U.S. Patent No. 6,155,725 Cell Placement Representation and Transposition for Integrated Circuit Physical Design Automation System | Ranko Scepanovic, James S. Koford, Edwin R. Jones, Douglas B. Boyle, Michael D. Rostoker | Filed: 04/19/1994 Issued: 12/5/2000 |
| 27. | US Patent 5,629,860 Method for determining timing delays associated with placement and routing of an integrated circuit | Thomas Jones, Steven Crain, Joseph Burkis | Filed: 5/16/1994 Issued: 5/13/1997 |
| 28. | US Patent 5,561,772 Expansion Bus System for Replicating an Internal Bus as an External Bus with Logical Interrupt Replacing Physical Interrupt Lines | Pascal Dornier, Dan Kikinis, William J. Seiler, William S. Jacobs | Filed: 07/26/1994 Issued: 10/1/1996 |

| No. | Description | Author | Date |
|---|---|---|---|
| 29. | US Patent 5,619,419<br>Method of cell placement for an itegrated circuit chip comprising integrated placement and cell overlap removal | Patrik D'Haeseleer, Douglas Boyle | Filed: 9/13/1994<br>Issued: 4/8/1997 |
| 30. | Minimizing the Routing Cost During Logic Extraction, Department of EE – Systems, University of California | Hirendu Vaishnav, Massoud Pedram | 1995 |
| 31. | Logic Extraction Based on Normalized Netlengths, Department of EE – Systems, University of Southern California, 1995 IEEE | Hirendu Vaishnav, Massoud Pedram | 1995 |
| 32. | Maple-opt: A Simultaneous Technology Mapping, Placement, and Global Routing Algorithm for FPGAs with Performance Optimization, Department of Electronics and Communication Engineering, Waseda University, Japan. | Togawa, Nozomu et al. | 1995 |
| 33. | Routing in the Third Dimension from VLSI chips to MCMs, edited by N. Sherwani, S. Bhingarde, A. Panyam, IEEE Press, 1995. | | 1995 |
| 34. | U.S. Patent No. 5,572,482<br>Block Architected Static Ram Configurable for Different Word Widths and Associated Method for Forming a Physical Layout of the Static Ram | Gary Hoshizaki, Jerome A Grula, Nicholas J. Spence | Filed: 06/12/1995<br>Issued: 11/05/1996 |
| 35. | Optimization of Post-Layout Area, Delay and Power Dissipation, Dissertation to Faculty of Graduate School, University of Southern California | Hirendu Vaishnav | 8/1995 |
| 36. | US Patent 5,774,371<br>Semiconductor integrated circuit and layout designing method for the same | Yoshiyuki Kawakami | Filed: 8/1/95<br>Issued: 6/30/1998 |
| 37. | Fanout-tree Restructing Algorithm for Post-Placement Timing Optimization, Proceedings of the ASP-DAC, p. 417-422. | T. Aoki, M. Murakata, T. Mitsuhashi, N. Goto | 08/29/1995 |
| 38. | Improved Array Efficency Lets FPGAs Challenge Gate Arrays | Dave Bursky | 09/05/1995 |
| 39. | U.S. Patent No. 5,784,287<br>Physical Design Automation System and Process for Designing Integrated Circuit Chips Using Generalized Assignment | Ranko Scepanovic, James S. Koford, Edwin R. Jones, Valeriy B. Ludryavtsev, Alexander E. Andreev, Stanislav V. Aleshin, Alexander S. Podkolzin | Filed: 9/29/1995<br>Issued: 7/21/1998 |
| 40. | U.S. Patent No. 5,835,378<br>Computer Implemented Method for Leveling Interconnect Wiring Density in a Cell Placement for an Integrated Circuit Chip | Ranko Scepanovic, James S. Koford, Valeriy B. Kudryavtsev, Alexander E. Andreev, Stanislav V. Aleshin, Alexander S. Podkolzin, | Filed: 11/20/1995<br>Issued: 11/10/1998 |

| No. | Description | Author | Date |
|---|---|---|---|
| | | Douglas B. Boyle | |
| 41. | Systematic Design of the Control Path for High Performance VLSI Microprocessors, PhD thesis, University of Southern California, December 1995. | Liu, Shihming | 12/1995 |
| 42. | Physical Design CAD in Deep Sub-micron Era, European Design Automation Conference, p. 350-355, 1996 | Takashi Mitsuhashi, Takahiro Aoki, Masami Murakata, Kenji Yoshida | 1996 |
| 43. | Power and Area Minimization by Reorganizing CMOS Complex-Gates, IEICE Transactions on Fundamentals of Electronics, Communications and Computer Sciences, Vol. E79-A, No. 3, March 1996 | Masayoshi Tachibana, Sachiko Kurosawa, Reiko Nojima, Naohito Kojima, Masaaki Yamada, Takashi Mitsuhashi, Nobuyuki Goto | 03/1996 |
| 44. | U.S. Patent No. 5,798,936 Congestion-Driven Placement Method and Computer-Implemented Integrated-Circuit Design Tool | Chih-liang Cheng | Filed: 06/21/1996 Issued: 08/25/1998 |
| 45. | U.S. Patent No. 5,971,588 Advanced Modular Cell Placement System with Optimization of Cell Neighborhood System | Ranko Scepanovic, James S. Koford, Alexander E. Andreev | Filed: 06/28/1996 Issued: 10/26/1999 |
| 46. | U.S. Patent No. 5,847,965 Method for Automatic Iteratice Area Placement of Module Cells in an Integrated Circiot Layout | Chih-liang Eric Cheng | Filed: 08/02/1996 Issued: 12/8/1998 |
| 47. | US Patent 5,850,350 Apparatus for determining initial array of integrated circuit | Toshiyuki Shibuya Izumi Nitta | Filed: 8/26/1996 Issued: 12/15/1998 |
| 48. | Layout Driven Re-synthesis for Low Power Consumption LSIs, 34th Design Automation Conference | Masako Murofushi, Takashi Ishioka, Masami Murakata, Takashi Mitsuhashi | 1997 |
| 49. | An Exact Solution to Simultaneous Technology Mapping and Linear Placement Problem, Department of EE – Systems, University of Southern California, 1997 IEEE, pp. 671-675 | Jinan Lou, Amir H. Salek, Massoud Pedram | 1997 |
| 50. | An Integrated Placement and Synthesis Approach for Timing Closure of PowerPC Microprocessors, Proceedings of the International Conference on Computer Design VLSI in Computers and Processors | Shervin Hojat, Paul Villarrubia | 10/12/1997 |
| 51. | US Patent 6,182,271 Cell placement method and apparatus for integrated circuit and storage medium having cell placement program for integrated circuit stored thereon | Noriko Yahagi | Filed: 10/17/1997 Issued: 1/30/2001 |
| 52. | An Integrated Flow for Technology Remapping and Placement of Sub-half-micron Circuits, Department of EE – Systems, University of Southern California, 1998 IEEE, pp. 295-300 | Jinan Lou, Amir H. Salek, Massoud Pedram | 1998 |
| 53. | A DSM Design Flow: Putting Floorplanning, | Amir H. Salek, | 1998 |

| No. | Description | Author | Date |
|---|---|---|---|
| | Technology-Mapping, and Gate-Placement Together, Department of EE – Systems, University of Southern California | Jinan Lou, Massoud Pedram | |
| 54. | Position Paper for "Coupling of Synthesis and Layout: Challenges and Solutions" | Takashi Mitsuhashi | 02/10/1998 |
| 55. | U.S. Patent No. 6,099,580 Method for Providing Performance-Driven Logic Optimization in an Integrated Circuit Layout Design | Douglas B. Boyle, James S. Koford | Filed: 02/11/1998 Issued: 08/08/2000 |
| 56. | U.S. Patent No. 6,230,304 Method of Designing a Constaint-Driven Integrated Circuit Layout | Patrick R. Groeneveld, Lukas P.P.P. van Ginneken | Filed: 04/2/1998 Issued: 05/8/2001 |
| 57. | U.S. Patent No. 6,175,950 Method and Apparatus for Hierarchical Global Routing Descend | Ranko Scepanovic, Alexander E. Andreev, Elyar E. Gasanov, Pedja Raspopovic | Filed: 04/17/1998 Issued: 01/16/2001 |
| 58. | U.S. Patent No. 6,110,222 Layout Design Method and System For an Improved Place and Route | Fumihiro Minami, Masako Murofushi | Filed: 05/13/1998 Issued: 08/29/2000 |
| 59. | Generic Global Placement and Floorplanning, in *Proceedings of the 35th Design Automation Conference*, pps. 269-274, 1998. | Hans Eisenmann, Frank M. Johannes | 06/19/1998 |
| 60. | Attractor-Repeller Approach for Global Placement, in *Proceedings of International Conference on Computer-aided Design*, pp. 20-24, 1999. | Hussein Etawil, Shawki Areibi, Anthony Vannelli | 1999 |

### References for the '501 and '733 Patents

| No. | Description | Author | Date |
|-----|-------------|--------|------|
| 1. | Scan-chain Optimization Algorithms for Multiple Scan-paths | Susumu Kobayashi, Masato Edahiro, Mikio Kubo | |
| 2. | U.S. Patent No. 4,441,075 Circuit Arrangement which Permits the Testing of Each Individual Chip and Interchip Connection in a High Destiny Packaghin Structure Having a Plurality of Interconnected Chips, without any Physical Disconnection | Maurice McMahon | Filed: 07/02/1981 Issued: 04/03/1984 |
| 3. | Automation in Design for Testability, *Proc. Of IEEE Custom Integrated Circuits Conference*, 1984. | V.D. Agrawal, S.K. Jain, D.M. Singer | 5/21/1984 |
| 4. | A Method to Obtain an Optimal Clocking Scheme for a Digital System | James Beausang, Alexander Albicki | 10/07/1985 |
| 5. | Computer-Aided Scan Path Design for Self-Testing Chips, *Proc. Of 29th Midwest Symposium on Circuits and Systems*, pp. 301-304, August 1986. | Rajiv Arora, Alexander Albicki | 8/10/1986 |
| 6. | Test Control Signal Distribution in Self-Testing VLSI Circuits | Jerzy Kalinowki, Alexander Albicki, James Beausang | 11/11/1986 |
| 7. | The Design for Testability Process: Definition and Exploration | James Beausang, Alexander Albicki | 10/05/1987 |
| 8. | Circular BIST with Partial Scan | M. M. Pradhan, E. J. O'Brien, S. L. La, J. Beausang | 09/12/1988 |
| 9. | US Patent 5,172,011 Latch Circuit and Method with Complementary Clocking and Level Sensitice Scan Capability | Dale H. Leuthold, Paul M. Guglielmi | Filed: 06/30/1989 Issued: 12/15/1992 |
| 10. | U.S. Patent No. 5,212,651 Scan Path Generation with Flip-Flp Rearrangement According to Geometry of Logic Circuit | Shoji Yabe | Filed: 03/12/1990 Issued: 5/18/1993 |
| 11. | A Layout Driven Design For Testability Technique for MOS VLSI Circuits, *Proc. of ITC* 1991. | Sungho Kim, Prithviraj Banerjee, Srinivas Patil | 1991 |
| 12. | Scan Chain Optimization | D. D. Eisenmenger, R. F. Lembach | 01/1991 |
| 13. | An experimental comparison of different approaches to ROM BIST | S. Barbagallo, A. Burri, D. Medina, P. Camurati, P. Prinetto, M. Sonza Reorda | 05/13/1991 |
| 14. | Reorganizing Ciruits to Aid Testability, *IEEE Design & Test of Computers*, 1997, pp. 49-57. | Rajiv Gupta | 09/1991 |
| 15. | US Patent 5,323,400 Scan cell for weighted random pattern generation and method for its operation | Vinod Agarwal Benoit Nadeau-Dostie; Fidel Muradali | Filed: 9/1/1991 Issued: 6/21/1994 |
| 16. | U.S. Patent No. 5,386,423 Ordering Shift Register Latches in a Scan Ring to Facilitate Diagnosis, Testin and Isolation | Catherine C. Koo, Benedicto U. Messina, Jerry Saia | Filed: 01/11/1993 Issued: 1/31/1995 |

| No. | Description | Author | Date |
|-----|-------------|--------|------|
| 17. | Follow these guidelines to design testable ASICs, boards and systems | Kumar Venkat | 08/19/1993 |
| 18. | Better Design-for-test choices abound | Stan Runyon | 10/18/1993 |
| 19. | Reconfigurable Scan Chains: A Novel Approach to Reduce Test Application Time, *IEEE*, pp. 710-715 | Narayanan, et al. | 11/1993 |
| 20. | A Fragmented Resigter Architecture and Test Advisor for Bist, *IEEE*, pp. 124-129 | Illman, et al. | 1994 |
| 21. | An Automatic Test Pattern Generator for Large Sequential Circuits based on Genetic Algorithms, *Proc. Int. Test Conf.*, 1994, pp. 240-249. | P. Prinetto, M. Rebaudengo, M. Sonza Reorda | 1994 |
| 22. | Sequential Circuit Test Generation in A Genetic Algorithm Framework, *Proc. Design Automation Conf.*, 1994, pp. 698-704. | Elizabeth M. Rudnick, Janak H. Patel, Gary S. Greenstein, Thomas M. Niermann | 1994 |
| 23. | A Redefinable Symbolic Simulation Techique to Testability Design Rules Checking | M. Hirech, O. Florent, A. Greiner, E. Rejouan | 02/28/1994 |
| 24. | Boundary-Scan Testing for Electronic Subassemblies and Systems | Chi W. Yau, James Beausang, F. Edward Crane, III, Najimi T. Jarwata, Rodham E. Tulloss | 03/1994 |
| 25. | US Patent 5,592,493 Serial Scan Chain Architecture for a Data Processing System and Method of Operation | Alfred L. Crouch, Matthew D. Pressly, Joseph C. Circello, Richard Duerden | Filed: 9/13/1994 Issued: 01/07/1997 |
| 26. | Scan Chain Optimization: Heuristic and Optimal Solutions | Kenneth D. Boese, Andrew B. Khang, Ren-Song Tsay | 10/1994 |
| 27. | Teaching VLSI testing at university Paris VI | Par A. Derieux, O. Florent, A. Greiner, M. Hierech, E. Rejouan | 01/1995 |
| 28. | Reconfiguration Techniques for a Single Scan Chain, *IEEE*, pp. 750-765 | Narayanan, et al. | 6/1995 |
| 29. | US Patent 5,726,996 Process for dynamic composition and test cycles reduction | Srimat T. Chakradhar Anand Raghunathan | Filed: 9/18/1995 Issued: 3/10/1998 |
| 30. | US Patent 5,703,789 Test ready compiler for design for test synthesis | James Beausang; Robert Walker | Filed: 12/29/1995 Issued: 12/30/1997 |
| 31. | Integrating Scan Into Hierarchical Synthesis Methodologies, *Proc. of ITC* 1996. | James Beausang, Chris Ellingham, Markus Robinson | 1996 |
| 32. | Layout Driven Selecting And Chaining of Partial Scan Flip-Flops, *Proc. of 33rd DAC*, 1996. | Chau-Shen Chen, Kuang-Hui Lin, TingTing Hwang | 1996 |

| No. | Description | Author | Date |
|---|---|---|---|
| 33. | Scan Chain Partitioning and Re-Ordering Based on Layout Information: An Industrial Experience | S. Barbagallo, G. Borgonovo, D. Grassi, D. Medina, F. Corno, P. Prinetto, M. Sonza Reorda | 1996 |
| 34. | System Test and Reliability: Techniques for Avoiding Failure | Rohit Kapur, Edward F. Miller | 1996 |
| 35. | US Patent 5,812,561 Scan based testing of an integrated circuit for compliance with timing specifications | Grady L. Giles, Alfred Larry Crouch, Odis Dale Amason, Mathew Pressly, Clark Shephard, Michael Mateja, Lee Corley, Daniel Marquette, Jason Doege | Filed: 9/3/1996 Issued: 9/22/1998 |
| 36. | Scan Insertion Criteria for Low Design Impact, *14th VLSI Test Symposium*, 1996. | Barbagallo, S. et al. | 4/1996 |
| 37. | US Patent 5,668,490 Flip-Flop with Full Scan Capability | Sundari S. Mitra, David Greenhill, Philip A. Ferolitio | Filed: 05/01/1996 Issued: 09/16/1997 |
| 38. | US Patent 5,696,771 Method and apparatus for performing partial unscan and near full scan within design for test applications | James Beausang, Kenneth Wagner, Robert Walker | Filed: 5/17/1996 Issued: 12/9/1997 |
| 39. | US Patent 6,539,509 Clock Skew Insensitive Scan Chain Reordering | Andres R. Teene | Filed: 05/22/1996 Issued: 03/25/2003 |
| 40. | Layout-driven scan chain partitioning and reordering | S. Barbagallo, M. Lobetti, D. Medina, F. Corno, P. Prinetto, M. Sonza Reorda | 06/12/1996 |
| 41. | US Patent 5,828,579 Scan Segment Processing within Hierarchial Scan Architecture for Design for Test Applications | James Beausang | Filed: 08/28/1996 Issued: 10/27/1998 |
| 42. | US Patent 5,949,692 Hierarchical Scan Architecture for Design for Test Applications | James Beausang, Chris Ellingham, Markus F. Robinson, Robert Walker | Filed: 08/28/1996 Issued: 09/07/1999 |
| 43. | Layout-driven Chaining of Scan Flip-Flops, *IEEE Proc. Comput. Digit. Tech.*, Vol. 143, No. 6, pp. 421-425. | Lin, et al. | 11/1996 |
| 44. | Integrated Scan Techniques Ease Chip and Board Tests | Sanjay Patel, Iam Burgress | 11/21/1996 |
| 45. | Advanced Microprocessor Test Strategy and Methodology | W. V. Huott, T. J. Koprowski, B. J. Robbins, M. P. Kusko, S. V. Paterasm D. E. Hoffman, T. G. McNamara, T. J. Snethen | 1997 |

| No. | Description | Author | Date |
|-----|-------------|--------|------|
| 46. | Processor Design, *Integrate System Design* magazine, pp. 19-28, Jan. 1997. | Brian Arnold | 1/1997 |
| 47. | European Patent EP 0 809 199 B1<br>Clock skew insensitive scan chain reordering | Andres Teene | Filed: 05/16/1997<br>Issued: 07/30/2003 |
| 48. | US Patent 5,943,490<br>Distributed logic analyzer for use in a hardware logic emulation system | Stephen Sample | Filed: 5/30/1997<br>Issued: 8/24/1999 |
| 49. | US Patent 5,983,376<br>Automated scan insertion flow for control block design | Sridhar Narayanan, Yuncheng Yu, Arthur Lin, Hongyu Li | Filed: 9/24/1997<br>Issued: 11/9/1999 |
| 50. | US Patent 6,067,650<br>Method and apparatus for performing partial unscan and near full scan within design for test applications | James Beausang, Kenneth Wagner, Robert Walker | Filed: 12/5/1997<br>Issued: 5/23/2000 |
| 51. | US Patent 6,263,483<br>Method of Accessing the Generic Netlist Created by Synopsys Design Compilier | Guy Dupenloup | Filed: 02/20/1998<br>Issued: 07/17/2001 |
| 52. | European Patent EP 0 965 850 A1<br>Scan test method for multiple clocks integrated circuit | Joachim Knaeblein, Josef Schmid | Filed: 06/17/1998<br>Published: 12/22/1999 |
| 53. | A New Approach to Scan Chain Reordering Using Physical Design Information, Proceedings of the International Test Conference, 1998, pps. 348-355. | Mokhtar Hirechm James Beausang, Xinli Gu | 08/1998 |
| 54. | US Patent 6,106,568<br>Hierarchical scan architecture for design for test applications | James Beausang, Chris Ellingham, Markus Robinson, Robert Walker | Filed: 6/3/1999<br>Issued: 8/22/2000 |

F

# FISH & RICHARDSON P.C.

500 Arguello Street
Suite 500
Redwood City, California
94063-1526

Telephone
650 839-5070

Facsimile
650 839-5071

Web Site
www.fr.com

Jennifer L. Ishimoto
(650) 839-5093

Email
Ishimoto@fr.com

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

**VIA FACSIMILE AND EMAIL**

October 4, 2006

Valerie M. Wagner
Dechert LLP
1117 California Avenue
Palo Alto, California  94304-1106

Re:   Magma Design Automation adv. Synopsys
      USDC-D. Del. - C.A. No. 05-701-GMS

**FR**

ATLANTA

AUSTIN

BOSTON

DALLAS

DELAWARE

NEW YORK

SAN DIEGO

SILICON VALLEY

TWIN CITIES

WASHINGTON, DC

Dear Valerie:

I know that Scott had left you a voicemail about claim construction for the '733 and '501 patents earlier this week.  While infringement and non-infringement of these patents are no longer an issue, invalidity, as it relates to Magma's antitrust and unfair competition claims, remains an issue.  Thus, we feel that we still need to go through the claim construction process for these patents.

Below is our list of terms for the claim construction process.  We are willing to discuss constructions for them, either at our Friday meeting or through an exchange at an agreed upon time.  Also, if there are terms that Synopsys wants to construe, please let me know.

1. HDL
2. scannable netlist
3. netlist
4. partitioning information
5. clock domains
6. edge sensitivity types
7. reconfigurable multiplexer
8. clock skew tolerance levels
9. surrounding cone logic
10. output switching times
11. scan chain
12. scan cell
13. simultaneous switching output requirements

If you would like to discuss this issue before Friday, please let Scott or me know.

Very truly yours,

Jennifer L. Ishimoto

50376027.doc

10/04/2006 15:54 FAX 6508395071         FISH & RICHARDSON                    ✐001

```
         ***********************
         ***   TX REPORT   ***
         ***********************

     TRANSMISSION OK

     TX/RX NO              4319
     CONNECTION TEL                       98134848
     CONNECTION ID
     ST. TIME          10/04 15:54
     USAGE T            00'24
     PGS. SENT            2
     RESULT             OK
```

# FISH & RICHARDSON P.C.

500 Arguello Street
Suite 500
Redwood City, California
94063-1526

Telephone
650 839-5070

Facsimile
650 839-5071

Web Site
www.fr.com

**Date**   October 4, 2006

**To**   Valerie M. Wagner
Dechert LLP
1117 California Avenue
Palo Alto, California  94304-1106
Telephone: (650) 813-4800

**Facsimile number**   18258-00253531 / (650) 813-4848

**From**   Jennifer L. Ishimoto

**Re**   Magma Design Automation adv. Synopsys

**Number of pages
including this page**   2

**Message**   Please see attached.

G

**From:**    Wagner, Valerie [valerie.wagner@dechert.com]
**Sent:**    Thursday, October 12, 2006 5:10 PM
**To:**      Jennifer Ishimoto; Elacqua, James; Skogstrom, Carol
**Cc:**       soliver@pooleyoliver.com; Raymond Scott; Tamara Fraizer
**Subject:** RE: Magma/Synopsys (DE): Scan chain claim construction

Jen:

Synopsys will stipulate to the claim constructions that Magma has proposed for the '733 and '501 Patents, and Synopsys has no further terms for construction. I will plan on adding the terms and constructions that you provided today to the list of stipulated definitions from the other patents.

Regards,
 Valerie

---

**From:** Jennifer Ishimoto [mailto:Ishimoto@fr.com]
**Sent:** Thursday, October 12, 2006 4:13 PM
**To:** Wagner, Valerie; Elacqua, James; Skogstrom, Carol
**Cc:** Scott Oliver; Raymond Scott; Tamara Fraizer
**Subject:** Magma/Synopsys (DE): Scan chain claim construction

Dear Valerie:

Attached please find Magma's revised claim constructions for the claim terms in the '501 and '733 "scan chain" patents for your consideration. We will be providing these proposed constructions to the Court in the parties' joint claim construction statement to be filed tomorrow.

As you know, we have not yet received any identification of terms that Synopsys believes should be construed or any proposed Synopsys constructions for the terms that Magma has identified in the scan chain patents. Rather, in response to our requests for Synopsys' positions, you have merely indicated to us through our meet and confer sessions that Synopsys is still thinking about this issue.

We remain available and willing to consider any proposed constructions that Synopsys may provide before the close of business today, and to meet and confer in advance of the filing tomorrow. However, in light of Synopsys' refusal thus far to engage on these issues, Magma reserves the right to amend its proposed constructions in a reasonably timely manner once Synopsys takes a position with respect to the construction of claim terms in these patents.

Sincerely,

Jen


**Jennifer Ishimoto**
🐟 **Fish & Richardson P.C.**
**500 Arguello Street, Suite 500**

Redwood City, CA 94063
General: 650.839.5070
Direct: 650.839.5093
Fax: 650.839.5071
ishimoto@fr.com

********************************************************************************

This email message is for the sole use of the intended recipient(s) and may contain
confidential and privileged information. Any unauthorized use or disclosure is
prohibited. If you are not the intended recipient, please contact the sender by reply
email and destroy all copies of the original message.

IRS CIRCULAR 230 DISCLOSURE: Any U.S. tax advice contained in this communication
(including any attachments) is not intended or written to be used, and cannot be used,
for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii)
promoting, marketing or recommending to another party any transaction or matter
addressed herein.

********************************************************************************

This e-mail is from Dechert LLP, a law firm, and may contain information that is con

H



*phone*: 650.739.7020
*fax*: 650.739.7060
Five Palo Alto Square, 7th Floor
3000 El Camino Real
Palo Alto, California 94306

Dara Tabesh
(650) 739-7040
dtabesh@pooleyoliver.com

October 25, 2006


**BY FACSIMILE**

Connie E. Merriett, Esq.
Dechert LLP
1117 California Avenue
Palo Alto, CA 94304-1106

Re:    *Synopsys v. Magma*

Dear Ms. Merriett:

This is in response to your later dated October 16, 2006.

As a preliminary matter, I am shocked by your characterization of my September 6, 2006 letter, or any comment I made in our meetings or telephone conversations, as "conditioning" Magma's discovery responses on Synopsys's. It was *you* who invited discussion of categories of documents for which we could agree that reciprocal exchanges would be appropriate. It was *you* who suggested that we eventually agree to dates for such reciprocal productions. Your suggestions framed our discussions in meetings and telephone conversations, and they framed my written responses to you.

Not once have I ever suggested that Magma is withholding relevant documents until it receives similar documents from Synopsys, and Magma is not doing so. (Indeed, one wonders whether this is Synopsys's strategy, given that it was *your* suggestion to make reciprocal document exchanges.) Magma has produced relevant documents, it will continue to produce relevant documents, it has been clear about what it will produce, it has been clear about which of Synopsys's requests are inappropriate, and it has been clear about why this is so. Synopsys, in contrast, has consistently been evasive about what it will produce, when, and why.

Moreover, in our meetings, for each category of documents, we discussed both parties' document productions (or lack thereof). We will continue to resolve issues on a category-by-category basis, addressing *both parties'* concerns. Should the parties not come to resolution in our next in-person meetings concerning how Synopsys will satisfy its discovery obligations, Magma is prepared to seek the Court's intervention.

After receiving your October 16, 2006 letter, I agreed with you in a telephone conversation that moving straight to in-person meetings would be more productive than writing more letters.



POOLEY &
OLIVER LLP

Connie E. Merriett, Esq.
October 25, 2006
Page 2

Nonetheless, below I will highlight the categories of Magma's documents requests for which Synopsys's responses and/or document production have been lacking, or in most cases, completely absent. This is not intended to be an exhaustive list, just one that covers the broader categories of Synopsys's intransigence, and one that will help focus our next in-person meeting.

Synopsys's Scan-Chain and Antitrust Documents:

On January 23, 2006, Synopsys brought motions to bifurcate and stay Magma's antitrust claims and all claims affected by the PTO's reexamination of Synopsys's '501 and '733 patents (the "scan-chain patents"). While these motions were pending, Synopsys held steadfast to its self-imposed discovery stay concerning these documents pending resolution by the Court of these motions. (*See* Synopsys's Responses to Magma's Requests for Production Nos. 1-29, 42, 56-59, 71-72, 77-79, 81, 83, 96, 103-104.) On May 25, 2006, the Court rejected Synopsys's motions to bifurcate and stay, rendering Synopsys's objections moot.

Immediately thereafter, Magma began attempts to meet and confer with Synopsys concerning production of documents related to scan-chain and antitrust issues. (*See, e.g.*, James Pooley's May 25, 2006 letter to Valerie M. Wagner.) On at least two separate occasions, you represented to me that attorneys at your firm were busy reviewing those documents and that production would be forthcoming. Likewise, on at least one occasion, at my request, you told me you would look into updating Synopsys's discovery responses that were made moot by the Court's rejection of Synopsys's motions to bifurcate and stay. To my knowledge, no responses have been updated, and no such documents have been produced.

Recently, Synopsys withdrew its scan-chain patents from reexamination and dedicated them to the public. Based on this, Synopsys filed a "Renewed Motion to Bifurcate Trial of Antitrust Claims and to Stay Discovery Related Exclusively Thereto," on October 13, 2006. To date, Synopsys has yet to produce any scan-chain or antitrust related documents.

Resolution of this matter, however, will be made simple by your answer to the following question: ***In conjunction with its "renewed" motion to bifurcate and stay discovery, does Synopsys intend also to "renew" its self-imposed discovery stay pending resolution of its motion?*** If so, then Magma will move to compel production of Synopsys's antitrust and scan-chain related documents. If not, supplement Synopsys's discovery responses to reflect this. Failure to supplement Synopsys's discovery responses before the conclusion of our next meet and confer will be interpreted as an indication that Synopsys will again withhold antitrust and scan-chain related discovery based on a pending motion to bifurcate, and Magma will seek the Court's intervention accordingly.



POOLEY &
OLIVER LLP

Connie E. Merriett, Esq.
October 25, 2006
Page 3

<u>Other Antitrust and Damages Documents Related to Market Share and Industry Analyses:</u>

For certain requests related to Magma's antitrust claims, Synopsys did not object based on a self-imposed discovery stay. (*See* Synopsys's Responses to Magma's Requests for Production Nos. 60-64, 67-68, 70, 101, 102.) Nevertheless, Synopsys categorically refused to produce such documents. These documents, which relate to Synopsys's market share, and more generally, industry analyses, are directly relevant to Magma's antitrust claims and its damages claims under the patent laws. Please confirm that Synopsys will produce documents responsive to these requests. If after the next meet and confer Synopsys continues to refuse to produce such documents, Magma will be forced to seek the Court's intervention.

<u>Other Documents Related to the Scan-Chain Patents:</u>

For certain requests related to Magma's antitrust claims, Synopsys did not object based on a self-imposed discovery stay. Nevertheless, Synopsys categorically refused to produce such documents. In particular, Magma is entitled to documents relating to conferences attended by the inventors to the scan-chain patents, (*see* Magma's Request for Production No. 30), as well as documents related to Synopsys's decision to seek reexamination of the scan-chain patents, (*see id.* at Nos. 103-104), and its decision to withdraw the scan-chain patents from this case, (*see id.* at Nos. 122-123). Please confirm that Synopsys will produce documents responsive to these requests. If after the next meet and confer Synopsys continues to refuse to produce such documents, Magma will be forced to seek the Court's intervention.

Similarly, Synopsys must provide responses to Magma's Requests for Admission Nos. 15-21, 77-80, and 82-92, all of which relate to Synopsys's procurement of the scan-chain patents and statements made by Synopsys about suing Magma under Synopsys's patents.

<u>Documents Related the '508 Patent and Synopsys's Acquisition of Monterey:</u>

Synopsys continues to move forward with its claims based on Magma's alleged infringement of Synopsys's '508 patent, which it acquired in its acquisition of Monterey. To date, however, Synopsys has yet to produce documents related to either the '508 patent, or its acquisition of Monterey. Synopsys indicated in at least some of its responses to Magma's discovery requests that it would produce responsive documents. (*See* Synopsys's Responses to Magma's Requests for Production Nos. 1, 3-8, 10, 16-18, 83, 97.) Please explain why Synopsys has failed to produce documents it represented it would produce. Further, please explain whether Synopsys is withholding documents responsive to these requests, and if so, on what basis.



Pooley &
Oliver LLP

Connie E. Merriett, Esq.
October 25, 2006
Page 4

Documents Related to Damages Calculations:

Synopsys has yet to produce documents necessary for Magma's damages calculations. Synopsys objected because it considered these requests "premature at this early stage of the litigation." (*See* Synopsys's Responses to Magma's Request Nos. 43-52, 56-59, 65-66.) Please confirm that Synopsys will produce documents responsive to these requests. If after the next meet and confer Synopsys continues to refuse to produce such documents, Magma will be forced to seek the Court's intervention.

Documents Related to Magma's Unfair Competition and Antitrust Claims:

Magma is entitled to documents evidencing statements made by Synopsys to any potential customer of Magma or Synopsys about Magma or this lawsuit. (*See* Magma's Requests for Production Nos. 4, 69, 71, 72, 80, 81, and 87.) Magma is also entitled to documents reflecting offers or proposals by Synopsys to modify the terms of agreements with a customer or potential customer in consideration for the sale and lease of any Synopsys product. (*See* Magma's Requests for Production Nos. 65-66.) All of these documents are directly relevant to Magma's unfair competition claims, as well as its antitrust claims, and all of these documents would only be available to Synopsys. Please confirm that Synopsys will produce documents responsive to these requests. If after the next round of meet and confers Synopsys continues to refuse to produce such documents, Magma will be forced to seek the Court's intervention.

Similarly, Magma is entitled to responses to its Interrogatory Nos. 8 and 14, which seek the same information. In particular, in its response to Interrogatory No. 14, Synopsys indicated it would produce a 30(b)(6) witness. While that alone is not sufficient, please propose a date by when Synopsys will make a 30(b)(6) designee available to respond to interrogatory No. 14.

Documents Related to Marketing and Publicity of Synopsys's Products and Technology:

Synopsys has refused to produce any documents related to how it markets, publicizes, or otherwise distinguishes its products and technology to the public. (*See* Synopsys's Responses to Magma's Requests for Production Nos. 30, 34, 40, 41, 62.) Refusal to produce such documents is unsupportable, as these documents are directly relevant to Synopsys's infringement claims and Magma's defenses. Please confirm that Synopsys will produce documents responsive to these requests.


POOLEY &
OLIVER LLP

Connie E. Merriett, Esq.
October 25, 2006
Page 5

Synopsys's Board Meeting Minutes:

The meeting minutes from Synopsys's board of director meetings that relate to Magma, this case, or the patents at issue in this litigation, are relevant to Magma's antitrust and unfair competition claims, as well as its defenses. (*See* Magma's Request for Production No. 82.) Synopsys's categorical refusal to produce such documents is unsupportable. If after the next meet and confer Synopsys continues to refuse to produce such documents, Magma will be forced to seek the Court's intervention.

Documents Related to Non-Obviousness of Magma's Patents:

Synopsys has refused to produce documents related to factors that go to the non-obviousness of Magma's patents. (*See* Synopsys's Responses to Magma's Requests for Production Nos. 88-91.) Unless Synopsys intends to waive any defense based on obviousness, it cannot continue to withhold such documents. Please confirm at our next meet and confer whether Synopsys intends to waive any defense based on obviousness. If not, then Synopsys must produce documents responsive to these requests.

Documents Related to Testing, Design, and Development of Synopsys's Products and Technology:

Synopsys has categorically refused to produce documents related to the testing, design, and development of its products and technology. (*See* Synopsys's Responses to Magma's Requests for Production Nos. 31-33, 38.) This is an unsupportable position, as the development of its products and technology implicate nearly every aspect of Synopsys's claims and defenses. Please confirm at our next meet and confer whether Synopsys intends to waive any defense based on obviousness. If not, then Synopsys must produce documents responsive to these requests.

Conclusion

Synopsys's production to date has been paltry. Other than Magma's own documents, which Synopsys received from Magma in the Northern District of California action and reproduced to Magma in this action, *the only documents produced by Synopsys* are source code and supporting technical documentation, both of which were only produced *after Magma obtained a Court Order*.

Since very early in this litigation, by the happenstance that your firm represents Synopsys in both the Northern District of California action and this action, Synopsys has had hundreds of



POOLEY &
OLIVER LLP

Connie E. Merriett, Esq.
October 25, 2006
Page 6

thousands of relevant Magma documents, as well as Magma's source code, necessary to develop its case. Yet Synopsys continues to refuse Magma access to the documents necessary to develop its claims and defenses. As I stated above, if the parties do not promptly resolve how and when Synopsys will satisfy its discovery obligations under the Federal Rules, Magma will have no choice but to seek Court's intervention.

Because there are a large number of issues to resolve on both sides of the table, I suggest that we begin meeting in person as soon as possible, and continue doing so until the parties are in agreement or at an impasse over their respective positions. I am generally available to start this process any time on Friday, October 27, 2006.

If you have any questions, please contact me.

Sincerely,

Dara Tabesh