# EXHIBIT A

# FINAL TRANSCRIPT

## Thomson StreetEvents™

### LAVA - Q1 2007 Magma Design Automation, Inc. Earnings Conference Call

Event Date/Time: Aug. 03. 2006 / 4:30PM ET

| THOMSON | www.streetevents.com | Contact Us |
|---|---|---|

© 2006 Thomson Financial. Republished with permission. No part of this publication may be reproduced or transmitted in any form or by any means without the prior written consent of Thomson Financial.

SYN1723448

**FINAL TRANSCRIPT**

| Aug. 03. 2006 / 4:30PM, LAVA - Q1 2007 Magma Design Automation, Inc. Earnings Conference Call |
|---|

So I still see very strong growth in market share. And to reiterate what Rajeev said, very strong contributions to the backlog so that we have a strong annuity to draw on to grow the revenue side of the business going forward.

So I think we're very positive and bullish right now.

---

**Rich Valera** - *Needham & Co. - Analyst*

Okay. Thanks, Roy.

---

**Operator**

Your next question comes from the line of Raj Seth with Cowen and Company.

---

**Raj Seth** - *Cowen and Company - Analyst*

Hi, thanks. I've got a couple.

Roy, a couple of quarters ago you guys talked about the potential for seeing some impact within your customer base from the ongoing litigation. Last quarter you didn't see any -- any change? Do you sense any additional skittishness relating to the ongoing litigation? Or is not in fact having a material impact on your business intake?

---

**Roy Jewell** - *Magma Design Automation, Inc. - COO*

I'll change it. It's having an absolutely no impact on our business. And there's actually a proprietary market research document that we bought earlier this quarter that they polled a number of our customers. And, in fact, I think it was a number of 30 some customers on the response of what's the litigation going to have in terms of impact on your purchasing decisions.

And it came back 100% said none.

---

**Raj Seth** - *Cowen and Company - Analyst*

Okay. That's good news, a couple of others if I might.

Are you, you made a comment about share. And I'm curious if you guys still continue to believe that in the core markets where you have participated before? I know it's a little bit difficult because you're expanding the boundaries of your coverage, but all in EDA seem to be doing well. Do you think you're, at this point, taking meaningful share in for example your visual implementation core business still? Or is the share comment a function of this expanding market tam, which you take advantage of?

---

**Rajeev Madhavan** - *Magma Design Automation, Inc. - CEO*

Again, just to answer the question Raj. I'm Rajeev.

We think we will take another 10% every other year. Every 2 years we've been taking 10%. And this is no different infusion because of what we've done with Talus. We continue to see increase in market share. In fact the comments we got from Talus from non-Magma users were extremely positive. In fact a number of engagements that are going on are with non-Magma users. And we think Talus will allow us to collect that 10% more market share mold in our core implementation products.

---

| THOMSON | www.streetevents.com | Contact Us |
|---|---|---|

© 2006 Thomson Financial. Republished with permission. No part of this publication may be reproduced or transmitted in any form or by any means without the prior written consent of Thomson Financial.

SYN1723459

FINAL TRANSCRIPT

| Aug. 03. 2006 / 4:30PM, LAVA - Q1 2007 Magma Design Automation, Inc. Earnings Conference Call |
| --- |

Every 2 years we do 10%. And that we think will continue.

**Raj Seth** - *Cowen and Company - Analyst*

And on the Talus product if I'm an existing Blast customer, is that something I get under maintenance or do I pay more for it? And how fast would you expect your Blast base to transition to this new tool?

**Roy Jewell** - *Magma Design Automation, Inc. - COO*

Raj, no, it does not come under maintenance. It's a new product.

And so our current customers will have to be making the decisions as they move into the more aggressive parts of 65 and 45 nanometer process technologies to decide whether they want to make the transition based upon the efficiencies or the total, the technology advantages.

But I think you're going to see a few this year, a few of the leading edge designs. And I think the acceleration will start later next year and move into probably fiscal 2009 very aggressively where it becomes the dominant product that we're selling.

**Raj Seth** - *Cowen and Company - Analyst*

Okay. One last one, I feel a bit like Jay here, but one last one if I might.

The router in Talus is that a new router? I mean you've had some issues historically with your router. I know you have a number of different projects designed to produce a next generation router. Is that; is there something new in Talus there? Or what's the story around the router?

**Rajeev Madhavan** - *Magma Design Automation, Inc. - CEO*

Talus is absolutely is the next generation router. And we are evolving further on that router. So Talus is absolutely a heavily different changeable for Magma in the lead in the routing space as well. And that's one of the things that uniquely makes Talus very differentiatable.

The other thing I want to make sure that you understand, with Talus the whole flow is paralyzable. I mean not like others claim in terms of my routers is paralyzable. I mean by the time the routing can be done, the whole chip can be done.

**Raj Seth** - *Cowen and Company - Analyst*

And, sorry, just a follow-up. The router here that's in Talus, is that something that you're still selling Blast products. Is that something that you insert into the current Blast line as well? Or do I need to buy Talus in order to get it?

**Rajeev Madhavan** - *Magma Design Automation, Inc. - CEO*

Some of the process rule requirement special things have certainly been migrated into the Blast Fusion. Some of the routing capabilities are in Blast Fusion. Some of the newer routing technologies, including the bond technology that we are bringing online slowly over a period of time will not make its way into the Blast Fusion technology.

| THOMSON | www.streetevents.com | Contact Us | |
| --- | --- | --- | --- |

© 2006 Thomson Financial. Republished with permission. No part of this publication may be reproduced or transmitted in any form or by any means without the prior written consent of Thomson Financial.

SYN1723460

# EXHIBIT B

| Magma Statements in Opp. Brief | Magma Statements to Analysts |
|---|---|
| ". . . those [Synopsys] patents were asserted in violation of the antitrust laws and Magma was damaged as a result of that action. For example, deals that were to be closed at the end of the fiscal quarter were not closed due to Synopsys' actions."<br><br>Magma's Opp. at 10 | <u>Analyst question</u>: "Have you guys actually seen any slippage of deals because of this phenomenon? Or…You sound like you said you haven't lost any deals. But any delays in customer commitments because of this phenomenon?" <u>Response from Greg Walker, Magma CFO</u>: "There's probably a little bit of delay in the regular sales cycle . . . But they have not caused enough of a delay to cause us to miss any deals."<br><br><u>Analyst question</u>: "But I mean is there any reason to believe that this **impacted your broader business**?" <u>Response from Greg Walker, Magma CFO</u>: "None, at this time. **No**."<br><br>February 2, 2006 Magma Earnings Conference Call, SYN1723417. Exh. J. |
| "The harm has been done. Magma's business has already been damaged by Synopsys' actions and the dedication to the public cannot change that."<br><br>". . . Magma continues to suffer harm as a result of those [Synopsys] actions . . ."<br><br>Opposition Brief at 2. | <u>Question from analyst</u>: "Roy, a couple of quarters ago you guys talked about the potential for seeing some impact within your customer base from the ongoing litigation. Last quarter you didn't see any – any change? Do you sense any additional skittishness relating to the ongoing litigation? Or is not in fact having a material impact on your business intake?"<br><br><u>Response from Roy Jewell, Magma President & COO</u> : "I'll change it. It's having an **absolutely no impact** on our business. And there's actually a proprietary market research document that we bought earlier this quarter that they polled a number of our customers. And, in fact, I think it was a number of 30 some customers on the response of what's the litigation going to have in terms of impact on your purchasing decisions. And it came back 100% said none."<br><br>August 3, 2006 Earnings Conference Call, at SYN1723459. Exh. A. |

# EXHIBIT C



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/007,869 | 01/09/2006 | 6766501 | SYNP 107 | 8180 |

36454        7590        10/18/2006

SYNOPSYS, INC. C/O HAYNES BEFFEL & WOLFELD LLP
P.O. BOX 366
HALF MOON BAY, CA 94019

| EXAMINER |
|---|
|  |

| ART UNIT | PAPER NUMBER |
|---|---|
|  |  |

DATE MAILED: 10/18/2006

Please find below and/or attached an Office communication concerning this application or proceeding.

PTO-90C (Rev. 10/03)

| Control No. | Patent Under Reexamination |
|---|---|
| 90/007,869 | 6766501 |

**Notice of Intent to Issue**
***Ex Parte* Reexamination Certificate**

| Examiner | Art Unit | |
|---|---|---|
| Kwang B. Yao | 3992 | |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

1. ☒ Prosecution on the merits is (or remains) closed in this *ex parte* reexamination proceeding. This proceeding is subject to reopening at the initiative of the Office or upon petition. *Cf.* 37 CFR 1.313(a). A Certificate will be issued in view of
   (a) ☒ Patent owner's communication(s) filed: <u>22 September 2006 and 21 April 2006.</u>
   (b) ☐ Patent owner's late response filed: _____.
   (c) ☐ Patent owner's failure to file an appropriate response to the Office action mailed: _____.
   (d) ☐ Patent owner's failure to timely file an Appeal Brief (37 CFR 41.31).
   (e) ☐ Other: _____.
   Status of *Ex Parte* Reexamination:
   (f) Change in the Specification:  ☐ Yes ☒ No
   (g) Change in the Drawing(s):   ☐ Yes ☒ No
   (h) Status of the Claim(s):
      (1) Patent claim(s) confirmed: <u>1-26.</u>
      (2) Patent claim(s) amended (including dependent on amended claim(s)): _____
      (3) Patent claim(s) cancelled: _____.
      (4) Newly presented claim(s) patentable: _____.
      (5) Newly presented cancelled claims: _____.

2. ☒ Note the attached statement of reasons for patentability and/or confirmation. Any comments considered necessary by patent owner regarding reasons for patentability and/or confirmation must be submitted promptly to avoid processing delays. Such submission(s) should be labeled: "Comments On Statement of Reasons for Patentability and/or Confirmation."

3. ☐ Note attached NOTICE OF REFERENCES CITED (PTO-892).

4. ☐ Note attached LIST OF REFERENCES CITED (PTO/SB/08).

5. ☐ The drawing correction request filed on _____ is: ☐ approved ☐ disapproved.

6. ☐ Acknowledgment is made of the priority claim under 35 U.S.C. § 119(a)-(d) or (f).
      a)☐ All b)☐ Some* c)☐ None  of the certified copies have
      ☐ been received.
      ☐ not been received.
      ☐ been filed in Application No. _____.
      ☐ been filed in reexamination Control No. _____.
      ☐ been received by the International Bureau in PCT Application No. _____.
   * Certified copies not received: _____.

7. ☐ Note attached Examiner's Amendment.

8. ☐ Note attached Interview Summary (PTO-474).

9. ☒ Other: <u>PTO 1449.</u>

cc: Requester (if third party requester)

U.S. Patent and Trademark Office
PTOL-469 (Rev.08-06)        Notice of Intent to Issue Ex Parte Reexamination Certificate        Part of Paper No 20061011

# R E E X A M I N A T I O N

## REASONS FOR PATENTABILITY / CONFIRMATION

Reexamination Control No. _90/007,869_    Attachment to Paper No. _20061011_.

Art Unit _3992_.

See the attached "DETAILED ACTION".

(Examiner's Signature)

PTOL-476 (Rev. 03-98)

Application/Control Number: 90/007,869                                    Page 2

Art Unit: 3992

# DETAILED ACTION

## *CONCLUDED REEXMAINATION PROCEEDING*

1.      The reexamination proceeding is concluded because of the Statutory Disclaimer filed on

9/22/06.

## *STATEMENT OF REASONS FOR PATENTABILITY AND/OR CONFIRMATION*

2.      The following is an examiner's statement of reasons for patentability and/or confirmation

of the claims found patentable in this reexamination proceeding:


        The invention in '501 patent is directed to a process used to guide layout of a single scan

chain in the placement procedure for an integrated circuit design.  Each independent claim

identifies the uniquely distinct features.

        Regarding claim 1, partitioning said scan chain into a plurality of sets of re-orderable

scan cells, wherein partitioning information which describes the scan cells of each set is

generated; and based on said partitioning information, re-ordering scan cells of said scan chain

during layout processes of said integrated circuit design, said step of re-ordering only re-ordering

scan cells of a same set.

Application/Control Number: 90/007,869                                              Page 3
Art Unit: 3992

Regarding claim 8, a scan chain partitioning system for partitioning said scan chain into a plurality of sets of re-orderable scan cells and for reporting partitioning information indicative thereof; and a place-and-route system for generating a layout from said scannable netlist, said place-and-route system for re-ordering said scan cells of said scan chain based on said partitioning information by only re-ordering scan cells of a same set.

Regarding claim 15, (b) partitioning scan chain into a plurality of sets of re-orderable scan cells and generating partitioning information indicative thereof; (c) providing said scannable netlist and said partitioning information to a layout process; and (d) said layout process re-ordering said scan cells of said scan chain based on said partitioning information by only re-ordering scan cells of a same set.

Regarding claim 22, b1) partitioning said scan cells of said first scan chain into sets according to a first characteristic of said scan cells wherein scan cells of a given set share the same first characteristic; and b2) partitioning scan cells of said sets of step b1) into subsets according to a second characteristic of said scan cells wherein scan cells of a given subset share the same second characteristic and the same first characteristic; and c) constructing a second scan chain by breaking said scan cell ordering of said first scan chain and reordering said scan cells based on said partitioning information wherein only scan cells of a same subset are allowed to be reordered.

The dependent claims 2-7, 9-14, 16-21, and 23-26 are dependent of the independent claims 1, 8, 15 and 22; and therefore, they are confirmed for the same reason noted in the independent claims above.

Application/Control Number: 90/007,869                                        Page 4
Art Unit: 3992

The closest prior art, Barbagallo et al. ("Scan Insertion Criteria for Low Design Impact",

Proc IEEE VLSI Test Symposium 1996) and Barbagallo et al. ("Layout-driven Scan Chain

Partitioning and Reordering", IEEE European Test Workshop, 1996) disclose conventional scan

chain reordering, either singularly or in combination, fail to anticipate or render the above

features obvious.

Any comments considered necessary by PATENT OWNER regarding the above

statement must be submitted promptly to avoid processing delays. Such submission by the

patent owner should be labeled: "Comments on Statement of Reasons for Patentability and/or

Confirmation" and will be placed in the reexamination file.

3.    All correspondence relating to this ex parte reexamination proceeding should be directed:

By U.S. Postal Service Mail:

                Mail Stop "Ex Parte Reexam"
                Central Reexamination Unit
                Office of Patent Legal Administration
                United States Patent & Trademark Office
                P.O. Box 1450
                Alexandria, VA 22313-1450

By FAX :        (571) 273-9900
                Central Reexamination Unit

Application/Control Number: 90/007,869                                      Page 5

Art Unit: 3992

By hand:            Customer Service Window
                    Attn: Central Reexamination Unit
                    Randolph Building, Lobby Level
                    401 Dulany Street
                    Alexandria, VA 22314

Any inquiry concerning this communication or earlier communications from the

examiner, or as to the to the status of this proceeding, should be directed to the Central

Reexamination Unit at telephone number (571) 272-7705.


Kwang B. Yao
Primary Examiner
(571) 272-3182

_____
Conferee

_____
Conferee

# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

SYNOPSYS, INC.,
a Delaware Corporation,

            Plaintiff and
            Counter-Defendant,

      v.

MAGMA DESIGN AUTOMATION, INC., a
Delaware Corporation

            Defendant and
            Counterclaimant.

C.A. No. 05-701 GMS

## DEFENDANT MAGMA DESIGN AUTOMATION, INC.'S INITIAL DISCLOSURE PURSUANT TO FED. R. CIV. P. 26(a)(1)

      Pursuant to Rule 26 of the Federal Rules of Civil Procedure, Defendant and Counterclaimant Magma Design Automation, Inc. ("Magma") hereby provides the following disclosures to Synopsys, Inc. ("Synopsys"). This Initial Disclosure is based on information currently available to Magma and upon a reasonable investigation conducted in the time available. Magma has not yet had an opportunity to conduct formal discovery. Magma's investigation and analysis is continuing, and Magma reserves the right to supplement, amend, or otherwise modify this Initial Disclosure based upon further investigation, review, analysis and discovery. Magma reserves the right to amend this Initial Disclosure and provide additional information, or to otherwise make additional information known to Synopsys, at appropriate times. By providing this Initial Disclosure, Magma does not waive and expressly preserves, any and all objections, claims of privilege, and/or work product protections.

RLF1-2958380-1

## I.    WITNESSES

Pursuant to Fed. R. Civ. P. 26(a)(1)(A), Magma identifies the following as individuals who may have discoverable information that Magma may use in support of its claims and defenses, excluding those individuals who may have discoverable information that Magma may use solely for impeachment. The indication of knowledge is not intended to be all-inclusive and listed witnesses may have relevant information in other areas as well. Magma reserves the right to identify additional witnesses once formal discovery has been commenced and completed, and at such time that any additional relevant information may become available. Magma also reserves the right to later name expert witnesses for technical and damages issues.

1.    Patrick R. Groeneveld

2.    Wilhelmus J. M. Philipsen

The subject matter for the foregoing individuals' information is: the conception, reduction to practice, and ownership of U.S. Patent No. 6,505,328, Magma's technology and products, and the field and technology of electronic design automation software. These individuals may be contacted through Magma's outside counsel, Milbank Tweed Hadley & McCloy LLP.

3.    Lukas P. P. P. van Ginneken

The subject matter for the foregoing individual's information is: the conception, reduction to practice, and ownership of U.S. Patent No. 6,505,328, Magma's technology and products, and the field and technology of electronic design automation software. Dr. van Ginneken may be contacted through his counsel, Edward W. Bulchis, Dorsey & Whitney, LLP, U.S. Bank Centre, 1420 Fifth Avenue, Suite 3400, Seattle, WA 98101, (206) 903-8785.

4.    Hong Cai

5.    Eduard P. Huijbregts

6.    Eric Seelen

7.    Robert Swanson

8.    Samit Chaudhuri

9.    Jeffrey Gee

2

10.     Amir Voskoboynik

11.     Henrik Esbensen

12.     Indresh Arora

13.     Rohit Kumar

14.     Raghunandan Rao

15.     Hardy Kwok-Shing Leung

16.     Cornelius A. J. van Eijk

17.     Olivier Coudert

18.     Vivek Raghavan

19.     Premal Buch

20.     Dwayne Burek

21.     Robert Thompson

22.     R. Dean Adams

23.     Moez Cherif

24.     Djavad Amiri

25.     Donnacha O'Riordan

26.     Yatin Trivedi

27.     Arvind Srinivasan

28.     Kam Kittrell

29.     Hyukyong Kwon

30.     Myoungkoo Jin

31.     Eun Sei Park

The subject matter for the foregoing individuals' information is: Magma's technology and
products, and the field and technology of electronic design automation software. Mr. Coudert
may be contacted through his counsel, James Quadra, Moscone, Emblidge & Quadra, LLP, 180
Montgomery Street, Suite 1240, San Francisco, CA 94104, (415) 362 0265. Mr. Raghavan may
be contacted through his counsel, James McManis, McManis, Faulker & Morgan, 50 West San

3

Fernando Street, Suite 1000, 10th Floor, San Jose, CA 95113, (408) 279 8700. The remaining

individuals may be contacted through Magma's outside counsel, Milbank Tweed Hadley &

McCloy LLP.

32.    Hunaid Hussain

33.    Xiaoliang "Shawn" Bai

34.    Eric MacDonald

35.    Raymond Nijssen

36.    Robert Doig

37.    Robert Abbott

38.    Chidambara Ramaswamy

39.    Sumit Kharabanda

40.    Hyoung Bok Min

The subject matter for the foregoing individuals' information is: Magma's technology and

products, and the field and technology of electronic design automation software. Magma is not

aware of the present addresses or telephone numbers of these individuals.

41.    David A. Jakopin

The subject matter for the foregoing individual's information is: prosecution of U.S. Patent No.

6, 505,328. Mr. Jakopin can be reached at Pillsbury Winthrop LLP, 2475 Hanover Street, Palo

Alto, CA 94304, (650) 233-4500.

42.    Anthony C. Murabito

43.    Mehlin Dean Matthews

44.    Jeanette S. Harms

The subject matter for the foregoing individuals' information is: prosecution of U.S. Patent Nos.

6,434,733, 6,766,501, and 6,405,355. Ms. Harms may be reached at Bever, Hoffman & Harms,

LLP, 2099 Gateway Place, Suite 320, San Jose, CA 95110, (408) 451 5907. Mr. Matthews can

be reached at Polaris Research, P. O. Box 24, Saratoga, CA 95071, (408) 364 2170. Mr.

Murabito may be reached at Wagner, Murabito & Hao, Two North Market Street, Third Floor,

San Jose, CA 95113, (408) 938 9060.

    45.    Michael J. Ure

The subject matter for the foregoing individual's information is: the prosecution of U.S. Patent

No. 6,192,508. Mr. Ure may be reached at Burns, Doane, Swecker & Mathis, LLP, P.O. Box

104, Alexandria, Virginia 22313-1404.

    46.    Saeid Ghafouri

    47.    Roy E. Jewell

    48.    Gregory C. Walker

    49.    Hamid Savoj

    50.    Customer 1

    51.    Customer 2

    52.    Customer 3

The subject matter for the foregoing individuals' information is: Synopsys's unfair competition,

Synopsys's false and disparaging comments to Magma's customers and the general public, and

interference with Magma's business relationships. These individuals may be contacted through

Magma's outside counsel, Milbank Tweed Hadley & McCloy LLP. Magma will provide the

names of Customers 1-3 once a suitable protective order is entered by the Court.

    53.    Christian Landrault, LIRMM

    54.    Paolo Prinetto, Politecnio di Torino

    55.    Hans J. Wunderlich, University of Siegen, Germany

    56.    Kees Baker, Philips

    57.    Serge Pravossoudovitch, LIRMM

    58.    Yves Bertrand, LIRMM

    59.    Michael Nicolaidis, TIMA/INPG

    60.    Bruno Rouzeyre, LIRMM

RLF1-2958380-1

The subject matter for the foregoing individuals' information is: proposal, review, publication, and presentation of the paper titled "Layout-Driven Scan Chain Partitioning and Reordering", and authored by Barbagallo et al. Magma is not aware of the present addresses or telephone numbers of these individuals.

61.    Yervent Zorian, AT&T Bell Laboratories

62.    Rabindra K. Roy, NEC USA

63.    Michael Nicolaidis, TIMA

64.    Mukund Modi, Naval Air Warfare Center

65.    Kaushik Roy, Purdue University

66.    Adit D. Singh, Auburn University

67.    Sreejit Chakravarty, SUNY Buffalo

The subject matter for the foregoing individuals' information is: proposal, review, publication, and presentation of the paper titled "Scan Insertion Criteria for Low Design Impact", and authored by Barbagallo et al. Magma is not aware of the present addresses or telephone numbers of these individuals.

## II.    DOCUMENTS

Pursuant to Fed. R. Civ. P. 26(a)(1)(B), Magma identifies the following categories of document and data compilations it may use to support its claims or defenses. By providing these categories, Magma does not waive, and expressly preserves, any and all objections as to the relevance and admissibility of the documents.

1.    Documents relating to Magma's electronic design automation products and technology.

2.    Documents relating to trade secret source code for Magma's electronic design automation products.

3.    Documents relating to prior art for U.S. Patent Nos. 6,434,733, 6,766,501, 6,192,508, including any related patents to the foregoing patents, and 6,505,328.

6

4.    Documents relating to prosecution of U.S. Patent Nos. 6,434,733, 6,766,501, 6,192,508, including any related patents to the foregoing patents, and 6,505,328.

5.    Documents relating to Synopsys's communications and representations regarding Magma, Magma's products, Magma's patents, Magma's technology, and Magma's pending lawsuits.

6.    Documents relating to the areas of logic synthesis, testing, and/or physical design in the electronic design automation field.

All such documents are located at Magma's offices in Santa Clara, California or at the offices of its outside counsel, Milbank Tweed Hadley & McCloy LLP except as noted below.

Magma may also rely on documents disclosed by Synopsys and/or third parties in this action to support its claims and defenses. Magma also reserves the right to identify additional documents once formal discovery has been commenced, and at such time that relevant information may become available. Magma also reserves the right to later identify documents that may be relied upon by any expert witness.

## III.    COMPUTATION OF DAMAGES

Magma is presently unable to calculate its damages caused by Synopsys's conduct, and reserves its right to supplement this disclosure or otherwise make information known to Synopsys as this case proceeds.

## IV.    APPLICABLE INSURANCE AGREEMENTS

Magma has determined that it does not carry any insurance that could satisfy all or any part of a judgment which may be entered in this action.

RLF1-2958380-1

OF COUNSEL:

James Pooley
L. Scott Oliver
Marc D. Peters
Anupam Sharma
Milbank Tweed Hadley & McCloy LLP
Five Palo Alto Square, 7th Floor
3000 El Camino Real
Palo Alto, CA 94306-2109
(650) 739-7000

DATED: December 15, 2005

*William J. Wade / keep (#4375)*
William J. Wade (#704)
Wade@rlf.com
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
(302) 651-7700
Attorneys for Defendant and Counterclaimant,
Magma Design Automation, Inc.

8

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 15, 2005, I caused copies of the foregoing document to be served upon the following attorney of record at the address and in the manner indicated.

### BY HAND DELIVERY

Karen Jacobs Louden, Esquire
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
Wilmington, DE 19899

*Kelly P. Farnan*
Kelly E. Farnan (#4395)

DATED:     December 15, 2005

# EXHIBIT E

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

SYNOPSYS, INC.,
a Delaware Corporation,

               Plaintiff and
               Counter-Defendant,

          v.

MAGMA DESIGN AUTOMATION, INC., a
Delaware Corporation

               Defendant and
               Counterclaimant.

AND RELATED COUNTERCLAIMS.

Case No. 05-701 GMS

**DEFENDANT MAGMA
DESIGN AUTOMATION, INC.'S
SUPPLEMENTAL INITIAL
DISCLOSURE PURSUANT TO FED.
R. CIV. P. 26(a)(1)**

      Pursuant to Rule 26 of the Federal Rules of Civil Procedure, Defendant and

Counterclaimant Magma Design Automation, Inc. ("Magma") hereby provides the following

supplemental disclosures to Synopsys, Inc. ("Synopsys"). This Supplemental Initial Disclosure

is based on information currently available to Magma and upon a reasonable investigation

conducted in the time available. Magma has not yet completed formal discovery. Magma's

investigation and analysis is continuing, and Magma reserves the right to supplement, amend, or

otherwise modify this Supplemental Initial Disclosure based upon further investigation, review,

analysis, and discovery. Magma reserves the right to amend this Supplemental Initial Disclosure

and provide additional information, or to otherwise make additional information known to

Synopsys, at appropriate times. By providing this Supplemental Initial Disclosure, Magma does

not waive and expressly preserves, any and all objections, claims of privilege, and/or work

product protections.

## I.    WITNESSES

Pursuant to Fed. R. Civ. P. 26(a)(1)(A), Magma identifies the following as individuals who may have discoverable information that Magma may use in support of its claims and defenses, excluding those individuals who may have discoverable information that Magma may use solely for impeachment. The indication of knowledge is not intended to be all-inclusive and listed witnesses may have relevant information in other areas as well. Magma reserves the right to identify additional witnesses once formal discovery has been commenced and completed, and at such time that any additional relevant information may become available. Magma also reserves the right to later name expert witnesses for technical and damages issues.

1.    Patrick R. Groeneveld

2.    Wilhelmus J. M. Philipsen

The subject matter for the foregoing individuals' information is: the conception, reduction to practice, and ownership of U.S. Patent No. 6,505,328, Magma's technology and products, and the field and technology of electronic design automation software. These individuals can be contacted through Magma's outside counsel, Pooley & Oliver LLP.

3.    Lukas P. P. P. van Ginneken

The subject matter for the foregoing individual's information is: the conception, reduction to practice, and ownership of U.S. Patent No. 6,505,328, Magma's technology and products, and the field and technology of electronic design automation software. Dr. van Ginneken can be contacted through his counsel, Edward W. Bulchis, Dorsey & Whitney, LLP, U.S. Bank Centre, 1420 Fifth Avenue, Suite 3400, Seattle, WA 98101, (206) 903-8785.

4.    Premal Buch

5.    Manjit Borah

The subject matter for the foregoing individual's information is: the conception, reduction to practice, and ownership of U.S. Patent Nos. 6,931,610 and 6,519,745, Magma's technology and products, and the field and technology of electronic design automation software. These individuals can be contacted through Magma's outside counsel, Pooley & Oliver LLP.

MAGMA'S SUPP. INITIAL DISCLOSURES
CASE NO. 05-701 GMS

6.    Prasanna Venkat Srivinas

The subject matter for the foregoing individual's information is:  the conception, reduction to practice, and ownership of U.S. Patent No. 6,519,745, Magma's technology and products, and the field and technology of electronic design automation software.  Dr. Srivinas can be contacted through Magma's outside counsel, Pooley & Oliver LLP.

7.    Peter Dahl

8.    Byron Dickinson

9.    Margie Levine

10.    Paul Rodman

The subject matter for the foregoing individuals' information is:  the conception, reduction to practice, and ownership of U.S. Patent Nos. 6,857,116 and 6,854,093, and the field and technology of electronic design automation software.  The individuals can be contacted through Magma's outside counsel, Pooley & Oliver LLP.

11.    Hong Cai

12.    Eduard P. Huijbregts

13.    Eric Seelen

14.    Robert Swanson

15.    Samit Chaudhuri

16.    Jeffrey Gee

17.    Amir Voskoboynik

18.    Henrik Esbensen

19.    Indresh Arora

20.    Rohit Kumar

21.    Raghunandan Rao

22.    Hardy Kwok-Shing Leung

23.    Cornelius A. J. van Eijk

24.    Olivier Coudert

MAGMA'S SUPP. INITIAL DISCLOSURES
CASE NO. 05-701 GMS

25.    Vivek Raghavan

26.    Dwayne Burek

27.    Robert Thompson

28.    R. Dean Adams

29.    Moez Cherif

30.    Djavad Amiri

31.    Donnacha O'Riordan

32.    Yatin Trivedi

33.    Arvind Srinivasan

34.    Kam Kittrell

35.    Hyukyong Kwon

36.    Myoungkoo Jin

37.    Eun Sei Park

38.    Hsaio-Ping Tseng

39.    Leo van Borkhoven

40.    Menno Verbeek

41.    Tsong Wen Her

42.    Tao Lin

43.    Srihari Pamanathan

44.    Roger Carpenter

45.    Sandeep Grover

The subject matter for the foregoing individuals' information is: Magma's technology and products, and the field and technology of electronic design automation software. Mr. Coudert can be contacted through his counsel, James Quadra, Moscone, Emblidge & Quadra, LLP, 180 Montgomery Street, Suite 1240, San Francisco, CA 94104, (415) 362 0265. Mr. Raghavan can be contacted through his counsel, James McManis, McManis, Faulker & Morgan, 50 West San

Fernando Street, Suite 1000, 10th Floor, San Jose, CA 95113, (408) 279 8700. The remaining

individuals can be contacted through Magma's outside counsel, Pooley & Oliver LLP.

46.    Hunaid Hussain

47.    Xiaoliang "Shawn" Bai

48.    Eric MacDonald

49.    Raymond Nijssen

50.    Robert Doig

51.    Robert Abbott

52.    Chidambara Ramaswamy

53.    Sumit Kharabanda

54.    Hyoung Bok Min

55.    Lionel Corbet

56.    Felix Huang

57.    Stephen McInerney

58.    Wein-Jieh Sun

59.    Ajit Sequeira

60.    PV Srinivas

The subject matter for the foregoing individuals' information is: Magma's technology and

products, and the field and technology of electronic design automation software. Magma is not

aware of the present addresses or telephone numbers of these individuals.

61.    David A. Jakopin

The subject matter for the foregoing individual's information is: prosecution of U.S. Patent Nos.

6,505,328, 6,519,745, and 6,931,610   Mr. Jakopin can be reached at Pillsbury Winthrop LLP,

2475 Hanover Street, Palo Alto, CA 94304, (650) 233-4500.

62.    Jose S. Garcia

The subject matter for the foregoing individual's information is:  prosecution of U.S. Patent Nos. 6,857,116 and 6,854,093.  Mr. Garcia can be reached at Wagner, Murabito & Hao LLP, Two North Market Street, Third Floor, San Jose, CA 95113.

63.    Anthony C. Murabito

The subject matter for the foregoing individual's information is:  prosecution of U.S. Patent Nos. 6,434,733, 6,766,501, 6,405,355, 6,857,116 and 6,854,093.  Mr. Murabito can be reached at Wagner, Murabito & Hao LLP, Two North Market Street, Third Floor, San Jose, CA 95113, (408) 938 9060.

64.    Mehlin Dean Matthews

65.    Jeanette S. Harms

The subject matter for the foregoing individuals' information is:  prosecution of U.S. Patent Nos. 6,434,733, 6,766,501, and 6,405,355.  Ms. Harms can be reached at Bever, Hoffman & Harms, LLP, 2099 Gateway Place, Suite 320, San Jose, CA 95110, (408) 451 5907.  Mr. Matthews can be reached at Polaris Research, P. O. Box 24, Saratoga, CA 95071, (408) 364 2170.

66.    Michael J. Ure

The subject matter for the foregoing individual's information is:  the prosecution of U.S. Patent No. 6,192,508.  Mr. Ure can be reached at Burns, Doane, Swecker & Mathis, LLP, P.O. Box 104, Alexandria, Virginia 22313-1404.

67.    Saeid Ghafouri

68.    Roy E. Jewell

69.    Gregory C. Walker

70.    Hamid Savoj

The subject matter for the foregoing individuals' information is:  Synopsys's unfair competition, Synopsys's false and disparaging comments to Magma's customers and the general public, and interference with Magma's business relationships.  These individuals can be contacted through Magma's outside counsel, Pooley & Oliver LLP.

71.    Christian Landrault, LIRMM

72.    Paolo Prinetto, Politecnio di Torino

73.    Hans J. Wunderlich, University of Siegen, Germany

74.    Kees Baker, Philips

75.    Serge Pravossoudovitch, LIRMM

76.    Yves Bertrand, LIRMM

77.    Michael Nicolaidis, TIMA/INPG

78.    Bruno Rouzeyre, LIRMM

The subject matter for the foregoing individuals' information is: proposal, review, publication, and presentation of the paper titled "Layout-Driven Scan Chain Partitioning and Reordering," and authored by Barbagallo et al. Magma is not aware of the present addresses or telephone numbers of these individuals.

79.    Yervent Zorian, AT&T Bell Laboratories

80.    Rabindra K. Roy, NEC USA

81.    Michael Nicolaidis, TIMA

82.    Mukund Modi, Naval Air Warfare Center

83.    Kaushik Roy, Purdue University

84.    Adit D. Singh, Auburn University

85.    Sreejit Chakravarty, SUNY Buffalo

The subject matter for the foregoing individuals' information is: proposal, review, publication, and presentation of the paper titled "Scan Insertion Criteria for Low Design Impact," and authored by Barbagallo et al. Magma is not aware of the present addresses or telephone numbers of these individuals.

## II.    DOCUMENTS

Pursuant to Fed. R. Civ. P. 26(a)(1)(B), Magma identifies the following categories of document and data compilations it may use to support its claims or defenses. By providing these

categories, Magma does not waive, and expressly preserves, any and all objections as to the relevance and admissibility of the documents.

1.    Documents relating to Magma's electronic design automation products and technology.

2.    Documents relating to trade secret source code for Magma's electronic design automation products.

3.    Documents relating to prior art for U.S. Patent Nos. 6,434,733, 6,766,501, 6,192,508, including any related patents to the foregoing patents, and 6,505,328, 6,857,116, 6,854,093, 6,931,610, and 6,519,745.

4.    Documents relating to prosecution of U.S. Patent Nos. 6,434,733, 6,766,501, 6,192,508, including any related patents to the foregoing patents, and 6,505,328, 6,857,116, 6,854,093, 6,931,610, and 6,519,745.

5.    Documents relating to Synopsys's communications and representations regarding Magma, Magma's products, Magma's patents, Magma's technology, and Magma's pending lawsuits.

6.    Documents relating to the areas of logic synthesis, testing, and/or physical design in the electronic design automation field.

All such documents are located at Magma's offices in Santa Clara, California or at the offices of its outside counsel, Pooley & Oliver LLP except as noted below.

Magma may also rely on documents disclosed by Synopsys and/or third parties in this action to support its claims and defenses. Magma also reserves the right to identify additional documents once formal discovery has been commenced, and at such time that relevant information may become available. Magma also reserves the right to later identify documents that may be relied upon by any expert witness.

## III.     COMPUTATION OF DAMAGES

Magma is presently unable to calculate its damages caused by Synopsys's conduct, and reserves its right to supplement this disclosure or otherwise make information known to Synopsys as this case proceeds.

## IV.     APPLICABLE INSURANCE AGREEMENTS

Magma has determined that it does not carry any insurance that could satisfy all or any part of a judgment which may be entered in this action.


Dated: August 14, 2006

POOLEY & OLIVER LLP

By: _____
James H. Pooley
L. Scott Oliver
Attorneys for Defendant and Counterclaimant
Magma Design Automation, Inc.

## CERTIFICATE OF SERVICE

I certify that on August 14, 2006, I served copies of **MAGMA DESIGN AUTOMATION, INC.'S SUPPLEMENTAL INITIAL DISCLOSURES** on the following counsel in the manner indicated:

### BY EMAIL AND FIRST CLASS MAIL

Karen Jacobs Louden, Esq.
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
Wilmington, DE  19899-1347
***Email:  klouden@mnat.com***

Valerie M. Wagner, Esq.
Dechert LLP
1117 California Avenue
Palo Alto, CA  94304
***Email:  valerie.wagner@dechert.com***

L. Scott Oliver

ND: 4820-9907-5841, Ver 1

# EXHIBIT F



POOLEY &
OLIVER LLP

phone: 650.739.7020
fax: 650.739.7060
Five Palo Alto Square, 7th Floor
3000 El Camino Real
Palo Alto, California 94306

Dan Tabesh
(650) 739-7040
dtabesh@pooleyoliver.com

September 6, 2006

**BY FACSIMILE**

Connie E. Merriett, Esq.
Dechert, LLP
1117 California Avenue
Palo Alto, CA 94304-1106

Re:   *Synopsys v. Magma*

Dear Ms. Merriett:

This letter follows up on issues raised in our August 16, 2006 meet and confer, as well as in your letters of August 8 and 10, 2006.

<u>Deposition of UC-Berkeley</u>:

You indicated that Synopsys's deposition of UC-Berkeley has been continued until mid-September. As mid-September is almost upon us, please inform me of the proposed dates for this deposition as soon as possible.

<u>The Relevant Products</u>:

Magma limited several of its discovery responses to the "relevant products." We agreed that each party would define which of its products it considers to be relevant to this action for discovery purposes. I propose we exchange each party's list of its relevant products with respect to discovery on Wednesday, September 13, 2006. Please confirm whether Synopsys agrees to this. By listing these "relevant products," neither party will concede anything with respect to infringement of the other party's patents.

<u>Production of Magma's Man-Pages</u>:

While Magma recognizes that Synopsys has been producing (and continues to produce) technical documents, it is a gross mischaracterization to suggest—as Synopsys has repeatedly done—that Synopsys has somehow been *cooperative* in discovery by doing so. Those documents were produced to Magma after it was forced to seek the Court's assistance in *compelling* production of Synopsys's source code. The Court ordered Synopsys to produce those documents along with its source code.



POOLEY &
OLIVER LLP

Connie E. Merriett, Esq.
September 6, 2006
Page 2

Nevertheless, Magma has been producing its technical documents on a rolling basis, and will produce the Man-Pages for the relevant products, including those that support the source code for Blast 5.0 and Talus. Magma is collecting those documents, and I will let you know shortly by when this production will occur.

<u>Magma's Document Production</u>:

In your letters and in our meeting, you asked with respect to several categories of documents and specific document requests whether Magma has produced *all* responsive, non-privileged documents, and if not, whether Magma was deliberately withholding documents based on its objections. Magma's production is rolling. It has produced and will continue produce the documents it promised to produce in its discovery responses. As such, Magma will not (indeed, cannot) yet confirm whether it has produced *all* responsive documents with respect to particular categories or requests.

Moreover, with respect to the responses for which Magma has promised to produce "documents sufficient to show" a particular type of information, Magma will not produce *all* such documents, but rather enough documents "sufficient to show" the information Synopsys seeks. To the extent Synopsys finds this type of production insufficient for a particular request, the parties will meet and confer on a request-by-request basis.

<u>Synopsys's First Set of Requests for Production of Documents and Things</u>:

   <u>Magma's '328 Patent and Synopsys's '733, '501, and '508 Patents</u>: Magma has produced and/or will produce the documents it agreed to produce with respect the document requests covering these patents. Magma is not actively withholding any such documents.

   <u>No. 18</u>: Magma has produced or will produce documents sufficient to identify third parties or consultants who assisted in the design and development of relevant products created by Magma. Magma is not actively withholding any such documents. Production, however, of similar documents related to maintenance and testing of Magma's products (to the extent they do not overlap with design and development) is unduly burdensome and not justified. Finally, "manufacture" with respect to software licensing does not make sense.

   <u>Nos. 22-23</u>: Magma has produced or will produce marketing and sales brochures. Magma considers such documents responsive to these requests (*i.e.*, the types of documents identified in Synopsys's requests have not been withheld by Magma). To the extent that "price lists and product specifications," as identified in your August 8 letter, are included in marketing and sales brochures "distributed at any conference, exhibition, convention, or trade show," (Request for Production No. 23), Magma will produce them. Magma will also produce articles



POOLEY &
OLIVER LLP

Connie E. Merriett, Esq.
September 6, 2006
Page 3

related to the relevant products. If after reviewing Magma's document production Synopsys believes it is entitled to further production in response to these requests, the parties may meet and confer.

No. 26: Magma will produce its licenses for its relevant products so long as Synopsys will produce the licenses for its relevant products sold by Synopsys. Please confirm whether Synopsys agrees to a reciprocal exchange of such documents. Further, to clarify a matter discussed in our meeting, there is no difference between Magma selling its products and licensing its products, *i.e.*, Magma only licenses the relevant products. Please confirm whether there is a different distinction at Synopsys between licensing and selling its products. To the extent there is, Magma expects Synopsys to produce documents reflecting sales *and* licensing of its products.

No. 27: The licenses responsive to Request No. 26 are also responsive to this request. Production of documents sufficient to show offers for sale is not justified as the burden of doing so substantially outweighs the marginal (if any) relevance of such documents, particularly since such information is not relevant to any damages Synopsys could potentially recover in this action.

No. 28: The licenses responsive to Request No. 26 are also responsive to this request. Further, to clarify a matter discussed at our meeting, Magma does not recognize a distinction between "purchased" and "agreed to purchase," as described in this request and will not withhold documents based on such a distinction. Finally, in its response to this request, Magma's production will include licenses for current and past customers.

No. 35: While Magma has made similar requests to Synopsys, and in our meeting we did agree to identify situations where reciprocal document production would be appropriate, this is not such a situation. Magma's requests are relevant to its antitrust and unfair competition claims. Synopsys has no such claims against Magma. Therefore, the documents Synopsys seeks in response to this request are not relevant to this action.

No. 69: Magma will produce such documents to the extent Magma asserted (whether or not the assertion was made in litigation) one or more of its patents-in-suit against a third party.

Nos. 15, 32, and 61: While you did address these requests in your August 8 letter, we neglected to discuss them in our meet and confer. The parties will meet and confer to narrow the scope of these requests, as they are extremely overbroad. For example, Request No. 61 essentially asks for everything ever published relating to Magma. Many of these documents would have no relevance to this case. Finally, with respect to Request No. 32, "fixed timing methodology" is not at issue in this case.



POOLEY &
OLIVER LLP

Connie E. Merriett, Esq.
September 6, 2006
Page 4

<u>Synopsys's Second Set of Requests for Production of Documents and Things:</u>

Nos. 82, 85, and 86: Your August 8 letter asked whether Magma was withholding any non-privileged documents based on the objections it raised in its responses to these requests. Magma is not, though it continues to search for and produce documents responsive to these requests. This is particularly true for Request No. 86, which seeks all documents identified in Magma's Initial Disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1). This is an extremely broad request that overlaps with nearly every other one of Synopsys's requests. Finally, as I indicated in our meeting, I will confirm the status of Magma's production of its document destruction and retention policies and get back to you shortly.

Nos. 88: Documents related to designing around the parties' patents will not be produced until after exchange of infringement contention charts. We agreed that some reasonable time after the charts have been exchanged, the parties will meet and confer to discuss reciprocal production of such documents. As infringement contention charts were exchanged on August 25, 2006, this matter can be addressed at our next meet and confer.

<u>Magma's Responses to Synopsys's Third Set of Requests for Production of Documents and Things:</u>

No. 103: Magma will produce such documents "that occurred one year prior to the filing of the relevant patent." Magma believes this time limitation is appropriate because infringement cannot occur until after the patent issues. While relevance for discovery purposes might extend prior to the filing date of the patent, Magma believes that a limitation to one year prior to that date is a reasonable way to manage discovery. Nevertheless, with respect to this request, Magma is willing to consider Synopsys's proposals as to alternate limitations.

No. 112: Magma would agree to a reciprocal exchange of documents related to the parties' requests concerning analyses or opinions of the patents-in-suit. Please confirm whether Synopsys agrees.

No. 114: Magma would agree to a reciprocal exchange of documents related to the parties' board minutes. Please confirm whether Synopsys agrees.

No. 115: Magma agrees that a subset of documents responsive to this request could be relevant, but the request, as framed, is overbroad. Further, because the functions of Talus and Blast 5.0 as to the patents in suit are algorithmically identical, it is unclear whether such a broad document production is useful. You agreed to explain in a letter the specific categories of responsive documents that Synopsys seeks.



POOLEY &
OLIVER LLP

Connie E. Merriett, Esq.
September 6, 2006
Page 5

Nos. 116-122: These requests all relate to SI2. Magma agrees to produce all signed agreements, contracts, or memorandums of understanding between Magma and SI2. Production of all documents related to SI2, as these requests essentially seek, is unduly burdensome.

Nos. 124-127: These requests all relate to Magma's acquisition of Reshape, Inc. To the extent Synopsys agrees to a reciprocal document production concerning Monterey Design Systems, Magma would agree to produce the documents described below. Please confirm whether Synopsys agrees.

No. 124: Magma would agree to produce documents responsive to this request to the extent the request is limited to the '116 and '093 Patents.

Nos. 125: Magma would agree to produce documents responsive to this request to the extent the request is limited so all communications with Reshape concerning the '116 and '093 Patents and/or Synopsys.

No. 126: Magma would agree to produce documents responsive to this request.

No. 127: Magma would agree to produce documents responsive to this request to the extent the request is limited to the '116 and '093 Patents.

Nos. 130-131: As with Request No. 88, documents related to designing around the parties' patents will not be produced until after exchange of infringement contention charts. We agreed that some reasonable time after the charts have been exchanged, the parties will meet and confer to discuss reciprocal production of such documents. As infringement contention charts were exchanged on August 25, 2006, this matter can be addressed at our next meet and confer.

Synopsys's Fourth Set of Requests for Production of Documents and Things:

Nos. 141, 142, 145: These requests all seek documents related to Synopsys's communications. Magma maintains that Synopsys is the best source of information related to its own communications.

Nos. 146-148: While Magma has made similar requests to Synopsys, and in our meeting we agreed to identify situations where reciprocal document production would be appropriate, this is not such a situation. Magma's requests are relevant to its antitrust and unfair competition claims. Synopsys has brought no such claims against Magma. Therefore, these communications are not relevant to this action.

No. 155: Magma will not produce documents responsive to this request as the burden of



POOLEY &
OLIVER LLP

Connie E. Merriett, Esq.
September 6, 2006
Page 6

collecting these is not justified in that they would be, at best, marginally relevant. Further, Synopsys has taken a similar position with respect to its production. For example, Valerie Wagner indicated to Scott Oliver that Synopsys had removed "bug reports" from its source code production based on relevance. Customer complaints refer to the same type of information.

No. 156: Magma would agree to a reciprocal exchange of documents related to this request. Please confirm whether Synopsys agrees to this.

No. 157, 162, 164, 165, 168-171: A limitation to documents created after September 25, 2005 is appropriate with respect to these requests. These document requests all pertain to damages, and even if Magma infringed Synopsys's patents, Synopsys cannot recover damages until after the date Magma had notice of the infringed patents.

No. 158: Magma will produce sales documents sufficient to show the first date of sale for the relevant products that occurred one year prior to the filing of the relevant patent. You explained that a time limitation was inappropriate for this request. While Magma contends that a time limitation is necessary, it is willing to consider Synopsys's proposals as to a different time limitation, as well as its explanation as to why an alternate time limitation is necessary.

Nos. 159, 160, 166, 167: Magma has produced and is continuing to produce documents responsive to these requests. Magma is not actively withholding such documents.

No. 161: Magma maintains that it is appropriate to produce documents "sufficient to show the marketing of the relevant products." Magma is not, as you suggest in your August 10 letter, limiting its production to "those documents that are favorable to its claims." Rather, Magma has produced or will produce documents sufficient to show the marketing of its products, irrespective of whether those documents are favorable to its claims.

No. 163: Magma maintains that it is appropriate to produce documents "sufficient to show any anticipated or actual profitability, industry acceptance, commercial success, or popularity of the relevant products." Magma is not, as you suggest in your August 10 letter, limiting its production to "those documents that are favorable to its claims." Rather, Magma has produced or will produce documents sufficient to show the marketing of its products, irrespective of whether those documents are favorable to its claims. Magma understands this to include sales forecasts and comparative analyses.

No.166: Magma will produce documents sufficient to show the projected revenue for the relevant products. While Magma is not actively withholding non-privileged documents based on its objections, it only agrees to produce documents "sufficient to show" projected revenue.



POOLEY &
OLIVER LLP

Connie E. Merriett, Esq.
September 6, 2006
Page 7

No. 167: Magma has produced or will produced documents responsive to this request. Magma is not actively withholding such documents.

No. 172: Because "manufacturing capacity" in the context of software licensing does not make sense, Magma is unable to produce documents responsive to this request.

No. 173: While a September 25, 2005 time limitation is reasonable for this request, Magma is willing to consider Synopsys's proposals as to a different time limitation. Please propose and articulate why a different time limitation would be reasonable.

No. 177: Magma considers this request to be overbroad. Nevertheless, Magma is willing to consider a reciprocal exchange of such information. The parties will continue to meet and confer on this request.

Synopsys's Production of Its Antitrust and Scan-Chain Documents:

To every one of Magma's document requests that relate in any way to its antitrust allegations or Synopsys's scan-chain patents, Synopsys objected "in light of Synopsys' motion to bifurcate and stay . . . ." Although this self-imposed stay on discovery pending resolution of Synopsys's motion was wholly improper, the Court made the issue moot by rejecting Synopsys's motion to bifurcate and stay. Despite this, Synopsys has yet to produce the scan-chain and antitrust documents it collected but then improperly withheld.

You said that Synopsys is "ramping up" its production of these documents. Please indicate to me when Synopsys will produce these documents and if Synopsys will withhold otherwise responsive and non-privileged documents based on its other objections to Magma's antitrust and scan-chain document requests. It bears noting that the *only* two categories of documents produced thus far by Synopsys are: (1) technical documents the Court *compelled* Synopsys to produce, and (2) Magma's own documents produced to Synopsys in the Northern District of California action.

Synopsys's Second Supplemental Responses to Magma's First Set of Interrogatories:

No. 6: Synopsys's response to this interrogatory, which only directs Magma generally to the source code and documents Synopsys has produced or will produce, is inadequate. Synopsys is obligated to provide a more detailed response to this interrogatory.

No. 7: Synopsys's response is wholly inadequate. As Synopsys is seeking the same information in its interrogatory No. 5, Magma would agree to a reciprocal exchange of answers to each party's interrogatory.



POOLEY &
OLIVER LLP

Connie E. Merriett, Esq.
September 6, 2006
Page 8

No. 8: Synopsys's response is wholly inadequate. A witness is not a substitute for an interrogatory response. It is particularly inappropriate here, because it is unlikely that Synopsys could prepare a witness to answer questions concerning the names, telephone numbers, and addresses of the relevant individuals called for in this request.

No. 9: The parties will revisit this response some reasonable time after infringement contention charts are exchanged on August 25, 2006. As infringement contention charts were exchanged on August 25, 2006, this matter can be addressed at our next meet and confer.

No. 11: Synopsys's response is wholly inadequate. A witness is not a substitute for an interrogatory response.

Magma's June 6, 2006 30(b)(6) Notice of Deposition:

You explained that Synopsys is having great difficulty finding an appropriate witness for the topics on which Synopsys was noticed. Certainly you realize that more than one witness may be necessary. It is unclear why Magma cannot immediately identify and produce a witness at least on the specific communications with TSMC and TI identified in Magma's Notice of Deposition. This is particularly so with respect to Robbins Yeh's communications with TSMC.

If you have any questions, please contact me.

Sincerely,

Dara Tabesh

ND: 4823-8769-8177

# EXHIBIT G

# Dechert
### LLP

1117 California Avenue
Palo Alto, CA 94304-1106
+1 650 813 4800 Main
+1 650 813 4848 Fax
www.dechert.com

CONNIE E. MERRIETT

connie.merriett@dechert.com
+1 650 813 4817 Direct

October 16, 2006

**VIA FACSIMILE & FIRST CLASS MAIL**

Dara Tabesh, Esq.
Pooley & Oliver LLP
5 Palo Alto Square, 7th Floor
Palo Alto, CA 94306

Re:  *Synopsys v. Magma, et al*
      Case No.: USDC D. Del. No.: 05 00701 GMS

Dear Mr. Tabesh:

This letter confirms our telephone conversation Friday, September 22, 2006, and follows
up on issues raised in our August 16, 2006 meet and confer, as well as in your letter of
September 6, 2006.

## Magma's Document Production and Responses to Synopsys' Requests for Production

Unfortunately, based on Magma's production and its responses and positions to
Synopsys' requests as set forth in your September 6 letter, it appears that Synopsys must
resort to judicial intervention in order to obtain *any* substantive documents, particularly
with regard to Magma's six non-patent infringement claims.  To date, Magma has
produced 1254 documents for a total of 46,661 pages—many, if not most, of the
documents produced pertain only to Magma's patent infringement claims.  Synopsys has
produced approximately 7865 documents amounting to about 197,751 pages.  Synopsys
is asserting a single claim for patent infringement whereas Magma is asserting four
claims of patent infringement and *six* additional counterclaims including several antitrust
claims, a claim for trade libel and product disparagement, two unfair competition claims,
and a claim for tortuous interference with business relations.  I propose that the parties
engage in another formal in-person meet and confer discussion as a final effort to resolve
these discovery issues and avoid going before Judge Sleet.  I will contact you before the
end of the week so that we can schedule such a meeting.

U.S. Austin  Boston  Charlotte  Harrisburg  Hartford  New York  Newport Beach  Palo Alto  Philadelphia  Princeton
San Francisco  Washington DC   EUROPE  Brussels  London  Luxembourg  Munich  Paris



Dara Tabesh, Esq.
October 16, 2006
Page 2

**Magma's Document Production:**

Your September 6, 2006 letter makes clear that Magma maintains its position that it is only required to produce documents "sufficient to show" a particular type of information in response to certain document requests propounded by Synopsys. Magma, however, is obligated to produce *all* documents within its possession, custody or control that are responsive, relevant and non-privileged. You further suggested that to "the extent Synopsys finds this type of production insufficient for a particular request, the parties will meet and confer on a request-by request basis." Your proposal, however, improperly places the onus on Synopsys to determine whether or not Magma has fulfilled its discovery obligations. Magma cannot unilaterally limit its document production in this manner. Please advise as to whether or not Magma agrees to produce all relevant documents requested in discovery.

On a related matter, during our telephone conversation on Friday, September 22, 2006, you stated that Magma will be producing another set of documents pursuant to its rolling production during the week of October 2-6, 2006. Synopsys received a document production from Magma last week; however, the production only included 63 documents. Please advise as to when Magma intends to produce additional documents.

**The Relevant Products:**

In your letter, you proposed that the parties exchange a list of "which of its products it considers to be relevant to this action for discovery purposes." Synopsys agrees to such an exchange but suggests that it is more appropriate for Magma to propose a list identifying which of Synopsys' products it considers relevant, in addition to any of its own products it considers relevant or seeks to rely on, e.g. all commercial embodiments of its asserted patents. Of course, Synopsys will provide a reciprocal list to Magma. It is also important to note that any such list would be preliminary in nature and that both parties reserve the right to amend or supplement them in the future. Synopsys also agrees that by listing these "relevant products," neither party will concede anything with respect to infringement of the other party's patents.

12538861.1



Dara Tabesh, Esq.
October 16, 2006
Page 3

**Synopsys' First Set of Requests for Production**

- <u>Request for Production Nos. 22-23</u>

In your September 6, 2006 letter, you stated that Magma will produce marketing and sales brochures and articles in response to Requests Nos. 22 and 23. You further stated that "the types of documents identified in Synopsys's requests have not been withheld by Magma." Please confirm in writing that Magma is not withholding documents relating to pamphlets, price lists, product specifications and other promotional, marketing or presentation materials it distributed or otherwise made available at any conferences, exhibitions, conventions or trade shows at which any Magma Product was discussed, referred to, advertised, displayed, demonstrated, run, operated, or shown.

- <u>Request for Production No. 26:</u>

In your letter, you proposed that the parties engage in a reciprocal exchange of licenses for its relevant products. As I have stated to you multiple times since we started the meet and confer process, it is improper to condition Magma's production of directly relevant documents on Synopsys' responses to Magma's discovery. Regardless, in an effort to move our meet and confer process forward, Synopsys agrees to participate in such an exchange at a mutually agreed upon date.

- <u>Request for Production Nos. 15:</u>

Request No. 15 seeks technical documents, writings, publications and articles, including such items as laboratory and engineering notebooks, design requirements and reviews, specifications, and various kinds of manuals related to the development and use of Magma's products relevant to this lawsuit. The documents sought through this request are directly relevant to Magma's patent infringement claims. Magma is obligated to produce all documents responsive to this request.

- <u>Request for Production Nos. 32:</u>

Request No. 32 generally seeks printed publications and technical writings, such as manuscripts, papers, abstracts, posters, presentations, or speeches authored, contributed to, or given by Magma concerning its products that are relevant to this lawsuit. Magma

12538861.1

**Dechert**
LLP

Dara Tabesh, Esq.
October 16, 2006
Page 4

responded that it "will meet and confer to narrow the scope of this request to relevant products and will then produce non-privileged marketing and sales documents regarding those products."

Marketing and sales documents, however, are not necessarily responsive to this request as those kinds of documents are often not equivalent in content to technical papers, writings and printed publications. Accordingly, it is unacceptable for Magma to substitute its marketing and sales documents for its technical publications directly related to its products at issue in this lawsuit. Please confirm whether Magma is withholding printed publications and technical writings responsive to this request.

- Request for Production Nos. 61:

Request No. 61 asks for all publications and articles relating to Magma, its technology, or its products. Synopsys is willing to narrow the scope of this request to ask for all publications and articles relating to Magma's technology, including the products identified in the parties' lists of "relevant products" as proposed by Synopsys above.

## Synopsys' Second Set of Requests for Production

- Request for Production Nos. 82, 85, and 86:

With regard to Synopsys' Requests Nos. 82 (when Magma first became aware of the '508 Patent), 85 (Magma's document destruction and retention policies from 1997 forward) and 86 (documents identified in Magma's F.R.C.P. Rule 26(a)(1) Initial Disclosures), you confirmed in your September 6, 2006 letter that Magma is not withholding any non-privileged documents based on its objections to these requests. From our review of Magma's document production, however, it appears that Magma's has produced little, if any, documents responsive to these requests. Moreover, Magma identified documents in its initial disclosures more than *nine* months ago. Magma has had more than sufficient time to search for and produce documents identified in its initial disclosures. Finally, please provide a date certain as to when Synopsys can expect Magma's promised production of documents relating to its document destruction and retention policies in response to Synopsys' Request No. 85.

12538861.1


Dechert
LLP

- Request for Production Nos.  88:

You indicated in your September 6, 2006 letter that we agreed that "some reasonable time after the charts have been exchanged, the parties will meet and confer to discuss reciprocal production of such documents." To clarify, at our August 18 meeting I understood that we decided to table our meet and confer discussion with regard to Synopsys' Request No. 88 (efforts to design around the inventions disclosed in the '508 patent) until after the parties exchanged their infringement contentions. I did not commit to discuss a reciprocal production of such documents. Regardless, please identify Magma's outstanding document request seeking such information from Synopsys.

**Synopsys' Third Set of Requests for Production**

- Request No. 103:

In your September 6, 2006 letter, you state that Magma will produce responsive documents "that occurred one year prior to the filing of the relevant patent." It is unclear as to exactly what Magma has committed to producing. Will Magma produce documents evidencing the first date of sale, the first date of any offer for sale, public disclosure, or public use of the relevant products that occurred *more* than one year prior to the filing of the relevant patent <u>or</u> is Magma limiting its production to such documents that occurred *within* the year prior to the filing of the relevant patent? If Synopsys' position is the latter, then Synopsys maintains its position that any time limitation is inappropriate because Magma may be withholding evidence and documents showing for example that its patents are invalid due (1) to a prior public disclosure or public use of a product or invention covered by any claim in Magma's asserted patents, or (2) to an on-sale bar. Please clarify Magma's position in this regard.

- Request No. 112:

In your September 6, 2006 letter, you stated that Magma "would agree" to a reciprocal exchange of documents concerning any non-privileged analyses or opinions of the patents-in-suit. As I stated above, it is improper to condition Magma's production of directly relevant documents on Synopsys' responses to Magma's discovery. Regardless, in another effort to move our meet and confer process forward, Synopsys agrees to participate in such an exchange at a mutually agreed upon date.

12538861.1



Dara Tabesh, Esq.
October 16, 2006
Page 6

- Request No. 114:

In your September 6, 2006 letter, you stated that Magma "would agree" to a reciprocal exchange of documents relating to the parties' board minutes. The non-privileged documents sought through this request are relevant to show Magma's alleged injury and lost sales and may also be relevant to its antitrust claims. Magma has no basis to refuse to produce such documents and is therefore obligated to produce non-privileged documents in response to this request. Regardless, please identify Magma's outstanding document request seeking such information from Synopsys.

- Request No. 115:

Through its Request No. 115, Synopsys seeks all documents relating to Magma's Talus PX and Talus LX products. In your letter, you questioned whether this request was "useful" because the functions of Talus and Blast 5.0 as to the patents in suit are algorithmically identical. Whether Talus and Blast 5.0 are "algorithmically identical" is not an inquiry dispositive of their relevance or discoverability. Magma has placed Talus directly at issue in this case and has asserted that these products constitute commercial embodiments of Magma's asserted patents. Moreover, Talus and Blast 5.0 are Magma's most recently developed products and were developed during the course of this lawsuit and the ongoing lawsuit in the N.D. of California. Documents related to Talus are therefore unquestionably relevant to this lawsuit. Please confirm that Magma is not withholding documents responsive to this request.

- Request No. 116-122:

In my letter to you dated August 10, 2006, I asked Magma to please explain what the "burden posed by responding" to these requests was. Your September 6 letter states that "[p]roduction of all documents related to SI2, as these requests essentially seek, is unduly burdensome." Your statement does nothing to elucidate Magma's proclaimed burden with regard to these requests and over-generalizes the nature of the requests. For example, Request No. 122 asks for "documents and communications relating to any contention, analysis of or opinion regarding whether SI2's Open Access standard infringes the '328 patent." The documents sought through Request No. 122 are relevant to this action because Magma has asserted the '328 Patent in this litigation and any

12538861.1



analysis of whether SI2's Open Access standard infringes the '328 Patent may reflect its legitimacy or lack thereof. Furthermore, Request No. 121 asks for documents relating to "any forthcoming or existing Magma products that support SI2's Open Access standard."

Requests Nos. 116-120 seek documents in Magma's possession, custody or control related to SI2 and its Open Access Coalition, including Magma's communications with SI2 and its membership or involvement in SI2's Open Access Coalition. The documents sought through these requests are relevant to this action and Synopsys is entitled to such documents under the Federal Rules. Moreover, Magma only recently joined SI2's Open Access Coalition; therefore, this is a discreet set of documents that may easily be produced. Magma is not entitled to withhold documents based on its burden objections.

Please confirm that Magma will produce all responsive, non-privileged documents in response to the above requests. If Magma is withholding documents based on its asserted objections other than its burden objection, please specifically identify which objections and explain the basis for that objection.

- Request Nos. 124-127:

In your September 9 letter you stated that Synopsys' Request Nos. 124-127 "all relate to Magma's acquisition of Reshape, Inc." To be clear, Request Nos. 124-127 are *not* limited only to documents related to Magma's acquisition of Reshape, Inc. ("Reshape"). Please confirm that Magma is not limiting its production of documents in response to these requests to only those documents related to its acquisition of Reshape, Inc.

In response to Request Nos. 124 and 127, you also indicated that Magma would agree to produce responsive documents "to the extent the request is limited to the '116 and '093 Patents." You also stated that Magma would agree to produce responsive documents "to the extent the request is limited so all communications with Reshape concerning the '116 and '093 Patents" in response to Request No. 125. Magma's restriction as to what it will produce is unclear. Does your response to Request No. 127 mean that Magma will only produce the patents themselves? Is Magma limiting its responses the above requests to exclude production of employment and technical documents relating to the inventors of the '116 and '093 ("Reshape inventors"), including such documents as employment agreements, non-disclosure agreements, and inventor notebooks? Furthermore, based on the way Magma's response is framed in the September 9 letter, it also appears that

12538861.1



Dara Tabesh, Esq.
October 16, 2006
Page 8

Magma is limiting its production in response to these requests to exclude certain communications, specifically documents reflecting offers, and drafts of agreements relating to its acquisition of Reshape, Inc.

As an alternative to Magma's proposal, Synopsys proposes that in Response to Requests Nos. 124, 125 and 127, Magma agree to produce documents relating to (1) the '116 and '093 patents and their underlying applications, (2) the employment of the Reshape inventors, (3) any agreements entered into by any of the Reshape inventors (4) work performed and/or publications written by the Reshape inventors, and (5) the products or services provided, sold, or offered for sale by Reshape, including sales and development documents related to such products or services. Additionally, Magma agrees to produce documents responsive to Request No. 125 as you stated in your September 6 letter. Please inform me as soon as possible as to whether Magma is amenable to Synopsys' proposal.

With regard to your request for a reciprocal exchange of documents concerning Magma's acquisition of Reshape, Inc. and Synopsys' acquisition of Monterey Design Systems ("Monterey"), Synopsys will not condition its production on a reciprocal exchange as the Federal Rules do not contemplate such agreements or require such reciprocity. Synopsys is entitled to all relevant documents it requested from Magma, including all documents responsive to Synopsys' Request No. 125 (all communications between Magma and Reshape). Synopsys will, however, produce documents responsive to Magma's Monterey-related requests to the extent required under the Federal Rules. In particular, Synopsys will produce its agreement with Monterey and some other Monterey-related documents. In addition to its commitment to produce the Monterey agreement, Synopsys is available to meet and confer *separately* on Magma's Monterey-related document requests. Please let me know immediately whether or not Magma is taking the position that it will not produce documents responsive to Request Nos. 124-127 unless Synopsys agrees to a reciprocal production concerning Monterey Design Systems.

**Synopsys' Fourth Set of Requests for Production**

Despite our continued meet and confer discussions pertaining to Synopsys' requests, Magma continues to refuse to produce essentially any documents pertaining to its customer communications and/or third-party communications about Synopsys, the patents in suit or this litigation. Magma's only purported concession was that it "would

12538861.1



Dara Tabesh, Esq.
October 16, 2006
Page 9

agree to a *reciprocal* exchange of documents" pertaining to Synopsys' Request No. 156 (asking for documents relating to any communication with any actual or potential Magma customer regarding Magma's or Synopsys' patent rights). Otherwise, Magma has refused to produce *any* such documents responsive to the following requests:

- Request No. 35:

Communications with any third party concerning Synopsys, the Delaware litigation, and the '508, '733, '501, '355 and '328 patents.

- Request No. 99:

Communications with any third parties concerning Magma's '328, '745, '610, '116 or '093 patents.

- Request No. 141:

Communications by Synopsys to Magma's customers, Magma's potential customers and/or the general public that Magma contends are false and disparaging of Magma, including statements relating to Synopsys' contentions that Magma' infringes the '733 and the '501 patents and statements relating to the Northern District Litigation.

- Request No. 142:

Communications by Synopsys relating to the Northern District litigation.

- Request No. 145:

Communications between Synopsys and any Magma customer or potential customer.

- Request Nos. 146-148:

Communications between Magma and any Magma customer or potential Magma customer, TSMC, or Texas Instruments relating to (1) Synopsys, (2) the present litigation, (3) the Northern District litigation, or (3) the '114, '446, '438, '508, '733, '501, '328, '745, '610, '116, '093 and '355 patents.

12538861.1



Dara Tabesh, Esq.
October 16, 2006
Page 10

Magma's positions in response to these document requests is insupportable.  The documents sought through these requests are relevant to this action because they go directly to Magma's antitrust, trade libel, unfair competition, and tortious interference claims.  The requested documents are also relevant because they pertain to how and when Magma has marketed, publicized or otherwise distinguished its own products and their features.

Specifically with regard to Request Nos. 141, 142, and 145-48, your September 6 letter states as its reason for refusing to produce responsive documents that "Magma maintains that Synopsys is the best source of information related to its own communications." Magma further asserts as a justification for withholding documents responsive to Requests Nos. 146-48 that Synopsys is not entitled to the documents sought because it has not brought antitrust and unfair competition claims against Magma.  Magma's positions with respect to what documents it is obligated to produce in response to these requests, and the others identified above, are not supported by law.

Synopsys is entitled to the documents responsive to its Request Nos. 141, 142, and 145-48 because, among other things, they go *directly* to Magma's "Product Disparagement and Trade Libel" claim.  Federal Rule of Civil Procedure ("F.R.C.P.") 26(a) requires the production of all documents a party may use to support its claims or defenses. Fed. R. Civ. P. 26(a).  F.R.C.P. 26(b) also plainly authorizes discovery of non-privileged information that is relevant to the claim or defense of any party. Fed. R. Civ. P. 26(b)(1). F.R.C.P. 26(b)(1) further states that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Id.  The documents sought through these requests are plainly discoverable under the Federal Rules and Magma is obligated to produce them.

To date, Magma has not produced any documents to support its trade libel, unfair competition, and tortuous interference claims.  Based on Magma's responses to Synopsys' document requests, and its lack of documentary support, it appears that Magma has no documents to substantiate these claims.  Accordingly, if Magma intends to maintain its counterclaims in this action, it cannot continue its steadfast refusal to produce the documents sought through these requests.  See, e.g., Design Strategies, Inc. v. Davis, 367 F. Supp. 2d 630, 635 (S.D.N.Y., 2005).  Please advise Synopsys by October 16, 2006 as to whether Magma intends to drop their counterclaims Nos. 3 through 6 or



Dara Tabesh, Esq.
October 16, 2006
Page 11

will produce all documents responsive to these requests.  Otherwise, Synopsys has no choice but to bring these issues before Judge Sleet for resolution.

- <u>Request for Production No. 155</u>:

Through its Request No. 155, Synopsys asks Magma to produce documents relating to its customer complaints about any of Magma's Products, including Blast Fusion, Blast Create, Blast Plan, Blast Noise, Blast chip, Blast RTL, Blast Fusion APX, Blast Prototype, Talus LX, Talus PX and any other Magma products, together with those products included in the Cobra development initiative.

During our August 18, 2006 meeting, you asked that we table our discussion with regard to Synopsys' Request No. 155.  In your September 6, 2006 letter, however, you unequivocally state that Magma will not produce documents responsive to this request.

You also asserted in your September 6, 2006 letter that the documents sought through this request would be "marginally relevant."  As I previously indicated in my August 10, 2006 letter to you, it is Synopsys' position that the documents sought through Request No. 155 are *directly* relevant to this lawsuit.  In fact, Magma has identified many of these products as commercial embodiments and/or as products that rely on the unified data model in the '328 patent.  Thus, Magma has placed these products at issue in this lawsuit and therefore complaints from Magma's customers as to these products are relevant and/or reasonably calculated to lead to the discovery of admissible evidence.  Magma has no basis to withhold these documents, certainly not on the grounds that they are not relevant to this action.  Please advise as to whether Magma is willing to produce documents responsive to this request.

- <u>Request for Production No. 158</u>:

In your September 6, 2006 letter, you state that "Magma will produce sales documents sufficient to show the first date of sale for the relevant products that occurred one year prior to the filing of the relevant patent."  It is unclear as to exactly what Magma has committed to producing.  Will Magma produce documents evidencing the first date of sale or the first date of any offer for sale of the relevant products that occurred *more* than one year prior to the filing of the relevant patent <u>or</u> is Magma limiting its production to such documents that occurred *within* the year prior to the filing of the relevant patent?  If

12538861.1



Dara Tabesh, Esq.
October 16, 2006
Page 12

Magma's position is the latter, then Synopsys maintains its position that a one-year time limitation is inappropriate because Magma may be withholding evidence and documents showing that its patents are invalid due to an on-sale bar. Please clarify Magma's position in this regard.

- Requests Nos. 157, 162, 164-165, 168-171:

As I stated it my August 10, 2006 letter, it is completely unreasonable for Magma to limit its document production to only documents with dates after September 25, 2005. Even if that date is the first on which Synopsys' damages began to accrue—a fact discovery has not yet established, September 25, 2005 does not thereby become the cutoff for relevant or discoverable documents or information. For example, Magma's antitrust claims require proof of injury, which should necessitate some backward view of pre-lawsuit financial and marketing information. More importantly, Magma's own damages theories also implicate its discovery obligations. Is Magma willing to stipulate that it will not seek damages on its own claims, including all patent infringement claims, prior to September 25, 2005?

On a related matter, Synopsys has not changed its position with regard to Magma's utilization of phrases such as "sufficient to show" and/or "sufficient to identify" to improperly limit its document production. Synopsys will not agree to allow Magma to produce only those documents, such as sales forecasts and lost business reports, that are favorable to its claims. All of the documents sought during the relevant time period are necessary for a proper analysis by case experts for the simple reason that different versions of such documents created on different dates for different quarters may produce different outcomes or calculations. These variances must be considered in order to produce a proper and honest analysis of any claims based on these documents. Please advise as to whether Magma will produce all documents responsive to these requests.

- Request for Production Nos. 161, 163, 166:

As indicated above, Synopsys will not agree to allow Magma to produce only documents "sufficient to show" and/or "sufficient to identify" (1) "the marketing of the relevant products," (2) "any anticipated or actual profitability, industry acceptance, commercial success, or popularity of the relevant products," and (3) "the projected revenue for the relevant products." Despite Magma's proclamations otherwise, such an agreement would

12538861.1



enable Magma to produce only those documents that are favorable to its claims. Moreover, it is *Magma* who has asserted antitrust claims in this action. Magma is assumedly part of the relevant market in EDA industry in which it bases its antitrust claims. Accordingly, the documents sought through these requests are relevant and Magma is obligated to produce such documents if it is going to move forward with its antitrust claims. Please advise as to whether Magma will produce all documents responsive to Requests Nos. 161, 163 and 166.

- <u>Request for Production No. 173-176</u>:

Through these requests, Synopsys seeks documents relating to Magma's business plans. Magma responded by again limiting its production to only documents "since September 25, 2005." As stated above, this date limitation is unreasonable, particularly so with regard to documents reflecting Magma's business plans, annual financial statements or reports, 10-K reports, and gross or net profits. Magma's business plans related to the products at issue in this suit are directly relevant to Magma's patent claims, antitrust claims and all damages claims. So long as Magma maintains its position that it will not produce documents relevant to its claims and damages claims from before September 25, 2005, Magma cannot seek monetary relief for any of its claims before this date. Please confirm that that Magma will stipulate in writing that it will not seek damages on its own claims, including its antitrust claims, prior to September 25, 2005.

- <u>Request for Production No. 177</u>:

In response to Request No. 177, Magma again only asserted objections to this request seeking documents relating to any "royalty rate calculated, proposed, considered, charged, collected, or paid" by Magma in connection with the manufacture, use, sale, or offer to sell its products relevant to this suit. As I explained to you in my August 10, 2006 letter, the documents sought are necessary for any potential claims regarding a reasonable royalty. Although it is improper for Magma to condition its response to this request on whether Synopsys will engage in a reciprocal exchange of such information, Synopsys is willing to continue to meet and confer with regard to this request.

12538861.1



Dara Tabesh, Esq.
October 16, 2006
Page 14

**<u>Future Meet and Confer</u>**

The parties are too far along in discovery to remain in such a deadlocked position over what Magma will produce in response to Synopsys' discovery requests. Moreover, with less than three months remaining before the discovery cut-off date in this case, it is completely unreasonable that Magma will not produce whatever documents it relied on in filing its counterclaims—specifically those allegedly underlying its trade libel and antitrust violations. Accordingly, I propose that the parties engage in another formal in-person meet and confer discussion as a final effort to resolve these discovery issues and avoid going before Judge Sleet. I will contact you before the end of the week so that we can schedule such a meeting.

Sincerely,

Connie E. Merriett

12538861.1

# EXHIBIT H



1117 California Avenue
Palo Alto, CA 94304-1106
+1 650 813 4800 Main
+1 650 813 4848 Fax
www.dechert.com

CONNIE E. MERRIETT

connie.merriett@dechert.com
+1 650 813 4817 Direct
+1 650 813 4848 Fax

October 31, 2006

**VIA FACSIMILE**

Dara Tabesh, Esq.
Pooley & Oliver LLP
5 Palo Alto Square, 7th Floor
Palo Alto, CA 94306

Re:   *Synopsys v. Magma, et al*
Case No.: USDC D. Del. No.: 05 00701 GMS

Dear Mr. Tabesh:

I write in response to your letter dated October 25, 2006 ("October 25 letter").

Synopsys disagrees with your characterization that it "invited discussion" of categories of documents susceptible to a reciprocal exchange. To the contrary, throughout the parties' meet and confer Magma has regularly insisted—both verbally and in writing—on conditioning its document production on what Synopsys will also produce. *See, e.g.,* Letter from Dara Tabesh to Connie Merriett dated September 6, 2006. Nevertheless, Magma has now stated that it will not withhold relevant documents until it receives similar documents from Synopsys. In reliance on that representation, Synopsys will consider this issue resolved.

Magma also states in its October 25 letter that it "has produced relevant documents" and "will continue to produce relevant documents." Although it is accurate that Magma has produced some relevant documents, its production to date is patently insufficient. As indicated in my October 16, 2006 letter to you, Magma has produced a paltry 1254 documents to support its ten causes of action—most of which pertain to Magma's patent infringement claims. As only two and a half months remain until the end of discovery, Synopsys looks forward to receiving Magma's immediate production of relevant documents as it promised in its October 25 letter.

I am available to meet this week and look forward to continuing our meet and confer discussions. Please contact me if you have any questions in the interim.

Sincerely,

*C Mtt*

Connie E. Merriett

12552342.2.LITIGATION 10/31/2006 1:28 PM

U.S.  Austin  Boston  Charlotte  Harrisburg  Hartford  New York  Newport Beach  Palo Alto  Philadelphia  Princeton
San Francisco  Washington DC     EUROPE  Brussels  London  Luxembourg  Munich  Paris