# EXHIBIT A

AO 88 (Rev. 11/94) Subpoena in a Civil Case

Issued by the
# UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SYNOPSYS, INC., a Delaware corporation,

**SUBPOENA IN A CIVIL CASE**

v.

MAGMA DESIGN AUTOMATION, a Delaware corporation

Case Number:[1] 05-701 GMS
(District of Delaware)

TO: Prasanna Venkat Srinivas, 11675 Walnut Spring Court, Cupertino, Ca, 95014

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  |  |
|  | DATE AND TIME |
|  |  |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
| Dechert LLP, 1117 California Avenue, Palo Alto, CA 94304 | December 21, 2006 9:00 A.M. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
Please see attached.

| PLACE | DATE AND TIME |
| --- | --- |
| Dechert LLP, 1117 California Avenue, Palo Alto, CA 94304 | December 18, 2006 9:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| *[signature]* Attorneys for Plaintiff, SYNOPSYS, INC. | December 5, 2006 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Connie E. Merriett, DECHERT LLP, 1117 California Avenue, Palo Alto, CA 94304
Telephone: (650) 813-4800

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

## ATTACHMENT A

Pursuant to Rules 34 and 45 of the Federal Rules of Civil Procedure, Plaintiff SYNOPSYS, INC. ("SYNOPSYS") requests that PRASANNA VENKAT SRINIVAS ("YOU") produce and permit the inspection and copying of the documents or tangible things described below in YOUR possession, custody, or control.

## INSTRUCTIONS

1. Unless otherwise noted, this set of requests requires the production of documents or tangible things that were prepared, created, written, sent, dated or received at any time up to the present.

2. In producing documents or tangible things pursuant to these demands, YOU must produce documents as they are kept in the usual course of business or must organize and label the documents to correspond with the categories in the document requests.

3. If YOU withhold any documents or tangible things under a claim of privilege, please furnish with the response to these demands a privilege and/or redaction log identifying each document or tangible thing for which privilege is claimed, including the following information:

   a. The date, sender, recipient, and subject matter of the documents or tangible thing;

   b. The basis upon which privilege is claimed;

   c. The paragraphs, paragraph, or subparts of the demand to which the document or tangible thing corresponds.

/ / /

/ / /

/ / /

/ / /

1

ATTACHMENT TO SUBPOENA – PRASANNA VENKAT SRINIVAS

## DEFINITIONS

1. "SYNOPSYS" means plaintiff, Synopsys, Inc.

2. "MAGMA" means defendant, Magma Design Automation, Inc.

3. "ACTION" means the action entitled *Synopsys, Inc. v. Magma Design Automation, Inc.*, Case No. 05-701 GMS, filed by Synopsys, Inc. in the United States District Court for the District of Delaware, as well as any allegations, claims, and counterclaims asserted by any parties therein.

4. "YOU" and "YOUR" refer to PRASANNA VENKAT SRINIVAS;

5. "'745 PATENT" means United States Patent No. 6,519,745. A copy of U.S. Patent No. 6,519,745 is provided as Attachment B.

6. "MAGMA PRODUCT" means any product made, distributed, licensed, leased, sold, marketed, offered for sale, manufactured, developed, or imported by or for MAGMA.

7. "ACCUSED PRODUCT" means any SYNOPSYS product that MAGMA alleges infringes any of the asserted claims of the '745 PATENT, including SYNOPSYS's Galaxy Design Platform, IC Compiler, Physical Compiler, and Astro, as identified in Paragraph 134 of MAGMA's Second Amended Answer to Complaint and Counterclaims, filed May 31, 2006.

8. "PTO" means the United States Patent and Trademark Office.

9. "DOCUMENT" has the meaning defined in Rule 34 of the Federal Rules of Civil Procedure, and includes the originals and any and all copies of any and all writings, as defined by Federal Rule of Evidence 1001 as anything consisting "of letters, words, or numbers, or their equivalent, set down by handwriting, typewriting, printing, photostating, photographing, magnetic impulse, mechanical or electronic recording, or other form of data compilation," and including, but not limited to, all contracts, policy statements, manuals, telephone messages,

checks, correspondence, letters, telegrams, notes, mailgrams, minutes of any meetings, agendas, memoranda, interoffice communications, reports, studies, forecasts, working papers, charts, expense account reports, ledgers, journals, financial statements, statements of account, calendars, appointment books, diaries, drawings, graphs, schematics, blueprints, layouts, mask sets, photographs, sound recordings, computer documents, computer discs, materials on a computer hard drive, electronic mail or any other tangible things. The term "document" also means originals and copies of all of the above upon which notations in writing, print or otherwise have been made which do not appear on the originals. It shall also include all copies and all preliminary and final draft copies of documents, whether complete or not, by whatever means made.

10. "PRIOR ART" is used as that term is generally understood in proceedings before the PTO. For example, "PRIOR ART" includes any documents, products, services, or technology existing before May 26, 2000 that contain ideas similar or close to those in the '745 PATENT. Furthermore, PRIOR ART includes all information that was subject to a duty of disclosure to the PTO with respect to the application leading to the '745 PATENT, and all information that would have been subject to a duty of disclosure to the PTO had that information been known to the named inventors, to MAGMA, or to MAGMA's attorneys during the prosecution of the '745 PATENT. PRIOR ART also refers to the subject matter described in 35 U.S.C. §§ 102 and 103, including but not limited to: (1) publications physical devices, prototypes, uses, sales, and offers for sale and any DOCUMENT or thing evidencing any of the foregoing; and (2) any DOCUMENT or thing that any person has ever suggested may invalidate, anticipate, or make obvious – alone or in combination with other DOCUMENTS or things or the skill or knowledge

of a person of ordinary skill in the art: (a) any claim of the '745 PATENT, or (b) any claim pending during the prosecution of the '745 PATENT.

11. "COMMUNICATION(S)" includes any transfer of information, ideas, opinions or thoughts by any means, written, oral or otherwise, at any time or place under any circumstances. The definition is not limited to transfers between persons but also includes other transfers, such as records and memoranda to file; any written letter, memorandum, or other document which was sent by one or more individuals to another or others; any telephone call between one or more individual and another or others, whether such call was by chance or prearranged, formal or informal; and any conversation or meeting between one or more individuals and another, whether such contact was by chance or prearranged, formal or informal.

12. "RELATING TO" means constituting, containing, consisting of, comprising, embodying, referring to, summarizing, discussing, showing, commenting upon, or describing.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

All DOCUMENTS RELATING TO the conception of the alleged inventions claimed in the '745 PATENT including, but not limited to, invention disclosure forms, meeting notes, and lab notebooks.

### REQUEST FOR PRODUCTION NO. 2:

All DOCUMENTS RELATING TO the relative contributions of the inventors named on the '745 PATENT to the conception of the alleged inventions claimed therein.

### REQUEST FOR PRODUCTION NO. 3:

All DOCUMENTS RELATING TO the reduction to practice of the alleged inventions claimed in the '745 PATENT.

### REQUEST FOR PRODUCTION NO. 4:

All DOCUMENTS RELATING TO PRIOR ART to the alleged inventions claimed in the '745 PATENT or to the alleged invention in any claim pending during prosecution of the '745 PATENT, regardless of whether or not such claim was rejected by the PTO examiner.

### REQUEST FOR PRODUCTION NO. 5:

All DOCUMENTS RELATING TO research, design, development, operation, or use of the alleged inventions claimed in the '745 PATENT before May 26, 2000, including but not limited to computer code, manuals, user documentation, memoranda, notebooks, e-mails, and other COMMUNICATIONS.

### REQUEST FOR PRODUCTION NO. 6:

All DOCUMENTS RELATING TO any agreements between YOU and MAGMA RELATING TO the '745 PATENT.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS RELATING TO the prosecution of the '745 PATENT including, but not limited to, patent applications, draft patent applications, COMMUNICATIONS between YOU and MAGMA or MAGMA's patent prosecution counsel, COMMUNICATIONS between YOU and the PTO, and COMMUNICATIONS between MAGMA or MAGMA's patent prosecution counsel and the PTO.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS RELATING TO research, design, development, operation, or use of any MAGMA PRODUCT that incorporates or embodies the alleged inventions claimed in the '745 PATENT.

**REQUEST FOR PRODUCTION NO. 9:**

ALL DOCUMENTS RELATING TO any sale, offer of sale, public disclosure or public use before May 26, 2000 of any MAGMA PRODUCT that incorporates or embodies the alleged inventions claimed in the '745 PATENT, including but not limited to advertisements, brochures, articles, press releases, pamphlets, price lists, product specifications, product announcements, product descriptions, sales reports, sales forecasts, requests for quotations, quotes, purchase orders, invoices, shipping orders, and receipts.

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS RELATING TO the design, improvement, or modification of any chip or integrated circuit using any alleged invention claimed in the '745 PATENT. YOUR production should include such chip or integrated circuit itself if such chip or integrated circuit is in YOUR possession, custody, or control.

/ / /

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS RELATING TO the '745 PATENT, including but not limited to: DOCUMENTS RELATING TO ownership and assignment of the '745 PATENT; and DOCUMENTS RELATING TO the work described in the '745 PATENT.

**REQUEST FOR PRODUCTION NO. 12:**

All DOCUMENTS RELATING TO papers, articles, reports, presentations, publications, or Website content existing before May 26, 2000 by any inventor named on the '745 PATENT, including all DOCUMENTS RELATING TO the work described in any such paper, article, report, presentation, publication, or Website content.

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS RELATING TO the alleged infringement of the '745 PATENT by the ACCUSED PRODUCTS.

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS RELATING TO this ACTION, including but not limited to COMMUNICATIONS between YOU and MAGMA or between YOU and any third party RELATING TO this ACTION.

**REQUEST FOR PRODUCTION NO. 15:**

Your most recent curriculum vitae.