# EXHIBIT 1

AO 88 (Rev. 11/94) Subpoena in a Civil Case

Issued by the
# UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

SYNOPSYS, INC., a Delaware corporation,

**SUBPOENA IN A CIVIL CASE**

v.

MAGMA DESIGN AUTOMATION, a Delaware corporation

Case Number:[1] 05-701 GMS
(District of Delaware)

TO: Gregory C. Walker c/o Pooley & Oliver, Five Palo Alto Square
3000 El Camino Real, Palo Alto, CA 94306

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Dechert, LLP, 1117 California Avenue Palo Alto, CA 94304 | December 28, 2006 9:00 A.M. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See attached.

| PLACE | DATE AND TIME |
|---|---|
| Dechert, LLP, 1117 California Avenue Palo Alto, CA 94304 | December 23, 2006 9:00 A.M. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| /s/ Attorney for Synopsys, Inc. | December 12, 2006 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Daniel B. Ebstein, Esq., Dechert LLP, 1117 California Avenue
Palo Alto, CA 94304 Telephone: (650) 813-4800

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

AO 88 (Rev. 11/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE | PLACE |
|---|---|
|  |  |

**SERVED**

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
|  |  |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
|  |  |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
           DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) **PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim.

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) **DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## ATTACHMENT A

Pursuant to Rules 34 and 45 of the Federal Rules of Civil Procedure, Plaintiff SYNOPSYS, INC. ("SYNOPSYS") requests that GREGORY C. WALKER ("YOU") produce and permit the inspection and copying of the documents or tangible things described below in YOUR possession, custody, or control.

## INSTRUCTIONS

1. Unless otherwise noted, this set of requests requires the production of documents or tangible things that were prepared, created, written, sent, dated or received at any time up to the present.

2. In producing documents or tangible things pursuant to these demands, YOU must produce documents as they are kept in the usual course of business or must organize and label the documents to correspond with the categories in the document requests.

3. If YOU withhold any documents or tangible things under a claim of privilege, please furnish with the response to these demands a privilege and/or redaction log identifying each document or tangible thing for which privilege is claimed, including the following information:

    a. The date, sender, recipient, and subject matter of the documents or tangible thing;

    b. The basis upon which privilege is claimed;

    c. The paragraphs, paragraph, or subparts of the demand to which the document or tangible thing corresponds.

/ / /

/ / /

## DEFINITIONS

1. "SYNOPSYS" means plaintiff, Synopsys, Inc.

2. "MAGMA" means defendant, Magma Design Automation, Inc.

3. "DELAWARE ACTION" means the action entitled *Synopsys, Inc. v. Magma Design Automation, Inc.*, Case No. 05-701 GMS, filed by Synopsys, Inc. in the United States District Court for the District of Delaware, as well as any allegations, claims, and counterclaims asserted by any parties therein, regardless of whether such allegations, claims, or counterclaims have been withdrawn, stricken, or dismissed.

4. "CALIFORNIA ACTION" means the action entitled, *Synopsys, Inc. v. Magma Design Automation, Inc.*, Case No. C04-03923 MMC, filed by Synopsys, Inc. in the United States District Court for the Northern District of California, as well as any allegations, claims, and counterclaims asserted by any parties therein, regardless of whether such allegations, claims, or counterclaims have been withdrawn, stricken, or dismissed.

5. "YOU" and "YOUR" refer to GREGORY C. WALKER.

6. "MAGMA PRODUCT" means any product made, distributed, licensed, leased, sold, marketed, or offered for sale by MAGMA.

7. "SYNOPSYS PRODUCT" means any product made, distributed, licensed, leased, sold, marketed, or offered for sale by SYNOPSYS.

8. "MAGMA CUSTOMER" means any actual or potential MAGMA customer, including but not limited to Cheertek, Inc., Goyatek Technology, Inc., Myson Century, Inc., Parama Networks, Inc., Realtek Semiconductor Corp., SiNett Corp., Silicon Integrated Systems Corp., Tilera Corp., Tundra Semiconductor Corp., and Unisys Corp., as identified in MAGMA's

Supplemental Response to SYNOPSYS's Third Set of Interrogatories [No. 20], dated November 24, 2006.

9. "ELECTRONIC DESIGN AUTOMATION SOFTWARE" or "EDA SOFTWARE" means software to design, lay out, verify, and simulate electronic circuits on a chip or printed circuit board, also known as an integrated circuit.

10. "DOCUMENT" has the meaning defined in Rule 34 of the Federal Rules of Civil Procedure, and includes the originals and any and all copies of any and all writings, as defined by Federal Rule of Evidence 1001 as anything consisting "of letters, words, or numbers, or their equivalent, set down by handwriting, typewriting, printing, photostating, photographing, magnetic impulse, mechanical or electronic recording, or other form of data compilation," and including, but not limited to, all contracts, policy statements, manuals, telephone messages, checks, correspondence, letters, telegrams, notes, mailgrams, minutes of any meetings, agendas, memoranda, interoffice communications, reports, studies, forecasts, working papers, charts, expense account reports, ledgers, journals, financial statements, statements of account, calendars, appointment books, diaries, drawings, graphs, schematics, blueprints, layouts, mask sets, photographs, sound recordings, computer documents, computer discs, materials on a computer hard drive, electronic mail or any other tangible things. The term "document" also means originals and copies of all of the above upon which notations in writing, print or otherwise have been made which do not appear on the originals. It shall also include all copies and all preliminary and final draft copies of documents, whether complete or not, by whatever means made.

11. "COMMUNICATION(S)" includes any transfer of information, ideas, opinions or thoughts by any means, written, oral or otherwise, at any time or place under any circumstances. The definition is not limited to transfers between persons but also includes other transfers, such as records and memoranda to file; any written letter, memorandum, or other document which was sent by one or more individuals to another or others; any telephone call between one or more individual and another or others, whether such call was by chance or prearranged, formal or informal; and any conversation or meeting between one or more individuals and another, whether such contact was by chance or prearranged, formal or informal.

12. "RELATING TO" means constituting, containing, consisting of, comprising, embodying, referring to, summarizing, discussing, showing, commenting upon, or describing.

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

All DOCUMENTS RELATING TO SYNOPSYS's COMMUNICATIONS with MAGMA CUSTOMERS RELATING TO the CALIFORNIA ACTION or the DELAWARE ACTION.

### REQUEST FOR PRODUCTION NO. 2:

All DOCUMENTS RELATING TO MAGMA's COMMUNICATIONS with any third party or the general public, including MAGMA CUSTOMERS, RELATING TO the CALIFORNIA ACTION, the DELAWARE ACTION or the effect of the CALIFORNIA ACTION or the DELAWARE ACTION on MAGMA or its business relationships or relationships with MAGMA CUSTOMERS.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS RELATING TO MAGMA's COMMUNICATIONS regarding the effect of the CALIFORNIA ACTION or the DELAWARE ACTION on MAGMA or its business relationships or relationships with MAGMA CUSTOMERS.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS RELATING TO the economic effect of the CALIFORNIA ACTION or the DELAWARE ACTION on MAGMA or its business relationships or relationships with MAGMA CUSTOMERS.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS RELATING TO SYNOPSYS's false and disparaging COMMUNICATIONS about MAGMA with MAGMA's CUSTOMERS.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS and tangible things RELATING TO MAGMA's COMMUNICATIONS regarding how SYNOPSYS is unfairly competing in the ELECTRONIC DESIGN AUTOMATION SOFTWARE market.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS and tangible things RELATING TO representations or COMMUNICATIONS concerning the performance, quality, features of MAGMA PRODUCTS, or differentiation between MAGMA PRODUCTS and EDA SOFTWARE products that compete with MAGMA PRODUCTS.

/ / /

/ / /

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS and tangible things RELATING TO MAGMA's COMMUNICATIONS regarding how SYNOPSYS is interfering with MAGMA's business relationships or relationships with MAGMA CUSTOMERS.

**REQUEST FOR PRODUCTION NO. 9:**

YOUR most recent curriculum vitae.