# FISH & RICHARDSON P.C.

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

Suite 1100
919 N. Market Street
P.O. Box 1114
Wilmington, Delaware
19899-1114

Telephone
302 652-5070

Facsimile
302 652-0607

Web Site
www.fr.com

ATLANTA
AUSTIN
BOSTON
DALLAS
DELAWARE
NEW YORK
SAN DIEGO
SILICON VALLEY
TWIN CITIES
WASHINGTON, DC

December 12, 2006

**VIA E-FILING AND HAND DELIVERY**

The Honorable Gregory M. Sleet
United States District Court
844 King Street, Room 4324
Wilmington, DE 19801

Re:   Synopsys v. Magma Design Automation
      USDC-D. Del. - C.A. No. 05-701-GMS

Dear Judge Sleet:

Pursuant to the Court's Scheduling Orders of December 28, 2005 and July 11, 2006, Defendant Magma Design Automation ("Magma") respectfully requests permission to file a motion for summary judgment of non-infringement of U.S. Patent No. 6,192,508 ("the '508 patent"). No genuine issues of material fact exist regarding the operation of Magma's accused products, and none of Magma's accused products include at least two limitations that are required by *every* claim of the '508 patent. First, the accused products do not perform "an initial placement of integrated circuit elements within bins." As we explained during the claim construction hearing, Magma's process does not use "bins" at all. Second, the accused products do not calculate "congestion of the initial placement," according to the agreed-upon construction of "initial placement."

The '508 Patent

The '508 patent is directed to addressing the problems associated with congestion using a partition-based approach to chip design. Congestion occurs when circuit elements (or "cells") are placed too close together. The process of the '508 patent partitions a chip into multiple bins, performs an initial placement of cells into the bins, detects congested bins, and attempts to reduce congestion in those bins by performing logic modifications. The '508 patent's approach to initial placement is illustrated below:

 

FISH & RICHARDSON P.C.

The Honorable Gregory M. Sleet
December 12, 2006
Page 2

The detection of congested bins is illustrated below (the shaded bin is congested). Once the congested bins are detected, various logic optimizations described in the '508 patent are performed to relieve congestion in those bins.



Magma's Accused Products

Magma's accused products[1] perform chip design in a fundamentally different way. They use the "force directed" technique for cell placement, in which all of the cells are initially placed onto a single location on the chip (shown in the left-hand figure below). No "bins" are created in this approach, and the congestion of this initial placement is *not* calculated. The force directed system simulates springs attaching the cells to one another, allowing the cells to gradually and iteratively "spring" into a clean placement (shown in the right-hand figure below). Only after approximately sixty such placement iterations, involving millions of individual steps, is congestion calculated. For a typical chip containing one-million cells, congestion would be calculated about two or three hours after the initial placement.

 

---

[1] Synopsys is currently accusing the following products: Blast Fusion®, Blast Fusion APX®, Blast Create™, Blast Chip™, Blast Chip APX®, Blast Fusion SA, Blast Create SA, Talus, Talus LX, Talus PX, Blast Fusion® QT, Blast Plan™ Pro, Blast Power™, Blast Rail™ NX, Blast Noise®, Blast Yield™, Talus Power, Talus DFM, Talus SSTA, Talus MPX, and Talus ECO. Plaintiff Synopsys, Inc.'s Preliminary Disclosure of Asserted Claims and Preliminary Infringement Contentions.

FISH & RICHARDSON P.C.

The Honorable Gregory M. Sleet
December 12, 2006
Page 3

Magma's Accused Products Do Not Infringe

As illustrated above, Magma's accused products do not perform an initial placement of integrated circuit elements *within bins* on the design layout because no "bins" exist when the cells are initially placed. Thus, the accused products do not literally infringe the asserted claims. Moreover, the doctrine of equivalents cannot stretch the claims to cover the accused products because Magma's force directed approach represents a fundamentally different way of addressing congestion. Indeed, to find infringement by equivalents would eviscerate the claim language requiring that placement be performed "within bins."

Magma's accused produced also do not perform "calculating congestion of the initial placement." The parties have agreed that the term "initial placement" means "a first placement of the integrated circuit elements of an integrated circuit, which can then be modified." As shown above, the accused products use the force directed approach for cell placement in which cells are initially placed onto a single location on the chip and this initial placement is then iteratively modified until an acceptable placement is achieved. In Magma's approach, congestion of the *initial* placement is not calculated; congestion is first assessed hours later, following millions of individual adjustments. This reflects a profound difference from the older method of partitioning into bins followed by an immediate calculation to identify the most-congested bins. Thus, the accused products do not literally infringe the '508 patent claims and the claims cannot cover the accused products either literally or under the doctrine of equivalents.

Conclusion

No genuine issues of material fact exist regarding the operation of Magma's accused products. One of Magma's grounds for non-infringement depends on the Court adopting Magma's constructions of "bins;" the other ground is independent of the Court's decision on claim construction. Either ground is fully case-dispositive regarding the '508 patent. Magma therefore respectfully requests permission to file a motion for summary judgment.

Respectfully,

William J. Marsden, Jr.

WJM/dob

cc:   Karen Jacobs Louden, Esquire (via e-filing and hand delivery)

80039637.doc