IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| SYNOPSYS, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| MAGMA DESIGN AUTOMATION, | ) ) ) | |
| Defendant. | ) ) | C.A. No. 05-701 (GMS) |
| MAGMA DESIGN AUTOMATION, | ) ) ) | |
| Counter Claimant, | ) ) | |
| v. | ) ) | |
| SYNOPSYS, INC., | ) ) ) | |
| Counter Defendant. | ) ) | |

## ORDER

WHEREAS, on January 23, 2006, the plaintiff/counter-defendant, Synopsys Inc. ("Synopsys"), filed a Motion to Bifurcate and Stay Antitrust Counterclaims and To Bifurcate and Stay all Claims Affected by Likely PTO Reexamination (the "Motion to Bifurcate and Stay") (D.I. 31);

WHEREAS, on May 25, 2006, the court issued a Memorandum and Order (D.I. 75), denying the Motion to Bifurcate and Stay with prejudice, concluding that "neither jury confusion nor efficiency weigh in favor of bifurcating the antitrust claims from the infringement claims";[1]

---

[1] (D.I. 75, at 7.) The court also refused to presume that the jury would be confused by a joint trial of the patent and antitrust claims. (Id.)

WHEREAS, on October 13, 2006, Synopsys, filed a Renewed Motion to Bifurcate Trial of Antitrust Claims and to Stay Discovery Related Exclusively Thereto (D.I. 123) (the "Renewed Motion");

WHEREAS, because it asks the court to reconsider its prior denial of Synopsys' Motion to Bifurcate and Stay, the court will treat the Renewed Motion as a motion for reconsideration;

WHEREAS, a motion for reconsideration should be granted only "sparingly"[2]:

WHEREAS, in this district, motions for reconsideration are granted only if it appears the court has patently misunderstood a party, has made a decision outside the adversarial issues presented by the parties, or has made an error not of reasoning but of apprehension[3]; and

WHEREAS, the court concludes that none of the three above-cited conditions exist in the present case;

IT IS HEREBY ORDERED that:

1. The plaintiff's Renewed Motion to Bifurcate Trial of Antitrust Claims and to Stay Discovery Related Exclusively Thereto (D.I. 123) is DENIED.

Dated: January 22, 2007          /s/ Gregory M. Sleet
                                 UNITED STATES DISTRICT JUDGE

---

[2] *Tristrata Tech. Inc. v. ICN Pharms., Inc.*, 313 F. Supp. 2d 405, 407 (D. Del. 2004); *Karr v. Castle*, 768F. Supp. 1087, 1090 (D. Del. 1991).

[3] *See, e.g.*, *Shering Corp. v. Amgen, Inc.*, 25 F. Supp. 2d 293, 295 (D.Del. 1998); *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990) (citing *Above the Belt, Inc. v. Mel Bonhannan Roofing, Inc.*, 99 F.R.D. 99 (E.D. Va. 1983)); *see also Karr*, 768 F. Supp. at 1090 (citing same).