IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SYNOPSYS, INC., a Delaware corporation,<br><br>    Plaintiff and<br>    Counter-Defendant,<br><br>  v.<br><br>MAGMA DESIGN AUTOMATION, a Delaware corporation,<br><br>    Defendant and<br>    Counterclaimant.<br><br>AND RELATED COUNTERCLAIMS | Case No. 05-701 GMS |

STIPULATED ORDER OF DISMISSAL OF CERTAIN CLAIMS AND COUNTERCLAIMS

  WHEREAS, Plaintiff Synopsys, Inc. ("Synopsys") has filed a Complaint for Patent Infringement ("Complaint") against Defendant and Counterclaimant Magma Design Automation, Inc. ("Magma") in the above-captioned action (the "Action"), and Magma has filed a Second Amended Answer to Complaint and Counterclaims ("SAACC") against Synopsys in the Action, and Synopsys has filed a Reply and Counterclaims to the SAACC ("Reply to SAACC");

  WHEREAS, Magma has now withdrawn and hereby seeks to dismiss with prejudice six counterclaims from the SAACC for antitrust and other non-patent causes of action;

  WHEREAS, Magma had previously withdrawn one counterclaim for patent infringement and now seeks to dismiss this counterclaim formally and with prejudice;

  WHEREAS, Synopsys had previously withdrawn two claims for patent infringement and now seeks to dismiss these claims formally and with prejudice;

WHEREAS, Magma and Synopsys hereby each seek to dismiss all claims, counterclaims and requests for relief seeking declaratory judgments with respect to the claims and counterclaims withdrawn by the other respective party;

IT IS HEREBY STIPULATED, AGREED AND ORDERED as follows:

**Magma's Antitrust and Other Non-Patent Counterclaims**

1. Magma hereby withdraws and voluntarily dismisses, with prejudice and without costs to any party, Claim 1 of the SAACC for Monopolization under Section 2 of the Sherman Act, 15 U.S.C. § 2, based on any and all facts asserted, or which could have been asserted, in support of that claim, including but not limited to any facts related to the prosecution, acquisition or enforcement of intellectual property, statements regarding Magma in the marketplace, or the manner in which Synopsys sells, markets, packages or prices any Synopsys products, prior to the date of entry of this Order.

2. Magma hereby withdraws and voluntarily dismisses, with prejudice and without costs to any party, Claim 2 of the SAACC for Attempted Monopolization under Section 2 of the Sherman Act, 15 U.S.C. § 2, based on any and all facts asserted, or which could have been asserted, in support of that claim, including but not limited to any facts related to the prosecution, acquisition or enforcement of intellectual property, statements regarding Magma in the marketplace, or the manner in which Synopsys sells, markets, packages or prices any Synopsys products, prior to the date of entry of this Order.

3. Magma hereby withdraws and voluntarily dismisses, with prejudice and without costs to any party, Claim 3 of the SAACC for Product Disparagement and Trade Libel under Section 43(a) of the Lanham Act, based on any and all facts asserted, or which could have been asserted, in support of that claim, including but not limited to any facts related to the

prosecution, acquisition or enforcement of intellectual property, statements regarding Magma in the marketplace, or the manner in which Synopsys sells, markets, packages or prices any Synopsys products, prior to the date of entry of this Order.

4.      Magma hereby withdraws and voluntarily dismisses, with prejudice and without costs to any party, Claim 4 of the SAACC for Statutory Unfair Competition under the Delaware Uniform Deceptive Trade Practices Act, Del. Code Ann. tit. 6 §§ 2531 *et seq.*, based on any and all facts asserted, or which could have been asserted, in support of that claim, including but not limited to any facts related to the prosecution, acquisition or enforcement of intellectual property, statements regarding Magma in the marketplace, or the manner in which Synopsys sells, markets, packages or prices any Synopsys products, prior to the date of entry of this Order.

5.      Magma hereby withdraws and voluntarily dismisses, with prejudice and without costs to any party, Claim 5 of the SAACC for Common Law Unfair Competition under Delaware common law, based on any and all facts asserted, or which could have been asserted, in support of that claim, including but not limited to any facts related to the prosecution, acquisition or enforcement of intellectual property, statements regarding Magma in the marketplace, or the manner in which Synopsys sells, markets, packages or prices any Synopsys products, prior to the date of entry of this Order.

6.      Magma hereby withdraws and voluntarily dismisses, with prejudice and without costs to any party, Claim 6 of the SAACC for Tortious Interference with Business Relations, based on any and all facts asserted, or which could have been asserted, in support of that claim, including but not limited to any facts related to the prosecution, acquisition or enforcement of intellectual property, statements regarding Magma in the marketplace, or the

manner in which Synopsys sells, markets, packages or prices any Synopsys products, prior to the date of entry of this Order.

**Magma's Previously Withdrawn Counterclaim re: the '610 Patent**

7.     In or about August 2006, Magma notified Synopsys that it was withdrawing Claim 9 of the SAACC for Infringement of Magma's U.S. Patent No. 6,931,610 (the "'610 Patent"). Magma hereby voluntarily dismisses Claim 9 of the SAACC, with prejudice and without costs to any party.

8.     Synopsys hereby withdraws and voluntarily dismisses with prejudice and without costs to any party Count One of the Reply to SAACC (Declaration of Patent Invalidity and Non-Infringement) to the extent, and only to the extent it is specifically directed to any case and controversy with respect to the '610 Patent. Synopsys does not withdraw Count One with respect to any other patent infringement counterclaim in the SAACC.

9.     Magma hereby covenants and agrees that it will not institute or pursue in this or any other venue any claim against Synopsys, Synopsys' customers, or any person or entity to whom Synopsys would owe a duty of indemnification, for infringement of the '610 Patent with respect to any Synopsys services or products for which source code was provided in this action by Synopsys to Magma on the hard disc drive produced on June 9, 2006, Bates numbered SYN1091875.

10.    Synopsys hereby withdraws its Supplemental Prayer for Relief (G) that the Court render judgment that Synopsys has not been and is not infringing the '610 Patent; and Supplemental Prayer for Relief (L) that the Court render judgment that the '610 Patent is invalid.

**<u>Synopsys' Previously Withdrawn Claims re: the '733 and '501 Patents</u>**

11.     In or about September 2006, Synopsys notified Magma that it was withdrawing its Second Cause of Action for Infringement of Synopsys' U.S. Patent No. 6,434,733 (the "'733 Patent"). Synopsys hereby voluntarily dismisses its Second Cause of Action, with prejudice and without costs to any party.

12.     Synopsys hereby confirms that it has dedicated the '733 Patent to the public and will not institute or pursue in this or any other venue, against Magma, Magma's customers, or any person or entity to whom Magma would owe a duty of indemnification, any claim based on the '733 Patent.

13.     Magma hereby withdraws its Prayer for Relief (b) that the Court render judgment that Magma has not and is not infringing the '733 Patent; Prayer for Relief (c) that the Court render judgment that the '733 Patent is invalid; and Prayer for Relief (d) that the Court enter judgment that the '733 Patent is unenforceable due to inequitable conduct.

14.     In or about September 2006, Synopsys notified Magma that it was withdrawing its Third Cause of Action for Infringement of Synopsys' U.S. Patent No. 6,766,501 (the "'501 Patent"). Synopsys hereby voluntarily dismisses its Third Cause of Action, with prejudice and without costs to any party.

15.     Synopsys hereby confirms that it has dedicated the '501 Patent to the public and will not institute or pursue in this or any other venue, against Magma, Magma's customers, or any person or entity to whom Magma would owe a duty of indemnification, any claim based on the '501 Patent.

16.     Magma hereby withdraws and voluntarily dismisses its Prayer for Relief (e) that the Court render judgment that Magma has not and is not infringing the '501 Patent;

Prayer for Relief (f) that the Court render judgment that the '501 Patent is invalid; and Prayer for Relief (g) that the Court enter judgment that the '501 Patent is unenforceable due to inequitable conduct.

17. Magma releases Synopsys, including its respective customers, persons or entities to which Synopsys would owe a duty of indemnification, affiliates, parents, subsidiaries, directors, officers, attorneys and agents, from any manner of liability, damages, injunctive relief or requests for relief of any type whatsoever based on or arising from Magma's assertion of Claims 1 through 6 of the SAACC dismissed herein, or based on, arising from or related to the facts alleged in Magma's pleadings, or asserted in discovery by Magma, in support of Claims 1 through 6 of the SAACC (the "Released Antitrust Claims").  Magma agrees that it shall not institute or pursue in this or any other venue any claims based on or arising from the Released Antitrust Claims.  The parties further and expressly agree that the Released Antitrust Claims shall not include claims based on or arising from any other claims, counterclaim or prayers for relief in the SAACC or Reply to SAACC.

18. Synopsys releases Magma, including its respective customers, persons or entities to which Magma would owe a duty of indemnification, affiliates, parents, subsidiaries, directors, officers, attorneys and agents, from any claims based upon Magma's assertion or prosecution of Claims 1 through 6 of the SAACC dismissed herein (the "Released Synopsys Claims").  Synopsys agrees that it shall not institute or pursue in this or any other venue any claims based on or arising from the Released Synopsys Claims.  The parties further and expressly agree that the Released Synopsys Claims shall not include claims based on or arising from any other claims, counterclaim or prayers for relief in the SAACC or Reply to SAACC.

19. Each party releases the other, including their respective customers, persons or entities to which the other would owe a duty of indemnification, affiliates, parents, subsidiaries, directors, officers, attorneys and agents, from any manner of liability, damages, injunctive relief or requests for relief of any type whatsoever based on or arising from the '610 Patent with respect to any Synopsys services or products for which source code was provided in this action by Synopsys to Magma on the hard disc drive produced on June 9, 2006, Bates numbered SYN1091875 (the "Released '610 Patent Claims").  Both parties agree that they shall not institute or pursue in this or any other venue any claims based on or arising from the Released '610 Patent Claims.  The parties further and expressly agree that the Released '610 Patent Claims shall not include claims based on or arising from any other claims, counterclaim or prayers for relief in the SAACC or Reply to SAACC.

20. Each party releases the other, including their respective customers, persons or entities to which the other would owe a duty of indemnification, affiliates, parents, subsidiaries, directors, officers, attorneys and agents, from any manner of liability, damages, injunctive relief or requests for relief of any type whatsoever based on or arising from the '733 Patent and the '501 Patent.  (the "Released '733 and '501 Patent Claims").  Both parties agree that they shall not institute or pursue in this or any other venue any claims based on or arising from the Released '733 and '501 Patent Claims.  The parties further and expressly agree that the Released

'733 and '501 Patent Claims shall not include claims based on or arising from any other claims, counterclaim or prayers for relief in the SAACC or Reply to SAACC.

    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD

Dated: February 21, 2007

    MORRIS, NICHOLS, ARSHT & TUNNELL LLP

    By:   */s/ Karen Jacobs Louden*
        Karen Jacobs Louden (#2881)
        1201 North Market Street
        P.O. Box 1347
        Wilmington, DE 19899
        (302) 658-9200
        Klouden@MNAT.com

    Attorneys for Plaintiff
    SYNOPSYS, INC.

Dated: February 21, 2007

    FISH & RICHARDSON P.C.

    By:   */s/ William J. Marsden, Jr.*
        William J. Marsden, Jr. (#2247)
        919 North Market Street, Suite 1100
        P.O. Box 1114
        Wilmington, DE 19899
        (302) 652-5070
        Marsden@fr.com

    Attorneys for Defendant and Counterclaimant
    MAGMA DESIGN AUTOMATION, INC.

## **ORDER**

    PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: _____

    _____
    Honorable Gregory M. Sleet